<u>DECLARATION OF SARAH J. CORCORAN</u>

I, Sarah J. Corcoran, declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness. Because I am making this declaration for the limited purpose of addressing issues raised in the motion to dismiss for vindictive prosecution filed by defendant Brieshanay Ford ("defendant"), I have not included each and every fact known to me concerning his investigation.

2. I have been an FBI agent since approximately 2010. I am assigned to the Los Angeles Field Office and, as part of my duties, I investigate federal firearms violations. Beginning around 2019, part of my duties have included coordinating and providing federal assistance to Los Angeles Police Department homicide detectives when requested. In furtherance of that, I have spent less than one day per week working out of the same building as numerous Los Angeles Police Department homicide detectives, including Detective David Vinton. I have also informed the homicide detectives that the FBI was willing to consider adopting state firearms cases and present the cases for federal prosecution.

3. Sometime prior to December 14, 2021, I recall that Detective Vinton mentioned that a suspect in one of his homicide investigations, defendant, had recently been arrested for being a felon in possession of a firearm. He also told me that he planned to arrest Ford for murder on December 14, 2021.

4. My role assisting Los Angeles Police Department detectives includes speaking to them about their murder investigations.

However, I had no role in the homicide investigation in which defendant was initially a suspect. As such, I was not present for, and did not participate in, defendant's arrest in December 2021. I was also not present for, and did not participate in, any discussions between Detective Vinton and defendant in December 2021.

5. On December 14, 2021, Detective Vinton sent me a text message, asking whether I would "file federal gun charges on [defendant] if need be." In light of my prior conversations with homicide detectives described in paragraph 2 above, I understood Detective Vinton's message to mean that he was asking whether the FBI would pursue federal firearm charges against defendant if the district attorney did not pursue murder charges against her.

6. By text message, I advised Detective Vinton that a federal firearm case would need to satisfy several criteria before federal charges could be pursued, including that the state prosecutor would have to agree to drop any state firearm charges; any state case could not have proceeded past a preliminary hearing; and that the FBI could not bring a federal firearm case against defendant unless she had previously been sentenced to more than 12 months in prison.

7. Detective Vinton and I never discussed whether Ford invoked her Fifth Amendment rights in December 2021. Detective Vinton never said or otherwise indicated to me that she did, and Detective Vinton never said or otherwise indicated to me that federal charges might be linked in any way to such an invocation.

8. Based on my review of police reports and video footage, I understand that defendant's firearm case stemmed from a traffic stop on November 23, 2021. Beginning in December 2021, I presented that case to the United States Attorney's Office, and provided that office

with relevant police reports and video footage.  I also told the federal prosecutor that Ford was a suspect in a murder investigation.  However, because the murder investigation was not relevant to the firearm case, I did not otherwise discuss with the federal prosecutor Detective Vinton, the December 14 interview, or his investigative steps.

9.  During that time, I also kept Detective Vinton generally apprised of the status of the federal case.  I knew that his murder investigation was still open, and I therefore advised him when Ford was going to be federally arrested on April 21, 2022, so that he could attempt to interview her.  However, Ford declined to be interviewed by Detective Vinton and his partner, so no interview took place at that time.

10.  Attached hereto as **Exhibit B** is a true and correct copy of text messages exchanged between me and Los Angeles Police Department Detective David Vinton, which I understand was produced to defense counsel in Bates No. USAO_000434-USAO_000473.

11.  Attached hereto as **Exhibit C** is a true and correct copy of an FD-302 describing defendant's arrest and initial appearance, which I understand was produced to defense counsel in Bates No. USAO_000429-USAO_000433.

12.  Attached hereto as **Exhibit D** is a true and correct copy of an FD-302 describing the individuals present for defendant's arrest and initial appearance, which I understand was produced to defense counsel in Bates No. USAO_000433.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 29, 2022.

SARAH J. CORCORAN

4