# EXHIBIT 7

Reproduced from the holdings of the National Archives at Riverside

1  GREGORY W. SMITH (SBN 134385)
   PAMELA L. COX (SBN 191883)
2  **PARK, SMITH & LIM, LLP**
   3435 Wilshire Boulevard, Suite 2920
3  Los Angeles, California 90010
   Telephone: (213) 386-5595
4  Telecopier: (213) 384-7110

5  Attorneys for Plaintiff
   JOSEPH TENORIO, a minor,
6  by and through his Guardian
   ad Litem, MARIE SANTIAGO
7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 JOSEPH TENORIO, a minor, by and  )   CASE NO. 00-06177
   through his Guardian ad Litem,   )
12 MARIE SANTIAGO,                   )   **COMPLAINT FOR PERSONAL INJURIES**
                                     )
13              Plaintiff,           )   **1)  VIOLATION OF THE 4TH AND**
                                     )       **14TH AMENDMENTS OF THE**
14      v.                          )       **U.S. CONSTITUTION**
                                     )       **(42 U.S.C. Section 1983)**
15 CITY OF LOS ANGELES, a municipal )
   corporation, BERNARD PARKS, an   )
16 individual, WILLIE WILLIAMS, an  )
   individual, DAVID VINTON, an     )
17 individual, NICK SALICOS, an     )
   individual, RICHARD MERAZ, an    )
18 individual and DOES 1 through 10,)
   inclusive,                        )
19                                   )
                Defendants.          )
20                                   )
                                     )
21 _____)

22      Plaintiff JOSEPH TENORIO, a minor, by and through his Guardian

23 ad Litem, MARIE SANTIAGO for a complaint against defendants, and each

24 of them, complains and alleges as follows:

25      1.  Plaintiff JOSEPH TENORIO, a minor, ("Plaintiff") is, and at

26 all times mentioned herein was an individual residing in the City of

27 Los Angeles, County of Los Angeles, State of California.

28      2.  Plaintiff is informed and believes and based upon such

F:\A\GS\Tenorio.J\compltamd2.wpd          1



Reproduced from the holdings of the *National Archives at Riverside*

1  information and belief alleges that defendant CITY OF LOS ANGELES
2  ("City") is a municipal corporation duly organized and existing under
3  the laws of the State of California.    The Los Angeles Police
4  Department ("LAPD") is an agency of defendant City and all actions of
5  the LAPD are the legal responsibility of defendant City.  Defendant
6  City is sued in its own right and on the basis of respondeat superior.

7      3.  Plaintiff is informed and believes and based upon such
8  information and belief alleges that defendant BERNARD PARKS ("Parks")
9  is the Chief of the LAPD, and at all times relevant to this suit was
10 Chief of Police.  Upon information and belief, Plaintiff further
11 alleges that at all times relevant herein, defendant Parks approved,
12 and/or ratified the unconstitutional or illegal acts complained of
13 herein.  Defendant Parks is sued in both his official and personal
14 capacities.

15     4.  Plaintiff is informed and believes and based upon such
16 information and belief alleges that defendant WILLIE WILLIAMS
17 ("Williams") was the Chief of the LAPD, and at all times relevant to
18 this suit was Chief of Police. Upon information and belief, Plaintiff
19 further alleges that at all times relevant herein, defendant Williams
20 approved, and/or ratified the unconstitutional or illegal acts
21 complained of herein.  Defendant Williams is sued in his personal
22 capacity.

23     5.  Defendants City of Los Angeles and DOES 1 through 10 are
24 alleged to have maintained or permitted an official policy, custom and
25 practice causing or permitting the occurrence of the types of wrongs
26 set forth herein below knowingly and with deliberate indifference and
27 reckless disregard and, based on the principles set forth in *Monell*
28 *v. New York City Department of Social Services*, 436 U.S. 658, 98 S.

Reproduced from the holdings of the National Archives at Riverside

1  Ct. 2018, 56 L.Ed.2d 611 (1978), are liable for all injuries sustained
2  by any Plaintiff as set forth herein below.

3       6.   Plaintiff is informed and believes and based upon such
4  information and belief alleges that defendant DAVID VINTON ("Vinton")
5  at all times herein was employed by the City of Los Angeles as a
6  police officer. At all times relevant herein, defendant Vinton acted
7  within the course and scope of his employment.  Defendant Vinton is
8  sued both in his official and personal capacities.

9       7.   Plaintiff is informed and believes and based upon such
10 information and belief alleges that defendant NICK SALICOS ("Salicos")
11 at all times herein was employed by the City of Los Angeles as a
12 captain of the LAPD.  At all times relevant herein, defendant Salicos
13 acted within the course and scope of his employment, and approved
14 and/or ratified the unconstitutional conduct or illegal acts
15 complained of herein.  Defendant Salicos is sued both in his official
16 and personal capacities.

17      8.   Plaintiff is informed and believes and based upon such
18 information and belief alleges that defendant RICHARD MERAZ ("Meraz")
19 at all times herein was employed by the City of Los Angeles as a
20 captain of the LAPD.  At all times relevant herein, defendant Meraz
21 acted within the course and scope of his employment, and approved
22 and/or ratified the unconstitutional conduct or illegal acts
23 complained of herein.  Defendant Meraz is sued both in his official
24 and personal capacities.

25      9.   Plaintiff is ignorant of the true names and capacities of
26 defendants sued herein as Does 1 through 10, inclusive, and therefore
27 sues said defendants by fictitious names.  Plaintiff will seek leave
28 of Court to amend this complaint to allege their true names and

F:\A\GS\Tenorio.J\compltamd2.wpd        3

Reproduced from the holdings of the National Archives at Riverside

1  capacities when they are ascertained.  Plaintiff is further informed
2  and believes and thereupon alleges that each of the fictitiously named
3  defendants was responsible in some manner for the occurrences herein
4  alleged,  and  that  Plaintiff's  injuries  as  herein  alleged  were
5  proximately caused by said defendants.

6      10.  Plaintiff is informed and believes and based upon such
7  information and belief alleges that at all times relevant herein, each
8  of the defendants were agents, employees and/or joint venturers of
9  his/her co-defendants and was acting within the course and scope of
10 such agency, employment and/or joint venture.

11     11.  On or about August 11, 1998, when he was approximately
12 sixteen (16) years old, plaintiff was on Alexandria and 4th streets
13 returning home from purchasing a fan for his mother.  Plaintiff was
14 dressed in a pair of black and white Polo pants with a white t-shirt.
15 Plaintiff  was  not  dressed  in  gang  attire.  Two  Crash  officers
16 approached plaintiff and asked him "Whats up?"  Plaintiff was ordered
17 to turn against a wall with his back towards the officers.

18     12.  Plaintiff's mother approached and asked Officer Vinton why
19 they were harassing her son.  Officer Vinton pointed his finger at
20 plaintiff's mother and told her to shut up.  Plaintiff told officer
21 Vinton not to talk to his mother in that manner.  Officer Vinton then
22 replied "Oh you, want to talk too."  Officer Vinton then handcuffed
23 plaintiff, grabbed plaintiff's jaw and slammed his body against the
24 wall.

25     13.  Plaintiff was then arrested and told by Vinton that he was
26 going to jail for violating his probation.  On the way to the police
27 station, Vinton said: "We aren't taking you because you did anything
28 wrong, we are taking you because your mom likes to talk a lot of

Reproduced from the holdings of the National Archives at Riverside

1  shit."   Officer Vinton then asked plaintiff he would give Vinton
2  information and in return plaintiff would be released.  Plaintiff had
3  no information to give officer Vinton and he was subsequently arrested
4  for violating curfew, wearing gang attire and associating with gang
5  members.

6      14.  Plaintiff was not wearing gang attire, was not associating
7  with any gang members and was not in violation of curfew.

8      15.  As a result of officer Vinton's perjured testimony,
9  plaintiff was found guilty of violating his terms of probation and was
10  wrongfully caused to spend thirteen months incarcerated in St. Johns
11  School for Boys.

12      16.  Plaintiff is informed and believes and thereon alleges that
13  City, Parks, Williams, Salicos, Meraz and Does, despite having
14  knowledge of defendant Vinton's wrongful conduct, have taken no
15  remedial or corrective action, thereby ratifying his wrongful,
16  unconstitutional and illegal actions against Plaintiff.

17      17.  Further, Plaintiff is informed and believes defendants,
18  and each of them, knowingly or with reckless disregard deprived
19  plaintiff of the rights and liberties secured to him by the Fourth and
20  Fourteenth Amendments of the Constitution of United States, in that
21  said defendants, and each of them, who are supervising and managerial
22  employees, agents and representatives of the City of Los Angeles and
23  the Los Angeles Police Department, who have the authority to institute
24  policy and procedure, acting with gross negligence and with reckless
25  indifference to the rights and liberties to the public in general, and
26  to plaintiff and persons of his class, knowingly maintained, enforced
27  and applied a policy and practice of (1) employing and retaining
28  police officers who defendants at all times material herein knew or

F:\A\GS\Tenorio.J\compltamd2.wpd          5

Reproduced from the holdings of the National Archives at Riverside

1    reasonably should have known had dangerous propensities for abusing
2    their authority and for using excessive force and violence; and (2)
3    inadequately supervising, training, controlling, assigning and
4    disciplining officers, who said defendants knew, or with reasonable
5    care should have known, had the aforementioned described propensities
6    and character traits; and (3) maintaining grossly inadequate
7    procedures for reporting, supervising, investigating, reviewing,
8    disciplining and controlling the use of force and other illegal
9    activities of officers; and (4) that said defendants condoned,
10   participated in, fostered and encouraged a pattern and practice of
11   illegal acts of the officers as herein described through their
12   official positions which resulted in injury to plaintiff.

13       18.   In failing to take remedial or corrective measures with
14   respect to the wrongful conduct of defendant Vinton, defendant City
15   and defendants Parks and Williams have exhibited and continue to
16   exhibit deliberate indifference and/or reckless disregard and/or gross
17   negligence to the constitutional rights of Plaintiff.

18

19                        **FIRST CAUSE OF ACTION**
20   **(Violation of 4th and 14th Amendment of the U.S. Constitution Against**
21                        **All Defendants)**

22       19.   Plaintiff here alleges and incorporates by reference as
23   if fully set forth herein paragraphs 1 through 18.

24       20.   The conduct of each defendant violated Plaintiff's right
25   to be secure in home, person, and effects against unreasonable
26   searches and seizures and detention and not to be subjected to the
27   use of excessive or unreasonable force, as guaranteed by the Fourth
28   and Fourteenth Amendment to the United States Constitution, and

Reproduced from the holdings of the National Archives at Riverside

1  entitles Plaintiff to bring suit and recover damages pursuant to 42
2  U.S.C. Section 1983.   The conduct of the defendants which violated
3  Plaintiff's rights included a conspiracy by one or more of the
4  defendants to violate Plaintiff's Fourth and Fourteenth Amendment
5  rights.

6      21.   The conduct of each defendant violated the rights of
7  Plaintiff to be secure from deprivations of life, liberty or
8  property without due process of law, and not to be deprived of
9  necessary medical care as guaranteed by the Fourteenth Amendment.
10 The conduct of the defendants which violated Plaintiff's rights
11 included a conspiracy by one or more of the defendants to violate
12 Plaintiff's rights.

13     22.   As a direct and proximate result of the wrongful,
14 malicious and violent acts of defendants, Plaintiff suffered
15 physical and mental injuries and was injured in his health,
16 strength and activity, and suffered anxiety, humiliation and
17 emotional distress, in an amount according to proof at trial.

18     23.   By reason of the aforementioned acts and omissions of
19 defendants, Plaintiff has incurred medical and related expenses,
20 lost earnings, and other special and general damages, in an amount
21 according to proof at trial.

22     24.   All acts or omissions alleged to have been engaged in by
23 any defendant herein are alleged to have been engaged in with
24 intent to injure Plaintiff and/or with a willful and conscious
25 disregard for the rights and safety of Plaintiff, and were
26 fraudulent, malicious or oppressive, entitling Plaintiff to recover
27 punitive damages from defendants other than defendant City.

28

Reproduced from the holdings of the National Archives at Riverside

1    **WHEREFORE,** Plaintiff seeks judgment as follows:

2    **FOR THE FIRST CAUSE OF ACTION:**

3        a.   Compensatory general and special damages in an amount in

4             accordance with proof;

5        b.   Punitive damages;

6        c.   Costs of this suit;

7        d.   Attorneys fees; and

8        e.   Such other relief as the Court finds just and proper.

9

10   Dated: June 7, 2000              PARK, SMITH & LIM, LLP

11

12                            By:   _____

13                                  GREGORY W. SMITH
                                    Attorneys for Plaintiff
14                                  JOSEPH TENORIO, a minor,
                                    by and through his Guardian
15                                  ad Litem, MARIE SANTIAGO

16

17

18

19

20

21

22

23

24

25

26

27

28

6/10/22, 2:03 PM   Case 2:22-cr-00200-PA   Document 47-4   Filed 09/01/22   CM/ECF - California Central District   Page 10 of 282   Page ID #:405

Query    Reports    Utilities    Help    Log Out

(AJWx),CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:00-cv-06177-GAF-AJWX

Joseph Tenorio v. Los Angeles City of, et al
Assigned to: Judge Gary A. Feess
Referred to: Discovery Andrew J. Wistrich
Demand: $0
Related Case:  2:00-cv-00065-GAF-AJW
Cause: 42:1983 Civil Rights Act

Date Filed: 06/08/2000
Date Terminated: 12/18/2000
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Joseph Tenorio**
*a minor by and through his Guardian ad Litem, Marie Santiago*

represented by **Gregory W Smith**
Law Offices of Gregory W. Smith, LLP
9100 Wilshire Boulevard, Suite 725E
Beverly Hills, CA 90212
310-777-7894
Fax: 310-777-7895
Email: sfrancia@gwslegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pamela L Cox**
Hemar Russo & Heald LLP
15910 Ventura Blvd, 12th Floor
Encino, CA 91436
818-501-3800
Email: pcox@hemar-rousso.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**
*a municipal corporation*

represented by **Cecil W Marr**
Los Angeles City Attorney's Office
Dept. of Water and Power
111 North Hope Street
Room 340
Los Angeles, CA 90051-0100
213-367-4650
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah J Breithaupt**
Los Angeles City Attorney Office
City Hall 200 North Spring Street 21st Floor

Los Angeles, CA 90012
213-922-8382
Fax: 213-978-7957
Email: deborah.breithaupt@lacity.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul N Paquette**
Office of the City Attorney/DWP
111 N. Hope Street, Suite 340
Los Angeles, CA 90012
213-367-4591
Fax: 213-367-4588
Email: paul.paquette@ladwp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bernard Parks**                    represented by  **Cecil W Marr**
*an individual*                                      (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Deborah J Breithaupt**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul N Paquette**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Willie Williams**                  represented by  **Cecil W Marr**
*an individual*                                      (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Deborah J Breithaupt**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul N Paquette**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**David Vinton**                     represented by  **Cecil W Marr**
*an individual*                                      (See above for address)
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Deborah J Breithaupt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul N Paquette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nick Salicos**                        represented by    **Cecil W Marr**
*an individual*                                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Deborah J Breithaupt**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul N Paquette**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Meraz**                       represented by    **Cecil W Marr**
*an individual*                                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul N Paquette**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2000 | 1 | COMPLAINT filed Summons(es) Issued referred to Discovery Andrew J. Wistrich (pc) (Entered: 06/13/2000) |
| 06/08/2000 | 2 | NOTICE OF INTERESTED PARTIES filed by plaintiff Joseph Tenorio (bp) (Entered: 06/14/2000) |
| 06/08/2000 | 3 | PETITION & ORDER appointing Marie Santiago as guardian ad litem for petitioner by Discovery Brian Q. Robbins (bp) (Entered: 06/14/2000) |

| 06/08/2000 | 4 | NOTICE by plaintiff Joseph Tenorio of related case(s) CV 00-65 DDP (JWJx) (kc) (Entered: 07/07/2000) |
| 06/30/2000 | 7 | Proof of service of S/C executed upon defendant Bernard Parks, an individual by srving Lisa Romero, person in charge on 6/19/00 and by mail on 6/22/00 (el) (Entered: 07/12/2000) |
| 06/30/2000 | 8 | Proof of service of S/C executed upon defendant David - Vinton, personally srvd on Sylvia Barron, person in charge on 6/19/00 and by mail on 6/22/00 (el) (Entered: 07/12/2000) |
| 06/30/2000 | 9 | Proof of service of S/C executed upon defendant Los Angeles City of, a municipal corp personally srvd on Gloria Pinon, auth agent for svc of process on 6/19/00 (el) (Entered: 07/12/2000) |
| 07/07/2000 | 5 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 (Related Case) filed. [ Related Case no.: CV 00-65 DDP (JWJx)] Case transferred from Judge Harry L. Hupp to Judge Dean D. Pregerson for all further proceedings. , Case referred from Discovery Andrew J. Wistrich to Discovery Jeffrey W. Johnson . The case number will now reflect the initials of the transferee Judge [ CV 00-6177 DDP (JWJx)] (cc: all counsel) (seal) (Entered: 07/07/2000) |
| 07/07/2000 | 6 | PROOF OF SERVICE by plaintiff Joseph Tenorio on 6/22/00 for Willie Williams, an individual (ks) (Entered: 07/10/2000) |
| 07/14/2000 | 10 | ANSWER filed by defendant Los Angeles City of, defendant Willie Williams to complaint [1-1]; jury demand (bp) (Entered: 07/17/2000) |
| 07/14/2000 | 11 | CERTIFICATE OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Willie Williams (bp) (Entered: 07/17/2000) |
| 07/20/2000 | 15 | CERTIFICATE OF INTERESTED PARTIES filed by defendants' Los Angeles City, Bernard Parks, Willie Williams, & David Vinton (bp) (Entered: 08/02/2000) |
| 07/20/2000 | 16 | ANSWER filed by defendants' Los Angeles City, Bernard Parks, Willie Williams, David Vinton to first amd complaint [1-1]; jury demand (bp) (Entered: 08/02/2000) |
| 07/27/2000 | 12 | NOTICE OF INTERESTED PARTIES filed by plaintiff Joseph Tenorio (el) (Entered: 07/28/2000) |
| 07/27/2000 | 13 | DEMAND for jury trial by plaintiff Joseph Tenorio (el) (Entered: 07/28/2000) |
| 07/28/2000 | 14 | STANDING ORDER by Judge Dean D. Pregerson (el) (Entered: 07/31/2000) |
| 08/02/2000 | 17 | PROOF OF SERVICE executed upon defendant Richard Meraz, an individual on 7/25/00 by personally delivering S/C to Lt. B Biersborn #23192 Auth Agent for Svc of Proc (see doc for fur details) (mch) (Entered: 08/03/2000) |
| 08/02/2000 | 18 | PROOF OF SERVICE executed upon defendant Nick Salicos, an individual on 7/25/00 by personally delivering S/C to B. Ellison #24783 Auth Agent for Svc of Proc (see doc for fur details) (mch) (Entered: 08/03/2000) |
| 08/24/2000 | 19 | CERTIFICATE OF INTERESTED PARTIES filed by defendant Nick Salicos (bp) (Entered: 08/25/2000) |
| 08/24/2000 | 20 | ANSWER filed by defendant Nick Salicos to complaint [1-1]; jury demand (bp) (Entered: 08/25/2000) |
| 09/05/2000 | 21 | ORDER TO REASSIGN CASE PURSUANT To Section 5.1/5.6 of General Order 224 by Judge Terry J. Hatter, Jr., Chief US District Judge & Judge Lourdes G. Baird , Chair of the Related Case Assignment Committee. Reassigning all related cases commonly referred to as the "Rampart Division Cases" to Judge Gary A. Feess to hear all proceedings through |

|            |     | pretrial or for as long as the Judge deems appropriate. Any disc matters will be referred to Discovery Andrew J. Wistrich . The case number will now reflect the initials of the transferee Judge [ CV 00-6177 GAF (AJWx)] [ Related Group Ctrl No.: CV 99-11629 GAF (AJWx)] (cc: all counsel) (rn) (Entered: 09/06/2000) |
|------------|-----|------|
| 09/12/2000 | [22](#) | MINUTES: Attached hereto is a list of cases that have been reassigned to this crt. As part of the crt's effort to develop an organized, efficient approach to the handling of these cases, the crt is ordering the Los Angeles City Attorney's Office to provide the crt with the following information by Judge Gary A. Feess CR: N/A (see doc for details) (bp) (Entered: 09/13/2000) |
| 09/24/2000 | [23](#) | MINUTES: (IN CHAMBERS) From this point forward in each case in which dft City of Los Angeles arranges for the retention of sep cnsl for individual police officers, the City Attys Ofc is to notify the Crt forthwith; this info is to be provided to the Crt in pleading format NLT 10/6/00 IT IS SO ORD by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 09/25/2000) |
| 09/27/2000 | [25](#) | MINUTES: (In Chambers) Re Plf Raul Rodriguez Jr's req to the Crt to lift its stay for the purpose of permitting him to move for P/I; The Crt believes that such actn would be ill-advised; Acc the Crt declines at this time to lift its stay (See doc for fur details) IT IS SO ORD by Judge Gary A. Feess CR: None Present (PSEND) (ir) (Entered: 10/04/2000) |
| 09/29/2000 | 24  | RESPONSE by defendants to Crts 9/12/00 MO [22-1] ; attachment 1 (rrey) (Entered: 10/02/2000) |
| 10/04/2000 | [26](#) | MINUTES: Plf is ORD to show cause by 10/23/00 why this case should not be dism purs to rule stated in Heck v Humphry IT IS SO ORD by Judge Gary A. Feess CR: None (rrey) (Entered: 10/05/2000) |
| 10/04/2000 | [27](#) | ORDER & NOTICE TO Cnsl Re Dispute Resolution Procedure (see doc for fur details) by Judge Gary A. Feess (yl) (seal) Modified on 10/06/2000 (Entered: 10/05/2000) |
| 10/06/2000 | [28](#) | MINUTES: (IN CHAMBERS): Attached is the list of retired judges inadvertently omitted from the previously fld Ntc to cnsl re dispute resolution procedure which was disseminated by the Crt on 10/4/00 by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 10/10/2000) |
| 10/13/2000 | 30  | RESPONSE by defendants re minutes [23-1] (rrey) (Entered: 10/20/2000) |
| 10/19/2000 | [29](#) | Notice to counsel by Judge Gary A. Feess (ENT 10/20/00) ntc sent (bg) (Entered: 10/20/2000) |
| 10/23/2000 | [31](#) | ORDER partially lifting stay by Judge Gary A. Feess. The crt's order staying all proceedings in this case is lifted for the purpose of permitting plaintiffs, to the extent not already completed, to complete service of the summons and complaint on all defendants. All defendants should be served, and proofs of service fld with the crt, nlt 11/17/00. The crt should be notified of any difficulties encountered by any pla in meeting the deadline. (bp) (Entered: 10/24/2000) |
| 10/26/2000 | [33](#) | GENERAL NOTICE OF STATUS CONF by Judge Dickran Tevrizian ; status conf set on 9:00 12/18/00 (SEND) (ir) (Entered: 10/30/2000) |
| 10/27/2000 | [32](#) | ORDER by Judge Gary A. Feess granted in part and denied in part application to lift stay (bg) (Entered: 10/27/2000) |
| 11/01/2000 | [34](#) | ORDER by Judge Gary A. Feess re class action allegations; A non-response to this Ord will be deemed a stmt that the non-responding indiv officer is acknowledging that he is not claiming qualified immunity by conducting himself in accordance w/municipal policy, & |

|  |  | the officer will be precluded thereafter frm raising such a defense. (send) (jp) (Entered: 11/02/2000) |
|---|---|---|
| 11/07/2000 | 35 | ORIGINAL PROOF OF SERVICE by plaintiff on 11/3/00 of ntc of stat conf (rrey) (Entered: 11/08/2000) |
| 11/20/2000 | 36 | RESPONSE by defendants to Crt's 11/1/00 order re qualified immunity [34-1] (jp) (Entered: 11/28/2000) |
| 12/18/2000 | 37 | ORDER DISMISSING ACTION by Reason of Settlement by Judge Gary A. Feess; IT IS ORD that the actn is dism w/ prej; the Crt retains complete jurisd for sixty (60) days to vac this Ord & to reop the actn upon a showing of good cause that the sttlmnt has not been completed & fur litigation is necessary terminating case (MD JS-6) (12/19/00) (send/ntc) (rrey) (Entered: 12/19/2000) |
| 12/18/2000 | 38 | MINUTES: Cnsl advise the Crt that this matter has settled & that a dism will be fld w/in 45 days by Judge Dickran Tevrizian CR: Cynthia Mizell (rrey) (Entered: 12/19/2000) |
| 06/13/2001 | 39 | RECEIPT OF TRANSCRIPT of proceedings for the following date(s): 12/18/00 (Re:) CR: Cynthia Mizell/LM-Lutz 27. (CV-00-11597-GAF) (ghap) (Entered: 06/14/2001) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 06/10/2022 14:04:21 | | |
| **PACER Login:** | fpdcac0087 | **Client Code:** |  |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cv-06177-GAF-AJWX End date: 6/10/2022 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

IRVING HUMPHREY, T   335
PLEASANT VALLEY ST.   PRISON
P.O.BOX 8501)(A-1-   )
COALINGA.,CALIF.,93210

FILED
CLERK, U.S. DISTRICT COURT

JAN - 6 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IRVING HUMPHREY,
            (Plaintiff)
    vs.

CITY OF LOS ANGELES,JAMES
HAHN ,MAYOR;WILLIAM BRATON,
POLICE CHIEF;D.VINTON,Officer
#31085; AND J.ROBB,OFFICER #33804
AND JOHN DOES 1-thru 10)
                (Defendants)

CASE NO. CV-03-02623-DDP-
(FMO)
SECOND AMENDED CIVIL
        COMPLAINT
COMPLAINT FOR DAMAGES:

(1) VIOLATION/DEPRIVATION  OF
    CIVIL RIGHTS UNDER COLOR
    OF LAW.(42 U.S.C.§ 1983

(2) STATE LAW TORTS OF
    FALSE IMPRISONMENT,
    ASSAULT AND BATTERY,
    FRAUD,INTENTIONAL WANTON
    INFLICTION OF EMOTIONAL
    DISTRESS,NEGLIGENCE AND
    NEGLIGENT INFLICTION OF
    EMOTIONAL DISTRESS

DEMAND FOR JURY TRIAL

    Come now, the plaintiff Irving Humphrey,aka Irving Robinson

an individual and for causes of action against defendants and each

of them,complains and alleges as following:

///

///

///

DOCKETED ON CM

JAN 13 2004

BY                026

<u>IISDICTION AND VENUE</u>

1).Jurisdiction in this Honorable Court arises pursuant to federal statutes,under title 28 U.S.C.Section 1331,1343,and 1367). California Tort government code section 811-825,or civil code procedure section 410.10-410.50,410.70.  Jurisdiction is further established in this Honorable Court under title 42 U.S.C.Section 1983,Government code section 945.6,and Civil code section 51,52(d).

2). Venue is proper in District Court pursuant to 28 U.S.C.§ 1391 and California civil code section 1048,as the underlying acts, ommissions,events,injuries and related facts and circumstances upon which the present action are based,occurred in the City of Los Angeles,State of California,within the boundaries of the Central District of this Honorable Court.

<u>GENERAL ALLEGATIONS</u>

3). At all times relevant hereto Plaintiff Irving Humphrey,aka, Irving Robinson,an individual,is and at all times mentioned herin was a resident of the County of Los Angeles,State of California,an and is a citizen of,and within the jurisdiction of the United States.

4). At all times mentioned herein Defendant City of Los Angeles was a public entity and muncipal corporation,duly organized and existing under and by virtue of the laws of the States of California.

Plaintiff is requesting no injunctive relief and is suing each individual in there individual capacity and or official capacity for monetory damages only.

(2)

5). Plaintiff Irving Humphrey, is informed and believes and thereupon alleges, that at all times relevant herein Defendants J.Robb, D.Vinton, William Bratton, James Hahn and does, 1 thru 10, were residents of the County of Los Angeles, State of California and were police officers, mayor and chief of police and/or civilian employees agents, policy makers and representatives of Defendants City of Los Angeles.  At all times relevant hereto said defendants were acting within the course and scope of their employment as officers, mayor, chief of police, and/or civilian employees, policy makers and representatives of the City of Los Angeles, and the wrongful acts hereinafter described flow from the very exercise of their authority.

6). Plaintiff Irving Humphrey, is ignorant of the true names and capacities of defendants sued herein as does 1 through 10, inclusive and therefore sues these defendants by such fictitious names.

Plaintiff Irving Humphrey, is legally in custody and believes or informed and thereupon alleges, that each of the fictitious named defendants is legally responsible, intentionally, negligently or in some other actionable manner for the events and happenings hereinafter referred to and thereby legally caused the injuries, damages and violations and/or and deprivation of rights or failed to overt the acts of deprivation of rights hereinafter alleged.

Plaintiff will seek leave of the Court to Amend this complaint and state the true names and/or capacities of said fictitious named defendants when the same have been ascertained.

7.) The reason why plaintiff is ignorant of the true names and capacities of defendants sued herein as does 1 through 10, inclusive is that same have been unascertainable as of the date of filing

of the instant complaint, as many of these does may be police

officer, captain, sergeant, lieutenants, commanders, police chiefs or

mayors, policy maker and representatives for the City of Los

Angeles, and others, and as such many of their records are

protected by state statutes and can only be reasonable be

ascertained through production of documents, and discovery process.

8.) All defendants who are natural persons, and each of them,

including does 1 through 10, are sued individually and in their

official capacity as officers, sergeants, captains, chief of police,

lieutenants, commanders, supervisors and/or civilian employees agent

or policy makers and representatives for the City of Los Angeles

Police Department, a defendant department and subdivision of

defendant City of Los Angeles.

9.) At all time mention herein D. Vinton, were acting under the

color of law and under the territory of state law to wit, under

the color of statutes, ordinances, regulations, policies, customs,

practices and usages of defendants City of Los Angeles as

an police for the department of police and the state of California

10) At all times mentions herein J. Robb, was acting a a police

under the color of the law and territory of the state to wit, under

the color of statutes, ordinances, regulations, police policies,

customs, practices and usages of defendants City of Los Angeles and

State of California .

11) Plaintiff is informed and believes and thereupon alleges that

at all times relevant herein, Defendants James Hahn, (Mayor), and

William Bratton, (Chief of Police), and/or John Does 6 through 10)

inclusive were supervisors and policy makers for the City of

Los Angeles police Department, and for its special police unit

(4)

1   known as Rampart Crash,whose stated purpose was to address gang

2   crimes .

3      The plaintiff Irving Humphrey,could not and did not reasonably

4   have a legal avenue to the court until the case was dismissed

5   on March 22,2000,or when the Rampart rouge cops discovery was

6   investigated and reveal of wrong doing by falsely accusing the

7   lower social soceity of wrongdoing under criminal element.

8      Plaintiff indictment charges under case number BA-173196,was

9   dismissed,but not before the testimony in the preliminary was

10  falsely committed under oath by D.Vinton,and not overted by J.Robb,

11  by coming forth with the truth,no drug was in the room or on the

12  person Irving Robinson on August 19,1998.  Plaintiff further

13  alleges that defendants,and each of them,intentionally conspired

14  to conceal and did conceal,the true facts surrounding rouge cops

15  civil rights deprivation or violations under both state and federal

16  color of law and/or territory laws,thereby preventing the plaintiff

17  from obtaining the knowledge and information necessary to submit

18  the instant claim.  Plaintiff further alleges that the civil

19  rights violations/deprivation conduct of defendants and each of

20  them,described herein,was undertaken with the express intention

21  and expectation that the false representations made by defendants

22  in connection with rouge cops conduct would be reasonablly relied

23  upon by the plaintiff,courts,appeals court,and other judicial

24  agency,therby deceiving the hearer of facts,thereby defrauding

25  the said persons listed above,and thereby defrauding plaintiff into

26  into reasonably believing that no cause(s) of action existed.

27     Futher,plaintiff did in fact rely upon the representation of

28  repondants described above,and as a result reasonably beleived

1  that no cause even existed,other than returning of property stolen

2  and claim destored by the los angeles police department,or Rampart

3  Division.   With the no beleived causes existing to the incidents

4  discribed,and as a result of the ongoing conspiracy,therefore,the

5  date of accurual of the casation of injury to within the meaning

6  of the relevant statute of limitation did not began to run until

7  (1) Incident discovery,(2)Dismissal of allege indictment charges

8  on March 22,2000,(3)Plaintiff mental sanity was established.(

9  see caslaw Bell vs City of Milwaukee,(1983) 746 F2d. 1205,(

10  fraudulent concealment of facts)(Circumstances and evidences

11  necessary to pursue a cause of action effectively toll statute of

12  limitation,Heck vs Humphrey,512 U.S.477,(1994),deprived civil

13  litigation until the conviction is dismissed,by the court or

14  reverse by the court,or by the standard set in California civil

15  code sections 328,352,and evidence code section 522,inwhich prevent

16  the civil prosecution by a mentally incompetent person until sane

17  can be established,(Robinson,109 Cal Rptr.2d. 656-07).(see also

18  Wozniak,(1969) 1 Cal App. 3d. 716)(Whitfield,(1974) 10 Cal. 874)

19  (or) Hernandez,(1986) 42 Cal 3d. 1020).

20  12) Pursuant to Government code section 910,or about April 15,2003

21  from prison,plaintiff Irving Humphrey in writing duly presented

22  to the court Clerk of the Ciyt of Los Angeles a claim for damages.

23  But not before making efforts to seek injunctive relief by

24  filing claims with the City of Los Angeles Mayor,or Chief of

25  police for the City of Los Angeles,or filing recovery of property

26  with the Los Angeles police property disvision,fromm 1998-2002).

27  Plaintiff set forth information on what material was stolen,

28  taken,remove from his person  under the false arrest and illegal

entry into his room at the motel location.  The plaintiff cited
names of persons and address of the location inwhich the property
was removed by Rampart police gang agents D.Vinton and J.Robb.
13)Between  9-3-03   the above mentions claim was denied,deem
lost or destored by the Los Angeles Police Department.

The causes of action in said claims for violation&deprivation of
civil rights base upon false arrest and false imprisonment,were
considered and denied.  The state law causes of action were reject
-ed and the claim returned with respect to them.  This rejection
and return was based on the erroneous contention by the office
of the city Attorney that the claim was not present within one
year of the causation of injury.  As discussed in detail above or
as will follow,plaintiff contends that the statute of limitation
regarding the causation of injury or action of complaint began to
run when mental incompetent is reestablished,evidende is discover
by the facts finders,ommission is render,or case false charges is
dismissed.(April 2003.)and therefore the claim was timely with
respect to the law causes of action.


## STATEMENT OF SPECIFIC FACTS

On August 19,1998,Irving Humphrey was living in the motel room
03,at the location 300 South Alexandria Avenue,Los Angeles Calif.,
90012 location.  There was a knock on the door by D.Vinton and
he  was company by J.Robb.  The knock on the door trigger a
response by Irving Humphrey to ask who was at the door,and under
false impression D.Vinton sounded his voice as someone other
them himself or a male.  When Humphrey open the door one inch,
police officer D.Vinton kick the door violently open and J.Robb

1  went into the room of Irving Humphrey by force and without a search
2  warrant.  The force of the open door cause physical and emotional
3  injury to Mr.Humphrey when he was knocked to the floor and
4  humiliated by being handcuff while being naket  on the floor,
5  while the room door was open and onlooker staired.  Mr.Humphrey
6  was not advise of his right and was interrogated on a subject
7  matter related to gang activities not known to him.  When no
8  evidence or information was provided D.Vinton and J.Robb sought
9  a conspiracy and concealment acts as rouge cops to present drug
10  stemming from the pock of D.Vinton,as drug founded in the room of
11  Irving Humphrey,or to proposition him into given information.
12     When these efforts was unsuccessful,D.Vinton and J.Robb,destored
13  Mr .Irving motel room looking for drugs and was again,unsuccessful.
14     Police Officers Vinton and Robb,then arrested Mr.Humphrey under
15  known false charges of health and safety code section 11351.5
16  violation,(possession of drug for sale) and came to court in the
17  month of DECEMBER 1998,(Preliminary hearing) and testified under
       I.H
18  oath falsely to having discovered drug in the room of Mr.Humphrey
19  on August 19,1998,under the case number BA-173196).  On March 22,
20  2000,the case was dismiss as was allege in the indictment charge
21  under the case number BA-178142).  On 6/03/2003,Mr.Humphrey was
                    I.H
22  notified that his property seige by D.Vinto and Robb,was destored.
23     Plaintiff Irving Humphrey mental impairment deprived him from
24  knowing the causation of injury or discovery of injury,and the
25  concealment of rouge cops wrongdoing and police agency fraudulent
26  concealment also hinder the discovery of facts until March22,2000
27  and April 2003.
28

## FIRST CAUSE OF ACTION

VIOLATION/DEPRIVATION OF CIVIL RIGHTS
AS AGAINST ALL DEFENDANTS PURSUANT TO
42 U.S.C.Section 1983)

14) Plaintiff realleges as though fully set forth at length and incorporated herin all of the allegation and statements contained in the information listed above and in the paragraphs 1 through 13,inclusive of the jurisdiction and general allegation above.

15)This cause of action arises under the First,Fourth,Fifth,Eighth, and Fourteenth Amendments to the United States Constitutional and under 42 U.S.C.Section 1983 code citation.

16) On August 19,1998,plaintiff civil right was deprived/violated by police officers ED.Vinton,and J.Robb,when the said acts occurred in the plaintiff motel. (1) The police gain entry by false impression,(2)The defendants Robb and Vinton gain entry by force and violent conduct,(3)Police officers Vinton and Robb,knowingly and deliberately interrogated plaintiff without advise of mirandum rights,(4)Police officers Vinton and Robb,knowingly and deliberate -ly violated plaintiff right to privacy,by illegal entring the motel room of plaintiff without conscent,(5)Police officers Vinton and Robb,violated plaintiff fourth Amendment right to illegal searching and seizure of person by conduct a search of the plaintiff room without a search warrant,(6) Police officers Vinton and Robb,knowingly and deliberately conceal rouge cops fraudulent conspiracy acts to false imprison,detain and charges people of color or low income social environment,(7) Police officer D.Vinton knowingly and deliberate gave false witness while under oath,(8)Police officer D.Vinton and Robb acted in different to

1   use of excessive force by knocking the plaintiff to the floor
2   upon entry by force into the room of plaintiff,(9) Police J.Robb
3   acted indifferent to failure to overt the acts and conduct of
4   rouge behaviors by self and D.Vinton,(10) D.Vinton,and J.Robb,
5   acted indifferent to acts and conduct of humiliation,emotional
6   and physical injury,and illegal acts of confiscation of personal
7   property,y entring plaintiff room and handcuffing while nude in
8   the openness and exposure to other viewers living in the motel,or
9   causing damage to his right knees when he was force to the ground
10  by the thrush of the room door being open by Vinton and Robb
11  under fraudulent intent and without a search warrent.
12  11)The said officers enterad into plaintiff room,interrogated
13  plaintiff,search plaintiff room and then pull drug from his own
14  police pocket inorder to allege that the plaintiff was in
15  possession of drug while in the motel room.  On DECEMBER 1998,
16  D.Vinton testified to the fraudulent allegation of the plaintiff
17  being in possession of drug while in the motel room on August 19,
18  1998 and the drug was in plain view.  The defendants did so
19  inorder to decieve the hearers of facts and evidences.
20  12) In light of the perjury while under oath committed by D.Vinton
21  and failure to overt acts of perjury committed by J.Robb,
22  plaintiff beleived his word would not prevail over the word of
23  police officers D.Vinton and J.Robb.  On August 19,1998,both
24  defendants file indictment charges under health and safety code
25  section 11351.5,(Possession of cocain base for sale)and on March
26  22,2000 all indictment charges was dismissed by the Los Angeles
27  Court.
28

19) The wrongful conduct alleged herein is ju.. one typical example of implication of a large policy,pattern and practice of defendants City of Los Angeles and the Los Angeles Police Department or rouge cops Rampart division while under the color of law and territory of state law,deprived citizen of their inalienable rights by committing,condoning,ratifying,approving, failing to overt acts of deprivation of right and otherwise t.. t.. tacitly approving by condoning or failure to overt.

Overlooking and failure to prevent by arrest of appropriately discipline:acts of racial social society of low income persons, acts of excessive force,assault and battery,violence upon innocent and intimidation acts and conduct,illegal searches and seizure, falsification of evidence,calculated fabrication and distortion of evidence,breach of duty imposed by government code section 815.6,resulting from,inter alia,the filing of false police reports and indictment charges in violation of penal code section 118.1,the commission of perjury,malicious prosecution,failure to p properly hire,train,supervise,discipline officers,negligent retention of said officers,and maintenance of a code of silence, whereby no other police officer,supervisor or policy maker would disclose or intervene to prevent,and/or would actively cover up the aforementioned misconduct.

(20) This policy,pattern and practice of the Los Angeles Police Department has been employed for numerous years prior and s subsequent to the incident involving plaintiff Irving Humphreyy described herein,as evidenced by incident set forth in the reports by D.Vinton and J.Robb.

(21)Plaintiff Irving Humphrey,is informed and believes and thereon

alleges, that the defendants Vinton, Robb, Bratton, Hahn, and john Does 1-10, have deprived plaintiff of liberty interest rights by distortion, perjury, failure to overt acts of rouge conduct, perjury, and corruption of the process of law, which in true turn, violated and/or deprived plaintiff Irving Humphrey of his rights and privileges guaranteed to him under the Constitution, and laws of the United States and State of California, as more fully descibed hereinafter.

(21) Plaintiff is informed and believes and thereupon alleges, that the wrongful rouge cops acts of employee defendants, when view —ed in the context of the enterprise of law enforcement, are broadly incidental to that enterprise, and are not so unusual or starting that it would seem unfair to include any losses suffered as a result of the said acts amoung other costs of employment/ municipality defenats business.

(22) Plaintiff was indicted and preliminary prosecuted pursuant to a policy, patter and practice of bringing false charges and falsifyingevidences, reports against persons of innocent.

Defendants D. Vinton, and J. Robb, testified against plaintiff in a preliminary hearing on DECEMBER 1993, in the Los Angeles Superior Court to the facts of discovering false evidences used for a legal indictment knowing that the information was misleading, deceitful and fraudulently allege.

In carring out this unlawful and malicious plan, plaintiff is informed and believes and thereupon alleges, that the said defendants Vinton, Robb, and each of them, secure the cooperation and assistance of the others Mayor, Chief of police, lieutenants, commanders, sergeants, supervisors and civilian employees from the

(12)

the Los Angeles Police Department ,or division of Rampart
station and the crash unit.

23)  At all times revelant hereto,plaintiff Irving Humphrey,aka
Irving Robinson,possessed rights guaranteed to him under the
First,Fourth,Fifth,Eighth,and Fourteenth Amendment to the United
States Constitutional color of law,,as well as the related rights
to be free from unwarranted state interferences with the same
rights under the territory of state laws.

24) as a direct and legal result of the aforementioned misconduct
and the policies,patterns and practices of defendants rouge cops
activities,and each of them,said constitutional rights of
plaintiff were violated and/or deprived.

25) Defendants and each of them subject plaintiff Irving Humphrey
to the aforementioned violations and/or deprivation by either acts
or actual rouge cops activities,actual malice,deliberate
indifference,or a reckless disregard for his rights under the
United States Constitution.

26) Defendants and each of them,acted at all times herein knowing
that the established customs,policies,pattern and practice of the
Defendants City of Los Angeles Police Department would allow a
cover-up,concealment,deceitful imprssion,and allow the continued
violation of the first,fourth,eighth,and fourteenth Amendments
rights to be violated by rouge cops activities,while right are
being deprived and violated while under the protection of the
United States Constitution color of law..

27)  The supervisors or supervisory named herein as defendants
inclusive including Does 6-10,who are and all relevant times,were
responsible for the supervision of defendants to the rights of
plaintiff,in violation of an absolute duty to instruct

(13)

1  subordinates and prevent constitutional harm.

2  (28) Plaintiff informed and believes and therefore alleges,that

3  the supervisors named herein as defendants,including Does 6

4  through 10,knew,or should have known,of the actual problems and

5  illegal activities and conduct of the Rampart Division and the

6  Crash Unit and failed to correct such problem and illegal activ

7  or activities stemming from rouge cops conduct.

8  (29)Plaintiff is informed and believes and thereon alleges,that

9  the supervisors named herein,as defendants including Does 6-10,

10  and Defendant City of Los Angeles had actual knowledge of the

11  violent propensities,and rouge cops conduct of the Rampart,or

12  Los Angeles police Department,and of the individual offers name

13  herein,and of the unconstitutional violation or deprivation and

14  condutions within the Los Angeles police department agency,and

15  the said defendants Los Angeles City,Mayor,and Chief of police

16  or supervisors failed t o properly overt the acts of rouge cops

17  conduct or failed to properly supervise the said Defendants

18  Police officers J.Vinton and J.Robb and the unnamed individuals

19  herein.

20  (30) By the actions set forth herein,defendants have deprived/

21  violated plaintiff of his civil right secure by the fourth,Fift

22  Eighth,and Fourteenth Amendments to the United States Constitut

23  made actionable under 42 U.S.C.Section 1983.

24  (31) The aforementioned acts of the individual defendants and e

25  of them was willful,wanton,malice,and oppressive and thereby

26  justifies the awarding of exemplary and punitive damages.

27  Plaintiff is entitled to and seeks suit of each individual in

28  there individual capacity for monetary damages.

(14)

subordinates and prevent constitutional harm.

(28) Plaintiff informed and believes and therefore alleges,that the supervisors named herein as defendants,including Does 6 through 10,knew,or should have known,of the actual problems and illegal activities and conduct of the Rampart Division and the Crash Unit and failed to correct such problem and illegal activity or activities stemming from rouge cops conduct.

(29)Plaintiff is informed and believes and thereon alleges,that the supervisors named herein,as defendants including Does 6-10, and Defendant City of Los Angeles had actual knowledge of the violent propensities,and rouge cops conduct of the Rampart,or Los Angeles police Department,and of the individual offers named herein,and of the unconstitutional violation or deprivation and condutions within the Los Angeles police department agency,and the said defendants Los Angeles City,Mayor,and Chief of police or supervisors failed t o properly overt the acts of rouge cops conduct or failed to properly supervise the said Defendants Police officers J.Vinton and J.Robb and the unnamed individuals herein.

(30) By the actions set forth herein,defendants have deprived/ violated plaintiff of his civil right secure by the fourth,Fifth, Eighth,and Fourteenth Amendments to the United States Constitution made actionable under 42 U.S.C.Section 1983.

(31) The aforementioned acts of the individual defendants and each of them was willful,wanton,malice,and oppressive and thereby justifies the awarding of exemplary and punitive damages.

Plaintiff is entitled to and seeks suit of each individual in there individual capacity for monetary damages.

(14)

## S___ND CAUSE OF ACTION

### (DAMAGES FOR STATE LAW TORTS-
### AS AGAINST ALL DEFENDANTS)

(32)  Plaintiff Irving Humphrey, aka Irving Robinson, realleges as though fully set forth at length and incorporated herein all of the allegations and statements contained in paragraphs 1 throught 13, inclusive of the Jurisdictional and general allegations above, and paragraphs 15 through 31, inclusive of the First, cause of action above.

(33) The conduct of defendants and each of them, as hereinabove alleged and set forth in detail state claims for the state law tort of false imprisonment, assault and battery, fraud, fraudulently concealment of rouge cops conducts, intentionally infliction of emotional distress, negligence amd negligent infliction of emotional distress, decietful fraud, and therefore plaintiff seeks damages for the same..

(34) As a direct and legal result of the conduct of defendants, and each of them as hereinabove alleged and set forth in detail, plaintiff Irving Humphrey, was irreparably injured.  His injuries include, but are not limited to his lost of liberty, his suffering of great mental pain, and anguish, severe emotional distress, freight and nervousness, anxiety, grief, shcok, humiliation, indignity, embarrassment, apprehension, and being subjected to public scorn and derision, damages to his physical person and all to his general damages in an amount according to proof at the time of trial.

## DEMAND FOR JURY TRIAL

Plaintiff Irving Humphrey, aka Irving Robinson, an individual,

hereby formally demands a trial by jury as is require under civil code procedure section 529,631,607.

<u>PRAYER FOR RELIEF</u>

Wherefore the plaintiff Irving Humphrey,aka Irving Robinson, an individual,prays for declaratory judgment against the defendants for violation/deprivation of first,fourth,Eighth,Fourteenth, and Fifth Amendment to the United States Constitution,and state Territoy laws under Tort injury clauses be deem havingøbeen violated by the defendants listed above,and demand relief against defendants and each of them as follows:

   (1) For general damages according to proof:

   (2) For Compensatory damages according to proof in the amount
       of 25 thousand dollars

   (3) For Exemplary damages as against each police officers,
       supervisors,and policy maker,mayor,chief of police
       defendant in an amount sufficient to deter and to make
       example of these defenda nts.

   (4) For consequential damages according to proof

   (5) For incidental damages according to proof:

   (6) For punitive damages in the amount of 15 million dollars
       for pain,emotional and physical suffering,mental anguish,
       and negligent wanton infliction of duress.

   (7) For cost of suit,including reasonable attorney fees and
       expenses of litigation as provided by federal and state
       laws,including but not limited to 42 U.S.C.Section 1983,
       1988.

   (8) For such further relief as this court may deems just and
       proper.

DATED December 22, 2003

_Irving Humphrey_
IRVING HUMPHREY/PRO SE ASSIST

(16)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of _California_

County of _Fresno_

On _December 23, 2005_ before me, _Veronica Ann Aguilar, Notary Public_
Date               Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Irving C. Humphrey_
Name(s) of Signer(s)

☐ personally known to me – **OR** – ☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> VERONICA ANN AGUILAR
> COMM. # 1338183
> NOTARY PUBLIC-CALIFORNIA
> KINGS COUNTY
> COMM. EXP. JAN. 8, 2006

WITNESS my hand and official seal.

_Veronica Ann Aguilar_
Signature of Notary Public

———————————— **OPTIONAL** ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _United States District Court for the State of California Central District and United States District Court Central District of California_

Document Date: _December 22, 2005_      Number of Pages: _48_

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _Irving C. Humphrey_

☑ Individual
☑ Corporate Officer
    Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

> RIGHT THUMBPRINT OF SIGNER
> Top of thumb here

Signer Is Representing:
_Self_

Signer's Name: _____

☐ Individual
☐ Corporate Officer
    Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

> RIGHT THUMBPRINT OF SIGNER
> Top of thumb here

Signer Is Representing: _____

© 1995 National Notary Association • 8236 Remmel Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184      Prod. No. 5907      Reorder: Call Toll-Free 1-800-876-6827

(Sample Proof of S      ce - To Be Attached to All Documer      ubmitted to the Court)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Irving HUMPHREY   T-17335

v.

Case Number: ___CV-03-2623-DDP (FMO)___

CITY OF LOS ANGELES

**PROOF OF SERVICE**

CHRISTINE   WHITAKER   ATTORNEY   /

I hereby certify that on ___DECEMBER 23, 2003___, I served a copy

of the attached ___SECOND AMENDED CIVIL COMPLAINT   AND MOTION TO THE COURT___

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the United States Mail at ___PLEASANT VALLEY STATE PRISON___.

**(List Name and Address of Each
Defendant or Attorney Served)**

CHRISTINE WHITAKER,(ATTORNEY AT LAW)200 North Main Street,1700
City Hall East,Los Angeles.,Calif., 90012)(7th Floor)

CENTRAL DISTRICT COURT,312 N.Spring Street,Los Angeles.,Calif.,
90012,(Court Room 8B,.

I declare under penalty of perjury that the foregoing is true and correct.

I PUT THIS IN The MAILBAG.
IN 12-2303

T-17335

(Name of Person Completing Service)

194,CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:03-cv-02623-DDP-FMO

Irving C Humphrey v. Los Angeles City of, et al
Assigned to: Judge Dean D. Pregerson
Referred to: Magistrate Judge fernando m. olguin
Demand: $0
Related Case:  2:05-cv-02800-DDP-FMO
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/15/2003
Date Terminated: 05/14/2004
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Irving C Humphrey**                    represented by  **Irving C Humphrey**
                                                          CDC T-17335
                                                          Coalinga Pleasant Valley State Prison
                                                          P O Box 8504
                                                          Coalinga, CA 93210-8504
                                                          PRO SE

V.

**Defendant**

**Los Angeles City of**                  represented by  **Christine Whitaker**
                                                          Los Angeles City Attorney's Office
                                                          City Hall East
                                                          200 N Main St, 8th Fl
                                                          Los Angeles, CA 90012
                                                          213-978-2213
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**James Hahn**                           represented by  **Christine Whitaker**
*Mayor*                                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**William Bratton**                      represented by  **Christine Whitaker**
*Police Chief*                                           (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**D Vinton**                             represented by  **Christine Whitaker**
*Officer #31085*                                         (See above for address)

                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**J Robb**                                    represented by  **Christine Whitaker**
*Officer #33804*                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*


**Defendant**

**Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2003 | 1 | CIVIL RIGHTS COMPLAINT Pur to Bivens v 6 Unk Agents referred to Magistrate Judge Fernando M. Olguin (jag) (Entered: 04/17/2003) |
| 04/15/2003 | 2 | NOTICE OF REFERENCE to Magistrate Judge Fernando M. Olguin (jag) (Entered: 04/17/2003) |
| 04/18/2003 | 3 | ORDER RE: CIVIL RIGHTS CASE by Magistrate Judge Fernando M. Olguin: IT IS SO ORDERED I) Plaintiff shall promptly proceed with service of the summons and complaint on all named defendants. Plaintiff shall file 2 copies of the proof of service showing compliance with this order within 60 days of filing of the complaint. 2) Any failure by plaintiff to comply with a court order where plaintiff did not receive the order due to failure to inform the court of plaintiff's current address may result in the action being dismissed for failure to prosecute. 6) After any defendant has entered an appearance in the case plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon each defendant's attorney or defendant himself or herself if no attorney has appeared in the case for that defendant. Each document submitted for filing must be accompanied by a proof of service. Any document submitted that does not comply with the foregoing may be returned to plaintiff without filing or stricken and denied consideration by the court. (See document for further information) (dw) (Entered: 04/21/2003) |
| 04/23/2003 | 4 | ORDER by Magistrate Judge Fernando M. Olguin: IT IS ORDERED THAT the complaint received, but not filed on 4/21/03 is rejected and ordered returned to plaintiff; Plaintiff is referred to the court's order of 4/18/03 for directions on how to proceed with prosecuting his claims (wm) (Entered: 04/24/2003) |
| 04/23/2003 | 6 | LETTER from plaintiff re assistance in serving complaint; (Filed pursuant to Order [5-1]) (dw) (Entered: 04/30/2003) |
| 04/28/2003 | 5 | ORDER by Magistrate Judge Fernando M. Olguin: The Court has received plaintiff's letter which was received but not filed on 4/23/03. Based on the foregoing IT IS ORDERED THAT: 1) Plaintiff's Letter is ordered filed. 2) Pursuant to Rule 83-2.11 of the Local Rules of this court the parties and their attorneys may not communicate with the judge or his staff by letter. (dw) (Entered: 04/30/2003) |
| 05/22/2003 | 7 | MOTION by plaintiff to amend civil complaint to correct error (dw) (Entered: 05/28/2003) |
| 05/23/2003 | 8 | ORDER by Magistrate Judge Fernando M. Olguin: 1) Plaintiff's Motion to Amend Civil Complaint to Correct Error received on 5/22/03 is ordered filed. Plaintiff's Motion [7-1] is granted. 2) Plaintiff's Complaint [1-1] is dismissed with leave to amend. 3) If plaintiff still wishes to pursue this action he is granted until 6/13/03 to file a First Amended Complaint. 4) Plaintiff is granted leave to amend only the claims in his Complaint. 5) The Clerk is |

| | | directed to send plaintiff a copy of the Central District's Civil Rights Complaint form. 6) Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint may result in a recommendation that this action be dismissed for failure to prosecute pursuant to FRCivP 41(b). (See document for further information) (dw) (Entered: 05/28/2003) |
|------------|----|-----------------------------------------------------------------------------------------------------------|
| 06/16/2003 | 9 | FIRST AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO Bivens v Six Unknown Agents 403 USC 388 (1971) by plaintiff. Summons not issued (dw) Modified on 10/17/2003 (Entered: 06/18/2003) |
| 07/07/2003 | 11 | MOTION by plaintiff to compel Los Angeles City Attorney to Produce Forwarding Address (dw) (Entered: 07/22/2003) |
| 07/14/2003 | 10 | NOTICE OF DISCREPANCY AND ORDER by Magistrate Judge Fernando M. Olguin ordering Civil Rights Complaint submitted by plaintiff received on 7/7/03 is not to be fld but instead rejected; Denial based on: LR 11-4.1 No copy provided for judge; Document is a copy of First Amended Complaint filed on 6/16/03 (dw) (Entered: 07/15/2003) |
| 07/21/2003 | 12 | ORDER by Magistrate Judge Fernando M. Olguin: IT IS ORDERED THAT: 1) Plaintiff's motion to compel Los Angeles City Attorney to Produce Forwarding Address received on 7/7/03 is ordered filed. Plaintiff's Motion [11-1] is denied. (See document for further information) (dw) (Entered: 07/22/2003) |
| 07/30/2003 | 13 | ORDER by Magistrate Judge Fernando M. Olguin: IT IS ORDERED THAT: 1) Plaintiff's First Amended Notice of Document Discrepancies and First Amended Complaint received but not filed on 7/28/03 are ordered rejected and returned to plaintiff. 2) Plaintiff is advised that his First Amended Complaint was filed with the court on 6/16/03. 3) Plaintiff is further reminded that he is responsible for ensuring that all defendants are served at his expense within the period specified by the Federal Rules of Civil Procedure. 4) Plaintiff may not amend his First Amended Complaint until after he has served the First Amended Complaint on all defendants. (dw) (Entered: 07/31/2003) |
| 09/09/2003 | 14 | NOTICE OF CHANGE Of Address filed by petitioner. New Address: CDC T-17335 Pleasant Valley State Prison, PO Box 8504, Coalinga CA 93210 (dw) (Entered: 09/10/2003) |
| 09/23/2003 | 15 | ORDER TO SHOW CAUSE by Magistrate Judge Fernando M. Olguin: IT IS HEREBY ORDERED THAT on or before 10/16/03 plaintiff shall show cause why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) Federal Rules of Civil Procedure. Plaintiff shall attempt to show such cause in writing by filing a declaration signed under penalty of perjury. Filing of the proof of service shall be a satisfactory response to the Order to Show Cause. (dw) (Entered: 09/24/2003) |
| 10/03/2003 | 16 | UNTITLED DOCUMENT construed as a Response to the Order to Show Cause [15-1] and Request for Extension of Time to Serve Complaint by plaintiff (dw) (Entered: 10/07/2003) |
| 10/06/2003 | 17 | ORDER by Magistrate Judge Fernando M. Olguin: IT IS ORDERED THAT: 1) The untitled document received on 10/3/03 [16-1] is ordered filed. The Court will construe the document as plaintiff's Response to the Order to Show Cause and Request for Extension of Time to Serve Complaint [16-1]. 2) Plaintiff shall serve the summons and complaint on all named defendants no later than 11/7/03. Plaintiff shall file 2 copies of the proof of service showing compliance with this Order no later than 11/24/03. Absent exceptional circumstances plaintiff will not be given any further extensions of time to serve his complaint. (See document for further information) (dw) (Entered: 10/07/2003) |
| 10/17/2003 | | SUMMONS issued as to defendant (dw) (Entered: 10/20/2003) |

| 11/07/2003 | 18 | PROOF OF SERVICE executed upon defendant William Bratton - ; Service by State Statute on 11/6/03 the Sumons and First Amended Civil Rights Complaint delivering to and leaving with Gary Geuss- Person authorized to accept service of process (pbap) (Entered: 11/10/2003) |
|---|---|---|
| 11/07/2003 | 19 | PROOF OF SERVICE executed upon defendant James Hahn ; Service by state statute on 11/6/03 via delivering by serving Summons and First Amended to Gary Geuiss - Person authorized to accept service of process. (pbap) (Entered: 11/10/2003) |
| 11/07/2003 | 20 | PROOF OF SERVICE executed upon defendant D Vinton ; Service by state statute on 11/6/03 delivering by serving Summons and First Amended Civil Rights Complaint to Sylvia Barron - person in charge. (pbap) (Entered: 11/10/2003) |
| 11/21/2003 | 21 | RETURN OF SUMMONS unexecuted - attempted as to defendant Los Angeles City of Los Angeles, et al upon J. Robb, Officer (dw) (Entered: 11/24/2003) |
| 12/01/2003 | 22 | CERTIFICATION AS TO INTERESTED PARTIES filed by defendants (dw) (Entered: 12/02/2003) |
| 12/01/2003 | 23 | CERTIFICATION AS TO INTERESTED PARTIES filed by defendant Mayor James Hahn (dw) (Entered: 12/02/2003) |
| 12/01/2003 | 24 | CERTIFICATION AS TO INTERESTED PARTIES filed by defendant D Vinton (dw) (Entered: 12/02/2003) |
| 12/01/2003 | 25 | CERTIFICATION AS TO INTERESTED PARTIES filed by defendant William Bratton (dw) (Entered: 12/02/2003) |
| 12/01/2003 | 27 | NOTICE OF MOTION AND MOTION by defendants to dismiss first amended complaint for failure to State a claim ; Memorandum of points and authorities in support thereof [FRCP 12(b)(6)]; motion hearing set for 10:00 1/12/04 (jp) (Entered: 12/04/2003) |
| 12/01/2003 | 28 | REQUEST by defendants for Judicial Notice in support of their motion to dismiss first amended complaint for failure to State a claim [27-1] (jp) (Entered: 12/04/2003) |
| 12/02/2003 | 26 | NOTICE OF DISCREPANCY AND ORDER by Magistrate Judge Fernando M. Olguin ordering Notice of motion and motion to dismiss first amended complaint submitted by defendant received on 12/01/03 to be fld and processed; fld date to be the date the doc was stamped "received but not fld" w/the Clerk (jp) (Entered: 12/04/2003) |
| 12/03/2003 | 29 | ORDER RE: MOTION TO DISMISS by Magistrate Judge Fernando M. Olguin: IT IS ORDERED THAT: 1) The hearing set for 1/12/04 is hereby vacated. (Motion to Dismiss [27-1]) 2) Plaintiff's Opposition or Notice of Non-Opposition to defendants' Motion must be filed and served no later than 12/23/03. 3) Defendants shall file and serve a Reply Memorandum no later than 1/5/04. 4) Unless the Court orders otherwise this case will be deemed submitted without oral argument on either: a) the day the opposition or notice of non-opposition is filed or due and not filed; or b) the day defendants' reply is filed or due and not filed. The Court may order further briefing or other proceedings as any time as appropriate (dw) (Entered: 12/05/2003) |
| 12/10/2003 | 31 | LETTER from plaintiff Irving C Humphrey re order [30-1] (yl) (Entered: 12/15/2003) |
| 12/10/2003 | 32 | ORDER by Magistrate Judge Fernando M. Olguin respondent to service its motion to dismiss on plaintiff at Pleasant Valley State Prison. Plaintiff's opposition or non-opposition to the motin due by 1/9/04, reply by 1/23/04 (dmjr) (Entered: 12/18/2003) |
| 12/11/2003 | 30 | ORDER: Based on the foregoing, IT IS ORDERED THAT: Plaintiff's letter, received, but not filed on 12/10/03 is ordered filed. To the extent plaintiff's letter requests any relief, the |

| | | request is denied. (See Order for more details) by Magistrate Judge Fernando M. Olguin (yl) (Entered: 12/15/2003) |
|---|---|---|
| 12/17/2003 | 33 | PROOF OF SERVICE by defendant on 12/17/03 of 1) Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint for Failure to State a Claim; Memorandum of Points and Authorities in Support Thereof; 2) Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss First Amended Complaint for Failure to State a Claim; Memorandum of Points and Authorities in Support Thereof; Declaration of Christine Whitaker (dw) (Entered: 12/18/2003) |
| 12/26/2003 | 34 | NOTICE OF MOTION by plaintiff to file a second amended civil complaint to allege acts and rights violations deprivation more clearly (dw) (Entered: 12/30/2003) |
| 12/26/2003 | 35 | OPPOSITION by plaintiff to Defendants Notice of Motion and Motion to dismiss first amended complaint for failure to State a claim [27-1] (dw) (Entered: 12/30/2003) |
| 12/31/2003 | 37 | OPPOSITION filed by Defendants City of Los Angeles, Mayor James Hahn, Chief of Police William Bratton and Officer Dave Vinton to Plaintiff's Notice of Motion to File Second Amended Complaint; Memorandum of Points and Authorities in Support Thereof 34 (dw, ) (Entered: 01/08/2004) |
| 12/31/2003 | 38 | REPLY by Defendants to Opposition to Motion to Dismiss First Amended Complaint 27 (dw, ) (Entered: 01/08/2004) |
| 01/06/2004 | 36 | ORDER by Judge Fernando M. Olguin : denying 27 Motion to Dismiss and granting NOTICE OF MOTION by plaintiff to file a second amended civil complaint to allege acts and rights violations deprivation more clearly (pcl, ) (Entered: 01/07/2004) |
| 01/06/2004 | 39 | SECOND AMENDED CIVIL COMPLAINT FOR DAMAGES against Defendants Does 1-10 amending Amended Complaint 9 ; Jury Demand,filed by Plaintiff Irving C Humphrey (dw, ) (Entered: 01/13/2004) |
| 01/26/2004 | 41 | NOTICE OF MOTION AND MOTION to Dismiss second amended complaint for failure to state a claim filed by Defendants William Bratton, James Hahn, Los Angeles City of, D Vinton. Motion set for hearing on 2/23/2004 at 10:00 AM before Honorable Dean D. Pregerson. (pj, ) (Entered: 01/30/2004) |
| 01/26/2004 | 42 | REQUEST FOR JUDICIAL NOTICE in support of MOTION to Dismiss second amended complaint for failure to state a claim 41 filed by defendants William Bratton -, James Hahn, Los Angeles City of, D Vinton. (jp, ) (Entered: 01/30/2004) |
| 01/28/2004 | 40 | ORDER Re: Defendants' Motion to Dismiss by Judge Fernando M. Olguin. IT IS ORDERED THATH: (1) Plaintiff's Opposition or Notice of Non-Opposition to defendants' Motion must be filed and served no later than February 27, 2004. (3) Defendants shall file and serve a Reply Memorandum no later than March 15, 2004.(pcl, ) (Entered: 01/28/2004) |
| 02/10/2004 | 43 | MOTION for Extension of Time for Extraordinary Circumstance filed by Plaintiff Irving C Humphrey. (pcl, ) (Entered: 02/11/2004) |
| 02/11/2004 | 44 | ORDER by Judge Fernando M. Olguin : granting 43 Motion for Extension of Time for Extraordinary Circumstance. Plaintiff shall file his Opposition to defendants' Motion to Dismiss no later than March 26, 2004. Defendants shall file their Reply no later than April 9, 2004. (pcl, ) (Entered: 02/11/2004) |
| 03/24/2004 | 45 | OPPOSITION to defendants MOTION to Dismiss second amended complaint for failure to state a claim 41 filed by plaintiff Irving C Humphrey. (pj, ) (Entered: 04/07/2004) |
| 03/24/2004 | 46 | AFFIDAVIT AND DECLARATION of IRVING C HUMPHREY 41 filed by Plaintiff |

| | | Irving C Humphrey. (pj, ) (Entered: 04/07/2004) |
|---|---|---|
| 04/09/2004 | 47 | REPLY to Plaintiffs Opposition to Defendants' MOTION to Dismiss second amended complaint for failure to state a claim 41 filed by Defendants William Bratton -, James Hahn, Los Angeles City of, D Vinton. (pbap, ) (Entered: 04/14/2004) |
| 04/14/2004 | 48 | NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge Fernando M. Olguin. Any party having objections to the report and recommendation shall, not later than May 4, 2004, file and serve a written statement of objections with points and authorities in support thereof.(pcl, ) (Entered: 04/14/2004) |
| 04/14/2004 | 49 | REPORT AND RECOMMENDATION issued by Magistrate Judge Fernando M. Olguin. (pcl, ) (Entered: 04/14/2004) |
| 04/15/2004 | 50 | NOTICE OF DISCREPANCY AND ORDER: by Judge Fernando M. Olguin, ORDERING Notice Take Judicial Notice of Mental History Record submitted by Plaintiff Irving C Humphrey received on 4/13/04 is not to be filed but instead rejected. Denial based on: Local Rule 11-3.8 Lacking name, address, phone number; FRCvP Rule 5(d): No proof of service attached to document.(pcl, ) (Entered: 04/15/2004) |
| 04/19/2004 | 52 | OBJECTION to Report and Recommendation (Issued) of 4/14/04 49 filed by defendants William Bratton -, James Hahn, Los Angeles City of, D Vinton.(kca, ) (Entered: 04/23/2004) |
| 04/20/2004 | 51 | ORDER Re: TYPOGRAPHICAL ERROR IN REPORT AND RECOMMENDATION FILED ON APRIL 14, 2004, by Judge Fernando M. Olguin: The court has reviewed defendants' Objection to Magistrate Judge's Report and Recommendation of April 14, 2004, filed on April 19, 2004. Defendants are correct that the Report and Recommendation (R&R) issued on April 14, 2004, contains a typographical error. Accordingly, IT IS ORDERED THAT: 1. The word "First" on page 11, line 9, of the R&R shall be replaced with the word "Second," so that the entire sentence reads as follows: Based on the foregoing, IT IS RECOMMENDED that the Court issue an Order... (2) granting defendants' Motion to Dismiss plaintiff's Second Amended Complaint (Document No. 41) and Request For Judicial Notice (Document No. 42)[.]" 2. The court, on its own motion, will give plaintiff an addition ten days from his current deadline of May 4, 2004. If plaintiff has any Objections to the R&R, he shall, no later than May 14, 2004, file and serve a written statement of objections with points and authorities in support thereof.(pcl, ) (Entered: 04/20/2004) |
| 04/20/2004 | | Set/Reset Deadlines as to 41 MOTION to Dismiss second amended complaint for failure to state a claim. Objections to R&R due by 5/14/2004 (pcl, ) (Entered: 04/20/2004) |
| 04/20/2004 | | Set/Reset Deadlines as to 42 Request for Judicial Notice, Request for Relief. Objections to R&R due by 5/14/2004 (pcl, ) (Entered: 04/20/2004) |
| 04/30/2004 | 53 | OBJECTION to Report and Recommendation (Issued) 49 filed by Petitioner Irving C Humphrey.(dw, ) (Entered: 05/11/2004) |
| 05/14/2004 | 54 | SUPPLEMENTAL REPORT AND RECOMMENDATION OF US MAGISTRATE JUDGE by Magistrate Judge Fernando M. Olguin. (dw, ) (Entered: 05/17/2004) |
| 05/14/2004 | 55 | ORDER ADOPTING FINDINGS CONCLUSIONS AND RECOMMENDATIONS OF US MAGISTRATE JUDGE by Judge Dean D Pregerson: The Court concurs with and adopts the findings and conclusions of the Magistrate Judge 54 IT IS ORDERED THAT: 1) Judgment shall be entered dismissing plaintiff's excessive force claim with prejudice and his remaining federal and state claims without prejudice. (dw, ) (Entered: 05/17/2004) |
| 05/14/2004 | 56 | JUDGMENT by Judge Dean D. Pregerson: IT IS ADJUDGED that Plaintiff's excessive force claim in the above-captioned action 1 is dismissed with prejudice. IT IS FURTHER |

ADJUDGED that all other claims are dismissed without prejudice. (Made JS-6. Case Terminated.)(dw, ) (Entered: 05/17/2004)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/10/2022 14:17:09 | | | |
| PACER Login: | fpdcac0087 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:03-cv-02623-DDP-FMO End date: 6/10/2022 |
| Billable Pages: | 6 | Cost: | 0.60 |
| Exempt flag: | Exempt | Exempt reason: | Always |

Reproduced from the holdings of the *National Archives at Riverside*

1   Paul Supple, Esq., SBN 192410
    **LAW OFFICES OF PAUL SUPPLE**
2   17341 Irvine Blvd., Suites, 204
    Tustin, CA 92780
3   Telephone:       (714) 481-3040
    Facsimile:       (714) 481-3050
4

5   Patricia N. Carlos, Esq., SBN 207492
    Jose Perez, Esq., SBN 171438
6   **NGUYEN, GARZA & PEREZ, LLP**
    17341 Irvine Blvd., Suite 205
7   Telephone:       (714) 481-3080
    Facsimile:       (714) 480-3060
8

9   Attorneys for Plaintiff, ERWIN GODINEZ

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13
    Erwin Godinez                          ) Case No.: BC228989
14                                         ) Hon.:    **MEL RECANA**
                                           ) Dept.:
15              Plaintiff,                 )
                                           )
16      vs.                                ) **COMPLAINT FOR DAMAGES:**
                                           )
17   City of Los Angeles, Officer Doe Cohen,)  **STATE CLAIMS AND**
18   Brian Hewitt (LAPD #27602), Lawrence)  **CIVIL RIGHTS VIOLATIONS**
     Martinez (LAPD #27319), Officer Doe)   **PURSUANT TO 102 U.S.C. §§ 1983,**
19   McNiel (LAPD #311038), Rafael Perez,)  **1985, 1986, AND 1988**
     Antonio Rico (LAPD# 27811), Officer Doe)
20   Vinton, John Doe Officers 1 through 10,)  **[REQUEST FOR JURY TRIAL]**
21   inclusive, Sergeant Edward Ortiz (LAPD)
     #23230), John Doe Sergeants 11 through 20,)
22   inclusive, John Doe Commanders 21 through)
     30, inclusive, John Doe Lieutenants 31)
23   through 100, inclusive, Bernard Parks,)
24   William   Williams,   Richard   Riordan,)
     Herbert Boeckmann, Raymond C. Fisher,)
25   Dean Hansell, Deirdre Hughes Hill, T. Warren)
     Jackson, Art Mattox, Edith Perez, James Fisk,)
26   Stephen Gavin, Gary Greenbaum, Maxwell)
27   Greenberg, Enrique Hernandez, Melanie)
     Lomax, Stanley Sheinbaum, Barbara)
28

                    **ORIGINAL FILED**

                    JUL 1 0 2000

                    LOS ANGELES
                    SUPERIOR COURT

                                            DEFENDANTS
            FIRST AMENDED COMPLAINT          EXHIBIT __A__ PAGE __4__

Reproduced from the holdings of the *National Archives at Riverside*

1  Lindemann Schlei, Robert Weil, Stephen)
2  Yslas, and Does 41-80[1], inclusive.        )
                                               )
3         Defendants.                          )
   _____)

4                        **COMPLAINT**

5  **COMES NOW PLAINTIFF, ERWIN GODINEZ,** and alleges as follows:

6                              **I.**

7                  **VENUE AND JURISDICTION**

8  1.      Venue is proper in the Superior Court of the State of California, Central District, in that

9  underlying acts, omissions, injuries and related facts and circumstances upon which the present

10 action are based occurred in the City of Los Angeles, California. This court has jurisdiction over

11 the present matter because, as delineated within this complaint, the nature of the claims and

12 amounts in controversy meet the requirements for jurisdiction in the Superior Court.  This court

13 is empowered with concurrent jurisdiction to entertain suits brought under the Federal Civil

14 Rights Act, 102 U.S.C. § 1983. See <u>Williams v. Horvath</u>, (1976) 16 Cal.3d 8310, 837, 129 Cal.

15 Rptr. 5103.

16                             **II.**

17                          **PARTIES**

18 2.      At all times relevant hereto, Plaintiff, **Erwin Godinez** is and was a resident of the County

19 of Los Angeles, California.

20 3.      At all times mentioned herein, Defendant **City of Los Angeles** was a public entity duly

21 organized and existing under and by virtue of the laws of the State of California.

22 ///

23 ///

24 ///

25 _____

26 [1] Notwithstanding Local Rule 3.7.2.1 Plaintiff has named more than ten fictitiously-named defendants allowed

27 pursuant to it.  Plaintiff believes he must name more than ten fictitiously-named defendants or Plaintiff will be

28 waiving any right under the law to add them, as their true identities become known.

                     FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT ___A___ PAGE 5

Reproduced from the holdings of the *National Archives at Riverside*

4.      At all times relevant herein. Defendants. **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, Sergeant Edward Ortiz (LAPD #23230),** were residents of the County of Los Angeles. and were police officers. sergeants. captains. and lieutenants. and/or civilian employees. agents and representatives of the City of Los Angeles Police Department and employees. agents and representatives of the City of Los Angeles.  At all times relevant hereto. said Defendants were acting within the course and scope of their employment as officers. sergeants. captains and chiefs of police, and/or civilian employees of the Los Angeles Police Department. a department and subdivision of Defendant **City of Los Angeles**.  Each said Defendant is sued in his or her official capacity and in his or her personal capacity.

5.      Plaintiff **Erwin Godinez**, is ignorant of the true names and capacities of Defendants sued herein as. **John Doe Officers 1 through 10, inclusive, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 100, inclusive, and Does 101 through 80, inclusive,** and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of the fictitiously named Defendants. Each said Doe Defendant is sued in his or her official capacity and in his or her personal capacity.

6.      At all times relevant herein. Defendants, **William Williams and Bernard Parks** were residents of the County of Los Angeles, and chiefs of police, of the City of Los Angeles Police Department, and acting within the course and scope of their employment. Each said Defendant is sued in his or her official capacity and in his or her personal capacity.

7.      At all times relevant herein, Defendants, **Richard Riordan, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique**

DEFENDANTS

EXHIBIT A   PAGE 6

Reproduced from the holdings of the *National Archives at Riverside*

1  Hernandez, **Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil,**
2  **and Stephen Yslas,** are former or current members duly elected and/or sworn Mayor of the City
3  of Los Angeles and members of the Los Angeles Police Commission.   That said Defendants
4  were empowered with the authority to make. change, adopt and implement policies. practices,
5  rules and procedures for the City of Los Angeles and the City of Los Angeles Police Department.
6  At all times relevant hereto. said Defendants were acting within the course and scope of their
7  capacity as Mayor and members of the Police Commission.  Each said Defendant is sued in his
8  or her official capacity and in his or her personal capacity.

9  <div align="center">III.</div>

10  <div align="center">**FACTS COMMON TO ALL ACTIONS**</div>

11  8.      Commencing on or about October 10, 1995, and continuing to and including April 26,
12  1996, Defendants **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez**
13  **(LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD#**
14  **27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive, John Doe Sergeants**
15  **11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, and John Doe**
16  **Lieutenants 31 through 100, inclusive,** on at least four occasions illegally stopped, searched,
17  sized, subjected to unreasonable force and arrested Plaintiff. Said Defendants falsely constructed
18  the appearance Plaintiff was either in possession of cocaine, with intent to sell, tampering with
19  identification marks on firearms and/or committing a battery.

20  9.      Based on Defendants **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence**
21  **Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio**
22  **Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive, John**
23  **Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive,**
24  **and John Doe Lieutenants 31 through 100, inclusive,** planting of evidence, inventing facts and
25  falsifying police reports on all aforementioned occasions Plaintiff forced to plead guilty to
26  crimes he did not committee, and consequently illegally and unjustly incarcerated, in violation of
27  Plaintiff's constitutional rights.

28  ///

<div align="center">4 of 31</div>

DEFENDANTS

EXHIBIT  **A**  PAGE  7

Reproduced from the holdings of the *National Archives at Riverside*

10.     As to the April 26, 1996 incident, at or near the vicinity of 210 S. Berando Street, Defendants, **Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038),** both officers of the Rampart Station *Community Resources Against Street Hoodlums,* also known as the "CRASH" unit, conceived and did carry out a plan to unlawfully place approximately 100 grams of cocaine and falsely accuse Plaintiff of possessing a controlled substance with the intent to sell.

11.     Defendants, **Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038),** thereafter prepared and authored false police reports in order to justify their version of the events, thus creating probable cause for the unlawful search, seizure and subsequent arrest of Plaintiff.

12.     As a result of the planting of evidence and fabricated police reports, Plaintiff was wrongfully and unjustly charged with the crime of possession of a controlled substance with intent to sell. Facing an uncertain and long period of incarceration, Plaintiff was pressured and forced to enter into a plea of guilty for a crime Plaintiff did not committee.  As a result of the plea Plaintiffs rights were unjustly and unlawfully violated as Plaintiff was denied his freedom by being unjustly incarcerated.

13.     Furthermore, Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico ,(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, and John Doe Lieutenants 31 through 100, inclusive,** routinely engaged in the unlawful, unreasonable and unjustifiable detention of Plaintiff for the sole purpose of harassing and extracting information from him. Said Defendants, brutally beat Plaintiff, by kicking, punching, choking and striking him, in order to extract said information from them.  In doing so said Defendants without just cause and the use of excessive force, caused severe bodily, psychological and emotional injuries, in violation of his constitutional rights.

14.     After Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio**

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT **A** PAGE **8**

Reproduced from the holdings of the *National Archives at Riverside*

1   Rico (LAPD# 27811), **Officer Doe Vinton, John Doe Officers 1 through 10, inclusive, John**

2   **Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive,**

3   **and John Doe Lieutenants 31 through 100, inclusive,** ceased beating Plaintiff. as described

4   above, they intentionally would refrain from providing Plaintiff medical care.

5   15.     Said use of excessive, unreasonable and unlawful force on Plaintiff's person was without

6   provocation. cause or necessity and was a conscious and deliberate act by said Defendants. and

7   for the sole purpose of maliciously harming, injuring, instilling fear and apprehension in

8   Plaintiff.

9   16.     One such incident occurred, on or about August 11, 1997 at or near 11:00 P.M., at or near

10  the vicinity of 3rd Street and Kenmore. Defendants **Antonio Rico (LAPD# 27811), Officer Doe**

11  **Vinton,** did unlawfully enter into the dwelling Plaintiff was lawfully residing and sleeping in at

12  the time, with the sole intention of extracting gang activity information from Plaintiff.  Plaintiff

13  was unable to provide acceptable information to Defendants **Antonio Rico (LAPD# 27811),**

14  **Officer Doe Vinton,** and as a result said Defendants unjustly, unlawfully and without probable

15  cause brutally and without cause kicked and punched Plaintiff in the face and body.

16  17.     Said Defendants, **Antonio Rico (LAPD# 27811) and Officer Doe Vinton,** also

17  intentionally failed to and did refrain from providing medical assistance to Plaintiff after they

18  ceased beating him.

19  18.     As a result of all the unlawful, unreasonable and unjustifiable acts of Defendants Plaintiff

20  was deprived of his interest protected by the laws and Constitution of the United States of

21  America, due to the commission or omission of acts by Defendants while acting under color of

22  law.

23                                        IV.

24                              **FIRST CAUSE OF ACTION**

25                              **ASSAULT AND BATTERY**

26  **[As to Defendants Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez**

27  **(LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD#**

28  **27811), Officer Doe Vinton, John Doe Officers 1 through 10]**

DEFENDANTS

EXHIBIT ___A___ PAGE __9__

Reproduced from the holdings of the *National Archives in Riverside*

19.     Plaintiff incorporates by reference into this First. separate. and distinct cause of action. Paragraphs 1 through 18. as though set forth in full.

20.     At that time and place herein above alleged, Defendants. **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton and John Doe Officers 1 through 10, inclusive,** without just and legal cause. wrongfully and unjustly charged Plaintiff with crimes he did not commit and continuously harass and beat Plaintiff.

21.     Said harmful and offensive conduct, the random beating of Plaintiff. by the aforementioned Defendants. was unreasonable, unlawful. willful. malicious. wanton and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual Defendants.

22.     Said assault and battery was not consented to by the present plaintiff and was the proximate cause of the injuries complained of herein.

## V.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

### [As to All Defendants]

23.     Plaintiff incorporates by reference into this Second. separate. and distinct cause of action. Paragraphs 1 through 22. as though set forth in full.

24.     Plaintiff is informed and believes and thereon alleges **Defendants Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** including, but not limiting, the dates of April 26, 1996 and August 11, 1997, did negligently, violently and without due care, cause or provocation. inflict unlawful brutally beat Plaintiff and plant evidence on Plaintiff's person .

25.     Both incidents occurred as a result of the absence off due care for the safety of others and constituted an unreasonable. unwarranted, and excessive use of force, abuse of process and manifested an unreasonable risk of injury to Plaintiff's person and rights.

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT **A** PAGE 10

Reproduced from the holdings of the National Archives at Riverside

26.    Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** knowingly created situations which placed life threatening injuries upon Plaintiff and then failed to give their consent so Plaintiff could receive medical treatment.   In failing to provide such consent Defendants did negligently, carelessly, and knowingly fail to summon medical assistance of any type for Plaintiff after inflicting the unprovoked and negligent beating upon Plaintiff, and said conduct was the proximate cause of the Plaintiff's physical and psychological injuries being aggravated.

27.    Defendants, **City of Los Angeles, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams,** Herbert **Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,    Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,** are directly liable and responsible for the acts of the former Defendants, because they failed to adequately supervise, discipline or in any other way control the latter mentioned Defendant's exercise of their unlawful use of excessive and lethal force, as well as the planting of evidence on Plaintiff and the consequent falsification of police reports.

28.    Said Defendants, are directly liable and responsible for the acts of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, and John Doe Officers 1 through 10, inclusive,** because the former mentioned Defendants, repeatedly did knowingly and negligently fail to enforce the laws of the State of California and the regulations, by failing to put an end to the corruption taking place within the department, by failing to disciple their officers.

DEFENDANTS

EXHIBIT  A   PAGE  11

Reproduced from the holdings of the *National Archives in Riverside*

29.     Such a failure to act created within the Los Angeles Police Department an atmosphere of lawlessness in which officers of said department, especially officers of the "CRASH" unit, employed excessive and illegal force and violence including deadly force, and the planting of evidence on innocent parties, under the belief such acts were condoned and justified by their supervisors. Consequently, Defendants, **City of Los Angeles, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum, Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,** were or should have been aware of such unlawful acts and practices prior to and at the time of the unlawful acts committed against Plaintiff's person.

30.     As a proximate result of the acts and omissions of all said Defendants and each of them, and of the physical injury inflicted on Plaintiff, as well as the planting of evidence on his person, Plaintiff has sustained extreme and severe mental anguish and pain and has been injured in mind and body all to Plaintiff's general damage according to proof.

31.     The former mentioned Defendants also negligently hired and retained Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** and those LAPD investigators who investigated or failed to investigate the beatings inflicted upon Plaintiff as well as Plaintiff's account of the incidents of April 26, 1996.  Therefore, said Defendants, knew or should have known these officers had on prior occasions used excessive force and/or had participated in the falsification of police reports, as well as the concealment and cover-up of police misconduct.

32.     Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** are and at all time

FIRST AMENDED COMPLAINT

DEFENDANTS
EXHIBIT **A** PAGE **12**

Reproduced from the holdings of the National Archives at Riverside

1  relevant hereto, were duty-bound by Penal Code §118.1 not to author, accept, approve or
2  otherwise ratify false or misleading police reports and were duty-bound by the Fourteenth
3  Amendment of the U.S. Constitution to ensure Due Process.

4  33.   Plaintiff is informed and believes and thereon alleges that on various occasion, including
5  but not limited to April 26, 1996 and August 11, 1997, said Defendants negligently, without due
6  care, approved the police reports manufactured by Defendants, **Lawrence Martinez (LAPD**
7  **#27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10,**
8  **inclusive,** related to their arrests of Plaintiff and thereby negligently and carelessly ratified the
9  wrongful arrest of Plaintiff. In doing so said Defendants also sanctioned the bringing of charges
10 against Plaintiff as well as the plea bargain he was coerced to take and his subsequent
11 imprisonment.

12 34.   Defendants, **Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants   11**
13 **through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe**
14 **Lieutenants 31 through 100, inclusive,** knew the aforementioned Defendants, were in the
15 custom of making arrest without probable, planting and falsifying evidence, authoring false and
16 misleading police reports.

17 35.   Despite such knowledge, and in the absence of due care, Defendants, **Sergeant Edward**
18 **Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe**
19 **Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 100, inclusive,**
20 routinely authorized false police reports without questioning Defendants, **Officer Doe Cohen,**
21 **Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel**
22 **(LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John**
23 **Doe Officers 1 through 10, inclusive,** as to the contents of the report and without further
24 investigating the veracity of the statements contained therein. Despite the fact the former
25 mentioned Defendants knew of should have known said reports were false and misleading and
26 the supporting evidence false, but failed to take any reasonable measures to reject the reports, as
27 well as ensure the reports were not forwarded to the District Attorney's office for prosecution.

28

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT ___A___ PAGE __13__

Reproduced from the holdings of the *National Archives at Riverside*

36.     As a result of the lack of due care by All Defendants. Plaintiff was falsely. unjustly. unlawfully and unreasonably routinely brutally beaten and denied medical assistance. as well as charged with and forced to plead guilty to a crime Plaintiff did not committee. Consequently. Plaintiff. was made to lose his freedom and liberty. in violation of the Fourteenth Amendment's due process guarantees. and during which time he suffered. and continues to suffer. severe emotional and psychological pain. suffering. anguish. shock. and fear.

## VI.

### THIRD CAUSE OF ACTION

### DEFAMATION

**[As to Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive]**

37.     Plaintiff incorporates by reference into this Third. separate. and distinct cause of action. Paragraphs 1 through 36. as though set forth in full.

38.     Defendants, **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** falsely accused Plaintiff of having committed crimes. including the possession of 100 grams of cocaine with the intent to sell. and wrongfully and illegally planted upon Plaintiff's person.

39.     Defendants **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** authored false and misleading  police reports in violated Penal Code § 118.1. in that statements made by said Defendants in their police reports falsely and maliciously stated Plaintiff, possessed cocaine with intent to sell.  Plaintiff. did not in fact possess any cocaine at the time he was unlawfully and unreasonably taken into custody by said Defendants.

40.     Said false statements and accusations were made by and disseminated by Defendants. **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** to other police officers and police agencies. and made with the knowledge said statements and accusations would be disseminated to the public at large. and said statements and accusations were made with the intention they be republished.

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT **A**   PAGE 14

Reproduced from the holdings of the *National Archives at Riverside*

41.     Further, Defendants. **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** communicated said false facts publicly and repeated the false accusations in the presence of other persons.

42.     Said false statements by all Defendants were made for the purpose and with the intent of causing Plaintiff ridicule, humiliation and extreme embarrassment and cause damage to or loss of his reputation in his community.

43.     Said false statements were made with the knowledge that they were false and were made maliciously and with the intent of embarrassing, ridiculing, and humiliating Plaintiff, accordingly. PLAINTIFF is entitled to punitive damages against said Defendants. **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive.**

<div align="center">

**VII.**

**FOURTH CAUSE OF ACTION**

**FALSE IMPRISONMENT**

**[As to Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive]**

</div>

44.     Plaintiff incorporates by reference into this Fourth, separate, and distinct cause of action, Paragraphs 1 through 43, as though set forth in full.

45.     The tortious and intentional acts of **Defendants, Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** described in the Third Cause of action caused Plaintiff to forced to enter into a plea bargain, for a crime he did not committee, in order to avoid serving the longer term of incarceration with which he was threated if he did not take a plea. Said plea bargain caused Plaintiff to wrongfully and unjustly imprisoned.

46.     As a result of the acts and omissions of Defendants, **Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** as described herein, Plaintiff lost his freedom and liberty, during which time he

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT **A** PAGE **15**

Reproduced from the holdings of the National Archives at Riverside

1    suffered, and continues to suffer, severe emotional and psychological pain, suffering, anguish,

2    shock, and fear.

3    47.     The aforementioned acts of Defendants, **Lawrence Martinez (LAPD #27319), Officer**

4    **Doe McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive,** were at all

5    times willful, wanton, malicious and oppressive, and knowingly done for the purpose of

6    unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary

7    and punitive damages as to Defendants, **Lawrence Martinez (LAPD #27319), Officer Doe**

8    **McNiel (LAPD #311038), and John Doe Officers 1 through 10, inclusive.**

9                                    VIII.

10                   FIFTH CAUSE OF ACTION

11        VIOLATION OF THE UNRUH CIVIL RIGHT ACT PROVISION:

12    THE RIGHT TO BE FROM VIOLENCE COMMITTED BECAUSE OF THE VICTIM'S

13    COLOR, RACE, ANCESTRY, AND NATIONAL ORIGIN AND INTERFERENCE WITH

14    THE ENJOYMENT OF RIGHTS SECURED BY THE U.S. CONSTITUTION AND THE

15        CONSTITUTION AND LAWS OF THE STATE OF CALIFORNIA

16    **[As to Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez**

17    **(LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD#**

18    **27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive]**

19    48.     Plaintiff incorporates by reference into this Fifth, separate, and distinct cause of action,

20    Paragraphs 1 through 47, as though set forth in full.

21    49.     This action is brought pursuant to California Civil Code §§ 51.7, 52 and 21.1.

22    50.     Plaintiff, Erwin Godinezis of Mexican ancestry.

23    51.     Commencing on or about October 10, 1995 and continuing to and including April 26,

24    1996, Plaintiff was subjected to violence and false accusations by Defendants, **Officer Doe**

25    **Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe**

26    **McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton,**

27    **John Doe Officers 1 through 10, inclusive,** and each of them, in the form of;

28

DEFENDANTS

EXHIBIT **A** PAGE **16**

FIRST AMENDED COMPLAINT

Reproduced from the holdings of the *National Archives in Riverside*

    a.  brutal beatings, which including the kicking, choking, striking and punching, of Plaintiff, which resulted in serious physical injuries, the denial of medical attention and psychological injuries; and

    b.  the planting of false evidence, which lead to the forced plea bargain and consequent unlawful and unjustifiable incarceration, resulting in Plaintiff's lack of freedom and psychological injuries.

52.    Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** brutally beat, planted evidence, falsified police reports to force Plaintiff to plea, because of Plaintiff's race, color, ancestry and national origin.

53.    All of the above acts and omissions of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

54.    The above acts of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** violated the Unruh Civil Rights Act, Civil Code of California § 51.7, and by reasons of these facts and violations, Plaintiff is entitled to compensatory damages according to proof, punitive and exemplary damages, the cost of suit incurred in this action, reasonable attorney's fees, and any other additional relief the court deems proper.

IX.

### SIXTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTINAL RIGHT TO BE FREE

### FROM UNREASONABLE SEARCH AND SEIZURES

DEFENDANTS

EXHIBIT A PAGE 17

Reproduced from the holdings of the *National Archives at Riverside*

[As to Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive**]

55.    Plaintiff incorporates by reference into this Sixth, separate, and distinct cause of action, Paragraphs 1 through 54, as though set forth in full.

60.    This action is brought pursuant to 102 § 1983, and the Fourth Amendment of the United States Constitution.

61.    Commencing on or about October 10, 1995 and continuing to and including April 26, 1996, Erwin Godinez, the Plaintiff in this action, possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and searches by police officers acting under color of law.

62.    Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** without a valid search or arrest warrant, and absent consent and exigent circumstances;

   a. detain and enter Plaintiff's dwelling place, on a routine basis, for the sole purpose of brutally beating him with the intent of extracting information from him regarding gang activity in the area;

   b. arrest Plaintiff without probable cause and proceed to plant false evidence on his person and falsify police reports, which lead to the unjust and unlawful incarceration of Plaintiff.

63.    Thereafter, said Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** violated Plaintiff's Fourth Amendment rights by unlawfully and unreasonably beating, denying medical attention, detaining, handcuffing, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause.

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT __A__   PAGE __18__

Reproduced from the holdings of the *National Archives at Riverside*

64.     In doing these things. Defendants. **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** acted specifically and intentionally to deny Plaintiff his constitutional rights under the Fourth Amendment to be free from unreasonable searches and seizures.  Defendants subjected Plaintiff, to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

65.     Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** acted at all times herein with the knowledge the established practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued violation of Plaintiff's.

66.     As a direct and proximate result of the aforementioned acts of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** Plaintiff's constitutional rights were violated as previously described.

67.     The aforementioned acts of Defendants. **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

///

///

///

///

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT __A__ PAGE __(9__

Reproduced from the holdings of the *National Archives at Riverside*

X.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTINAL RIGHT TO BE FREE

### FROM UNREASONABLE AND EXCESSIVE FORCE

**[As to Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive]**

68.     Plaintiff incorporates by reference into this Seventh, separate, and distinct cause of action. Paragraphs 1 through 67, as though set forth in full.

69.     This action is brought pursuant to 102 U.S.C. § 1983. and the Fourth and Fourteenth Amendments of the United States Constitution.

70.     Commencing on or about October 10, 1995 and continuing to and including April 26, 1996, Plaintiff, possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures in the form of excessive force by police officers acting under color of law.

71.     During said dates and locations. Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were in the position and authority to lawfully intervene in and prevent the unjustified, unreasonable. unwarranted and unlawful seizing control of Plaintiff.

72.     Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** having seized control of Plaintiff would proceed to brutally beat him by, kicking, punching, striking and choking Plaintiff with the sole purpose and intent of extracting information from him relating to gang activity in the area.

73.     At no time did Plaintiff, assault said Defendants or anyone else, to justify the brutal beatings he received.  On the contrary Plaintiff, was always unarmed, compliant and helpless.

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT A PAGE 20

Case 2:22-cr-00200-PA Document 47-4 Filed 09/01/22 Page 59 of 282 Page ID #:454
Reproduced from the holdings of the *National Archives at Riverside*

Nevertheless Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** repeatedly apprehended Plaintiff, and on one occasion even entered a premises he was lawfully residing in at the time, for the same purposes as aforementioned. On all such occasions the actions of said Defendants was unjustified, unreasonable and unlawful under the circumstances and constituted an excessive use of force and power. Such action was in direct violation of the rights guaranteed to Plaintiff by the under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

74. After every incident in which Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** seized and brutally beat Plaintiff, said Defendants then failed to promptly secure medical aid for Plaintiff.

75. Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** acted specifically with the intent to deprive Plaintiff, Erwin GODINEZ, of the following constitutional rights guaranteed by the United States Constitution:

    i.   Right to be free from unreasonable searches and unreasonable seizures, in the form of excessive force used by police officers;

    ii.   Freedom from a deprivation of liberty without due process of law; and

    iii.   Freedom from summary punishment.

76. Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard for Plaintiff's rights under the United States Constitution.

DEFENDANTS

FIRST AMENDED COMPLAINT

EXHIBIT __A__ PAGE __21__

77.   Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** acted with the knowledge that the established practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the United States Constitution.

78.   As a direct and proximate result of the aforementioned acts of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** Plaintiff suffered physical injuries to various parts of his body and head which caused him serious injuries, including physical, psychological and emotional impairments. Due to the unlawful and unreasonable acts of said Defendants, Plaintiff damages in an amount to be ascertained at trial.

79.   The aforementioned acts of Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

<div align="center">

**XI.**

**EIGHT CAUSE OF ACTION**

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATION**

**[As to Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive]**

</div>

80.   Plaintiff incorporates by reference into this Eight, separate, and distinct cause of action, Paragraphs 1 through 79, as though set forth in full.

///

DEFENDANTS
EXHIBIT A PAGE 22

FIRST AMENDED COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

81.     This action is brought pursuant to 102 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

82.     Commencing on or about October 10, 1995 and continuing to and including April 26, 1996, at the times and places alleged herein, Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were present at the immediate scene of the unlawful, unreasonable and unjustified routine beatings inflicted on Plaintiff, as well as during the planting of evidence on his person.

83.     At said dates and locations, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified, unwarranted and unlawful beatings and planting of evidence of Plaintiff.

84.     At said dates and locations, said Defendants had adequate and sufficient time, opportunity to intercede and prevent the unjustified, unwarranted and unlawful beatings and planting of evidence of Plaintiff, and in fact obligated to as peace officers under the United States Constitution and the laws of the State of California.

85.     In addition on those dates and locations, in deliberate indifference to Plaintiff's life, health, well being and Constitutional rights, said Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in said unjustified, unlawful, and unreasonable beatings of Plaintiff, failing to provide medical care, the planting of evidence on Plaintiff and subsequent false imprisonment of Plaintiff which resulted after.

86.     As a result thereof, said Defendants unlawfully, unreasonably and unjustly imposed beatings on Plaintiff, failed to provide medical care, planted false evidence on Plaintiff, entered

DEFENDANTS

EXHIBIT ___A___ PAGE __24__

Reproduced from the holdings of the *National Archives at Riverside*

1   his lawful dwelling place and subsequently was falsely incarcerated all in violation of Plaintiff's

2   rights under the United States Constitution.

3   87.   Thereafter, Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence**

4   **Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio**

5   **Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were

6   in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted

7   forced plea bargain of Plaintiff.  Said Defendants also failed to intervene in and prevent the

8   unjustified and unwarranted plea and imprisonment of Plaintiff.  After said plea, said Defendants

9   were in the position and authority to stop the imprisonment of Plaintiff by revealing the falsity of

10  the criminal allegations and evidence against Plaintiff but failed to do so and allowed Plaintiff to

11  be wrongfully imprisoned.

12  88.   The aforementioned acts and omissions of Defendants, were malicious, oppressive,

13  willful, and wanton,  thereby justifying the awarding of exemplary and punitive damages as to

14  Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD**

15  **#27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811),**

16  **Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** were, willful, wanton,

17  malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably

18  imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to

19  these Defendants.

20                                   XII.

21                      NINTH CAUSE OF ACTION

22    MUNICIPAL LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS

23  [As to Defendants, City of Los Angeles, Sergeant Edward Ortiz (LAPD #23230), John Doe
        Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive,
24  John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert
        Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson,
25  Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell
        Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann
26  Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive]

27  89.   Plaintiff incorporates by reference into this Ninth, separate, and distinct cause of action,

28  Paragraphs 1 through 87, as though set forth in full.

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT ___A___ PAGE __15__

Reproduced from the holdings of the *National Archives at Riverside*

90.     This action is brought pursuant to 102 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

91.     Commencing on or about October 10, 1995 and continuing to and including April 26, 1996, Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** and each of them, acting within the course and scope of their duties as peace officers of the City of Los Angeles, deprived Plaintiff, Erwin Godinez, of his rights to be free from unreasonable seizures, excessive force, and searches, and to be provided with reasonable medical attention and care as set forth above.

92.     At the time of these constitutional violations by said police officer Defendants, **City of Los Angeles, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum, Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,** had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, shoot persons, and specifically Latinos, as well as members of other minority groups.

93.     Said policies, procedures, customs and practices also called for the City of Los Angeles, and its Police Department not to disciple, prosecute or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of wrongful shootings, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers of the Los Angeles Police Department and for the City of Los

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT A PAGE 26

Reproduced from the holdings of the *National Archives at Riverside*

Angeles to fail to objectively and/or independently investigate or in any way deal with or respond to or the related claims and lawsuits made as a result of such shootings and misconduct.

94.     Said policies, procedures, customs and practices called for and led to the refusal of Defendants, **City of Los Angeles, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,**  to investigate complaints of previous incidents of excessive force, wrongful shootings, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury and, instead, officially claim that such incidents were justified and proper.

95.     Said policies, procedures, customs and practices:

    a.      encouraged an atmosphere of lawlessness within the police department and to encouraged police officers to believe improper shooting of residents of Los Angeles County or persons present therein, including members of minority groups, was permissible;

    b.      allowed LAPD officers to believe unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

96.     Said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff, Erwin Godinez. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendants, and their subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable police shootings, falsification of evidence, evidence tampering, submission of false police reports and perjury.

///

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT  A   PAGE  27

Reproduced from the holdings of the *National Archives at Riverside*

1    97.    Deliberate indifference to the civil rights of minority groups and other victims of the Los

2   Angeles Police Department's excessive force and planting of evidence by their officers were also

3   evidenced by said Defendants ignoring findings of the report by the Christopher Commission

4   which found said policies, procedures, customs and practices to be in place, and found that there

5   existed in the Los Angeles Police Department an environment and atmosphere which condoned

6   unjustified and unreasonable police shootings, falsification of evidence, evidence tampering,

7   submission of false police reports and perjury.

8    98.    Deliberate indifference to the civil rights of minority groups and other victims of the Los

9   Angeles Police Department's excessive force and officer-involved shootings was also evidenced

10   by said Defendants, support of and participation in the proceedings to implement an injunction

11   against a defined group of Latino men and women living in and around the west central Pico-

12   Union area of Los Angeles by falsely alleging said individuals had participated in an organized

13   and deliberate course of criminal conduct. Based upon the assistance, support and testimony of

14   said Defendants, said injunction was granted and said Defendants then organized a deliberate and

15   malicious plan, scheme and/or program to target said persons for harassment, arrest, detention,

16   prosecution and imprisonment.

17    99.    Said plan, scheme and/or program was carried out by the officers of the Los Angeles

18   Police Department, including officers from the Los Angeles Police Department's "CRASH" unit,

19   and Defendants, **Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez**

20   **(LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico (LAPD#**

21   **27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** and convictions under

22   this injunction were obtained through falsified evidence, acts of evidence tampering and

23   planting, authoring and presentation of false and misleading police reports, forced plea bargains

24   and the presentation of false testimony at trial.

25    100.    As a result of the aforementioned acts, omissions, systematic deficiencies, policies,

26   procedures, customs and practices of said Defendants, Plaintiff was unlawfully, unreasonably

27   and unlawfully routinely beat, arrested and incarcerated as a result of planted evidence, by those

28   Defendants officer of the Los Angeles Police Department.

FIRST AMENDED COMPLAINT    DEFENDANTS EXHIBIT A PAGE 28

Reproduced from the holdings of the National Archives at Riverside

101.    As a direct and proximate result of the aforementioned acts alleged herein. Plaintiff.

suffered and continues to suffer from physical. emotional and psychological injuries. As a result

Plaintiff did and has suffered damages to be ascertained at trial.  As a result of the acts and

omissions. policies, practices. and customs alleged. Plaintiff was also wrongfully and

maliciously forced to enter a plea bargains, for which he was imprisoned on numerous occasions.

as a result of the presentation of falsified evidence and police reports.

102.    The aforementioned acts of said Defendants. were. willful. wanton. malicious and

oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning

Plaintiff. thereby justifying the awarding of exemplary and punitive damages as to these

Defendants.

<div align="center">

**IX.**

**ELEVENTH CAUSE OF ACTION**

**CONSPIRACY TO CONCEAL THE VIOLATION OF**

**PLAINTIFF'S CONSTITUTIONAL RIGHTS**

**[As to Defendants, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11**

**through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe**

**Lieutenants 31 through 40, inclusive, Does 41 through 80, inclusive]**

</div>

103.    Plaintiff incorporates by reference into this Eleventh, separate, and distinct cause

of action. Paragraphs 1 through 104, as though set forth in full.

105.    This action is brought pursuant to 102 U.S.C.§ 1983 for violation of Plaintiff's rights

under the Fourth and Fourteenth Amendments of the United States Constitution.

106.    Commencing on or about October 10. 1995 and continuing through April 26, 1996, and

subsequent thereto, in the State of California, City and County of Los Angeles. Defendants.

**Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John**

**Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive,**

**and Does 41 through 80,** conspired together to act and to fail and omit to act, as herein before

alleged. for the purpose of impeding, hindering, obstructing, and defeating the due course of

justice in the State of California and the County of Los Angeles in the investigation of the

DEFENDANTS

EXHIBIT   A   PAGE   24

Reproduced from the holdings of the *National Archives at Riverside*

1 | unlawful arrest of Plaintiff, for the purpose of concealing and covering-up constitutional

2 | violations alleged in the First, Second and Fourth Causes of Actions herein, and for the purpose

3 | of denying Plaintiff his rights to due process.

4 | 107.    Said Defendants, and each of them, along with other co-conspirators purposefully, under

5 | color of law, planned and intended to deny Plaintiff the equal protection of the laws and injure

6 | Plaintiff by denying him the following rights:

7 |       a.  to be free from unreasonable seizures by the infliction of excessive force through an

8 |            unjustified, unreasonable, and unlawful arrest and charges and the intended infliction

9 |            of physical punishment on his person;

10 |       b.  not to be deprived of life and liberty without the due process of law;

11 |       c.  the right against cruel and unusual punishment, and

12 |       d.  the right to be free from unwarranted state interference in one's familial relationships.

13 | 108.    In doing so said Defendants, two or more of them, conspired for the purpose of depriving

14 | Plaintiff of equal protection of the laws and of the equal protection and immunities under the

15 | law; and preventing and hindering the constituted authorities, including but not limited to , the

16 | Los Angeles County District Attorney, the State of California and the Federal Bureau of

17 | Investigation from giving and securing Plaintiff's equal protection of the law and preventing

18 | deprivation of liberty and property without due process of law.

19 | 109.    Said Defendants, and each of them, did and cause to be done, and act or acts in

20 | furtherance of the object of the conspiracy, as enumerated in the Sixth, Seventh, Eight and Tenth

21 | cause of action herein, whereby Plaintiff was deprived of the rights and privileges as set forth

22 | above.    These acts included said Defendants fraudulently and unlawfully placing evidence,

23 | including cocaine and a firearm, upon the person of Plaintiff and falsely and fraudulently

24 | authoring and filing false police reports in violation of Penal Code § 118.1 to conceal and justify

25 | police misconduct, knowingly approving false reports, giving false and deliberately misleading

26 | and perjurious statements to investigators, giving false and perjurious testimony in the

27 | investigation of the incidents and as part of the related criminal proceedings, as well as in

28 |

DEFENDANTS
EXHIBIT ___A___ PAGE 30

FIRST AMENDED COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

1  Plaintiff's forced pleadings and failing to discipline and recommend for the prosecution officers
2  committing such misconduct.

3  110.   By virtue of the foregoing, said Defendants, and each of them, Plaintiff's procedural and
4  substantive due process rights under the Fourteenth Amendment. Notwithstanding the duties
5  owed to Plaintiff, these Defendants, and each of them, with deliberate indifference to the
6  constitutional rights of Plaintiff, failed and refused to prevent the wrongs conspired to be
7  committed against Plaintiff, despite their ability and duty to do so.

8  111.   As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited
9  herein above, entitling Plaintiff to special, general and punitive damages and attorney's fees.

10  112.   The aforementioned acts of Defendants, **Sergeant Edward Ortiz (LAPD #23230), John**
11  **Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive,**
12  **John Doe Lieutenants 31 through 40, inclusive,** were, willful, wanton, malicious and
13  oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning
14  Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these
15  Defendants.

16                                         **X.**

17                          **TWELVETH CAUSE OF ACTION**

18     **CONSPIRACY, VIOLATION OF 102 U.S.C. §§1985(2) 1985(3) AND 1986**

19        **[As to Defendants, Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11**

20           **through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe**

21                    **Lieutenants 31 through 40, inclusive,**

22  113.   Plaintiff incorporates by reference into this Twelfth, separate, and distinct cause of
23  action. Paragraphs 1 through 112, as though set forth in full.

24  114.   This action is brought pursuant to 102 U.S.C.§ 1983 , § 1985 and the First and
25  Fourteenth Amendments of the United States Constitution .

26  115.   Commencing on or about October 10, 1995 and subsequent thereto, in the State of
27  California, County and City of Los Angeles, Defendants, **Sergeant Edward Ortiz (LAPD**
28  **#23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through**

DEFENDANTS

FIRST AMENDED COMPLAINT        EXHIBIT ___A___ PAGE 31

Reproduced from the holdings of the National Archives at Riverside

30, inclusive, **John Doe Lieutenants 31 through 40, inclusive,** and each of them. and by reason of animus against minorities. including Plaintiff herein. as members of a discernible and recognized group of persons characterized as Latino and/or Hispanic. and hatred of same. conspired together to act and to fail and omit to act as herein before alleged. for the foregoing reasons:

    a.  impeding. hindering. obstructing, and defeating the due course of justice in the State of California and the County of Los Angeles;

    b.  to use unreasonable force and violence upon and against said persons and Plaintiff;

    c.  to deny equal protection of the laws to said persons and Plaintiff; and

    d.  to subject said persons and Plaintiff to excessive force and unreasonable seizure. and to unlawfully and unjustifiably secure his imprisonment.

116.  Said Defendants. and each of them, along with other co-conspirators purposefully. under color of law, planned and intended to deny Plaintiff the equal protection of the laws and injure Plaintiff in the following respects:

    a.  to deny the right to be free from unreasonable seizures by the infliction of excessive force through an unjustified and unreasonable search. seizure and arrest of Plaintiff and the intended infliction of physical punishment upon his person;

    b.  to deny the right not to be deprived of life and liberty without due process of law;

    c.  to deny the right against cruel and unusual punishment;

    d.  to deny the right to be free from unwarranted state interference in one's familial relationships; and

    e.  to deny the right to be free from unwarranted state interference with one's right to freely associate with others.

117.  By virtue of the foregoing. said Defendants and two or more of them conspired for the purpose of:

    a.  depriving Plaintiff of equal protection of the laws and equal protection and immunities under the law; and

FIRST AMENDED COMPLAINT

DEFENDANTS EXHIBIT A PAGE 32

Reproduced from the holdings of the National Archives at Riverside

b.  preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation for giving and securing Plaintiff equal protection of the law and preventing deprivation of liberty and property without due process of law.

118.  Said Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated in the Sixth, Seventh, Eight, Ninth, Eleventh, and Thirteenth cause of action, herein, whereby Plaintiff was deprived of the rights and privileges as set forth above.

119.  By virtue of the foregoing, said Defendants, and each of them, violated 102 U.S.C. §§ 1985(2) and 1985(3).

120.  Notwithstanding the duties owed to Plaintiff, said Defendants, and each of them, with deliberate indifference to the constitutional rights of Plaintiff, failed and refused to prevent the wrongs conspired to be committed against Plaintiff, despite their ability and duty to do so.

121.  The aforementioned acts of Defendants, **Sergeant Edward Ortiz (LAPD #23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## XI.

### THIRTEENTH CAUSE OF ACTION

### MALICIOUS PROSECUTION AND FALSE IMPRISONMENT

**[As to Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive]**

122.  Plaintiff incorporates by reference into this Thirteenth, separate, and distinct cause of action, Paragraphs 1 through 121, as though set forth in full.

///

DEFENDANTS

EXHIBIT __A__ PAGE **33**

Reproduced from the holdings of the National Archives at Riverside

123.   This action is brought pursuant to 102 U.S.C.§ 1983 and Fourteenth Amendment of the United States Constitution for violation of due process resulting from malicious prosecution and false imprisonment.

124.   As set above, Plaintiff was wrongfully and unlawfully charged of crimes he did not commit and without probable cause was arrested, charged, and forced to plead and convicted based upon the false charges, statements, police reports, evidence and testimony presented by **Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** in violation of Penal Code § 118.1, filed materially false police reports accusing Plaintiff of possessing cocaine, with intent to sell, tampering with identification marks on a firearm and battery, made materially false statements to investigators and prosecutors that Plaintiff had , and presented falsified evidence in the form of a cocaine and a firearm, which they falsely planted upon and attributed to Plaintiff, all for the purpose of having Plaintiff wrongfully, unjustly and falsely charged with crimes thus ensuring Plaintiff would be falsely and wrongfully prosecuted. Thereafter, said Defendants gave whatever false reports, statements and testimony necessary to have Plaintiff falsely and wrongfully convicted of crimes.

125.   At no time did **Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive,** have probable cause to arrest and charge Plaintiff for any crimes or to recommend that he be prosecuted. Notwithstanding this, with malice and conscious disregard for his rights to due process, said Defendants presented the above false evidence and recommended Plaintiff be charged and prosecuted and thereafter meaningfully participated in his prosecution to ensure this wrongful conviction and wrongful imprisonment.

126.   As a result of the above-described acts and misconduct, Plaintiff was wrongfully and unjustly convicted of various felony, causing Plaintiff to be wrongfully sentenced during the aforementioned time periods.

DEFENDANTS

EXHIBIT  A  PAGE 34

Reproduced from the holdings of the National Archives of Riverside

127.    The aforementioned acts of **Defendants, Officer Doe Cohen, Brian Hewitt (LAPD #27602), Lawrence Martinez (LAPD #27319), Officer Doe McNiel (LAPD #311038), Rafael Perez, Antonio Rico(LAPD# 27811), Officer Doe Vinton, John Doe Officers 1 through 10, inclusive** were. willful, wanton, malicious and oppressive. and knowingly done for the purpose of unlawfully and unreasonably imprisoning Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## XII.

## PRAYER

WHEREFORE. Plaintiff, Erwin Godinez, demands the following relief, jointly and severally. against all the Defendants with respect to all causes of action stated herein:

a.      Compensatory general and special damages in an amount in accordance with proof;

b.      Exemplary damages, against each of the police officers, supervisory and policy maker Defendants. as set fourth in each cause of action, in an amount sufficient to deter and make an example of said Defendants;

c.      Reasonable attorney's fees and expenses of litigation as provided for under 102 U.S.C. § 1988:

d.      Costs of suit necessarily incurred herein;

e.      Damages, fees and costs as permitted by the Unruh Civil Rights Act and California Civil Code §§ 51.7, 52 and 52.1

f.      Prejudgment interest; and

g.      Such further relief as the Court deems just and proper.

DATED: Wednesday, July 05, 2000              **NGYUEN, GARZA & PEREZ LLP**

By: PATRICIA N. CARLOS

FIRST AMENDED COMPLAINT

DEFENDANTS

EXHIBIT **A** PAGE **35**



Reproduced from the holdings of the *National Archives at Riverside*

**EXHIBIT B**

Case 2:22-cr-00200-PA Document 47-4 Filed 09/01/22 Page 74 of 282 Page ID #:469

Reproduced from the holdings of the *National Archives at Riverside*

# SUMMONS on *Amended Complaint*

AM ~~IDED~~

## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
City of Los Angeles, Officer Doe Cohen, Brian
Hewitt (LAPD #27602), Lawrence Martinez (LAPD
#27319), Officer Doe McNiel (LAPD #31438),
Rafael Perez, Antonio Rico (LAPD#27811),
Officer Doe Vinton, John Doe Officers 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF** ~~REFERRED TO CITY ATTORNEY~~
*(A Ud. le esta demandando)* FOR DISPOSITION
Erwin Godinez

AUG 18 2000

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

BY CITY CLERK
00 AUG 18 AM 11:41
RECEIVED CITY CLERK'S OFFICE
DEPUTY

---

You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

---

The name and address of the court is: *(El nombre y dirección de la corte es)*
SUPERIOR COURT CENTRAL
111 N. Hill Street
Same
Los Angeles, CA 90012-3117
CENTRAL DISTRICT

CASE NUMBER *(Numero del Caso)*
BC228989

Hon. Mel Recana

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

714 481-3080

Jose Perez          SBN 171438
NGUYEN, GARZA & PEREZ LLP
17341 Irvine Blvd., Suite 205
Tustin, California 92780

JOHN A. CLARKE, CLERK

DATE: JUL 10 2000          Clerk, by E. DILL          , Deputy
*(Fecha)*          *(Actuario)*          *(Delegado)*

DEFENDANTS
EXHIBIT **B** PAGE **36**

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* City of Los Angeles

under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
        ☑ other: Municipal Corp.
4. ☑ by personal delivery on *(date):* 8-18-2000

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) (Rev. January 1, 1984)
Mandatory Form

*(See reverse for Proof of Service)*
**SUMMONS**

CCP 412.20

Reproduced from the holdings of the *National Archives at Riverside*

| SHORT TITLE: Godinez vs. City of Los Angeles | CASE NUMBER:<br>BC228989 |
|---|---|

## INSTRUCTIONS FOR USE

▶ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Sergeant Edward Ortiz (LAPD#23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Richard Riordan, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum, Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas and Does 41 through 80, inclusive, Defendants.

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) (New January 1, 1993)

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT _B_ PAGE _37_

Reproduced from the holdings of the *National Archives at Riverside*

**EXHIBIT C**

Reproduced from the holdings at Riverside

# SUMMONS Amended Complaint

AM BED

## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
City of Los Angeles, Officer Doe Cohen, Brian
Hewitt (LAPD #27602), Lawrence Martinez (LAPD
#27319), Officer Doe McNiel (LAPD #31438),
Rafael Perez, Antonio Rico (LAPD#27811),
Officer Doe Vinton, John Doe Officers 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le esta demandando)*
Erwin Godinez

|  |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

---

You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

---

The name and address of the court is: *(El nombre y dirección de la corte es)*
SUPERIOR COURT CENTRAL
111 N. Hill Street
Same
Los Angeles, CA 90012-3117
CENTRAL DISTRICT

CASE NUMBER *(Numero del Caso)*
BC228989

Hon. Mel Recana

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

714 481-3080

Jose Perez          SBN 171438
NGUYEN, GARZA & PEREZ LLP
17341 Irvine Blvd., Suite 205
Tustin, California 92780

JOHN A. CLARKE, CLERK

DATE: JUL 1 0 2008          Clerk, by___ E. DILL ___, Deputy
*(Fecha)*                   *(Actuario)*                      *(Delegado)*

| [SEAL] | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☑ on behalf of *(specify):* M.Hyde Richard Riordan |
| | **DEFENDANTS** |
| | **EXHIBIT _C_ PAGE 38** |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☑ CCP 416.90 (individual) |
| | ☐ other: |
| | 4. ☑ by personal delivery on *(date):* 5-18-2000 ob) |

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

**(See reverse for Proof of Service)**
SUMMONS



CCP 412.20

Reproduced from the holdings of the *National Archives at Riverside*

| SHORT TITLE: Godinez vs. City of Los Angeles | CASE NUMBER: BC228989 |
|---|---|

INSTRUCTIONS FOR USE

▶ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

▶ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Sergeant Edward Ortiz (LAPD#23230), John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Richard Riordan, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum, Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barbara Lindemann Schlei, Robert Weil, Stephen Yslas and Does 41 through 80, inclusive, Defendants.

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

DEFENDANTS

EXHIBIT C PAGE 39

Reproduced from the holdings of the *National Archives at Riverside*

**PROOF OF SERVICE BY MAIL**
**(Business Practice to Entrust Deposit to Others)**
**(C.C.P. Section 1013a(3))**

I, Caroline N. Castillo, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 200 North Main Street, 1700 City Hall East, Los Angeles, California, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing or correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 23, 2000, at my place of business at 200 North Main Street, 1700 City Hall East, Los Angeles, California, a copy of the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a) AND 1446 (c)** was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

**Jose Perez, Esq.**
**Nguyen, Garza & Perez LLP**
**17341 Irvine Blvd, Suite 205**
**Tustin, California   92780**

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2000, at Los Angeles, California.

Caroline N. Castillo
Declarant

#65291-1

(AJWx),CLOSED,REMANDED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:00-cv-08962-GAF-AJWX

Erwin Godinez v. Los Angeles City of, et al
Assigned to: Judge Gary A. Feess
Referred to: Discovery Andrew J. Wistrich
Demand: $0
Case in other court:  LA Cnty Supr Crt, BC228989
Cause: 28:1441 Notice of Removal - Civil Rights Act

Date Filed: 08/23/2000
Date Terminated: 04/04/2001
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Erwin Godinez**                                    represented by **Jose Perez**
                                                     Law Offices of Jose Perez APC
                                                     714 West Olympic Boulevard Suite 450
                                                     Los Angeles, CA 90015
                                                     213-748-1823
                                                     Fax: 213-748-5792
                                                     Email: jose@jperezlawfirm.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Patricia N Carlos**
                                                     Nguyen Garza & Perez
                                                     17341 Irvine Blvd
                                                     Ste 205
                                                     Tustin, CA 92780
                                                     714-481-3080
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul C Supple**
                                                     Paul Supple Law Offices
                                                     1815 North Broadway
                                                     Santa Ana, CA 92706
                                                     714-480-0050
                                                     Fax: 714-480-0055
                                                     Email: suppllaw@sbcglobal.net
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**                              represented by **Cecil W Marr**
                                                     Los Angeles City Attorney's Office
                                                     Dept. of Water and Power

111 North Hope Street
Room 340
Los Angeles, CA 90051-0100
213-367-4650
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Irwin**
Los Angeles City Attorney's Office
City Hall East
200 North Main Street 7th Floor
Los Angeles, CA 90012-4130
213-978-8235
Fax: 213-978-2211
Email: michael.irwin@lacity.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul N Paquette**
Office of the City Attorney/DWP
111 N. Hope Street, Suite 340
Los Angeles, CA 90012
213-367-4591
Fax: 213-367-4588
Email: paul.paquette@ladwp.com
*LEAD ATTORNEY*

**Defendant**

**Doe Cohen**
*Officer*

**Defendant**

**Brian Hewitt**
*(LAPD #27602)*

**Defendant**

**Lawrence Martinez**
*(LAPD #27319)*

**Defendant**

**Doe McNiel**
*Officer (LAPD #311038)*

**Defendant**

**Rafael Perez**

**Defendant**

**Antonio Rico**
*(LAPD #27811)*

**Defendant**

**Doe Vinton**
*Officer*

**Defendant**

**John Doe**
*Officers 1 through 10*

**Defendant**

**Edward Ortiz**
*Sergeant (LAPD #23230)*

**Defendant**

**John Doe**
*Sergeants 11 through 20, inclusive*

**Defendant**

**John Doe**
*Commanders 21 through 30, inclusive*

**Defendant**

**John Doe**
*Lieutenants 31 through 100, inclusive*

**Defendant**

**Bernard Parks**                                    represented by **Cecil W Marr**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **Michael J Irwin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul N Paquette**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

**Defendant**

**William Williams**                                 represented by **Cecil W Marr**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **Michael J Irwin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul N Paquette**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

**Defendant**

**Richard Riordan**                                  represented by **Cecil W Marr**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Michael J Irwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Herbert Boeckmann**

**Defendant**

**Raymond C Fisher**

**Defendant**

**Dean Hansel**

**Defendant**

**Deirdre Hughes Hill**

**Defendant**

**T Warren Jackson**

**Defendant**

**Art Mattox**

**Defendant**

**Edith Perez**

**Defendant**

**James Fisk**

**Defendant**

**Stephen Gavin**

**Defendant**

**Gary Greenbaum**

**Defendant**

**Enrique Hernandez**

**Defendant**

**Melanie Lomax**

**Defendant**

**Stanley Sheinbaum**

**Defendant**

**Barbara Lindemann Schlei**

**Defendant**

**Robert Weil**

**Defendant**

**Stephen Yslas**

**Defendant**

**Does**
*41-80, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2000 | 1 | NOTICE OF REMOVAL by defendant Los Angeles City of, defendant Richard Riordan from :LA Cnty Supr Crt( Case Number: BC228989) with copy summons and 1st amended complaint referred to Discovery Ralph Zarefsky . (jag) (Entered: 08/28/2000) |
| 08/23/2000 | 2 | CERTIFICATE OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Richard Riordan (jag) (Entered: 08/28/2000) |
| 08/23/2000 | 3 | CERTIFICATION OF SERVICE by defendant Los Angeles City of on 8/23/00 of ntc of adverse pty of rmvl to fed crt. (yc) (Entered: 08/29/2000) |
| 08/25/2000 | 4 | CERTIFICATON OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan (yc) (Entered: 08/29/2000) |
| 08/25/2000 | 5 | NTC OF JOINDER by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan joining removal complaint [1-1] (yc) (Entered: 08/29/2000) |
| 08/31/2000 | 6 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan (yc) (Entered: 09/01/2000) |
| 08/31/2000 | 7 | REQUEST by defendants Los Angeles City of, Bernard Parks, Richard Riordan for judicial ntc, memo of p/a (yc) (Entered: 09/01/2000) |
| 08/31/2000 | 8 | NOTICE OF MOTION AND MOTION by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan to dismiss first A/C for failure to state a clm for relief ; motion hearing set for 10:00 10/16/00 (yc) (Entered: 09/01/2000) |
| 09/05/2000 | 9 | ORDER TO REASSIGN CASE PURSUANT To Section 5.1/5.6 of General Order 224 by Judge Terry J. Hatter, Jr., Chief US District Judge & Judge Lourdes G. Baird , Chair of the Related Case Assignment Committee. Reassigning all related cases commonly referred to as the "Rampart Division Cases"to Judge Gary A. Feess to hear all proceedings through pretrial or for as long as the Judge deems appropriate. Any disc matters will be referred to Discovery Andrew J. Wistrich . The case number will now reflect the initials of the transferee Judge [ CV 00-8962 GAF (AJWx)] [ Related Group Ctrl No.: CV 99-11629 GAF (AJWx)] (cc: all counsel) (rn) (Entered: 09/06/2000) |
| 09/08/2000 | 10 | MINUTES: (IN CHAMBERS): Cnsl having previously rcvd the Crts Ord to reassign case purs to Section 5.6 of Gen Ord 224, all pending "Rampart Division Cases" not previously stayed heretofore are stayed until advised to the contrary by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 09/12/2000) |
| 09/12/2000 | 11 | MINUTES: (IN CHAMBERS) Attch hereto is a list of cases that have been reassigned to this Crt. Crt ORD the LA City Atty's Office to prov the Crt w/info re req identification re Rampart Cases (See doc for specifics); City Atty's resp to be fld & Crt NLT 9/29/00 & svd on all ptys in ea of the listed case IT IS SO ORD by Judge Gary A. Feess CR: Not Present (ir) (Entered: 09/13/2000) |
| 09/24/2000 | 12 | MINUTES: (IN CHAMBERS) From this point forward, in each case in which dft City of Los Angeles arranges for the retention of sep cnsl for individual police officers, the City |

| | | Attys Ofc is to notify the Crt forthwith; the info is to be provided to the Crt in pleading format NLT 10/6/00 IT IS SO ORD by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 09/25/2000) |
|---|---|---|
| 09/27/2000 | 14 | MINUTES: (In Chambers) re plf Raul Rodriguez Jrs req to the Crt to lift its stay for the purpose of permitting him to move for P/I; The Crt believes that such actn would be ill-advised; Acc, the Crt declines, at this time, to lift its stay (see doc for fur details) IT IS SO ORD by Judge Gary A. Feess CR: None (rrey) (Entered: 10/04/2000) |
| 09/29/2000 | 13 | RESPONSE by defendants Los Angeles City of, Bernard Parks, William Williams to Crts 9/12/00 MO [11-1] ; attachment 1 (rrey) (Entered: 10/02/2000) |
| 10/04/2000 | 15 | MINUTES: (In Chambers) Plf is ORD to show cause by 10/23/00 why this case should not be dism purs to the rule stated in Heck v Humphry IT IS SO ORD by Judge Gary A. Feess CR: None (rrey) (Entered: 10/05/2000) |
| 10/04/2000 | 16 | NOTICE TO COUNSEL re dispute resolution procedure by Judge Gary A. Feess (see doc for fur details) (rrey) (Entered: 10/05/2000) |
| 10/06/2000 | 17 | MINUTES: (IN CHAMBERS) Attch is the list of retired judges inadvertently omitted from the prev fld Ntc to Cnl Re Dispute Resolution Proc which was disseminated by the Crt on 10/4/00 by Judge Gary A. Feess CR: NOT PRESENT (PSEND) (ir) (Entered: 10/10/2000) |
| 10/19/2000 | 18 | RESPONSE by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan re minutes [12-1] (yl) (Entered: 10/20/2000) |
| 10/19/2000 | 19 | ORDER by Judge Gary A. Feess re ntc of cnsl. It has come to the crt attetion that there may be some attys who are involved in the Rampart related litigation who may be unaware that Judge Fees is married to a Deputy Dist atty working in the LA Cnty Dist atty's office. The crt does not believed that this requires self-recusal and the crt declines to take such actn. Any pty who disagrees and believes that this is ground for recusal shld make an appropriate mot at the earliest possible date. (SEE DOC FOR FURTHER ORDER(ENTER 10/20/00) (yc) (Entered: 10/20/2000) |
| 10/23/2000 | 20 | ORDER by Judge Gary A. Feess partially lifting stay of proceedings to permit plf to complete the svc of S/C on all dfts (rrey) (Entered: 10/24/2000) |
| 10/23/2000 | 21 | RESPONSE by plaintiff to order to show cause by 10/23/00 why this case should not be dism purs to the rule stated in Heck v Humphry [15-1] (rrey) (Entered: 10/24/2000) |
| 10/26/2000 | 23 | GENERAL NOTICE OF STATUS CONFERENCE by Judge Dickran Tevrizian status conf set on 9:00 12/18/00 (rrey) (Entered: 10/30/2000) |
| 10/27/2000 | 22 | ORDER by Judge Gary A. Feess re Ex parte appl to lift stay: to permit a mtn for class certf is DENIED; to permit the issuance of such subpoenas as are necess to obtain the testm & stmts of Rafael Perez is GRANTED w/respect to all ptys in all "Rampart" cases (see doc for fur details) (el) Modified on 10/27/2000 (Entered: 10/27/2000) |
| 11/01/2000 | 24 | ORDER re: Class Action Allegations-Non Monell Claims by Judge Gary A. Feess. If any pla is seeking to pursue the claims against the individual dft officers by way of class actn, each and every such pla is to give ntc to the crt of such intent on or bef 11/20/00, and to submit with such ntc a memo of points and authorities, not to exceed 10 pages, setting forth their class actn theory and the authority supporting their right to proceed under such theory (see doc for details) (bp) (Entered: 11/02/2000) |
| 11/20/2000 | 25 | RESPONSE by defendants to 11/1/00 order re qualified immunity [24-1] (rrey) (Entered: 11/22/2000) |

| 11/30/2000 | 28 | NOTICE by plaintiff of stat conf for alt dispute resolution purposes (rrey) (Entered: 12/21/2000) |
|---|---|---|
| 12/08/2000 | 26 | MINUTES (In Chambers) before Judge Gary A. Feess: That the current status of this actn is as fols: Operative cmp: Complaint; Answers Fld by: None; Dfts Srvd, Mot to dism pending: Cityo f LA, Parks, Riordan (mot on file); Other Srvd Dfts: None; Other pending Mots: None; This Ord does not affect the stay that is currently in plc & no resps/mots will be accepted at this time. Hoever, if any of the above information is incorrect, cnsl are to subm a Notice of Corrected Case Status immediately. CR: N/P (Psend) (jp) (Entered: 12/11/2000) |
| 12/18/2000 | 27 | MINUTES: status conf held ; Crt & cnsl discuss assignment of mediators as noted on the recorders notes by Judge Dickran Tevrizian CR: Cynthia Mizell (rrey) (Entered: 12/20/2000) |
| 02/06/2001 | 29 | MINUTES: (In Chambers) The Crt partially lifts the stay to permit any dft claiming absolute immunity from liability for damages &/or injunctive relief to move to dism on that ground acc to the ff sched: all mots directed to this issue must be fld by 2/26/01; opp to be fld NLT 3/12/01; dfts may file rply briefs on or before 3/19/01; this ord is permissive only; no dft is req to file any mot by Judge Gary A. Feess CR: None (rrey) (Entered: 02/06/2001) |
| 02/16/2001 | 30 | NOTICE OF MOTION AND MOTION by defendants Los Angeles City of, Bernard Parks, Richard Riordan for summary judgment ; exhs; motion hearing set for 9:30 3/19/01 (rrey) (Entered: 02/20/2001) |
| 03/07/2001 | 31 | MINUTES: dismissing the action as to John Doe Sergeants 11 thurgh 20 inclusive, John Doe Commanders 21 through 30 inclusive, John Doe Lieutenants 31 through 100 inclusive & Does 41-80 by Judge Gary A. Feess CR: n/p (bg) (Entered: 03/09/2001) |
| 03/08/2001 | 32 | RESPONSE by plaintiff Erwin Godinez to motion for summary judgment [30-1] (bg) (Entered: 03/09/2001) |
| 03/14/2001 | 33 | MINUTES: (In Chambers) The Crts tentative ruling is to dism all clms under 42 USC Sec 1983, except excessive force clm, purs to Heck v Humphrey supra; final written ords will be issued after 3/19/01 mots hrgs by Judge Gary A. Feess CR: None (rrey) (Entered: 03/15/2001) |
| 03/19/2001 | 35 | MINUTES:Dfts' mot for s/j. Matter called. Cnsl for pla submitted on the tentative ruling & did not appear at the ti the case was called. Ea side is to prepare & fi a brief not more than 5 pgs in length re statute of limitations issue. This doc is to be fi with the crt nlt 3/26/01. A filed-stamped courtesy copy of said resp is to be hand del to chambers nlt 5:00 pm on 3/26/01 by Judge Gary A. Feess CR: Lisa Gonzalez (bg) (Entered: 03/26/2001) |
| 03/22/2001 | 34 | Supplemental BRIEF FILED by defendant Los Angeles City of, defendant Bernard Parks, defendant Richard Riordan, defendant Doe Vinton, defendant Antonio Rico to dism pla's excessive force claims based on the statute of limitations (bg) (Entered: 03/23/2001) |
| 03/28/2001 | 36 | Supplemental Brief in opposition filed by plaintiff Erwin Godinez to brief [34-1] (bg) (Entered: 03/30/2001) |
| 04/04/2001 | 37 | ORDER re dfts mot for summary jgm by Judge Gary A. Feess Godinez clms under 42 USC Sec 1983, 1985 & 1986 are DISM W/OUT PREJ purs to Heck v Humphrey; all remaining clms under these statutes are DISM W/ PREJ on statute of limitations grounds & this actn is REMANDED to state crt remanding case no 228989 to Los Angeles County Superior Court, terminating case (MD JS-6) (ENT 4/5/01) (send/ntc) (mld cert copy of ord & docket to LA Sup Crt) (rrey) (Entered: 04/05/2001) |
| 06/13/2001 | 38 | RECEIPT OF TRANSCRIPT of proceedings for the following date(s): 12/18/00 (Re:) CR: |

Cynthia Mizell/LM-Lutz 27. (CV-00-11597-GAF) (ghap) (Entered: 06/14/2001)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/10/2022 14:10:49 | | | |
| **PACER Login:** | fpdcac0087 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cv-08962-GAF-AJWX End date: 6/10/2022 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Reproduced from the holdings of the National Archives at Riverside

1 | Paul Supple, Esq., SBN 192410
**LAW OFFICES OF PAUL SUPPLE**
2 | 17341 Irvine Blvd., Suite, 204
Tustin, CA 92780
3 | Telephone:     (714) 481-3040
Facsimile:      (714) 481-3050
4 |

5 | Jose Perez, Esq., SBN 171438
Patricia N. Carlos, Esq., SBN 207492
6 | **NGUYEN, GARZA & PEREZ, LLP**
17341 Irvine Blvd., Suite 205
7 | Telephone:     (714) 481-3080
Facsimile:      (714) 480-3060

8 |

9 | Attorneys for Plaintiff, JOEL HERRERA

10 |

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13 |

**ORIGINAL FILED**

**OCT 0 3 2000**

**LOS ANGELES
SUPERIOR COURT**

| | |
|---|---|
| Joel Herrera | Case No.:   BC237796 |
| | Hon.: |
| Plaintiff, | Dept.: |
| | |
| vs. | **COMPLAINT FOR DAMAGES:** |
| | |
| City of Los Angeles, Antonio Rico (LAPD #27811). Officer Doe Vinton (LAPD #31085),) Officer Brian Hewitt (LAPD #27602), Officer) Doe Guerra. John Doe Officers 1 through 10,) inclusive. John Doe Sergeants  11 through 20,) inclusive. John Doe Commanders 21 through) 30. inclusive, John Doe Lieutenants 31) through 40, inclusive, Bernard Parks, William) Williams. Richard Riordan,       Herbert) Boeckmann, Raymond C. Fisher, Dean) Hansell, Deirdre Hughes Hill. T. Warren) Jackson. Art Mattox, Edith Perez, James Fisk,) Stephen Gavin, Gary Greenbaum,   Maxwell) Greenberg, Enrique Hernandez, Melanie) Lomax,    Stanley    Sheinbaum,     Barara) | **STATE CLAIMS AND CIVIL RIGHTS VIOLATIONS PURSUANT TO 102 U.S.C. §§ 1983, 1985, 1986, AND 1988**  **[REQUEST FOR JURY TRIAL]** |

DEFENDANTS

EXHIBIT **A** PAGE **8**

Reproduced from the holdings of the *National Archives at Riverside*

Lindemann Schlei, Robert Weil, Stephen)
Yslas, and Does 41-80[1], inclusive, )
                               )
        Defendants. )
                               )
                               )
_____ )

## COMPLAINT

COMES NOW PLAINTIFF, **JOEL HERRERA,** and alleges as follows:

### I.

### VENUE AND JURISDICTION

1.    Venue is proper in the Superior Court of the State of California, Central District, in that underlying acts, omissions, injuries and related facts and circumstances upon which the present action are based occurred in the City of Los Angeles, California. This court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in the Superior Court. This court is empowered with concurrent jurisdiction to entertain suits brought under the Federal Civil Rights Act, 102 U.S.C. § 1983. See Williams v. Horvath, (1976) 16 Cal.3d 8310, 837, 129 Cal. Rptr. 5103.

### II.

### PARTIES

2.    At all times relevant hereto, Plaintiff, **Joel Herrera**, is and was a resident of the County of Los Angeles, California.

3.    At all times mentioned herein, Defendant **City of Los Angeles** was a public entity duly organized and existing under and by virtue of the laws of the State of California.

4.    At all times relevant herein, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra,**

---

[1] Notwithstanding Local Rule 3.7.2.1 Plaintiff has named more than ten fictitiously-named defendants allowed pursuant to it. Plaintiff believes he must name more than ten fictitiously-named defendants or Plaintiff will be waiving any right under the law to add them, as their true identities become known.

DEFENDANTS
EXHIBIT **A** PAGE **9**

HERRERA COMPLAINT

Reproduced from the holdings of the *National Archives at Riverside*

1 were residents of the County of Los Angeles, and were police officers, sergeants, captains, and
2 lieutenants, and/or civilian employees, agents and representatives of the City of Los Angeles
3 Police Department and employees, agents and representatives of the City of Los Angeles. At all
4 times relevant hereto, said Defendants were acting within the course and scope of their
5 employment as officers, sergeants, captains and chiefs of police, and/or civilian employees of the
6 Los Angeles Police Department, a department and subdivision of Defendant **City of Los**
7 **Angeles**. Each said Defendant is sued in his or her official capacity and in his or her personal
8 capacity.

9   5.      Plaintiff **Joel Herrera**, is ignorant of the true names and capacities of Defendants sued
10 herein as, **John Doe Officers 1 through 10, inclusive, John Doe Sergeants 11 through 20,**
11 **inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31**
12 **through 40, inclusive, and Does 41 through 80, inclusive,** and therefore sues these Defendants
13 by such fictitious names. Plaintiff will amend this complaint to allege their true names and
14 capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of
15 the fictitiously named Defendants is responsible in some manner for the occurrences herein
16 alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or
17 omissions of the fictitiously named Defendants. Each said Doe Defendant is sued in his or her
18 official capacity and in his or her personal capacity.

19  6.      At all times relevant herein, Defendants, **William Williams and Bernard Parks** were
20 residents of the County of Los Angeles, and chiefs of police, of the City of Los Angeles Police
21 Department, and acting within the course and scope of their employment. Each said Defendant is
22 sued in his or her official capacity and in his or her personal capacity.

23  7.      At all times relevant herein, Defendants, **Richard Riordan, Herbert Boeckmann,**
24 **Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox,**
25 **Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum, Maxwell Greenberg, Enrique**
26 **Hernandez, Melanie Lomax, Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil,**
27 **and Stephen Yslas,** are former or current members duly elected and/or sworn Mayor of the City
28 of Los Angeles and members of the Los Angeles Police Commission. That said Defendants

DEFENDANTS
EXHIBIT ___A___ PAGE _10_

Reproduced from the holdings of the *National Archives at Riverside*

1  were empowered with the authority to make, change, adopt and implement policies, practices,

2  rules and procedures for the City of Los Angeles and the City of Los Angeles Police Department.

3  At all times relevant hereto, said Defendants were acting within the course and scope of their

4  capacity as Mayor and members of the Police Commission.  Each said Defendant is sued in his

5  or her official capacity and in his or her personal capacity.

6                                                        III.

7                         **FACTS COMMON TO ALL ACTIONS**

8  8.        Commencing on or about March 1996, and continuing to and including November 1997,

9  Defendants **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085),**

10 **Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10,**

11 **inclusive, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through**

12 **30, inclusive, and John Doe Lieutenants 31 through 40, inclusive,** routinely engaged in the

13 unlawful, unreasonable and unjustifiable detention of Plaintiff for the sole purpose of harassing

14 and extracting information from him. Said Defendants, brutally beat Plaintiff, by kicking,

15 punching, choking and striking him, in order to extract said information from him.  In doing so

16 said Defendants without just cause and the use of excessive force, caused severe bodily,

17 psychological and emotional injuries, in violation of his constitutional rights.

18 9.        In March of 1996, at or near the vicinity of 3rd and Alexandria in the city of Los Angeles,

19 Defendant **Officer Brian Hewitt (LAPD #27602),** in an attempt to seek information relating to

20 local gang activity did without just cause physically remove Plaintiff from the restaurant he was

21 lawfully in, at or about 7 p.m.  At the time some of Plaintiff's friends who were outside of said

22 premises were being lined up and interrogated by Defendant Hewitt, in an attempt to extract

23 information about local gang activity from them.   Upon taking Plaintiff outside Defendant

24 Hewitt proceeded to use excessive force on Plaintiff resulting in severe bodily injury.  Defendant

25 Hewitt in his use of excessive force hit Plaintiff in his testicles, with his flashlight, for which he

26 had to seek medical treatment.

27 ///

28 ///

DEFENDANTS

EXHIBIT **A** PAGE **11**

4 of 28

Reproduced from the holdings of the *National Archives at Riverside*

10.     In May of 1997, **Defendants Doe Officers 1 through 10, inclusive,** in an attempt to make Plaintiff cooperate with them, by informing them of local gang activity, said Defendant's arrested Plaintiff under the pretext that Plaintiff was violating curfew.

11.     On or about mid July of 1997, Defendant **Doe Vinton (LAPD #31085) and Defendant Officer Doe,** forcefully removed Plaintiff and a friend of his from Marieles Taco's in Los Angeles, without cause. Said Defendants told Plaintiff and his friend they were not allowed to be there and proceeded to handcuff and place them under arrest. Rather than take them to the police station said Defendants transported Plaintiff and his friend to Rockwood gang territory. Upon arriving at or near the vicinity of 6th or 7th and Burlington removed Plaintiff and his friend from the patrol car and as Defendants removed the handcuffs began to yell 18th Street. At that point rival gang members appeared with knives and proceeded to chase them down the street. Plaintiff and his friend were able to outrun the Rockwood gang members but had they been caught they would have been beaten or killed.

12.     At or near the beginning of August 1997, Plaintiff was out on the street, at or near the vicinity of 2nd and Alexander, when he was stopped by Defendants **Officer Antonio Rico (LAPD #27811)** and **Officer Doe Vinton (LAPD #31085)**, after Defendant Rico was notified by Plaintiffs mother of his location. At the time Plaintiff was stopped he was cited by said Defendants for curfew violation, although it was only 9:40 p.m. and not after 10 p.m. as noted on the citation. After citing Plaintiff, **Defendant Rico** punched Plaintiff on the mouth from which he began bleeding. Thereafter, **Defendant Vinton** ordered Plaintiff to raise his hands and then proceeded to hit Plaintiff, on the right side of his ribs, and then kneed Plaintiff in the stomach forcing Plaintiff to fall to the ground due to the pain. Said Defendants then proceeded to transport Plaintiff to his mothers home in North Hollywood, where Plaintiffs brother, Gerardo, observed Plaintiff had a bruise on his right side, a result of the beating inflicted by **Defendant Vinton.**

///

///

///

DEFENDANTS

EXHIBIT **A** PAGE *12*

HERRERA COMPLAINT

Reproduced from the holdings of the *National Archives at Riverside*

13.     Another such incident occurred, on or about August 11, 1997 at or near 11:00 P.M., at or near the vicinity of 3rd Street and Kenmore, Defendants **Antonio Rico (LAPD# 27811), Officer Doe Vinton,** did unlawfully enter into the dwelling of Erwin Godinez, a friend of Plaintiff's, where Godinez was lawfully residing and sleeping in at the time, with the sole intention of extracting gang activity information from Plaintiff. Plaintiff was unable to provide acceptable information to Defendants **Antonio Rico (LAPD# 27811), Officer Doe Vinton,** and as a result said Defendants unjustly, unlawfully and without probable cause brutally and without cause kicked and punched Plaintiff in the face and body. Plaintiff heard the commotion coming from Godinez's apartment and proceeded to go and find out what was going on. Plaintiff, unfortunately suffered the same consequences as Godinez.

14.     On or about August 20, 1997 Defendant **Officer Doe Vinton (LAPD #31085)**, arrested Plaintiff at or near 8:00 p.m. for an alleged curfew violation. **Defendant Vinton** proceeded to transport Plaintiff to station on 3rd and Union. Upon arrival there said Defendant proceeded to interrogate Plaintiff concerning local gang activity. Defendant wanted to know who in the gang had narcotics and/or firearms. Defendant then produced a chrome pistol, which appeared to be a 38 caliber, and informed Plaintiff that should he refuse to give Defendant information he would plant the gun on him. **Defendant Vinton** in fact instructed Plaintiff to pick up the gun from the table, where he had placed it upon removing it from his pant pocket, but Plaintiff refused. Upon Plaintiffs refusal **Defendant Vinton** proceeded to grab Plaintiff by the neck and beat on his chest repeatedly. It was not until several hours later that Plaintiff was finally released by said Defendant, who also retained the money Plaintiff had in his possession at the time.

15.     At or near the beginning of September 1997 while Plaintiff was lawfully in a video store at or near 3rd street, at approximately 7 p.m. several Crash units and a patrol car stopped at the location. Defendant **Antonio Rico (LAPD# 27811),** entered the video store and escorted Plaintiff outside. Defendant **Officer Doe Vinton,** proceeded to question **Defendant Rico** about what they were going to do next, to which **Defendant Rico** answered they would transport Plaintiff to the station and charge him with possession. At which point **Defendant Rico** escorted Plaintiff to the patrol car, located in the parking lot of Vons at 3rd and Vermont, where an

DEFENDANTS
EXHIBIT *A* PAGE *13*

Reproduced from the holdings of the National Archives at Riverside

1  individual was sitting in the back seat. **Defendant Rico** wanted Plaintiff to point and identify the

2  individual as being involved in a crime.   **Defendant Rico** offered to make a deal with Plaintiff

3  that if he procured a handgun and narcotics said Defendant would let Plaintiff go.   Plaintiff

4  proceeded to agree with said Defendant, hoping he would be released. Plaintiff further agreed to

5  meet said Defendants at Mariela's Tacos on 3rd Street and give them what they asked for.

6  Plaintiff in fear never showed up.

7  16.     As a consequence in mid November 1997, said Defendants were out looking for Plaintiff

8  and were able to locate him with the help of other individuals. Upon locating Plaintiff, at or near

9  3rd and Kenmore, Defendants **Antonio Rico (LAPD# 27811) and Officer Doe Vinton,** arrested

10  Plaintiff for violation of curfew, although it was only approximately 9 p.m. Said Defendants

11  proceeded to transport Plaintiff to the Temple Station. While **Defendant Rico** was preparing the

12  paperwork, he went over to Plaintiff who was seated on a bench and took him into a small office.

13  Upon entering the office **Defendant Rico** shut off the lights and proceeded to brutally beat

14  Plaintiff. Plaintiff suffered a bleeding lip. bruises to his face and body, as well as cuts on his

15  wrist as a result of the handcuffs being to tight. Plaintiff continually asked to see and speak to

16  Supervisor Chacon but his request was denied by said Defendant.  Eventually said Defendants

17  released Plaintiff.

18  17.     Another incident occurred at or near the middle of November 1997, Plaintiff was walking

19  towards 3rd Street. near El Descanso building and before Plaintiff reached Jones Market on 3rd

20  Street he was pulled over and arrested, along with a friend, by Defendants **Officer Doe Vinton**

21  **(LAPD #31085) and Officer Doe Guerra.** Plaintiff's friend was released, but Plaintiff was

22  searched and then brutally beat by said Defendants. Plaintiff was thrown against an iron gate

23  and suffered a swollen eye as a result of the beating and lack of medical attention.

24  18.     Furthermore. Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton**

25  **(LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe**

26  **Officers 1 through 10, inclusive, John Doe Sergeants 11 through 20, inclusive, John Doe**

27  **Commanders 21 through 30, inclusive, and John Doe Lieutenants 31 through 40, inclusive,,**

28  routinely engaged in the unlawful, unreasonable and unjustifiable detention of Plaintiff for the

DEFENDANTS

EXHIBIT *A* PAGE 14

HERRERA COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

1  sole purpose of harassing and extracting information from him. Said Defendants, brutally beat
2  Plaintiff, by kicking, punching, choking and striking him, in order to extract said information
3  from them and arresting him without cause. In doing so said Defendants without just cause and
4  the use of excessive force, caused severe bodily, psychological and emotional injuries, in
5  violation of his constitutional rights.

6  19.    After Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD**
7  **#31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1**
8  **through 10, inclusive, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders**
9  **21 through 30, inclusive, and John Doe Lieutenants 31 through 40, inclusive,** ceased beating
10 Plaintiff, as described above, they intentionally would refrain from providing Plaintiff medical
11 care.

12 20.    Said use of excessive, unreasonable and unlawful force on Plaintiff's person was without
13 provocation, cause or necessity and was a conscious and deliberate act by said Defendants, and
14 for the sole purpose of maliciously harming, injuring, instilling fear and apprehension in
15 Plaintiff.

16 21.    As a result of all the unlawful, unreasonable and unjustifiable acts of Defendants Plaintiff
17 was deprived of his interest protected by the laws and Constitution of the United States of
18 America. due to the commission or omission of acts by Defendants while acting under color of
19 law.

20                                              IV.

21                                  FIRST CAUSE OF ACTION

22                                   ASSAULT AND BATTERY

23       [As to Defendants, Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD
24          #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra,
25                          John Doe Officers 1 through 10, inclusive]

26 22.    Plaintiff incorporates by reference into this First, separate, and distinct cause of action,
27 Paragraphs 1 through 21, as though set forth in full.
28 ///



DEFENDANTS
EXHIBIT **A** PAGE **15**

Reproduced from the holdings of the *National Archives at Riverside*

23. At the times and places herein above alleged, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** without just and legal cause, unreasonably, unlawfully, willfully, maliciously, wantonly and oppressively did routinely inflict severe bodily harm on Plaintiff, by the use of excessive force, thereby justifying the awarding of exemplary and punitive damages as to each of these individual Defendants.

24. Said assault and battery was not consented to by the present Plaintiff and was the proximate cause of the injuries complained of herein.

**V.**

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**[As to All Defendants]**

25. Plaintiff incorporates by reference into this Second, separate, and distinct cause of action, Paragraphs 1 through 24, as though set forth in full.

26. Plaintiff is informed and believes and thereon alleges Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** including, but not limiting, the dates of March 1996 through November 1997, did negligently, violently and without due care, cause or provocation, unlawful brutally beat Plaintiff, threaten to plant evidence on Plaintiff's person and arrest Plaintiff without just or probable cause.

27. All aforementioned incidents occurred as a result of the absence off due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force, abuse of process and manifested an unreasonable risk of injury to Plaintiff's person and rights.

28. Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** knowingly created situations which placed life threatening injuries upon Plaintiff and then failed to give their consent so Plaintiff could receive medical treatment. In failing to provide such consent Defendants did negligently, carelessly, and knowingly fail to

DEFENDANTS EXHIBIT A PAGE 16

Reproduced from the holdings of the *National Archives at Riverside*

summon medical assistance of any type for Plaintiff after inflicting the unprovoked and negligent

beatings upon Plaintiff, and said conduct was the proximate cause of the Plaintiff's physical and

psychological injuries being aggravated.

29.     Defendants, **City of Los Angeles, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,** are directly liable and responsible for the acts of the former Defendants, because they failed to adequately supervise, discipline or in any other way control the latter mentioned Defendant's exercise of their unlawful use of excessive, lethal force, threats and unwarranted arrest of Plaintiff.

30.     Said Defendants, are directly liable and responsible for the acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** because the former mentioned Defendants, repeatedly did knowingly and negligently fail to enforce the laws of the State of California and the regulations, by failing to put an end to the corruption taking place within the department, by failing to disciple their officers.

31.     Such a failure to act created within the Los Angeles Police Department an atmosphere of lawlessness in which officers of said department, especially officers of the "CRASH" unit, employed excessive and illegal force and violence including deadly force, and the planting of evidence on innocent parties, under the belief such acts were condoned and justified by their supervisors. Consequently, Defendants, **City of Los Angeles, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez,**

DEFENDANTS

EXHIBIT **A** PAGE **17**

Reproduced from the holdings of the National Archives at Riverside

1  Melanie Lomax, Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil, Stephen
2  Yslas, and Does 41 through 80, inclusive, were or should have been aware of such unlawful
3  acts and practices prior to and at the time of the unlawful acts committed against Plaintiff's
4  person.

5  32.  As a proximate result of the acts and omissions of all said Defendants and each of them,
6  and of the physical injury inflicted on Plaintiff, Plaintiff has sustained extreme and severe mental
7  anguish and pain and has been injured in mind and body all to Plaintiff's general damage
8  according to proof.

9  33.  Defendants, **John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21**
10 **through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive,** knew the
11 aforementioned Defendants, engaged in the beating and unjust arresting of individuals for the
12 sole purpose of obtaining information regarding gang activity in the Rampart area.

13 34.  As a result of the lack of due care by All Defendants, Plaintiff was falsely, unjustly,
14 unlawfully and unreasonably routinely brutally beaten, denied medical assistance, threatened and
15 unjustly arrested. Consequently, Plaintiff was made to lose his freedom and liberty, in violation
16 of the Fourteenth Amendment's due process guarantees, and during which time he suffered, and
17 continues to suffer, severe emotional and psychological pain, suffering, anguish, shock, and fear.

18                                      **VI.**

19                          **THIRD CAUSE OF ACTION**

20          **VIOLATION OF THE UNRUH CIVIL RIGHT ACT PROVISION:**

21    **THE RIGHT TO BE FROM VIOLENCE COMMITTED BECAUSE OF THE VICTIM'S**

22   **COLOR, RACE, ANCESTRY, AND NATIONAL ORIGIN AND INTERFERENCE WITH**

23    **THE ENJOYMENT OF RIGHTS SECURED BY THE U.S. CONSTITUTION AND THE**

24          **CONSTITUTION AND LAWS OF THE STATE OF CALIFORNIA**

25        [As to Defendants, Officer Antonio Rico (LAPD #27811), Officer Doe Vinton
26        (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra,
                      John Doe Officers 1 through 10, inclusive,]

27

28  ///

DEFENDANTS

EXHIBIT ___A___ PAGE ___18___

HERRERA COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

35.     Plaintiff incorporates by reference into this Fifth, separate, and distinct cause of action, Paragraphs 1 through 34, as though set forth in full.

36.     This action is brought pursuant to California Civil Code §§ 51.7, 52 and 21.1.

37.     Plaintiff, Joel Herrera is of Salvadorian ancestry.

38.     Commencing on or about March 1996 and continuing to and including November 1997, Plaintiff was subjected to violence and false accusations by Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** and each of them, in the form of:

      a.  brutal beatings, which including the kicking, choking, striking and punching, of Plaintiff, which resulted in serious physical injuries, the denial of medical attention and psychological injuries;

      b.  threatening to plant evidence on Plaintiff's person, arrest and charge him with a crime; and

      c.  arresting Plaintiff under false charges.

39.     Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** brutally beat, threatened to plant evidence and falsify police reports and arresting Plaintiff under false charges all in an effort to force Plaintiff to give them information about local gang activity, because of Plaintiff's race, color, ancestry and national origin.

40.     All of the above acts and omissions of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably threatening Plaintiff with planting evidence and falsifying reports and also arresting Plaintiff without just cause and under false charges, for the sole purpose of obtaining information about local gang activity, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.



DEFENDANTS

EXHIBIT _A_  PAGE _19_

Reproduced from the holdings of the National Archives at Riverside

41.    The above acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** violated the Unruh Civil Rights Act, Civil Code of California § 51.7, and by reasons of these facts and violations, Plaintiff is entitled to compensatory damages according to proof, punitive and exemplary damages, the cost of suit incurred in this action, reasonable attorney's fees, and any other additional relief the court deems proper.

### VII.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTINAL RIGHT TO BE FREE
### FROM UNREASONABLE SEARCH AND SEIZURES

**[As to Defendants, Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive]**

42.    Plaintiff incorporates by reference into this Sixth, separate, and distinct cause of action, Paragraphs 1 through 41, as though set forth in full. .

43.    This action is brought pursuant to 102 § 1983, and the Fourth Amendment of the United States Constitution.

44.    Commencing on or about March 1996 and continuing to and including November 1997, Joel Herrera. the Plaintiff in this action, possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and searches by police officers acting under color of law.

45.    Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** without a valid search or arrest warrant, and absent consent and exigent circumstances;

///

///

DEFENDANTS
EXHIBIT A PAGE 20

Reproduced from the holdings of the National Archives at Riverside

a.  detained Plaintiff on a routine basis, for the sole purpose of brutally beating him;

b.  threatened to arrest Plaintiff without probable cause and proceed to plant false evidence on his person and falsify police reports;

c.  and arresting Plaintiff without just cause, under pretense of curfew violations;

all for the sole purpose of extracting information about local gang activity from Plaintiff.

46.    Thereafter, said Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** violated Plaintiff's Fourth Amendment rights by unlawfully and unreasonably beating, denying medical attention, threatening to detain, arrest and imprisoning Plaintiff without reasonable suspicion or probable cause, because Plaintiff did not provide said Defendants with information about local gang activity.

47.    In doing these things, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** acted specifically and intentionally to deny Plaintiff his constitutional rights under the Fourth Amendment to be free from unreasonable searches and seizures.  Defendants subjected Plaintiff, to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

48.    Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** acted at all times herein with the knowledge the established practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued violation of Plaintiff's.

49.    As a direct and proximate result of the aforementioned acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** Plaintiff's constitutional rights were violated as previously described.

///

DEFENDANTS

EXHIBIT *A* PAGE 21

Reproduced from the holdings of the National Archives at Riverside

50.     The aforementioned acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably denying Plaintiff his constitutional right to be free from unreasonable search and seizure, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## VIII.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CONSTITUTINAL RIGHT TO BE FREE

## FROM UNREASONABLE AND EXCESSIVE FORCE

[As to Defendants, Officer Antonio Rico (LAPD #27811), Officer Doe Vinton
(LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra,
John Doe Officers 1 through 10, inclusive,]

51.     Plaintiff incorporates by reference into this Seventh, separate, and distinct cause of action, Paragraphs 1 through 50, as though set forth in full.

52.     This action is brought pursuant to 102 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

53.     Commencing on or about March 1996 and continuing to and including November 1997, Plaintiff, possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures in the form of excessive force by police officers acting under color of law.

54.     During said dates and locations, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were in the position and authority to lawfully intervene in and prevent the unjustified, unreasonable, unwarranted and unlawful seizing control of Plaintiff.

///

///

DEFENDANTS

EXHIBIT _A_ PAGE _22_

HERRERA COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

55.     Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** having seized control of Plaintiff would proceed to brutally beat him by kicking, punching, striking and choking Plaintiff and/or arresting him under false charges with the sole purpose and intent of extracting information from him relating to gang activity in the area.

56.     At no time did Plaintiff, assault said Defendants or anyone else, to justify the brutal beatings he received. On the contrary Plaintiff, was always unarmed, compliant and helpless. Nevertheless Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** repeatedly apprehended Plaintiff. On all such occasions the actions of said Defendants were unjustified, unreasonable and unlawful under the circumstances and constituted an excessive use of force and power. Such action was in direct violation of the rights guaranteed to Plaintiff by the under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

57.     After every incident in which Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** seized and/or arrested and brutally beat Plaintiff, said Defendants then failed to promptly secure medical aid for Plaintiff.

58.     Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** acted specifically with the intent to deprive Plaintiff, Joel Herrera, of the following constitutional rights guaranteed by the United States Constitution:

      i.     Right to be free from unreasonable searches and unreasonable seizures, in the form of excessive force used by police officers;

      ii.    Freedom from a deprivation of liberty without due process of law; and

      iii.   Freedom from summary punishment.

///

DEFENDANTS

EXHIBIT *A* PAGE 23

Reproduced from the holdings of the National Archives at Riverside

59.    Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard for Plaintiff's rights under the United States Constitution.

60.    Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** acted with the knowledge that the established practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the United States Constitution.

61.    As a direct and proximate result of the aforementioned acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** Plaintiff suffered physical injuries to various parts of his body and head which caused him serious injuries, including physical, psychological and emotional impairments. Due to the unlawful and unreasonable acts of said Defendants, Plaintiff damages in an amount to be ascertained at trial.

62.    The aforementioned acts of Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably extracting information from Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## IX.

### SIXTH CAUSE OF ACTION

### FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATION

[As to Defendants, Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,]

DEFENDANTS

EXHIBIT _A_ PAGE _24_

Reproduced from the holdings of the National Archives at Riverside

63.     Plaintiff incorporates by reference into this Eight, separate, and distinct cause of action, Paragraphs 1 through 62, as though set forth in full.

64.     This action is brought pursuant to 102 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

65.     Commencing on or about March 1996 and continuing to and including November 1997, at the times and places alleged herein, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were present at the immediate scene of the unlawful, unreasonable and unjustified routine beatings inflicted on Plaintiff, as well as when said Defendant's threatened to plant evidence on his person and/or arresting him under false charges.

66.     At said dates and locations, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified, unwarranted and unlawful beatings, threats and false arrest of Plaintiff.

67.     At said dates and locations. said Defendants had adequate and sufficient time, opportunity to intercede and prevent the unjustified, unwarranted and unlawful beatings and threats of Plaintiff, and in fact obligated to as peace officers under the United States Constitution and the laws of the State of California.

68.     In addition on those dates and locations, in deliberate indifference to Plaintiff's life, health, well being and Constitutional rights, said Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in said unjustified, unlawful, and unreasonable beatings of Plaintiff, failing to provide medical care, the threats of planting evidence on Plaintiff for failing to provide Defendants with information about local gang activity.

///

DEFENDANTS

EXHIBIT _A_ PAGE _25_

HERRERA COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

69.     As a result thereof, said Defendants unlawfully, unreasonably and unjustly imposed beatings on Plaintiff then failed to provide medical care and threatened to plant false evidence on Plaintiff and/or in fact arrested him under false charges, all in violation of Plaintiff's rights under the United States Constitution.

70.     Thereafter, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted beatings of Plaintiff.  Said Defendants also failed to intervene in and prevent the unjustified and unwarranted threats against Plaintiff, to plant evidence and arrest Plaintiff for his "failure" to cooperate with them.  Despite the fact said Defendants were in a position and authority to stop the beatings and threats, and false arrest they failed to do so resulting in the violation of Plaintiffs constitutional rights.

71.     The aforementioned acts and omissions of Defendants, were malicious, oppressive, willful, and wanton, thereby justifying the awarding of exemplary and punitive damages as to Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** were, willful, wanton, malicious and oppressive, and knowingly done for the purpose of unlawfully and unreasonably beating, threatening and false arrest of Plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## X.

### SEVENTH CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS

[As to Defendants, City of Los Angeles, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive]

///
///

DEFENDANTS

EXHIBIT _A_ PAGE _26_

HERRERA COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

72.   Plaintiff incorporates by reference into this Ninth, separate, and distinct cause of action, Paragraphs 1 through 71, as though set forth in full.

73.   This action is brought pursuant to 102 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

74.   Commencing on or about March 1996 and continuing to and including November 1997, Defendants, **Officer Antonio Rico (LAPD #27811), Officer Doe Vinton (LAPD #31085), Officer Brian Hewitt (LAPD #27602), Officer Doe Guerra, John Doe Officers 1 through 10, inclusive,** and each of them, acting within the course and scope of their duties as peace officers of the City of Los Angeles, deprived Plaintiff, Joel Herrera, of his rights to be free from unreasonable seizures, excessive force, and searches, and to be provided with reasonable medical attention and care as set forth above.

75.   At the time of these constitutional violations by said police officer Defendants, **City of Los Angeles, John Doe Sergeants 11 through 20, inclusive, John Doe Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive, Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell, Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez, Melanie Lomax, Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41 through 80, inclusive,** had in place. and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, beat, threaten, and shoot persons, specifically Latinos, as well as members of other minority groups.

76.   Said policies, procedures, customs and practices also called for the City of Los Angeles, and its Police Department not to disciple, prosecute or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of wrongful beatings, shootings, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers of the Los Angeles Police Department and for the City of Los

DEFENDANTS

EXHIBIT _A_ PAGE _27_

Reproduced from the holdings of the National Archives at Riverside

1 | Angeles to fail to objectively and/or independently investigate or in any way deal with or
2 | respond to or the related claims and lawsuits made as a result of such beatings, threats, shootings,
3 | misconduct and false arrest of innocent individuals.

4 | 77.    Said policies, procedures, customs and practices called for and led to the refusal of
5 | Defendants, **City of Los Angeles, John Doe Sergeants 11 through 20, inclusive, John Doe**
6 | **Commanders 21 through 30, inclusive, John Doe Lieutenants 31 through 40, inclusive,**
7 | **Bernard Parks, William Williams, Herbert Boeckmann, Raymond C. Fisher, Dean Hansell,**
8 | **Deirdre Hughes Hill, T. Warren Jackson, Art Mattox, Edith Perez, James Fisk, Stephen**
9 | **Gavin, Gary Greenbaum,  Maxwell Greenberg, Enrique Hernandez, Melanie Lomax,**
10 | **Stanley Sheinbaum, Barara Lindemann Schlei, Robert Weil, Stephen Yslas, and Does 41**
11 | **through 80, inclusive,** to investigate complaints of previous incidents of excessive force, threats
12 | against individuals, wrongful shootings, the filing of false police reports to conceal such
13 | misconduct, manufacturing of evidence, the falsification of evidence and perjury and, instead,
14 | officially claim that such incidents were justified and proper.

15 | 78.    Said policies, procedures, customs and practices:

16 |          a.     encouraged an atmosphere of lawlessness within the police department and to
17 |                 encouraged police officers to believe improper beating, threatening and shooting
18 |                 of residents of Los Angeles County or persons present therein, including members
19 |                 of minority groups, was permissible;

21 |          b.     allowed LAPD officers to believe the manufacturing of charges, unlawful acts of
22 |                 falsification of evidence and perjury would be overlooked without discipline or
23 |                 other official ramifications.

25 | 79.    Said policies, procedures, customs and practices evidenced a deliberate indifference to
26 | the violations of the constitutional rights of Plaintiff, Joel Herrera. This indifference was
27 | manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs
28 | and practices in light of prior knowledge by said Defendants, and their subordinate policymakers

DEFENDANTS

EXHIBIT _A_ PAGE _28_

(AJWx),CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:00-cv-12531-GAF-AJW

Joel Herrera v. Los Angeles City of, et al                Date Filed: 11/27/2000
Assigned to: Judge Gary A. Feess                          Date Terminated: 01/27/2003
Referred to: Discovery Andrew J. Wistrich                 Jury Demand: Plaintiff
Demand: $0                                                Nature of Suit: 440 Civil Rights: Other
Case in other court:  LA Cty Sup Crt, BC237796            Jurisdiction: Federal Question
Cause: 28:1441 Notice of Removal - Civil Rights Act

**Plaintiff**

**Joel Herrera**                        represented by  **Jose Perez**
                                                        Law Offices of Jose Perez APC
                                                        714 West Olympic Boulevard Suite 450
                                                        Los Angeles, CA 90015
                                                        213-748-1823
                                                        Fax: 213-748-5792
                                                        Email: jose@jperezlawfirm.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Patricia N Carlos**
                                                        Nguyen Garza & Perez
                                                        17341 Irvine Blvd
                                                        Ste 205
                                                        Tustin, CA 92780
                                                        714-481-3080
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul C Supple**
                                                        Paul Supple Law Offices
                                                        1815 North Broadway
                                                        Santa Ana, CA 92706
                                                        714-480-0050
                                                        Fax: 714-480-0055
                                                        Email: suppllaw@sbcglobal.net
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**                 represented by  **Cecil W Marr**
*TERMINATED: 06/24/2002*                                Los Angeles City Attorney's Office
                                                        Dept. of Water and Power

111 North Hope Street
Room 340
Los Angeles, CA 90051-0100
213-367-4650
*TERMINATED: 06/24/2002*
*LEAD ATTORNEY*

**James Kenneth Hahn**
Los Angeles City Attorney's Office
City Hall E - General Counsel Div
200 N Main St, 7th Fl
Los Angeles, CA 90012-4129
213-485-0735
*TERMINATED: 06/24/2002*
*LEAD ATTORNEY*

**Paul N Paquette**
Office of the City Attorney/DWP
111 N. Hope Street, Suite 340
Los Angeles, CA 90012
213-367-4591
Fax: 213-367-4588
Email: paul.paquette@ladwp.com
*TERMINATED: 06/24/2002*
*LEAD ATTORNEY*

**Wendy C Shapero**
Los Angeles City Attorneys Office
6262 Van Nuys Blvd., 1st Floor
Van Nuys, CA 91401
8183743356
Email: wendy.shapero@lacity.org
*TERMINATED: 06/24/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Antonio Rico**
*LAPD #27811*
*TERMINATED: 10/19/2001*

**Defendant**

**Doe Vinton**
*Officer, LAPD #31085*
*TERMINATED: 10/19/2001*

**Defendant**

**Brian Hewitt**
*Officer, LAPD #27602*
*TERMINATED: 10/19/2001*

**Defendant**

**Doe Guerra**

*Officer*
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**John Doe**
*Officers 1 through 10, inclusive*
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**John Doe**
*Sergeants 11 through 20, inclusive*
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**John Doe**
*Commanders 21 through 30, inclusive*
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**John Doe**
*Lieutenants 31 through 40, inclusive*
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**Bernard Parks**
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**William Williams**
*TERMINATED: 10/19/2001*

**<u>Defendant</u>**

**Richard Riordan**                        represented by    **Cecil W Marr**
*TERMINATED: 06/24/2002*                                     (See above for address)
                                                            *TERMINATED: 06/24/2002*
                                                            *LEAD ATTORNEY*

                                                            **James Kenneth Hahn**
                                                            (See above for address)
                                                            *TERMINATED: 06/24/2002*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Paul N Paquette**
                                                            (See above for address)
                                                            *TERMINATED: 06/24/2002*
                                                            *LEAD ATTORNEY*

                                                            **Wendy C Shapero**
                                                            (See above for address)
                                                            *TERMINATED: 06/24/2002*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Herbert Boeckmann**
*TERMINATED: 10/19/2001*

**Defendant**

**Raymond C Fisher**
*TERMINATED: 10/19/2001*

**Defendant**

**Dean Hansell**
*TERMINATED: 10/19/2001*

**Defendant**

**Deirdre Hughes Hill**
*TERMINATED: 10/19/2001*

**Defendant**

**T Warren Jackson**
*TERMINATED: 10/19/2001*

**Defendant**

**Art Mattox**
*TERMINATED: 10/19/2001*

**Defendant**

**Edith Perez**
*TERMINATED: 10/19/2001*

**Defendant**

**James Fisk**
*TERMINATED: 10/19/2001*

**Defendant**

**Stephen Gavin**
*TERMINATED: 10/19/2001*

**Defendant**

**Gary Greenbaum**
*TERMINATED: 10/19/2001*

**Defendant**

**Maxwell Greenberg**
*TERMINATED: 10/19/2001*

**Defendant**

**Enrique Hernandez**
*TERMINATED: 10/19/2001*

**Defendant**

**Melanie Lomax**
*TERMINATED: 10/19/2001*

**Defendant**

**Stanley Sheinbaum**
*TERMINATED: 10/19/2001*

**Defendant**

**Barara Lindemann Schlei**
*TERMINATED: 10/19/2001*

**Defendant**

**Robert Weil**
*TERMINATED: 10/19/2001*

**Defendant**

**Stephen Yslas**
*TERMINATED: 10/19/2001*

**Defendant**

**Does**
*41 through 80, inclusive*
*TERMINATED: 10/19/2001*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2000 | 1 | NOTICE OF REMOVAL by defendant Los Angeles City of, defendant Richard Riordan from LA Cty Sup Crt( Case Number: BC 237796) with copy summons and complaint referred to Discovery Margaret A. Nagle . (pc) (Entered: 11/30/2000) |
| 11/27/2000 | 2 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Richard Riordan (pc) (Entered: 11/30/2000) |
| 11/27/2000 | 3 | CERTIFICATE OF SERVICE by defendants Los Angeles City of, Richard Riordan on 11/27/00 of Ntc to Adverse Ptys re Rmvl of Actn to Fed Crt (ir) (Entered: 12/01/2000) |
| 12/14/2000 | 4 | ORDER TO REASSIGN CASE PURSUANT To Section 5.1/5.6 of General Order 224 by US Chief Judge Terry J. Hatter & Lourdes G. Baird, Chair of the Related Case Assignment Committee. Reassigning all related cases commonly referred to as the "Rampart Division Cases" to Judge Gary A. Feess to hear all proceedings through pretrial or for as long as the Judge deems appropriate. Any disc matters will be referred to Discovery Andrew J. Wistrich . The case number will now reflect the initials of the transferee Judge [ CV 00-12531 GAF (AJWx)] [ Related Group Ctrl No.: CV 99-11629 GAF (AJWx)] (cc: all counsel) (rn) (Entered: 12/14/2000) |
| 01/04/2001 | 5 | MINUTES: (In Chambers) Cnsl are directed to the Crts website to read all posted Ords under the low-number case & all Ord identified as "and all identified 'Ramparts' cases"; these Ords contain info that will apply to this case by Judge Gary A. Feess CR: None (rrey) (Entered: 01/05/2001) |
| 02/05/2001 | 6 | ORDER permitting dfts to file mots for summary adjudication of Section 1983 Claims by Judge Gary A. Feess (rrey) (Entered: 02/06/2001) |
| 02/06/2001 | 7 | MINUTES: The crt now partially lifts that stay to permit ANY, dft claiming ABSOLUTE IMMUNITY from liab for damages &/or inj rel; All mtns must be fld by 2/26/01; Opp sh be fld nlt 3/12/01; Rply brfs on or before 3/19/01; The crt wil hear argument 3/26/01 9:30am; The crt fur orders that any dft other than police officer dfts of any rank who clms |

| | | QUALIFIED IMMUNITY FROM SUIT must present that issue to the Crt by way of a mot to dism; mot sh be fld nlt 3/5/01; opp sh be fld nlt 3/19/01; Rply brs are to be fld nlt 3/26/01; The crt will hear argument on any such mtns on 4/2/01 9:30am. this ord partially lifts the stay inplace in this case to permit the filing of the mtns. by Judge Gary A. Feess CR: None Present (send) (pj) Modified on 02/07/2001 (Entered: 02/07/2001) |
|---|---|---|
| 04/27/2001 | 8 | MINUTES: (In Chambers) To facilitate the orderly consideration of the iss presented by the Rampart-related cases, the Crt's prior ord staying all proceedings in this case is partially lifted for the purpose of permitting dfts to file mot; All mot shall be fld NLT 5/14/01. All opp shall be fld NLT 5/29/01. Any replies shall be fld by 6/4/01. Crt will hold a hrg on any mot fld on 6/11/01 @ 10:00 (See doc for specifics) IT IS SO ORD by Judge Gary A. Feess CR: None Present (PSEND) (ir) (Entered: 05/01/2001) |
| 06/20/2001 | 9 | MINUTES: (In Chambers) Rule 5 svc requirement is mandatory & the Crt expects all ptys to comply w/ its terms for all future matters by Judge Gary A. Feess CR: None. (rrey) (Entered: 06/21/2001) |
| 08/21/2001 | 10 | NOTICE OF CHANGE Of Telephone & Facsimile Numbers filed by attys Paul N Paquette, Cecil W Marr for defendants that the Phone & Fax # have changed as follows: Telephone (213) 978-2206; Facsimile (213) 978-2211. (jp) (Entered: 08/22/2001) |
| 09/14/2001 | 11 | MINUTES NOTICE RE PARTIAL LIFTING OF STAY: Drafts of 4 docs by 10/15/01; status conference set for 3:00 10/22/01 by Judge Gary A. Feess CR: None Present (p send) (pj) (Entered: 09/17/2001) |
| 09/23/2001 | 12 | MINUTES: To clarify the status of this case, plaintiff is hereby Ordered to show cause in writing no later than 10/9/01, why the remainder of this action should not be dismissed for failure to effect timely service by Judge Gary A. Feess CR: N/A (bp) (Entered: 09/25/2001) |
| 10/01/2001 | 13 | NOTICE OF MOTION AND MOTION by defendant Los Angeles City of for compulsory joinder ; motion hearing set for 9:30 11/5/01 (pj) (Entered: 10/04/2001) |
| 10/19/2001 | 14 | MINUTES: To date, plaintiff has filed no response of any kind to the court's order. Accordingly, the following defendants are dismissed terminating party Does, party Stephen Yslas, party Robert Weil, party Barara Lindemann Schlei, party Stanley Sheinbaum, party Melanie Lomax, party Enrique Hernandez, party Maxwell Greenberg, party Gary Greenbaum, party Gavin, party James Fisk, party Edith Perez, party Art Mattox, party T Warren Jackson, party Deirdre Hughes Hill, party Dean Hansell, party Raymond C Fisher, party Herbert Boeckmann, party William Williams, party Bernard Parks, party John Doe, party John Doe, party John Doe, party John Doe, party Doe Guerra, party Brian Hewitt, party Doe party Antonio Rico by Judge Gary A. Feess CR: N/A (bp) (Entered: 10/22/2001) |
| 10/26/2001 | 15 | MINUTES: Rather than require plaintifs' counsel to make two appearances on the same day, the court hereby reschelues the status conference for 9:30 11/5/01 by Judge Gary A. Feess CR: N/A (bp) (Entered: 10/29/2001) |
| 10/30/2001 | 16 | MINUTES: (In Chambers) Crt tentatively concludes that the City's motion for compulsory joinder [13-1] should be DENIED by Judge Gary A. Feess CR: None Present (PSEND) (ir) (Entered: 10/31/2001) |
| 11/06/2001 | 17 | MINUTES before Judge Gary A. Feess: FINAL RULING ON DFTS RULE 19 JOINDER MOTIONS. The Crt DENIES the motions [13-1] (see doc for fur detail). CR: Lisa Gonzalez (cc: All Cnsl) (Send) (jp) (Entered: 11/08/2001) |
| 11/07/2001 | 18 | MIN bef Judge Gary A Feess: On 11/5/01 the Crt convened a stat conf w/plfs cnsl in the Rampart-related cases. Ord addresses several of the issues raised by cnsl during Stat conf. |

| | | |
|---|---|---|
| | | As of the time of the stat conf the Crt had not rcd a rpt from plfs cnsl re stat of Monell discov materials. The Crt sched a 2nd status conference set for 3:00 12/6/01. Any pty may file a mot raising the conflict of interest issue NLT 11/26/01 for hrg on 12/17/01. CR: N/P (SEND) (jp) (Entered: 11/08/2001) |
| 12/06/2001 | [19](#) | MIN bef Judge Gary A Feess: Crt convened a stat conf in the Rampart-rel cases on 12/06/01. This Ord addresses several of the issues raised during the conf. Cnsl for the City is ORDERED to review the CD-ROM's containing Rafael Perez testimony to determine if they have a search capability. The City shall subm a Brief Report to the Mag Judge NLT 12/21/01. The plfs Steering Committee & cnsl for the city are ORD to confer on this issue NLT 12/21/01 (see doc for fur detail). The City is ORD to prepare to proposal for coordinating discov req & resp to all plfs in all Rampart cases (see doc for fur detail). City shall circulate the proposal to all defense cnsl NLT 12/28/01. Steering Committee should be chosen & defense cnsl should resp to the City w/any suggestions NLT 01/11/02, the proposal should be subm to the Mag Judge NLT 01/25/02 (see doc for fur detail). CR: John Turman (Psend) (jp) (Entered: 12/12/2001) |
| 12/06/2001 | [20](#) | MIN bef Judge Gary A Feess: Crt convened a stat conf in the Rampart-rel cases on 12/06/01. This Ord addresses several of the issues raised during the conf. Cnsl for the City is ORDERED to review the CD-ROM's containing Rafael Perez testimony to determine if they have a search capability. The City shall sbum a Brief Rpt to the Mag Judge NLT 12/21/01. Plfs Steering Committee & cnsl for the city are ORD to confer on this issue NLT 12/21/01 (see doc for fur detail). City is ORD to prepare a proposal for coordinating discov req & resp to all plfs in all Rampart cases (see doc for fur detail). City shall circulate the proposal to all defense cnsl NLT 12/28/01. Steering Committe should be chosen & defense cnsl should resp to the City w/any suggestions NLT 1/11/02, the proposal should be subm to the Mag judge NLT 01/25/02 (see doc for fur detail). CR: John Turman (Psend) (jp) (Entered: 12/12/2001) |
| 04/24/2002 | [21](#) | MINUTES: The stay on the filing of motions previously ordered by this court is partially lifted. The stay on summary judgment motions remains in place. All pending motions in these cases, are denied without prejudice. Defense counsel are Ordered to provide plaintiffs with copies of any previous orders issued by this court in other Rampart cases which counsel believe address the issues they intend to move on. All defendants who have not previously answered, shall answer or otherwise respond to the cmplaint no later than Friday, May 24, 2002 by Judge Gary A. Feess CR: N/A (bp) (Entered: 04/29/2002) |
| 05/07/2002 | [22](#) | MINUTES: (In Chambers) In Sept 2001 Crt partially lifted stay on disc to permit ptys to engage in "incident specific" disc; Crt now anticipates that the remaining restrictions on disc will be lifted in the near fur; To facilitate this process, Crt makes the following ord: Mag Judge Wistrich is auth to ent any ord nec to coordinate & streamline all remaining aspects of disc & to lift remaining restrictions on disc as oon as practicable; Judge Wistrich will review the current status of disc to determine whether any addtl ord are desirable & will advise ptys' steering committees if he wants them to submit proposals re the coordination of depo practice; He will notify all ptys as soon as any addtl disc is auth (See doc for fur details) IT IS SO ORD by Judge Gary A. Feess CR: None Presnet (ir) (Entered: 05/08/2002) |
| 05/24/2002 | 23 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Richard Riordan (bp) (Entered: 05/28/2002) |
| 05/24/2002 | 24 | NOTICE OF MOTION AND MOTION by defendants Los Angeles City, Richard Riordan, Bernard Parks, Arturo Rico to dismiss cmp for failure to state a claim for relief ; motion hearing set for 9:30 6/24/02 (jp) (Entered: 05/29/2002) |
| 05/24/2002 | 25 | REQUEST FOR JUDICIAL NOTICE; MEMO OF P/A; DECL OF WENDY SHAPERO; EXHIBIT by defendants Los Angeles City, Richard Riordan, Bernard Parks, Arturo Rico |

| | | re motion to dismiss cmp for failure to state a claim for relief [24-1] (jp) (Entered: 05/29/2002) |
|---|---|---|
| 06/13/2002 | 26 | MINUTES: The hearing on motion to dismiss cmp for failure to state a claim for relief [24-1], is continued to 9:30 7/1/02 by Judge Gary A. Feess CR: N/A (bp) (Entered: 06/14/2002) |
| 06/14/2002 | 27 | MINUTES: On June 13, 2002, the court issued an order continuing the hearing on defendants' motion to dismiss to Monday, July 1, 2002 at 9:30 a.m. That order inadvertently included a reply date on July 24, 2002. The correct date for defendants to file their reply is Monday, June 24, 2002 by Judge Gary A. Feess CR: N/A (bp) (Entered: 06/18/2002) |
| 06/24/2002 | 28 | MINUTES: granting defendants motion to dismiss cmp for failure to state a claim for relief [24-1] terminating party Richard Riordan, party Los Angeles City of by Judge Gary A. CR: N/A (bp) (Entered: 06/26/2002) |
| 11/22/2002 | 29 | MINUTES before Judge Gary A. Feess: NOTICE OF LIFTING OF STAY: In all Rampart cases whose case number begin with 90- or 00-, the Court is lifting any remaining stay order now in place. In connection with the lifting of any remaining stay, the parties in those cases are hereby order to prepare a Rule 26(f) Joint Report (see document for further details). CR: N/P (jp) (Entered: 11/25/2002) |
| 01/24/2003 | 30 | MINUTES: (In Chambers) The parties in this "Rampart" case required to take notice of the attached sched of Trial & Pretrial dates. All parties are to respond by providing the Court with either a joint or individual list of dates NLT 2/14/03 (see doc) by Judge Gary A. Feess CR: None Present (el) (Entered: 01/24/2003) |
| 01/27/2003 | 31 | MINUTES: Upon review of the case file, it is the court's understanding that the last two defendants in this case were dismissed on June 24, 2002. As no defendants remain in this action, this case is now closed terminating case (MD JS-6) by Judge Gary A. Feess CR: N/A (bp) (Entered: 01/28/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/10/2022 14:12:48 | | |
| **PACER Login:** | fpdcac0087 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cv-12531-GAF-AJW End date: 6/10/2022 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Reproduced from the holdings of the *National Archives at Riverside*

1 | GREGORY W. MORENO, SBN 57844
FRANK PEREZ, SBN 205377
2 | MORENO, BECERRA, GUERRERO & CASILLAS
A Professional Law Corporation
3 | 3500 West Beverly Boulevard
Montebello, CA 90640-1541
4 | Telephone: (323) 725-0917
Facsimile: (323) 725-0350
5 |
Attorneys for Plaintiff
6 | CARLOS CORRALES

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**AHM**

| | |
|---|---|
| 10 CARLOS CORRALES | CASE NO: 03 - 0910 (SHx) |
| 11 Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | |
| 12 | **CIVIL RIGHTS VIOLATIONS** |
| CITY OF LOS ANGELES, JEFFERY | **PURSUANT TO 42 U.S.C. §§ 1983,** |
| 13 ROBB, DAVID VINTON, SCOTT VOELTZ, | **1985, 1986, 1988; NEGLIGENCE AND** |
| NATHAN BUTCHER, AND DOE | **FALSE IMPRISONMENT** |
| 14 DEFENDANTS 1 THROUGH 10, | |
| INCLUSIVE. | |
| 15 | **[REQUEST FOR JURY TRIAL]** |
| Defendants. | |
| 16 | |

17

## COMPLAINT

**COMES NOW PLAINTIFF CARLOS CORRALES**, and alleges as follows:

### I.

### VENUE AND JURISDICTION

23 | 1. This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and Fourteenth

24 | Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C.

25 | §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and

26 | Constitutional provisions.

27 | 2. Venue is proper in the Central District of California. The injury occurred in the

28 | City of Los Angeles, California.

ENTERED ON ICMS

FEB 1 1 2003

CV

Reproduced from the holdings of the *National Archives at Riverside*

## II.

## PARTIES

3.   At all times relevant hereto, Plaintiff CARLOS CORRALES is and was a resident of the County of Los Angeles, California.  Plaintiff is Hispanic/American and Latino.

4.   At all times mentioned herein, Defendant CITY OF LOS ANGELES was a public entity duly organized and existing under and by virtue of the laws of the State of California.

5.   At all times relevant herein, Defendants JEFFERY ROBB, DAVID VINTON, SCOTT VOELTZ, NATHAN BUTCHER, and DOES 1 through 5, (hereafter "POLICE OFFICER DEFENDANTS") were residents of the County of Los Angeles, and were police officers, detectives, and/or civilian employees, agents and representatives of the City of Los Angeles Police Department and employees, agents and representatives of the City of Los Angeles.  At all times relevant hereto, said Defendants were acting within the course and scope of their employment as officers, sergeants, captains, and/or civilian employees of the Los Angeles Police Department, a department and subdivision of Defendant City of Los Angeles.  At all times relevant herein, said Defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY OF LOS ANGELES, its police department and/or the State of California.

6.   At all times relevant herein, Defendants BERNARD PARKS, and DOES 6 through 10, (hereafter "SUPERVISING OFFICER DEFENDANTS") were residents of the County of Los Angeles, and were police officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents and representatives of the City of Los Angeles Police Department and employees, agents and representatives of the City of Los Angeles.  At all times relevant hereto, said Defendants were acting within the course and scope of their employment as

2

Reproduced from the holdings of the National Archives at Riverside

officers, sergeants, captains and chiefs of police, policy makers, and/or civilian

employees of the Los Angeles Police Department, a department and subdivision of

Defendant City of Los Angeles.  At all times relevant herein, said Defendants were

acting under color of law, to wit, under the color of the statutes, ordinances,

regulations, policies, customs, practices and usages of Defendant CITY OF LOS

ANGELES, its police department and/or the State of California.

7.   PLAINTIFFS are ignorant of the true names and capacities of Defendants sued

herein as DOE Defendants 1 through 10, inclusive, and therefore sues these

Defendants by such fictitious names.  PLAINTIFF will amend this complaint to

allege their true names and capacities when ascertained.  PLAINTIFF is informed

and believes and thereon alleges that each of the fictitiously named Defendants is

responsible in some manner for the occurrences herein alleged, and that

PLAINTIFF's injuries as herein alleged were proximately caused by the acts

and/or omissions of said fictitiously named Defendants.

8.   DOE Defendants 1 through 10, inclusive, and each of them, are and were at all

times relevant hereto, officers, sergeants, captains, commanders, supervisors

and/or civilian employees, and agents and representatives of the City of Los

Angeles Police Department, acting within their capacity as employees, agents and

servants of the Defendant CITY OF LOS ANGELES.  Said Defendants, and at all

times alleged herein where acting within the course and scope of that employment

and agency. DOES 1 through 10 are sued individually and in their capacity as

police officers, sergeants, captains, commanders, supervisors and other officers for

the City of Los Angeles Police Department, a department and subdivision of

Defendant CITY OF LOS ANGELES.

9.   At all times relevant herein, Defendants JEFFERY ROBB, DAVID VINTON, SCOTT

VOELTZ, NATHAN BUTCHER, BERNARD PARKS, and DOE Defendants 1

through 10, and each of them, were acting under color of law, to wit, under the

color of the statutes, ordinances, regulations, policies, customs, practices and

3

Reproduced from the holdings of the National Archives at Riverside

1    usages of Defendant CITY OF LOS ANGELES, its police department and/or the

2    State of California.

3    10.  At all times relevant herein, Defendants, BERNARD PARKS, and DOE

4    Defendants 5 through 10, inclusive, were supervisors and policy makers for the

5    City of Los Angeles Police Department, and for its special police unit known as

6    "CRASH" whose stated purpose was to address gang crimes, and which employed

7    organized, unlawful, and illegal customs and practices of illegal searches and

8    seizures, false arrests which lacked probable cause, falsification of evidence, filing

9    of false police reports in violation of P.C. §118.1, and the commission of perjury

10   in carrying out their mandate.  Said misconduct was encouraged, tolerated, ratified,

11   and condoned by Defendants BERNARD PARKS, and DOE Defendants 5 through

12   10,inclusive.

13   11.   At all times relevant herein, Defendants JEFFERY ROBB, DAVID VINTON,

14   SCOTT VOELTZ, NATHAN BUTCHER, BERNARD PARKS, and DOE

15   Defendants 1 through 10, and each of them, were acting within the course and

16   scope of their employment as police officers and employees of the CITY OF LOS

17   ANGELES, which is liable in respondeat superior for said employees state-law

18   torts pursuant to section 815.2 of the California Government Code.

19   12.  Plaintiff has complied with the presentation requirements of the Tort Claims Act

20   said by timely presenting claims with the City of Los Angeles, and said claims

21   having been rejected, denied and/or denied by operation of law by the City of Los

22   Angeles, PLAINTIFFS bring the present action.

### III.

### FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION

25   13.  On February 19, 2002, a writ of habeas corpus was granted by the Honorable Paul

26   Fidler, Judge of the Superior Court of the State of California for the County of Los

27   Angeles which unconditionally overturned, expunged and otherwise invalidated

28   PLAINTIFF's conviction rendered against him for violating Health and Safety Code

4

Reproduced from the holdings of the National Archives at Riverside

1     § 11352 (a).

2  14.   PLAINTIFF was originally arrested by POLICE OFFICER DEFENDANTS who

3       were at all times relevant hereto Los Angeles police officers assigned to the

4       LAPD's Rampart Division.

5  15.   On August 8, 1998, POLICE OFFICER DEFENDANTS arrested PLAINTIFF

6       without probable cause.  On said date, PLAINTIFF was lawfully walking along a

7       sidewalk within the City of Los Angeles.

8  16.   POLICE OFFICER DEFENDANTS approached PLAINTIFF and without cause or

9       provocation, said Defendants unlawfully detained PLAINTIFF and falsely accused

10      him of selling narcotics.

11  17.   POLICE OFFICER DEFENDANTS then produced narcotics from their own

12      persons and falsely attributed possession of these items to PLAINTIFF.

13  18.   POLICE OFFICER DEFENDANTS thereafter falsely accused PLAINTIFF of

14      distributing narcotics, and arrested PLAINTIFF for their sale and possession.  Said

15      Defendants took PLAINTIFF into custody without legal cause.

16  19.   Said Defendants thereafter authored false and misleading police reports attributing

17      the possession and distribution of narcotics to PLAINTIFF.  Said police reports

18      detailed an elaborate and false account of the encounter between PLAINTIFF and

19      said Defendants and falsely accused PLAINTIFF of possessing and distributing

20      said narcotics.

21  20.   Said Defendants booked as evidence against PLAINTIFF narcotics which they

22      knowingly falsely attributed to PLAINTIFF.

23  21.   The District Attorney's Office, in reliance on said false reports of POLICE

24      OFFICER DEFENDANTS subsequently filed a felony complaint against

25      PLAINTIFF, charging PLAINTIFF with violating Health and Safety Code § 11352 (a).

26      A preliminary hearing was conducted, and after the hearing where POLICE

27      OFFICER DEFENDANTS gave testimony consistent with their false allegations in

28      their police reports, PLAINTIFF was held to answer, and the matter proceeded to

Reproduced from the holdings of the National Archives at Riverside

1    trial.

2    22.   The above-described false testimony of POLICE OFFICER DEFENDANTS was

3          given pursuant to an express and/or implied agreement among said Defendants that

4          they would repeat the false version of events contained in the false police reports

5          authored by said Defendants, and that said testimony would be given to wrongfully

6          and illegally convict PLAINTIFF and cause him to be sentenced to County Jail for

7          an extended period of time.  In carrying out this unlawful and malicious plan, said

8          Defendants secured the cooperation, approval, and assistance of other officers,

9          sergeants, captains, supervisors and civilian employees from the LAPD's Rampart

10         Station.

11   23.   Acting in concert and acting pursuant to their plan, POLICE OFFICER

12         DEFENDANTS then repeated their false testimony against PLAINTIFF during his

13         criminal trial, and based on said false and perjurious testimony and upon the false

14         evidence which said Defendants had attributed to PLAINTIFF, PLAINTIFF

15         entered a plea of nolo contendere to the charges as alleged.   As a result thereof,

16         PLAINTIFF thereafter entered penal custody with the Los Angeles County Sheriff

17         Department's County Jail and the custody of the Immigration and Naturalization

18         Service ("INS") despite his status as a legal resident alien.

19   24.   From the date of his arrest, until the date of his release from the custody of the INS

20         custody, PLAINTIFF was wrongfully and illegally incarcerated and imprisoned for

21         a total period of approximately 12 months.

22   25.   PLAINTIFF continues to suffer from the injuries proximately caused by his

23         wrongful, false and malicious arrest, detention, prosecution, conviction and

24         imprisonment by way of continuous shock, fear, apprehension, nervousness,

25         anxiety, depression, and pain and suffering.

26   26.   As provided in Heck v. Humphrey, 512 U.S. 477, 486-487, 117 S. Ct. 2354 (1994)

27         and Cabrera v. City of Huntington Park, 159 F.3d 374 (9th Cir, 1998),

28         PLAINTIFF's claims for false arrest, malicious prosecution and false

                                          6

Reproduced from the holdings of the National Archives at Riverside

1    imprisonment did not accrue until his conviction was overturned on the above

2    indicated date.

3  27.  Prior to the filing of the present complaint, the present plaintiffs timely complied

4    with the claim presentation requirements of the Government Code.  Said claims

5    having been rejected or deemed rejected by the operation of law, the state-law

6    claims in the present action are hereby brought.

7  28.  Defendant City of Los Angeles is liable in respondeat superior pursuant to Section

8    815.2 of the California Government Code for the acts of its employees named

9    herein who at all times alleged herein was acting in the course and scope of their

10    employment with said public entity.

11                              **IV.**

12                    **FIRST COUNT/CAUSE OF ACTION**

13          **VIOLATION OF PLAINTIFF'S PROCEDURAL AND**

14          **SUBSTANTIVE DUE PROCESS RIGHTS THROUGH**

15          **MALICIOUS PROSECUTION/FALSE IMPRISONMENT**

16                  **[As to POLICE OFFICER DEFENDANTS]**

17  29.  PLAINTIFF repeats, realleges, and incorporates each and every allegation of each

18    and every paragraph in Sections II and III above as though fully set forth herein.

19  30.  This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth

20    Amendment of the United States Constitution for violation of PLAINTIFF's

21    procedural and substantive due process rights and the violation thereof resulting

22    from the malicious prosecution by the Defendants named herein and the resulting

23    false imprisonment.

24  31.  As delineated in the above, PLAINTIFF was wrongfully arrested without probable

25    cause, and was charged, tried and convicted of felonies he did not commit based

26    upon the false charges, statements, police reports, evidence and testimony

27    presented by POLICE OFFICER DEFENDANTS.

28  32.  Said Defendants, in violation of Penal Code section 118.1 filed materially false

7

Reproduced from the holdings of the National Archives at Riverside

1        police reports, made materially false statements to investigators and prosecutors

2        that PLAINTIFF had possessed said firearm, and presented falsified evidence, all

3        for the purpose of having PLAINTIFF wrongfully, unjustly and falsely charged

4        with crimes, and to ensure that PLAINTIFF would be falsely and wrongfully

5        prosecuted.

6   33.   At no time did said Defendants have probable cause to arrest and charge

7        PLAINTIFF for any crime or to recommend that he be prosecuted.

8        Notwithstanding this, with malice and conscious disregard for his rights to due

9        process, said Defendants presented the above false evidence and recommended

10       that PLAINTIFF be charged and prosecuted and thereafter meaningfully

11       participated in his prosecution to ensure his wrongful conviction and wrongful

12       imprisonment.

13   34.   As a result of the above-described acts and misconduct, PLAINTIFF was

14       wrongfully and unjustly convicted of the violations indicated in Section III above,

15       and thereafter was wrongfully sentenced to County Jail.

16   35.   As indicated in Section III above, PLAINTIFF's conviction was expunged,

17       overturned and/or otherwise unconditionally invalidated by valid court order. As a

18       result of the misconduct described herein, PLAINTIFF was detained, incarcerated

19       and imprisoned for the period stated in Section III above.

20   36.   As the actual and proximate result of the acts and omissions of said Defendants as

21       described herein, PLAINTIFF was made to lose his freedom and liberty for the

22       period stated above in Section III, this in violation of the Fourteenth Amendment's

23       procedural and substantive due process guarantees. During said incarceration

24       PLAINTIFF suffered personal and bodily injuries, and during said time he

25       suffered, and continues to suffer, severe emotional and psychological pain,

26       suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has

27       been made to hire medical specialists for treatment and therapy for his injuries. As

28       further proximately resulting from said Defendants' misconduct, PLAINTIFF has

Reproduced from the holdings of the *National Archives at Riverside*

1   experienced a significant loss of wages and a significant loss of his ability to

2   obtain and maintain gainful employment.

3  37.  The aforementioned acts of said Defendants was willful, wanton, malicious and

4   oppressive and said misconduct shocks the conscience thereby justifying the

5   awarding of exemplary and punitive damages as to these Defendants.

6                            **V.**

7              **SECOND COUNT/CAUSE OF ACTION**

8    **VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM**

9         **UNREASONABLE SEARCHES AND SEIZURES**

10         **[AS TO POLICE OFFICER DEFENDANTS]**

11  38.  PLAINTIFF repeats, realleges and incorporates each and every allegation above as

12   though fully set forth herein.

13  39.  This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of

14   the United States Constitution.

15  40.  At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the

16   Fourth Amendment of the United States Constitution, to be free from unreasonable

17   searches and seizures by police officers acting under the color of law.

18  41.  As described in Section III above, POLICE OFFICER DEFENDANTS violated

19   PLAINTIFF's Fourth Amendment rights by unlawfully and unreasonably

20   detaining, handcuffing, arresting and imprisoning him without reasonable

21   suspicion or probable cause.

22  42.  In doing these things, said Defendants acted specifically with the intent to deprive

23   PLAINTIFF of his constitutional rights under the Fourth Amendment to be free

24   from unreasonable seizures.

25  43.  Said Defendants subjected PLAINTIFF to the aforementioned deprivations by

26   either actual malice, deliberate indifference or a reckless disregard of his rights

27   under the U.S. Constitution.

28  44.  Said Defendants, acted at all times herein knowing full well that the established

Reproduced from the holdings of the *National Archives at Riverside*

practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

45.  As a direct and proximate result of the aforementioned acts of said Defendants, PLAINTIFF suffered the violation of his constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said Defendants, as described herein, PLAINTIFF was made to lose his freedom and liberty for the period of time indicated in Section III above, this in violation of the Fourteenth Amendment's due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries. As further proximately resulting from said Defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

46.  The aforementioned acts of said Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

## VI.

## THIRD COUNT/CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

## [As to POLICE OFFICER DEFENDANTS]

47.  PLAINTIFF repeats, reallege and incorporates each and every allegation above as though fully set forth herein.

48.  This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF's procedural and substantive due process rights.

Reproduced from the holdings of the *National Archives at Riverside*

49.  At the time and place alleged herein, POLICE OFFICER DEFENDANTS were present at the immediate scene of the arrest and booking of PLAINTIFF.

50.  At said date and location, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted detention and arrest of PLAINTIFF.

51.  At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful detention and arrest of PLAINTIFF, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

52.  At said date and location, in deliberate indifference to PLAINTIFF's life, health and Constitutional rights, said Defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said detention and arrest.

53.  As a result thereof, said Defendants unlawfully seized PLAINTIFF and unlawfully and unjustifiably arrested and imprisoned PLAINTIFF in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

54.  Thereafter, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted prosecution of PLAINTIFF and further failed to intervene to prevent the unlawful and malicious prosecution, conviction and imprisonment of PLAINTIFF.  After said conviction, said Defendants were in the position and authority to stop the imprisonment of PLAINTIFF by revealing the falsity of the criminal allegations and evidence against PLAINTIFF and failed to do so and allowed PLAINTIFF to be wrongfully sentenced and thereafter imprisoned for the period indicated above in Section III.

55.  As the actual and proximate result of the acts and omissions of said Defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above in Section III, this in violation of the Fourteenth Amendment's

11

Reproduced from the holdings of the National Archives at Riverside

1    procedural and substantive due process guarantees.  During said incarceration

2    PLAINTIFF suffered personal and bodily injuries, and during said time he

3    suffered, and continues to suffer, severe emotional and psychological pain,

4    suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

5    been made to hire medical specialists for treatment and therapy for his injuries.  As

6    further proximately resulting from said Defendants' misconduct, PLAINTIFF has

7    experienced a significant loss of wages and a significant loss of his ability to

8    obtain and maintain gainful employment.

9    56.   The aforementioned acts of POLICE OFFICER DEFENDANTS were willful,

10         wanton, malicious, oppressive and shocking to the conscience thereby justifying

11         the awarding of exemplary and punitive damages as to said Defendants.

12                                          **VII.**

13                    **FOURTH COUNT/CAUSE OF ACTION**

14   **SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF  PLAINTIFF'S**

15                **FOURTH AND FOURTEENTH AMENDMENT RIGHTS**

16         **[As to Defendants Bernard Parks, and Does 6 Through 10, Inclusive]**

17   57.   PLAINTIFF repeats, realleges and incorporates each and every allegation above as

18         though fully set forth herein.

19   58.   This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's

20         rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

21   59.   On, or soon after, the date of PLAINTIFF's arrest, Defendants BERNARD

22         PARKS, and DOES 6 through 10, inclusive, learned and became aware of the

23         arrest of PLAINTIFF by POLICE OFFICER DEFENDANTS.

24   60.   Thereafter, said Defendants conducted an investigation of the arrest by personally

25         evaluating the evidence of the incident, by taking statements from the individuals

26         involved.

27   61.   Said Defendants were aware of the customs, practices, and propensities of their

28         subordinates POLICE OFFICER DEFENDANTS to make false arrests, to file

                                          12

Reproduced from the holdings of the National Archives at Riverside

1    false police reports in violation of P.C. §118.1, to falsify evidence and to commit

2    perjury to conceal this misconduct, and to unlawfully and without probable cause

3    or suspicion detain, arrest and imprison persons. Said Defendants tolerated,

4    encouraged and expressly and impliedly condoned this misconduct by consciously

5    and deliberately ignoring, turning a blind eye to and overlooking, ratifying, and

6    condoning such misconduct.

7  62.  Since 1990, said Defendants were aware of repeated acts of unlawful searches and

8    seizures, the preparation and submission of false and misleading police reports, the

9    falsification of evidence and the commission of perjury by POLICE OFFICER

10    DEFENDANTS and of conspiracies amongst said police officers to conceal said

11    misconduct.

12  63.  Notwithstanding this knowledge, said Defendants encouraged and facilitated such

13    conduct and deliberately and leniently overlooked and ratified the misconduct of

14    POLICE OFFICER DEFENDANTS by failing to discipline said officers,

15    approving false and misleading police reports authored by said officers, and failing

16    to recommend the investigation and criminal prosecution of said officers for their

17    misconduct, and in the present instance failing to supervise and control POLICE

18    OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by

19    failing to train said subordinate officers in the procedures, laws and practices that

20    would eliminate the risk of the constitutional violations alleged herein.

21  64.  By consciously and deliberately overlooking the repeated acts of misconduct and

22    criminal acts by their subordinate officers, including their subordinates POLICE

23    OFFICER DEFENDANTS, said Defendants established a custom and practice of

24    condoning and ratifying such misconduct and criminal activity, and established a

25    tolerated pattern of constitutional violations amongst their subordinate officers.

26    The condoning of misconduct by said Defendants was so comprehensive and well-

27    known that their subordinate officers were emboldened to blatantly violate the

28    constitutional rights of any persons the subordinate officers came into contact with

13

Reproduced from the holdings of the *National Archives at Riverside*

1    while on duty and while off duty to commit crimes such as the theft and sales of

2    narcotics, the theft of property, false arrests, perjury, assaults and batteries with

3    impunity.

4  65.  Through their conscious disregard for the rights of the persons their subordinates

5    would come in contact with and through their custom and practice of encouraging,

6    condoning, tolerating and ratifying constitutional violations and criminal activity

7    by their subordinates, said Defendants were deliberately indifferent to the

8    constitutional violations being committed by their subordinates, including POLICE

9    OFFICER DEFENDANTS.

10  66.  Based on the evaluation of the arrest and the evidence from the incident which

11    underlies this lawsuit, said Defendants, as described above, and based on their

12    knowledge of the prior misconduct of the officers involved in the incident,

13    concluded that the arrest of PLAINTIFF was unjustified, that a conspiracy was in

14    place and continuing between the police officers involved in the incident to

15    conceal the wrongfulness of their conduct, and that discipline and criminal

16    prosecution of the officers was called for.  Notwithstanding this information and

17    their conclusions, said Defendants ratified, condoned, approved and turned a blind

18    eye to the misconduct of POLICE OFFICER DEFENDANTS by failing to

19    discipline said officers and failing to recommend the investigation and criminal

20    prosecution of said officers.

21  67.  Because of their failure to act to prevent the continuing constitutional violations by

22    their subordinates, and because of the establishment of the policies and practices

23    described above as well as their failure to adequately train their subordinates, said

24    Defendants are liable for the constitutional violations committed by POLICE

25    OFFICER DEFENDANTS and for the damages suffered by PLAINTIFF as

26    described herein.  As the actual and proximate result of the acts and omissions of

27    said Defendants, PLAINTIFF was wrongfully imprisoned and made to lose his

28    freedom and liberty for the duration of the period indicated in section III above,

Reproduced from the holdings of the *National Archives at Riverside*

1    this in violation of the Fourteenth Amendment's due process guarantees.

2  68.  As the actual and proximate result of the acts and omissions of said Defendants as

3    described herein, PLAINTIFF was made to lose his freedom and liberty for the

4    period stated above in Section III, this in violation of the Fourteenth Amendment's

5    procedural and substantive due process guarantees.  During said incarceration

6    PLAINTIFF suffered personal and bodily injuries, and during said time he

7    suffered, and continues to suffer, severe emotional and psychological pain,

8    suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

9    been made to hire medical specialists for treatment and therapy for his injuries.  As

10   further proximately resulting from said Defendants' misconduct, PLAINTIFF has

11   experienced a significant loss of wages and a significant loss of his ability to

12   obtain and maintain gainful employment.

13  69.  The aforementioned acts of BERNARD PARKS, and DOES 6 through 10,

14   inclusive were willful, wanton, malicious and oppressive thereby justifying the

15   awarding of exemplary and punitive damages as to these Defendants.

16                                      **VIII**.

17                       **FIFTH COUNT/CAUSE OF ACTION**

18  **MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

19            **[As to CITY OF LOS ANGELES, SUPERVISING OFFICER**

20            **DEFENDANTS and SUPERVISORY DEFENDANTS**

21  70.  PLAINTIFF repeats, realleges and incorporates each and every allegation above as

22   though fully set forth herein.

23  71.  This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's

24   rights under the Fourth and Fourteenth Amendments.

25  72.  On the date of PLAINTIFF's arrest indicated in Section III above POLICE

26   OFFICER DEFENDANTS, acting within the course and scope of their duties as

27   peace officers of the City of Los Angeles, deprived PLAINTIFF of his rights to be

28   free from unreasonable seizures and unlawful arrests as delineated herein above,

Reproduced from the holdings of the National Archives at Riverside

1    and thereafter in violation of PLAINTIFF's due process rights proceeded to falsify

2    evidence, submit false police reports and offer perjurious testimony so as to ensure

3    that PLAINTIFF would be wrongfully convicted and sentenced.

4  73.    At the time of these constitutional violations by POLICE OFFICER

5    DEFENDANTS, DEFENDANTS CITY OF LOS ANGELES, AND

6    SUPERVISING OFFICER DEFENDANTS had in place, and had ratified,

7    policies, procedures, customs and practices which permitted and encouraged their

8    police officers to unjustifiably, unreasonably and in violation of the Fourth and

9    Fourteenth Amendments, to unlawfully arrest persons without probable cause, and

10    specifically Latinos/Hispanics, as well as members of other minority groups.

11  74.    Said policies, procedures, customs and practices also called for the City of Los

12    Angeles and its Police Department not to discipline, prosecute, or objectively

13    and/or independently investigate or in any way deal with or respond to known

14    incidents and complaints of false arrests, falsification of evidence, the preparation

15    of false police reports to justify such wrongful conduct, and the giving of false

16    testimony in trial to cover-up and conceal such wrongful conduct by officers of the

17    Los Angeles Police Department and its Rampart Division, and for the City of Los

18    Angeles to fail to objectively and/or independently investigate or in any way deal

19    with or respond to  or the related claims and lawsuits made as a result of such false

20    arrests and related misconduct.

21  75.    Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

22    DEFENDANTS were aware of and were deliberately indifferent to a pervasive and

23    widespread pattern and practice with the LAPD of concealing known instances of

24    evidence planting, evidence tampering, perjury, falsified police reports, witness

25    coercion, on-duty criminal acts and on-duty acts of moral turpitude.  This pattern

26    and practice was identified and documented by the commission appointed by the

27    City of Los Angeles known as the "Christopher Commission."  Said commission

28    issued a report to the City of Los Angeles describing this pattern and practice as a

Reproduced from the holdings of the National Archives at Riverside

1    "Code of Silence" and identified it as a cause of continued civil rights violations,

2    and put said Defendants on notice of the existence of such pattern and practice.

3    Said Defendants failed to take any reasonable measures to correct this pattern and

4    practice and as a result said city and persons have been deliberately indifferent to

5    the civil rights violations which resulted, including those which are described in

6    the present claim.

7    76.    Said policies, procedures, customs and practices called for and led to the refusal of

8    said Defendants to investigate complaints of previous incidents of false and

9    unlawful arrests, the filing of false police reports to conceal such misconduct, the

10    falsification of evidence and perjury and, instead, officially claim that such

11    incidents were justified and proper.

12    77.    Said policies, procedures, customs and practices called for said Defendants, by

13    means of inaction and coverup, to encourage an atmosphere of lawlessness within

14    the police department and to encourage their police officers to believe that

15    improper arrest of residents of the Los Angeles County or persons present therein,

16    including members of minority groups, the planting of evidence, the submission of

17    false police reports, and the commission of perjury was permissible and to believe

18    that unlawful acts of falsification of evidence and perjury would be overlooked

19    without discipline or other official ramifications.

20    78.    Said policies, procedures, customs and practices of said Defendants and each of

21    them evidenced a deliberate indifference to the violations of the constitutional

22    rights of PLAINTIFF. This indifference was manifested by the failure to change,

23    correct, revoke, or rescind said policies, procedures, customs and practices in light

24    of prior knowledge by said Defendants and their subordinate policymakers of

25    indistinguishably similar incidents of unjustified and unreasonable and unlawful

26    arrests, falsification of evidence, evidence tampering, submission of false police

27    reports and perjury.

28    79.    Deliberate indifference to the civil rights of minority groups and other victims of

17

Reproduced from the holdings of the National Archives at Riverside

1    the LAPD's unlawful arrests, falsified evidence, false and misleading police

2    reports and false and perjurious testimony was also evidenced by said Defendants

3    by their ignoring of the history and pattern of prior civil lawsuits alleging civil

4    rights violations, similar to those alleged herein, arising from such misconduct and

5    the related payment of judgments to such individuals.

6  80.   Deliberate indifference to the civil rights of minority groups and other victims of

7    the LAPD's unlawful arrests, falsified evidence, false and misleading police

8    reports and false and perjurious testimony was also evidenced by said Defendants

9    by their ignoring findings of the report by the Christopher Commission which

10    found said policies, procedures, customs and practices to be in place, and found

11    that there existed in the Los Angeles Police Department an environment and

12    atmosphere which condoned unjustified and unreasonable police shootings, arrests,

13    falsification of evidence, evidence tampering, submission of false police reports

14    and perjury.

15  81.   Deliberate indifference is also evidenced by an absence of or by maintenance of an

16    inadequate system of tort claims tracking, firearms discharges tracking, use-of-

17    force tracking, and by maintaining an inadequate system of officer discipline and

18    independent and objective investigation by the City of Los Angeles and its police

19    department which failed to identify and investigate instances of false and unlawful

20    arrests, falsification of evidence, submission of false police reports and perjury.

21  82.   Deliberate indifference to the civil rights of minority groups and other victims of

22    the LAPD's unlawful arrests and falsified evidence was also evidenced by the

23    failure of  by said Defendants to adequately train and more closely supervise or

24    retrain officers and/or discipline or recommend prosecution of those officers who

25    in fact improperly used such weapons, falsified evidence, tampered with evidence,

26    submitted false and misleading police reports, and/or committed perjury.

27  83.   Deliberate indifference to the civil rights of minority groups and other victims of

28    the LAPD's unlawful arrests and falsified evidence was also evidenced by said

Reproduced from the holdings of the *National Archives at Riverside*

1   Defendants support of and participation in the proceedings to implement an

2   injunction against a defined group of Hispanic/Latino men and women living in

3   and around the west central/ Pico-Union area of Los Angeles by falsely alleging

4   that said individuals had participated in an organized and deliberate course of

5   criminal conduct.  Based upon the assistance, support and testimony of said

6   Defendants, said injunction was granted and said Defendants then organized a

7   deliberate and malicious plan, scheme and/or program to target said persons for

8   harassment, arrest, detention, prosecution and imprisonment.  Said plan, scheme

9   and/or program was carried out by the officers of the Los Angeles Police

10   Department, and POLICE OFFICER DEFENDANTS, and convictions under this

11   injunction were obtained through falsified evidence, through acts of evidence

12   tampering, the authoring and presentation of false and misleading police reports,

13   and the presentation of false testimony at trial.

14   84.   Other systemic deficiencies of said Defendants which indicated, and continue to

15   indicate, a deliberate indifference to the violations of the civil rights by the officers

16   of the Los Angeles Police Department include:

17   a.   preparation of investigative reports designed to vindicate and/or justify false

18   and unlawful arrests;

19   b.   preparation of investigative reports which uncritically rely solely on the

20   word of LAPD officers involved in unlawful arrests or in the planting of

21   evidence and which systematically fail to credit testimony by non-officer

22   witnesses;

23   c.   preparation of investigative reports which omit factual information and

24   physical evidence which contradicts the accounts of the officers involved;

25   d.   issuance of public statements exonerating officers involved in such

26   incidents prior to the completion of investigations of wrongful arrests.

27   e.   failure to maintain centralized department-wide system for the

28   tracking and monitoring tort claims and lawsuits alleging false

19

Reproduced from the holdings of the *National Archives at Riverside*

1      arrests, planting of evidence, perjury, abuse of authority, and race-

2      based misconduct by individual officers so as to identify those

3      officers who engage in a pattern of abuse of police authority and

4      police misconduct.

5   85.   Said Defendants also maintained a system of grossly inadequate training pertaining

6      to the lawful making of arrests, police ethics, the law pertaining to searches and

7      seizures, testifying in trial and perjury, the collection of evidence, and the

8      preparation of police reports.

9   86.   Deliberate indifference to the civil rights of minority groups and other victims of

10      the LAPD's false arrests, planting of evidence, and perjury was also evidenced by

11      said Defendants' failure to implement an officer discipline system which would

12      conduct meaningful and independent investigations of citizen complaints of false

13      arrests, falsified evidence, evidence tampering, authoring and filing of false and

14      misleading police reports, and the presentation of false testimony at trial.

15   87.   Deliberate indifference to the civil rights of minority groups and other victims of

16      the LAPD's unlawful arrests, falsified evidence, false and misleading police

17      reports and false and perjurious testimony was also evidenced by said Defendants

18      implementing a practice and custom within the Los Angeles Police department of

19      permitting officers of the Los Angeles Police department to engage in unlawful

20      activities while on duty, such as the theft and sale of narcotics and drugs, theft,

21      assaults, batteries, and other crimes of moral turpitude.

22   88.   The foregoing acts, omissions, and systemic deficiencies are policies and customs

23      of said Defendants and such caused, permitted and/or allowed under official

24      sanction POLICE OFFICER DEFENDANTS to be unaware of, or intentionally

25      overlook and ignore, the rules and laws governing the probable cause requirements

26      for arrests, the falsification of evidence or the tampering with evidence, the

27      submission of false police reports and the commission of perjury in criminal trials.

28      The foregoing acts, omissions, and systemic deficiencies are policies and customs

Reproduced from the holdings of the National Archives at Riverside

1    of said Defendants and such caused, permitted and/or allowed under official

2    sanction said police officer Defendants to believe that arrests are entirely within

3    the discretion of the officer and that improper and unlawful arrests, evidence

4    falsification, filing of false and misleading police reports, and the commission of

5    perjury would not be objectively, thoroughly and/or properly investigated, all with

6    the foreseeable result that Defendants' officers would make false and unlawful

7    arrests, and falsify evidence, submit false and misleading police reports, and

8    commit perjury, and thereby violate the civil rights of the citizens of this state with

9    whom said officers would come into contact with.

10   89.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies,

11   procedures, customs and practices, POLICE OFFICER DEFENDANTS

12   unlawfully arrested PLAINTIFF, and developed and implemented a plan to falsely

13   accuse him of possessing a firearm, and to secure his prosecution, conviction and

14   imprisonment through the offering of false and misleading police reports and the

15   presentation of falsified evidence and perjurious testimony.

16   90.   As the actual and proximate result of the acts and omissions of said Defendants as

17   described wherein, PLAINTIFF was made to lose his freedom and liberty for the

18   period stated above in Section III, this in violation of the Fourteenth Amendment's

19   procedural and substantive due process guarantees.  During said incarceration

20   PLAINTIFF suffered personal and bodily injuries, and during said time he

21   suffered, and continues to suffer, severe emotional and psychological pain,

22   suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

23   been made to hire medical specialists for treatment and therapy for his injuries.  As

24   further proximately resulting from said Defendants' misconduct, PLAINTIFF has

25   experienced a significant loss of wages and a significant loss of his ability to

26   obtain and maintain gainful employment.

27   91.   The aforementioned acts of SUPERVISING OFFICER DEFENDANTS were

28   willful, wanton, malicious and oppressive thereby justifying the awarding of

Reproduced from the holdings of the National Archives at Riverside

1    exemplary and punitive damages as to these Defendants.

2                                    IX.

3                    **SIXTH COUNT/CAUSE OF ACTION**

4            **DELIBERATE INDIFFERENCE TO CONSTITUTIONAL**

5                **VIOLATIONS AND SUPERVISORIAL LIABILITY**

6                        **[As to Defendant Bernard Parks]**

7    92.    PLAINTIFF repeats, reallege and incorporates each and every allegation of each

8           and every paragraph in Sections II, III, IV and V above as though fully set forth

9           herein.

10   93.    This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's

11          Fourth and Fourteenth Amendment rights.

12   94.    Defendant BERNARD PARKS, as the Chief of Police for the City of Los Angeles,

13          during the period of January 1, 1995 to and beyond October 4, 2000, was the head

14          police officer of the Los Angeles department to whom all subordinate officers

15          reported through a chain of command established by said Defendant.  Pursuant to

16          the City Charter, Defendant BERNARD PARKS, as the chief of police, exercises

17          the general powers and performs the duties of chief of police, and exercises direct

18          supervision over all personnel through the office of the chief of police.  Said

19          Defendant is the general manager and chief administrative officer of the police

20          department.

21   95.    Defendant Parks directly managed and carried out these responsibilities, duties and

22          assignments during this period.

23   96.    During the summer of 1998, Defendant BERNARD PARKS learned and was

24          informed through a 40-page memorandum from LAPD detective Russell Poole

25          that there was an ongoing and pervasive pattern and custom of illegal activities

26          within the LAPD consisting of the falsification of evidence and perjury which

27          resulted in the wrongful and illegal conviction and sentencing of innocent persons.

28          Said report included photographs of Defendant RAFAEL PEREZ wearing the

                                          22

Reproduced from the holdings of the *National Archives at Riverside*

1    clothes of a local street gang and flashing the hand signals of said street gang.

2    Said report/memorandum also detailed the outcome of a search of Defendant

3    PEREZ's home where several toy/replica and pellet guns which were found in box

4    labeled "CRASH, Secret, Confidential."

5    97.    Defendant PARKS was aware of and was deliberately indifferent to a pervasive

6    and widespread pattern and practice within the LAPD of concealing known

7    instances of evidence planting, evidence tampering, perjury, falsified police

8    reports, witness coercion, on-duty criminal acts and on-duty acts of moral

9    turpitude. This deliberate indifference manifest itself in his order to redact the

10    portions of the 40 page Russell Poole memorandum on the corruption at Rampart

11    Division to ensure that the 3 page version that arrived at the District Attorney's

12    Office was insufficient to prosecute the officers guilty of the crimes delineated in

13    the original 40 page report.

14    98.    This pattern and practice was identified and documented by the commission

15    appointed by said Defendants known as the "Christopher Commission." Said

16    commission issued a report to the City of Los Angeles describing this pattern and

17    practice as a "Code of Silence" and identified it as a cause of continued civil rights

18    violations, and put the said Defendants and their police chief and chiefs on notice

19    of the existence of such pattern and practice. Said Defendant failed to take any

20    reasonable measures to correct this pattern and practice and as a result said city

21    and persons residing within the City have been deliberately indifferent to the civil

22    rights violations which resulted, including those which are described in the present

23    claim.

24    99.    Defendant BERNARD PARKS as the chief of police was duty-bound to

25    investigate the reports of illegal activity and to report the allegations to the District

26    Attorney's office for investigation and prosecution of the officers involved in said

27    misconduct and for investigation as to whether said misconduct was the basis of

28    the arrest, conviction and sentencing of victims of said misconduct, such as

Reproduced from the holdings of the National Archives at Riverside

1      PLAINTIFF.

2   100.   Defendant PARKS, as the former commander and deputy chief in charge of the

3      LAPD's Internal Affairs Group knew and was aware of the pervasive and ongoing

4      pattern and custom of illegal activities within the LAPD's Rampart Division,

5      including its CRASH unit, consisting of the falsification of evidence and perjury

6      which resulted in the wrongful and illegal conviction and sentencing of innocent

7      persons, and said Defendant knew that by permitting the investigation of the

8      activities uncovered by Detective Russell Poole, that said criminal activities would

9      be discovered. Rather than complying with his duty as a peace officer to report and

10      investigate said criminal activity, Defendant BERNARD PARKS intentionally and

11      maliciously ordered that the investigation of said misconduct be stopped.

12   101.   Based upon this memoranda/report and based upon his previous personal

13      experience and knowledge as head of the LAPD's Internal Affairs Division,

14      Defendant PARKS knew that as a result of this reported pattern and practice of

15      misconduct, there were a number of wrongfully and unlawfully convicted persons,

16      including PLAINTIFF, serving sentences which were based on false evidence and

17      testimony of officers of the Rampart Division, including Defendant RAFAEL

18      PEREZ.

19   102.   Notwithstanding this knowledge, Defendant PARKS deliberately and maliciously

20      ignored, turned a blind eye to and ratified the continuing wrongful and illegal

21      imprisonment of victims of the misconduct of officers of the LAPD's Rampart

22      Division.  This, in conscious disregard for the violation of PLAINTIFF's rights.

23   103.   As a result of said conscious disregard by Defendant PARKS, PLAINTIFF

24      continued to serve his wrongful sentence in County Jail and continued to suffer the

25      violation of his constitutional rights, and from the date that Defendant PARKS

26      learned of the Poole memorandum/report, PLAINTIFF continued to suffer the

27      wrongful imprisonment.

28

Reproduced from the holdings of the National Archives at Riverside

# X.

## SEVENTH COUNT/CAUSE OF ACTION

## NEGLIGENCE

**[As to Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS, Individually and as Employees of Defendant City of Los Angeles]**

104.   PLAINTIFF repeats, realleges and incorporates each and every allegation above as though fully set forth herein.

105.   Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

106.   On the date of PLAINTIFF's arrest, and thereafter, POLICE OFFICER DEFENDANTS were duty-bound by Penal Code Section 118.1 not to author, accept or otherwise present, or ratify false or misleading police reports and are duty-bound by the Fourteenth Amendment of the U.S. Constitution to ensure Due Process.

107.    PLAINTIFF  is informed and believes and thereon alleges that on, about or after the date of PLAINTIFF's arrest as indicated in Section III above, and thereafter, Defendants DOES 6 through 10, inclusive, did negligently, and in the absence of due care, approve the police reports of POLICE OFFICER DEFENDANTS and thereby did negligently and carelessly ratify the wrongful and unlawful arrest of PLAINTIFF by said Defendants and thereby also authorized the bringing of charges against PLAINTIFF as well as his prosecution, conviction and imprisonment.

108.   SUPERVISING DEFENDANTS were aware of the custom and practice of POLICE OFFICER DEFENDANTS of making arrest without probable cause, the planting and falsification of evidence, the authoring of false and misleading police reports, and the giving of false and perjurious testimony.

109.   Notwithstanding this knowledge, and in the absence of due care, SUPERVISING

Reproduced from the holdings of the National Archives at Riverside

1    OFFICER DEFENDANTS authorized the false police reports without questioning

2    POLICE OFFICER DEFENDANTS as to the contents of the report and without

3    further investigating the veracity of the statements contained therein.

4    SUPERVISING DEFENDANTS knew or should have known that said report was

5    false and misleading and that the supporting evidence was false, but failed to take

6    any reasonable measures to reject the reports and to ensure that said reports were

7    not forwarded to the District Attorney's office for prosecution.

8    110.   Defendants CITY OF LOS ANGELES, and SUPERVISING OFFICER

9    DEFENDANTS are directly liable and responsible for the acts of POLICE

10    OFFICER DEFENDANTS because SUPERVISING OFFICER DEFENDANTS

11    failed to adequately supervise, discipline or in any other way control said

12    Defendants' exercise of their authority as described herein.

13    111.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

14    DEFENDANTS are directly liable and responsible for the acts of POLICE

15    OFFICER DEFENDANTS because said Defendant city and supervising officers

16    repeatedly and knowingly and negligently failed to enforce the laws of the State of

17    California and the regulations of said Defendant City and its police department

18    regarding the making of arrests in compliance with the Fourth Amendment, the

19    authoring of police reports which accurately and truthfully represent the facts of an

20    incident, and the planting of evidence, and the giving of perjurious testimony,

21    thereby creating within the said police department an atmosphere of lawlessness in

22    which LAPD officers would make false arrests, plant and manufacture evidence,

23    author false reports and give perjurious testimony, in the belief that such acts will

24    be condoned and justified by their supervisors, and said Defendant city and

25    supervisors therefore were or should have been aware of such unlawful acts and

26    practices prior to and at the time of the events alleged herein.

27    112.   As the actual and proximate result of the acts and omissions of said Defendants as

28    described herein, PLAINTIFF was made to lose his freedom and liberty for the

Reproduced from the holdings of the National Archives at Riverside

1    period stated above in Section III, this in violation of the Fourteenth Amendment's

2    procedural and substantive due process guarantees. During said incarceration

3    PLAINTIFF suffered personal and bodily injuries, and during said time he

4    suffered, and continues to suffer, severe emotional and psychological pain,

5    suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has

6    been made to hire medical specialists for treatment and therapy for his injuries. As

7    further proximately resulting from said Defendants' misconduct, PLAINTIFF has

8    experienced a significant loss of wages and a significant loss of his ability to

9    obtain and maintain gainful employment.

10  113.  Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

11      DEFENDANTS inclusive, also were negligent in failing to provide POLICE

12      OFFICER DEFENDANTS the proper and special training necessary for the duties

13      they could foreseeably be expected to perform in the course of their employment in

14      that POLICE OFFICER DEFENDANTS received inadequate training in the

15      correct and proper police tactics, arrest procedures, Fourth Amendment search and

16      seizure requirements and report writing. As a direct and proximate result of this

17      failure to provide adequate training to, the false arrest, charges and imprisonment

18      of PLAINTIFF occurred, causing said plaintiff the losses and injuries herein

19      complained of.

20  114.  Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

21      DEFENDANTS also negligently hired and retained POLICE OFFICER

22      DEFENDANTS when it was known or should have been known by Defendants

23      CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS that

24      these officers had on prior occasions falsely accused suspects of committing

25      crimes, planted evidence on said suspects, authored and submitted false reports

26      regarding said suspects, and/or had participated in the concealment and cover-up

27      of such police misconduct.

28  115.  Further, said Defendants failed to conduct adequate, thorough and meaningful

Reproduced from the holdings of the National Archives at Riverside

1    background investigations of POLICE OFFICER DEFENDANTS which would

2    have disclosed prior acts of misconduct and criminal activity and which would

3    have revealed that said Defendants were not suitable candidates for service as

4    police officers.

5    116.   During the summer of 1998, Defendant BERNARD PARKS learned and was

6    informed through a 40-page memorandum from LAPD detective Russell Poole

7    that there was an ongoing and pervasive pattern and custom of illegal activities

8    within the LAPD consisting of the falsification of evidence and perjury which

9    resulted in the wrongful and illegal conviction and sentencing of residents of the

10   patrol areas of the Rampart Divisions.  Said report included photographs of

11   Defendant RAFAEL PEREZ wearing the clothes of a local street gang and

12   flashing the hand signals of said street gang.  Said report/memorandum also

13   detailed the outcome of a search of Defendant PEREZ's home where several

14   toy/replica and pellet guns which were found in box labeled "CRASH, Secret,

15   Confidential". Defendant BERNARD PARKS negligently and carelessly ordered

16   that the investigation of said misconduct be stopped.  Defendant BERNARD

17   PARKS as the chief of police was duty-bound to investigate the reports of illegal

18   activity and to report the allegations to the District Attorney's office for

19   investigation and prosecution of the officers involved in said misconduct and for

20   investigation as to whether said misconduct was the basis of the arrest, conviction

21   and sentencing of victims of said misconduct, such as PLAINTIFF.  Instead,

22   DEFENDANT PARKS ordered the report redacted to 3 pages before turning it

23   over to the District Attorney's office for prosecution knowing that, based on the

24   redacted report, the District Attorney would not have sufficient grounds to

25   prosecute and that, had the 40 page report been turned over, the District Attorney's

26   Office would have had sufficient information to prosecute.

27   117.   As the actual and proximate result of the acts and omissions of said Defendants as

28   described herein, PLAINTIFF was made to lose his freedom and liberty for the

28

Reproduced from the holdings of the *National Archives at Riverside*

1    period stated above in Section III, this in violation of the Fourteenth Amendment's

2    procedural and substantive due process guarantees.  During said incarceration

3    PLAINTIFF suffered personal and bodily injuries, and during said time he

4    suffered, and continues to suffer, severe emotional and psychological pain,

5    suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

6    been made to hire medical specialists for treatment and therapy for his injuries.  As

7    further proximately resulting from said Defendants' misconduct, PLAINTIFF has

8    experienced a significant loss of wages and a significant loss of his ability to

9    obtain and maintain gainful employment.

10  118.    Defendant CITY OF LOS ANGELES is liable in respondeat superior pursuant to

11    section 815.2 of the California Government Code for the acts of its employees,

12    agents and representatives as alleged in this cause of action.

13

14                     **XI.**

15                    **PRAYER**

16    **WHEREFORE, PLAINTIFFS CARLOS CORRALES** demands the following

17  relief, jointly and severally, against the Defendants named in each cause of action as

18  follows:

19      a)    Compensatory general and special damages in an amount in accordance

20           with proof;

21      b)    Exemplary damages, against each of the police officer, supervisory and

22           policy maker Defendants - as spelled out in each cause of action, in an

23           amount sufficient to deter and to make an example of  those Defendants;

24  ////

25

26  ////

27

28  ////

Reproduced from the holdings of the *National Archives at Riverside*

1     c)    Reasonable attorneys' fees and expenses of litigation as provided for in 42

2          U.S.C. §1988;

3     e)    Costs of suit necessarily incurred herein;

4     f)    Prejudgment interest; and,

5     g)    Such further relief as the Court deems just or proper.

Dated: February ___6___, 2003     MORENO, BECERRA, GUERRERO & CASILLAS

By: _____

GREGORY W. MORENO
FRANK PEREZ
Attorneys for Plaintiff Carlos Corrales

Reproduced from the holdings of the National Archives at Riverside

1

## DEMAND FOR JURY TRIAL

2     **COME NOW PLAINTIFF CARLOS CORRALES,** respectfully demands that

3 the present matter be set for a jury trial.

4

5 Dated: February ⟨6⟩, 2003      MORENO, BECERRA, GUERRERO & CASILLAS

6

                    By: _____

7                       GREGORY W. MORENO
                      FRANK PEREZ

8                       Attorneys for Plaintiff Carlos Corrales

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

Reproduced from the holdings of the *National Archives at Riverside*

GREGORY W. MORENO, ESQ. - SBN 57844
FRANK J. PEREZ, ESQ. - SBN 205377
MORENO, BECERRA, GUERRERO & CASILLAS
A Professional Law Corporation
3500 West Beverly Boulevard
Montebello, California 90640
Attorneys for Plaintiff CARLOS CORRALES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CORRALES, | CASE NUMBER CV **03 - 0910** AHM (Shx) |
| Plaintiff(s) | |
| v. | |
| CITY OF LOS ANGELES, (See attached) | **SUMMONS** |
| Defendant(s) | |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

GREGORY W. MORENO, ESQ. _____ , whose address is:

FRANK J. PEREZ, ESQ.
MORENO, BECERRA, GUERRERO & CASILLAS
A Professional Law Corporation
3500 W. Beverly Blvd.
Montebello, CA 90640

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within ___20___ days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:   FEB  7 2003

By: _____
     A. FEDUNA
     Deputy Clerk

*(Seal of the Court)*

CV-1A (01/01)

Reproduced from the holdings of the *National Archives at Riverside*

## ATTACHMENT TO SUMMONS

CARLOS CORRALES

                    Plaintiff,

      v.

CITY OF LOS ANGELES, JEFFERY ROBB, DAVID VINTON, SCOTT VOELTZ, NATHAN BUTCHER, AND DOE DEFENDANTS 1 THROUGH 10, INCLUSIVE.

           Defendants.

FOR OFFICE USE ONLY

Query    Reports    Utilities    Help    Log Out

(AJWx), CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:03-cv-00910-GAF-AJWX

Carlos Corrales v. Los Angeles City of, et al
Assigned to: Judge Gary A. Feess
Referred to: Discovery Andrew J. Wistrich
Demand: $0
Cause: 42:1983 Civil Rights Act

Date Filed: 02/07/2003
Date Terminated: 03/17/2005
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Carlos Corrales**

represented by    **Frank Perez**
Perez and Caballero APLC
714 West Olympic Boulevard Suite 450
Los Angeles, CA 90015
213-745-6300
Fax: 213-745-6060
Email: fperez@mpforlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory W Moreno**
Gregory W Moreno and Associates APC
3500 West Beverly Boulevard
Montebello, CA 90640
323-725-0917
Fax: 323-725-0350
Email: gwmoreno@mbc4law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hermez Moreno**
Law Offices of Hermez Moreno PC
21600 Oxnard Street Suite 600
Woodland Hills, CA 91367
805-529-1804
Email: moreno@boucher.la
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**

represented by    **Michael J Irwin**
Los Angeles City Attorney's Office
City Hall East
200 North Main Street 7th Floor

Los Angeles, CA 90012-4130
213-978-8235
Fax: 213-978-2211
Email: michael.irwin@lacity.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Robb**

**Defendant**

**David Vinton**                          represented by  **Michael J Irwin**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Voeltz**                          represented by  **Michael J Irwin**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Nathan Butcher**                        represented by  **Michael J Irwin**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-10 inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2003 | 1 | COMPLAINT filed Summons(es) 20 days issued referred to Discovery Stephen J. Hillman (twdb) (Entered: 02/11/2003) |
| 02/07/2003 | 2 | CERTIFICATION OF INTERESTED PARTIES filed by plaintiff Carlos Corrales (twdb) (Entered: 02/11/2003) |
| 02/07/2003 | 4 | NOTICE by plaintiff Carlos Corrales of related case(s) CV 99-11629 GAF (AJWx) & other related actions (shb) (Entered: 02/11/2003) |
| 02/10/2003 | 3 | INITIAL ORDER following filing of complaint (See document for further details) by Judge A. H. Matz (ir) (Entered: 02/11/2003) |
| 02/21/2003 | 5 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 (Related Case) filed. [ Related Case no.: CV 99-11629 GAF (AJWx)] Transfer of case declined for the reasons set forth on order by Judge Gary A. Feess (cc: all counsel). (kc) (Entered: 02/21/2003) |
| 03/19/2003 | 6 | PROOF OF SERVICE executed upon defendant David Vinton Serial #31085; Service by Federal Statute on 3/4/03 via leaving Summons & complaint to Sylvia Bawron, person apparently in charge of office; Due Diligence Declaration Attached; mailed 3/5/03 (ir) (Entered: 03/20/2003) |
| 03/19/2003 | 6 | RETURN OF A COPY OF SUMMONS AND ORIGINAL PROOF OF SERVICE |

| | | |
|---|---|---|
| | | executed upon defendant Nathan Butcher Serial #31210; Service by Federal Statute on 3/3/03 at business via leaving Summons & Complaint to Sgt Anderson, person apparently in charge; Due Diligence Declaration Attached; mailed 3/4/03 (ir) (Entered: 03/20/2003) |
| 03/19/2003 | 6 | RETURN OF A COPY OF SUMMONS AND ORIGINAL PROOF OF SERVICE executed upon defendant City of Los Angeles; Service by Federal Statute on 2/26/03 at business via personal service by serving Summons & complaint to Maria Ricco, person authorized to accept service of process (ir) (Entered: 03/20/2003) |
| 03/20/2003 | 7 | ANSWER filed by defendants City of Los Angeles, Nathan L Butcher, David Vinton to complaint [1-1]; jury demand (ir) (Entered: 03/21/2003) |
| 03/20/2003 | 8 | CERTIFICATION AS TO INTERESTED PARTIES filed by defendants City of Los Angeles, Nathan Butcher, David Vinton (ir) (Entered: 03/21/2003) |
| 03/26/2003 | 9 | ORDER Setting Rule 26(f) Scheduling Conference by Judge A. H. Matz Scheduling conf set for 5:00 5/21/03 ; Parties are reminded of their obligations to disclose information to confer on a discovery plan not later than 21 days prior to the scheduling conference & to file a report with the Court entitled "Joint Rule 26(f) Report" not later than 14 days after they confer; Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions (See document for further details) (ir) (Entered: 03/27/2003) |
| 05/21/2003 | 10 | MINUTES: Scheduling conference held ; Court orders the dates as indicated on Scheduling and Case Management Order filed this date and refers this matter to Magistrate Judge Stephen J Hillman for settlement purposes; The parties are to notify Magistrate Judge Hillman immediately of the Court's referral and presumptive schedule; Counsel were personally served with a copy of the Scheduling and Case Management Order filed this date by Judge A. H. Matz; CR: Hope Goldsmith (nhac) (Entered: 05/22/2003) |
| 05/21/2003 | 11 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge A. H. Matz; The Court sets the following dates: Jury trial (estimate 16 days) on 7/13/04 at 8:00 am; Final Pretrial Conference set for 11:00 6/28/04; Lodge pretrial conference order, file memo of contentions of fact and law, exhibit and witness lists 6/21/04; Last day for hand-serving motions in limine 6/7/04; Last day for hearing motions 5/24/04 at 10:00 am; Last day for hand-serving motions 4/26/04; Non-expert discovery cut-off 3/29/04; Expert discovery cut-off 4/29/04; Last day to conduct settlement conference 4/16/04; Last day to amend pleadings or add parties 9/8/03 (nhac) (Entered: 05/22/2003) |
| 05/22/2003 | 12 | MINUTES: In chambers: Case has been referred to Magistrate Judge Hillman for settlement; Plaintiff(s) and defendant(s) shall confer immediately with each other and set a date and time for settlement conference after clearing date with Magistrate Judge's clerk by Discovery Stephen J. Hillman CR: none (lc) (Entered: 05/23/2003) |
| 06/05/2003 | 13 | MINUTES: The above-entitled action has been assigned to Judge Gary Allen Feess as a related case to Carlos Corrales v. Rafael Perez, et al., CV00-12886-GAF, which is related to Javier F. Ovando v. City of Los Angeles, et al., CV99-11629-GAF, commonly referred to as the "Rampart Dividision Cases." by Judge Gary A. Feess CR: N/A (bp) (Entered: 06/09/2003) |
| 06/12/2003 | 14 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 (Related Case) filed. [ Related Case no.: CV 99-11629 GAF (AJWx)] Case transferred from Judge A. H. Matz to Judge Gary A. Feess for all further proceedings. , Case referred from Discovery Stephen J. Hillman to Discovery Andrew J. Wistrich The case number will now reflect the initials of the transferee Judge [ CV 03-910 GAF (AJWx) (cc: all counsel) (rn) (Entered: 06/12/2003) |
| 06/16/2003 | 15 | MINUTES (IN CHAMBERS) before Judge Gary A. Feess: On June 5, 2003, this case was |

| | | transferred from Judge Matz to Judge Feess as a case related to C. Corrales v. R.Perez, et al., CV 00-12886 GAF, which is related to J. Ovando v. City of Los Angeles, et al., CV 99-11629 GAF. While this case was before Judge Matz, a Final pretrial conference was scheduled for 06/28/04, and a jury trial was scheduled for 07/13/04. Because this case is now considered to be part of the "Rampart Division Cases," and is therefore subject to this Court's specific filing requirements and deadlines, the pending dates are VACATED. An order requesting proposed scheduling and trial dates will be issued to the parties shortly. The Court notes that Defendants Jeffery Robb and Scott Voeltz have not yet been served. Once the proposed defendants have been served, the parties are instructed to notify the Court so that a 26(f) conference may be set. CR: None Present (jp) (Entered: 06/18/2003) |
|---|---|---|
| 01/09/2004 | 16 | REQUEST FOR ENTRY OF A PROTECTIVE ORDER. Protective Order regarding The City's Confidential Material by Judge Andrew J. Wistrich (bp, ) (Entered: 01/12/2004) |
| 02/09/2004 | 17 | MINUTES: Plaintiff is Ordered to Show Cause no later than 3/5/2004, why these defendants should not be dismissed. Additionally, the parties are instructed to review the attached schedule of trial and pretrial dates, and submit their proposed schedule of dates to the court, no later than Friday, March 5, 2004. The court would prefer a unanimously agreed-upon schedule, but if the parteis are unable to agree upon a schedule, each party is to submit its own proposed schedule. Upon receipt of the parties' proposed dates, the court will set the matter for a rule 26(f) scheduling conference, at which time it will issue a definitive schedule along with its scheduling and case management order. Judge Gary Allen Feess. Court Reporter: None Present. (bp, ) (Entered: 02/11/2004) |
| 03/05/2004 | 18 | JOINT REPORT of Counsel Pursuant to FRCP 26(f) filed; estimated length of trial 1 to 4 weeks. (nhac, ) (Entered: 03/09/2004) |
| 03/05/2004 | 19 | NOTICE of Association of Counsel associating the law firm of Moreno and Perez with the law firm of Moreno, Becerra, Guerrero and Casillas on behalf of Plaintiff Carlos Corrales. Filed by plaintiff Carlos Corrales (nhac, ) (Entered: 03/09/2004) |
| 03/05/2004 | 20 | RESPONSE filed by Plaintiff Carlos Corrales to Court's Order to Show Cause 17 . (nhac, ) (Entered: 03/09/2004) |
| 03/09/2004 | 22 | ORDER: This court grants plaintiffs request to serve defendant Scott Voeltz and Jeffrey Robb for 45 days by Judge Gary A. Feess,(bp, ) (Entered: 03/16/2004) |
| 03/11/2004 | 21 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge Gary A. Feess. Last day to Amended Pleadings or add parties 10/15/2004. Discovery cut-off 1/3/2005. Motions due by 1/10/2005. Motions in Limine to be filed by 3/7/2005. Proposed Pretrial Order due by 1/31/2005. Last date to conduct settlement conference is 1/17/2005. Jury Trial set for 3/15/2005 08:30 AM before Honorable Gary A. Feess. Pretrial Conference set for 2/14/2005 03:00 PM before Honorable Gary A. Feess.(bp, ) (Entered: 03/15/2004) |
| 04/19/2004 | 23 | NOTICE of unavailability of counsel filed by defendants City of Los Angeles. (bp, ) (Entered: 04/27/2004) |
| 04/30/2004 | 24 | ANSWER to Complaint 1 with Jury Demand filed by Defendant Scott Voeltz.(ir, ) (Entered: 05/03/2004) |
| 04/30/2004 | 25 | CERTIFICATION as to Interested Parties filed by Defendant Scott Voeltz. (ir, ) (Entered: 05/03/2004) |
| 04/30/2004 | 26 | PROOF OF SERVICE Executed upon Scott Voeltz served on 3/31/2004, answer due 4/20/2004. The Summons and Complaint were served by Substituted service, by State statute, upon Scott Voeltz. Due Dilligence declaration not attached. Original Summons not returned. Mailed 3/31/04. (ir, ) (Entered: 05/03/2004) |
| 05/12/2004 | 27 | NOTICE of return of counsel filed by defendants' City of Los Angeles. (bp, ) (Entered: |

| | | 05/24/2004) |
|---|---|---|
| 12/20/2004 | 28 | STIPULATION of the parties regarding continuance all dates in this matter for approximately 120 days filed by Defendants City of Los Angeles, David Vinton, Scott Voeltz, Nathan Butcher. Lodged order. (rl, ) (Entered: 12/22/2004) |
| 12/21/2004 | 29 | ORDER by Judge Gary A. Feess granting Stipulation for Extension of Time 28 . The new dates related to the litigation of this matter are as follows: Last day to Amend Pleadings or add parties 1/28/2005. Discovery cut-off 5/2/2005. Motions due by 5/16/2005. Last date to conduct settlement conference is 5/23/2005. Proposed Pretrial Order due by 6/6/2005. Pretrial Conference set for 6/20/2005 03:00 PM.Motions in Limine to be filed by 7/11/2005. Jury Trial set for 7/19/2005 08:30 AM. IT IS SO ORDERED. (mch, ) (Entered: 12/27/2004) |
| 01/24/2005 | 30 | NOTICE of Pending Settlement filed by plaintiff Carlos Corrales. (pj, ) (Entered: 01/27/2005) |
| 03/17/2005 | 31 | STIPULATION AND ORDER that the above-captioned action be and hereby is dismissed with prejudice, against the defendants City of Los Angeles, Nathan Butcher, Jeffrey Robb, Dave Vinton and Scott Voeltz and all of its departments, Commissions, Boards, bureaus, officials, officers, agents and employees, whether named or unnamed, served or unserved, pursuant to Federal Rule 41(a) of the Federal Rules of civil procedure, with each side to bear its own costs by Judge Gary A. Feess :, (Made JS-6. Case Terminated.)(bp, ) (Entered: 03/18/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/10/2022 14:32:11 | | | |
| **PACER Login:** | fpdcac0087 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:03-cv-00910-GAF-AJWX End date: 6/10/2022 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Reproduced from the holdings of the *National Archives at Riverside*

1  **GREGORY A. YATES ESQ. (SBN 63259)**
   LAW OFFICE OF GREGORY YATES, P.C.
2  9454 WILSHIRE BLVD, SUITE 850
   BEVERLY HILLS, CA 90212
3  TELEPHONE:(310) 858-6944
   FACSIMILE:      (310) 858-7586
4
   Attorney for PLAINTIFF
5  HELEN MOORE

6

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11
   HELEN MOORE                      )    CASE NO.
12                                   )
                                     )
13              Plaintiff,           )    **COMPLAINT FOR DAMAGES:**
                                     )
14                                   )    1.  **VIOLATION/DEPRIVATION**
         vs.                         )        **OF CIVIL RIGHTS UNDER**
15                                   )        **COLOR OF LAW**
                                     )
16   -                               )    2.  **CONSPIRACY TO INTERFERE**
     CITY OF LOS ANGELES, DAVID      )        **WITH CIVIL RIGHTS**
17   VINTON, SCOTT VOELTZ, MARTIN    )
     PERELLO, JEREMY STANFORD,       )    3.  **NEGLECT TO PREVENT**
18   BERNARD PARKS and DOES 1 through)        **CONSPIRACY TO INTERFERE**
     10, inclusive,                  )        **WITH CIVIL RIGHTS**
19                                   )
20                                   )
                                     )
21              Defendants.          )    **DEMAND FOR JURY TRIAL**
                                     )
22   _____  )

23
         COMES NOW the Plaintiff, HELEN MOORE, an individual, and for causes of
24
   action against Defendants, and each of them, complains and alleges as follows:
25
   ///
26
   ///
27
   ///
28

Reproduced from the holdings of the *National Archives at Riverside*

1    ///

2    **JURISDICTION AND VENUE**

3

4    1.    Jurisdiction in this Honorable Court arises pursuant to Federal Statute,

5    under Title 28 of the United States Code, Sections 1331, 1343, and 1367.  Jurisdiction is

6    further established in this Honorable Court under Title 42, United States Code, Sections

7    1983, 1985, and 1986.

8

9    2.    Venue is proper in District Court, pursuant to 28 U.S.C. Section 1391, as

10   the underlying acts, omissions, events, injuries and related facts and circumstances upon

11   which the present action are based, occurred in the City of Los Angeles, State of

12   California, within the boundaries of the Central District of this Honorable Court.

13

14   **GENERAL ALLEGATIONS**

15

16   3.    At all times relevant hereto PLAINTIFF, an individual, is and at all times

17   mentioned herein was, a resident of the County of Los Angeles, State of California, and is

18   within the jurisdiction of the United States.

19

20   4.    At all times mentioned herein Defendant CITY OF LOS ANGELES was a

21   public entity and municipal corporation, duly organized and existing under and by virtue

22   of the laws of the State of California.

23

24   5.    PLAINTIFF is informed and believes and thereupon alleges, that at all

25   times relevant herein Defendants DAVID VINTON, SCOTT VOELTZ, MARTIN

26   PERELLO, JEREMY STANFORD, BERNARD PARKS, and DOES 1 through 10 were

27   residents of the County of Los Angeles, State of California, and were police officers,

28   sergeants, captains, lieutenants, commanders and chiefs of police, and/or civilian

- 2 -

Reproduced from the holdings of the *National Archives at Riverside*

1   employee agents, policy makers and representatives of the City of Los Angeles Police

2   Department, as well as employees, agents and representatives of Defendant CITY OF

3   LOS ANGELES.  At all times relevant hereto said defendants were acting within the

4   course and scope of their employment as officers, sergeants, captains, lieutenants,

5   commanders and chiefs of police, and/or civilian employees, policy makers and

6   representatives of the Los Angeles Police Department, a department and subdivision of

7   Defendant CITY OF LOS ANGELES, and the wrongful acts hereinafter described flow

8   from the very exercise of their authority.

9

10      6.      PLAINTIFF is ignorant of the true names and capacities of defendants sued

11   herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such

12   fictitious names.  PLAINTIFF is informed and believes and thereupon alleges, that each

13   of the fictitiously named defendants is legally responsible, intentionally, negligently, or in

14   some other actionable manner, for the events and happenings hereinafter referred to, and

15   thereby legally caused the injuries, damages, and violations and/or deprivation of

16   rights hereinafter alleged.  PLAINTIFF will seek leave of Court to amend this Complaint

17   and state the true names and/or capacities of said fictitiously named defendants when the

18   same have been ascertained.

19

20      7.      The reason why PLAINTIFF is ignorant of the true names and capacities of

21   defendants sued herein as DOES 1 through 10, inclusive, is that same have been

22   unascertainable as of the date of filing of the instant Complaint, as many of these DOES

23   may be police officers, sergeants, captains, lieutenants, commanders and chiefs of police,

24   and/or civilian employee agents, policy makers and representatives of the City of Los

25   Angeles Police Department, or employees, agents and representatives of Defendant CITY

26   OF LOS ANGELES and others, and as such many of their records are protected by state

27   statute and can only reasonably be ascertained through the discovery process.

28

Reproduced from the holdings of the *National Archives at Riverside*

8.     All defendants who are natural persons, and each of them, including DOES 1 through 10, are sued individually and in their official capacity as officers, sergeants, captains, lieutenants, commanders, supervisors and/or civilian employees, and agents, policy makers and representatives for the City of Los Angeles Police Department, a department and subdivision of Defendant CITY OF LOS ANGELES.

9.     At all times relevant herein Defendants, DAVID VINTON, SCOTT VOELTZ, MARTIN PERELLO, JEREMY STANFORD, BERNARD PARKS, and DOES 1 through 10, inclusive, and each of them, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF LOS ANGELES, its police department, and the State of California.

10.     PLAINTIFF is informed and believes, and thereupon alleges that at all times relevant herein, Defendant, BERNARD PARKS, and DOE defendants 8 through 10, inclusive, were supervisors and policy makers for the City of Los Angeles Police Department, and for its special police unit known as "CRASH" whose stated purpose was to address gang crimes.

12.     PLAINTIFF could not have filed the instant lawsuit during the period in which her criminal case was pending, as the claims asserted herein did not accrue because a successful prosecution of said claims at that time would have necessarily implied the invalidity of her sentence. *See* Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), (The Supreme Court held that if a plaintiff brings an action under 42 U.S.C. sec. 1983, and her successful prosecution of that action would necessarily imply the invalidity of her criminal conviction or sentence; her cause of action does not even accrue or come into existence unless and until the criminal conviction has been vacated or set aside). On August 3, 2001, a writ for petition of habeas corpus was

- 4 -

Reproduced from the holdings of the *National Archives at Riverside*

1   granted in Plaintiff's criminal case, number BA175591 in the furtherance of justice

2   pursuant to Penal Code §1385.  A true and correct copy of the relevant Minute Order is

3   attached hereto as Exhibit "A."

4

5   13.   Further, PLAINTIFF could not, and did not, reasonably discover the facts,

6   circumstances, and evidence necessary to pursue the instant claim, until August 3, 2001,

7   when the Court dismissed plaintiff's case, BA175591.  PLAINTIFF further alleges that

8   Defendants, and each of them, intentionally conspired to conceal, and did conceal, the

9   true facts surrounding this incident, thereby preventing PLAINTIFF from obtaining the

10   knowledge and information necessary to submit the instant claim.  PLAINTIFF further

11   alleges that the wrongful conduct of Defendants, and each of them, described herein, was

12   undertaken with the express intention and expectation that the false representations made

13   by Defendants in connection with said conduct would be reasonably relied upon by

14   PLAINTIFF, thereby defrauding PLAINTIFF into reasonably believing that no cause(s)

15   of action existed.  Further, PLAINTIFF did in fact rely upon the representations of

16   Defendants described above, and as a result reasonably believed that no cause(s) of action

17   existed with respect to this incident.  *See* Bell v. City of Milwaukee (1983) 746 F.2d

18   1205.  (Fraudulent concealment of facts, circumstances and evidence necessary to pursue

19   a cause of action bars defendant from raising statute of limitations defense).

20

21                **FIRST CAUSE OF ACTION**
                **(VIOLATION OF CIVIL RIGHTS -**
22              **AGAINST ALL DEFENDANTS -**
            **PURSUANT TO 42 U.S.C. SECTION 1983)**
23

24   14.   PLAINTIFF realleges as though fully set forth at length and incorporated

25   herein all of the allegations and statements contained in paragraphs 1 through 13,

26   inclusive.

27

28   15.   This cause of action arises under the First, Fourth, Fifth, Eighth, and

- 5 -

Reproduced from the holdings of the National Archives at Riverside

1  Fourteenth Amendments to the Constitution of the United States, and under Title 42 of
2  the United States Code, Section 1983.

3

4      16.    On or about October 6, 1998, PLAINTIFF was wrongfully arrested and
5  charged with possession of a controlled substance in violation of California Health and
6  Safety Code, §11350(A).

7

8      17.    In the arrest report, former LAPD officer Scott Voeltz falsely stated that on
9  the date of the incident, he and officer Martin Perello observed a passenger of a car get
10  out and engage in what they suspected to be a narcotic transaction on Lake Street near
11  11th Street.  They saw PLAINTIFF place something in her mouth and get back in the car,
12  which drove away.  Officers Voeltz and/or Perello then radioed officers David Vinton
13  and Jeremy Stafford, who conducted a traffic stop on the car.  Officer Vinton instructed
14  PLAINTIFF to get out of the car, told her that officers had just observed her purchase
15  narcotics and he told her not to swallow them.  Officer Vinton claimed PLAINTIFF then
16  spit out two rocks of cocaine, which he recovered from the sidewalk.  A copy of the arrest
17  report is attached hereto as Exhibit "B."

18

19      18.    At the preliminary hearing, officer Perello falsely testified that officer
20  Vinton told him PLAINTIFF had spit rocks of narcotics out of her mouth and onto the
21  ground.

22

23      19.    PLAINTIFF did not spit cocaine out of her mouth when officer Vinton
24  ordered her out of the car.  She did not have cocaine in her mouth, on her person nor in
25  her possession at the time of her arrest.

26

27      20.    On August 25, 1998, and thereafter in superceding criminal filings, former
28  officer PEREZ was charged with ten (10) felony counts, involving theft of approximately

- 6 -

Reproduced from the holdings of the *National Archives at Riverside*

eight (8) pounds of cocaine from the Property Division of the LAPD and the possession
for sale of the stolen cocaine.  As part of settlement negotiations on these charges,
PEREZ stated that in October of 1996 he and his partner had overreacted and shot an
unarmed man subsequently planted a gun on the shooting victim.  The revelation of the
facts surrounding this other incident, sparked a more extensive investigation, initiated by
the District Attorney's Office, into possible corruption by Defendants with respect to
other cases, including the instant matter.

21.     The wrongful conduct alleged herein is just one typical example of
implementation of a larger policy, pattern and practice of the Defendant CITY OF LOS
ANGELES and the Los Angeles Police Department to, under color of law, deprive a
certain segment of the populace, namely young urban Latino families in Los Angeles, of
their inalienable rights by committing, condoning, ratifying, approving, and otherwise
tacitly approving by condoning, overlooking and failing to prevent by arrest or
appropriately discipline: acts of racial profiling, acts of excessive force, violence upon
persons, assaults and batteries, intimidation, illegal searches and seizures, falsification of
evidence, calculated fabrication and distortion of the evidence, breach of duty imposed by
Government Code, Section 815.6 resulting from, inter alia, the filing of false police
reports in violation of Penal Code Section 118.1, the commission of perjury, malicious
prosecution, failure to properly hire, train, supervise, discipline officers, negligent
retention of said officers, and maintenance of a "code of silence," whereby no other
police officer, supervisor or policy maker would disclose or intervene to prevent, and/or
would actively cover up the aforementioned misconduct.

22.     This  policy, pattern, and practice of the Los Angeles Police Department has
been employed for numerous years prior and subsequent to the incident involving
PLAINTIFF, described herein, as evidenced by: incidents set forth in the reports by the
Christopher Commission, the United States Commission on Civil Rights, and Inspector

- 7 -

Reproduced from the holdings of the *National Archives at Riverside*

1  General Katherine Mader; the Javier Ovando matter; the Eulia Love matter; the 39th and

2  Dalton incident; the Rodney King incident; the Victor Ramos incident; the case of

3  *Orleatha Thomas vs. the City of Los Angeles, et al.*; and the case of *Melita Wynn vs. the*

4  *City of Los Angeles, et al.*; the lack of adequate measures to test the emotional and

5  psychological fitness of candidates for employment with the LAPD; the creation,

6  composition, policies, policing, conduct and acts of the CRASH Unit, which was

7  designed as a paramilitary organization to be operated with little oversight and with less

8  accountability to the courts than others in the LAPD because of a relaxation of traditional

9  safeguards designed to protect individual and rights and liberties; the maintenance of files

10  regarding young urban Latinos that included exculpatory material not furnished to

11  prosecutors; the actions of Defendants, BERNARD PARKS, and DOES 8 through 10 in

12  support of and participation in the proceedings to implement an injunction - which as a

13  result of the investigation by the Office of the District Attorney, was suspended by

14  Superior Court Judge James Basque on September 21, 1999 -  against a defined group of

15  Latino men and women living predominantly in and around the west central/Pico-Union

16  area of Los Angeles by falsely alleging that said individuals had participated in an

17  organized and deliberate course of criminal conduct.  These prior and subsequent

18  instances establish a conclusive policy, pattern, and practice of conscious, deliberate, and

19  willful disregard for the rights of persons, specifically racial minorities including young

20  urban Latino families, who come into contact with employees of the Los Angeles Police

21  Department.

22

23      23.    PLAINTIFF is informed and believes and thereon alleges, that Defendants,

24  and each of them, have deprived PLAINTIFF of liberty by distortion, perjury, and

25  corruption of the process of law, which, in turn, violated and/or deprived her of rights and

26  privileges guaranteed to her under the Constitution and laws of the United States, as more

27  fully described hereinafter.

28

- 8 -

Reproduced from the holdings of the *National Archives at Riverside*

24.     PLAINTIFF is informed and believes and thereupon alleges, that the wrongful acts of employee Defendants, when viewed in the context of the enterprise of law enforcement, are broadly incidental to that enterprise, and are not so unusual or startling that it would seem unfair to include any losses suffered as a result of said acts among other costs of employer/municipality Defendants' business.

25.     PLAINTIFF was prosecuted pursuant to a policy, pattern, and practice of bringing false charges and falsifying evidence against Black and Latino persons.  In carrying out this unlawful and malicious plan, PLAINTIFF is informed and believes and thereupon alleges, that said Defendants, and each of them, secured the cooperation and assistance of other officers, sergeants, captains, supervisors and civilian employees from the LAPD's Rampart Station and from the CRASH Unit.

26.     At all times relevant hereto, PLAINTIFF possessed rights guaranteed to her under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the related rights to be free from unwarranted State interference with same.

27.     As a direct and legal result of the aforementioned misconduct, and the policies, patterns, and practices of defendants, and each of them, said constitutional rights of PLAINTIFF were violated and/or deprived.

28.     Defendants, and each of them subjected PLAINTIFF to the aforementioned violations and/or deprivations by either actual malice, deliberate indifference, or a reckless disregard for her rights under the United States Constitution.

29.     Defendants, and each of them, acted at all times herein knowing that the established customs, policies, patterns, and practices of the defendant CITY OF LOS

Reproduced from the holdings of the *National Archives at Riverside*

1   ANGELES POLICE DEPARTMENT would allow a cover-up, and allow the continued
2   violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the
3   Constitution of the United States.

4

5       30.    The supervisory officers named herein as Defendants, including DOES 8
6   through 10, who are, and all relevant times were responsible for the supervision of
7   Defendant police officers, the Rampart Division, and the CRASH Unit, were reckless and
8   deliberately indifferent to the rights of PLAINTIFF, in violation of an absolute duty to
9   instruct subordinates and to prevent constitutional harm.

10

11      31.    PLAINTIFF is informed and believes and thereon alleges, that the
12   supervisors named herein as Defendants, including DOES 8 through 10, knew, or should
13   have known, of the actual problems and illegal activities and conduct of the Rampart
14   Division and the CRASH Unit and failed to correct such problems and illegal activities.

15

16      32.    PLAINTIFF is informed and believes and thereon alleges, that the
17   supervisors named herein, as Defendants, including DOES 8 through 10, and Defendant
18   CITY OF LOS ANGELES had actual knowledge of the violent propensities of the
19   Rampart Division, the CRASH Unit, and of the individual offers named herein, and of the
20   unconstitutional violations and conditions within the Rampart Division and the CRASH
21   Unit, and said Defendants failed to properly supervise the Rampart Division, the CRASH
22   Unit and the individual offers named herein.

23

24      33.    By the actions set forth herein, defendants have deprived PLAINTIFF of
25   her rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the
26   United States Constitution, in violation of 42 U.S. C. Section 1983.

27

28      34.    The aforementioned acts of the individual Defendants, and each of them

- 10 -

Reproduced from the holdings of the *National Archives at Riverside*

1   was willful, wanton, malicious and oppressive and thereby justifies the awarding of

2   exemplary and punitive damages.  Further, PLAINTIFF is entitled to, and does seek,

3   attorneys fees pursuant to 42 U.S.C. Section 1988.

5                          **SECOND CAUSE OF ACTION**
                   **(CONSPIRACY TO VIOLATE CIVIL RIGHTS  -**
6                       **AS AGAINST ALL DEFENDANTS -**
                    **PURSUANT TO 42 U.S.C. SECTION 1985)**

8       35.    PLAINTIFF realleges as though fully set forth at length and incorporated

9   herein all of the allegations and statements contained in paragraphs 1 through 13,

10  inclusive, and paragraphs 15 through 34, inclusive.

12      36.    This cause of action arises under the First, Fourth, Fifth, Eighth, and

13  Fourteenth Amendments to the Constitution of the United States, and under Title 42 of

14  the United States Code, Section 1985.

16      37.    PLAINTIFF is a member of the specific class of young urban Black and

17  Latinos hereinabove described.

19      38.    PLAINTIFF is informed and believes and thereon alleges, that defendants

20  and each of them, conspired to purposely violate and/or deprive, directly or indirectly,

21  PLAINTIFF of equal protection of the Constitution and laws of the United States and

22  California, and/or the privileges and immunities guaranteed her under the Constitution

23  and laws of the United States and California, in violation of 42 U.S.C. Section 1985(3),

24  through the acts and omissions described and set forth in detail above.

26      39.    PLAINTIFF is informed and believes, and thereupon alleges that the above

27  described conspiracy was undertaken by Defendants, and each of them, with class-based

28  invidiously discriminatory animus against the above described class of young urban Black

Reproduced from the holdings of the *National Archives at Riverside*

1   and Latinos, to which PLAINTIFF is a member.

3   40.    PLAINTIFF is informed and believes and thereon alleges, that Defendants
4   and each of them acted in furtherance of the object of the conspiracy, based on
5   discriminatory racial and political animus, whereby PLAINTIFF has been denied equal
6   protection of the Constitution and laws of the United States and California, and/or the
7   privileges and immunities guaranteed her under the Constitution and laws of the United
8   States and California, in violation of 42 U.S.C. Section 1985(3), through hereinabove
9   described the acts and omissions.  PLAINTIFF alleges on information and belief, that
10   other persons, who are not members of the above described class of young urban Black
11   and Latinos, are not subjected to the policy, pattern and practice of wrongful behavior
12   described in detail above.

14   41.    PLAINTIFF is informed and believes and thereon alleges, that defendants
15   and each of them engaged in conduct that was independently illegal under state and
16   federal law and that defendants and each of them engaged in intentional, malicious and
17   bad faith violation of the constitutional rights of PLAINTIFF.

19   42.    The acts of Defendants, and each of them, were intentional and such acts
20   were pursued for discriminatory purposes with the design and intent to violate, and with
21   deliberate indifference to the constitutional rights of PLAINTIFF.

23   43.    By the actions set forth herein, defendants, and each of them, have deprived
24   PLAINTIFF of her rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth
25   Amendments to the United States Constitution, in violation of 42 U. S. C. Section 1983
26   and 1985.

28   44.    The aforementioned acts of the individual Defendants, and each of them

- 12 -

Reproduced from the holdings of the *National Archives at Riverside*

1  was willful, wanton, malicious and oppressive and thereby justifies the awarding of

2  exemplary and punitive damages.  Further, PLAINTIFF is entitled to, and does seek,

3  attorneys fees pursuant to 42 U.S.C. Section 1988.

4

5  **THIRD CAUSE OF ACTION**
**(NEGLECT TO PREVENT CONSPIRACY TO VIOLATE CIVIL RIGHTS -**
6  **AS AGAINST ALL DEFENDANTS -**
**PURSUANT TO 42 U.S.C. SECTIONS 1985 AND 1986)**
7

8  45.  PLAINTIFF realleges as though fully set forth at length and incorporated

9  herein all of the allegations and statements contained in paragraphs 1 through 13, inclusive,

10  and paragraphs 15 through 34, inclusive and paragraphs 36 through 44, inclusive.

11

12  46.  This cause of action arises under the First, Fourth, Fifth, Eighth, and Fourteenth

13  Amendments to the Constitution of the United States, and under Title 42 of the United States

14  Code, Sections 1985 and 1986.

15

16  47.  PLAINTIFF is informed and believes and thereupon alleges, that Defendants

17  BERNARD PARKS, and DOES 8 through 10, and each of them, had knowledge that some

18  or all of the wrongs conspired to be done, which are described in detail above, were about

19  to be committed.

20

21  48.  PLAINTIFF is informed and believes and thereupon alleges, that Defendants

22  BERNARD PARKS, and DOES 8 through 10, and each of them, had the power to prevent

23  or aid in the prevention of commission of said wrongful acts.

24

25  49.  PLAINTIFF is informed and believes and thereupon alleges, that Defendants

26  BERNARD PARKS, and DOES 8 through 10, and each of them, by reasonable diligence

27  could have prevented the aforementioned wrongs conspired to be done.

28

Reproduced from the holdings of the *National Archives at Riverside*

50.    PLAINTIFF is informed and believes and thereupon alleges, that Defendants BERNARD PARKS, and DOES 8 through 10, and each of them, neglected and/or refused to prevent, or aid in the prevention of commission of said wrongs conspired to be done.

WHEREFORE, Plaintiff, HELEN MOORE, an individual, prays for judgment against defendants, and each of them, and demands relief against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For compensatory damages according to proof;

3.    Exemplary damages, as against each police officer, supervisor, and policy maker defendant in an amount sufficient to deter and to make an example of those defendants;

4.    For consequential damages according to proof;

5.    For incidental damages according to proof;

6.    For prejudgement interest according to proof;

7.    For costs of suit, including reasonable attorney's fees and expenses of litigation as provided by Federal and State laws, including but not limited to 42 U.S.C. Section 1988.

///
///
///
///
///
///
///
///

Reproduced from the holdings of the National Archives in Riverside

1  8.    For such further relief as this Honorable Court deems just and proper.

3  **DEMAND FOR JURY TRIAL**

5  Plaintiff, HELEN MOORE, an individual, hereby formally demands a trial by
6  jury.

7  DATED: July ___, 2002          LAW OFFICES OF GREGORY A. YATES

10  GREGORY A. YATES
    Attorney for Plaintiff,
11  HELEN MOORE

- 15 -

Case 2:22-cr-00200-PA   Document 47-4   Filed 09/01/22   Page 170 of 282   Page ID #:565

Reproduced from the Holdings of the National Archives at Riverside

CASE NO. BA175591

DEF NO.  03

DATE PRINTED 08/08/01

ON 08/01/01 AT  900 AM :
NEXT SCHEDULED EVENT:
  08/03/01  1100 AM  HABEAS CORPUS PETITION   DIST L.A. SUPERIOR - CENTRAL DEPT
    106


ON 08/03/01 AT 1100 AM  IN L.A. SUPERIOR - CENTRAL DEPT 106

  CASE CALLED FOR HABEAS CORPUS PETITION
PARTIES: LARRY P. FIDLER (JUDGE)  WENDY WARREN  (CLERK)
                NONE  (REP)      TUPPENCE MACINTYRE  (DA)
DEFENDANT IS NOT PRESENT IN COURT, BUT REPRESENTED BY GERALD WILLIAMS ALTERNATE
   PUBLIC DEFENDER
COUNT (03) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
  COURT ORDERS AND FINDINGS:


            FOR ADDITIONAL INFORMATION PRESS PA1 KEY            * MCAS *

Exh "A" 16

Reproduced from the Holdings of the National Archives at Riverside

| GON CON | TANSY | RENIEL | APT NO. |
|---|---|---|---|
| 2208 | 9TH ST | | |
| LOS ANGELES | | STATE | CA |

| SEX | DESCENT | EYES | | WEIGHT | BIRTHDATE | AGE |
|---|---|---|---|---|---|---|
| F | B | BLK | BRO | 507 | 140 | 042572 | 26 |

MONIKER
H AND H
0268

| BOOKING LOC. | | |
|---|---|---|
| PASADENA | CA | |
| LA | US 57 | |

| | | | TIME ARR | TIME BK |
|---|---|---|---|---|
| 4202 - F5 | 100698 | 0130 | 0449 |
| 9TH | S 4TH | 10009 |
| ALVARADO ST | BAL | 10000 |

F 11359(A)HS POSS COCAINE

ADMONITION OF RIGHTS
"YES" "YES" "YES"

PERELS                                                3903

1549451158

0256  NONE

UNEMPLOYED
LABORER          TT FT NECK "KEITH"          CF80

BLK JACKET WHT T-SHIRT WHT SHORT     CF80

94, MAZDA, 626, WHT 4DR LIC# 3J6632

N/B ALVERADO ST AT 9TH ST     0000.00  3/21/2 00

INVOLVED PERSONS

OMBINED CRIME REPORT

COMBINED EVID. RPT.

| | MOTIVATED BY HATRED / PREJUDICE | | DOMESTIC VIOLENCE |

| Preliminary Drug Test | Y | N |

APPROVAL / REPORTING OFFICERS

| | SERIAL NO | DIV & DET |
|---|---|---|
| S VOELTZ | 33292 | RAMP |
| M PERELIC | 31923 | 7F644 |

JUVENILE DISPO. Petition Request:  ☐ DETAINED  ☐ RELEASED  ☐ NON-BOOK  ☐ NON-BOOK & WARR.

ARREST REPORT "Only one facesheet sent"

Exh "B17"

Reproduced from the holdings of the National Archives at Riverside

| TYPE OF REPORT | | | | | | |
|---|---|---|---|---|---|---|
| ITEM NO | CU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG COLOR, SIZE, INSCRIPTIONS CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

DEFT#1 ESTRADA, SERGIO      DOB—8/4/76      BK#5819064
DEFT#2 ALVARADO, WALTER      DOB—12/22/73      BK#5819099
DEFT#3 JOHNSON, TANSY      DOB—4/25/72      BK#5819103
SUBJ#1 ESPINOZA, MARIA      DOB—10/27/80      BK#5819080

SOURCE OF ACITIVITY:
ON 10/6/1998 MY PARTNER, PERELLO 31923, AND I, VOELTZ 33292, WERE ASSIGNED 2FB46. RAMP PATROL IN MKD BLK AND WHT. WE WERE CONDUCTING EXTRA PATROL ON FOOT IN THE AREA OF 11TH ST AND LAKE ST, WHICH IS NOTORIOUS FOR NARCOTICS SALES.

OBSERVATIONS:
WHILE WALKING N/B ON THE EAST SIDE OF LAKE ST FROM APPROX 30 FT AWAY WE OBS'D A WHT 4DR MAZDA 626 DRIVE S/B LAKE ST FOR APPROX 30FT, CONDUCT A U-TURN, THEN PARK ON THE EAST CURB OF LAKE ST FACING N/B. THE PASSENGER OF THE VEH, LATER ID AS DEFT#3. EXITED THE VEH AND APPROACHED A FEMALE HISP, LATER ID AS SUBJ#1, STANDING ON THE EAST SIDEWALK OF LAKE ST. SUBJ#1 AND DEFT#3 BECAME ENGAGED IN A SHORT CONVERSATION. DEFT#3 REACHED INTO HER RT FRONT POCKET AND REMOVED AN UNK AMT OF WHAT APPEARED TO BE US-CURRENCY. SUBJ#1 RECEIVED THE CURRENCY WITH HER RT HAND AND SUBJ#1 THEN POINTED TOWARD THE WEST SIDE OF LAKE ST. DEFT#3 WALKED W/B ACROSS LAKE ST AND STOOD ON THE WEST SIDEWALK OF LAKE ST. SUBJ#1 APPROACHED (2) MALE HISPS. LATER ID AS DEFT#1 AND DEFT#2, WHO WERE STANDING ON THE EAST SIDEWALK JUST NORTH OF 1110 S LAKE ST. SUBJ#1 HANDED THE CURRENCY TO DEFT#2. DEFT#2 RECEIVED THE CURRENCY WITH HIS RT HAND AND PLACED THE CURRENCY INTO HIS RT REAR POCKET. DEFT#1, WHO APPEARED TO BE HOLDING A SMALL WHT NAPKIN IN HIS LT HAND, REMOVED (2) OFF-WHT ROCK-LIKE OBJECTS RESEMBLING ROCK COCAINE WITH HIS RT HAND FROM THE NAPKIN. DEFT#1 HANDED THE OFF-WHT OBJECTS RESEMBLING ROCK COCAINE TO SUBJ#1. SUBJ#1 RECEIVED THE (2) OFF-WHT OBJECTS WITH HER RT HAND AND CLOSED HER RT FIST. SUBJ#1 THEN WALKED W/B ACROSS LAKE ST TO WHERE DEFT#3 WAS STANDING. SUBJ#1 OPENED HER RT HAND, PALM FACING UP. DEFT#3 REMOVED BOTH OFF-WHT OBJECTS RESEMBLING ROCK COCAINE FROM SUBJ#1'S RT HAND USING HER RT HAND. DEFT#3 PLACED BOTH OBJECTS INTO HER MOUTH. DEFT#3 THEN WALKED E/B ACROSS LAKE ST AGAIN AND RE-ENTERED THE PASSENGER SIDE OF THE ABOVE VEHICLE. THE VEH THEN DROVE N/B LAKE TO E/B 11TH ST. BASED ON THE ABOVE OBSERVATIONS, OUR TRAINING, EXPERTISE AND EXPERIENCE WE FORMED THE OPINION THAT A NARCOTICS TRANSACTION HAD JUST TAKEN PLACE.

AS THE VEH DEFT#3 WAS PASSENGER IN TURNED THE CORNER AT 11TH ST/ LAKE ST WE OBS'D A BLK/WHT POLICE VEH (OFCRS VINTON 31071 AND STANFORD 34528) DRIVING W/B 11TH ST. WE CONTACTED OFCRS VINTON AND STANFORD AND INFORMED THEM OF

CONDUCTED A TRAFFIC STOP ON THE ABOVE VEH AT 3RD ST/ ALVARADO ST PENDING NARCOTICS INVESTIGATION. OFCRS VINTON AND STANFORD APPROACHED THE VEH AND INSTRUCTED DEFT#3 TO EXIT THE VEH. OFCR VINTON INFORMED DEFT#3 THAT OFCRS HAD JUST OBS'D HER PURCHASE NARCOTICS AND THAT SHE HAD BETTER NOT SWALLOW THE NARCOTICS OR HE WOULD GET HER STOMACH PUMPED. DEFT#3 THEN SPIT (2) OFF-WHT ROCK-LIKE OBJECTS RESEMBLING ROCK COCAINE ONTO THE GROUND IN FRONT OF HER. OFCR VINTON HANDCUFFED DEFT#3, THEN RECOVERED THE (2) OFF-WHT ROCK-LIKE OBJECTS RESEMBLING ROCK COCAINE FROM THE SIDEWALK WHERE HE OBS'D DEFT#3 SPIT THEM. OFCR VINTON THEN CONTACTED US VIA RADIO AND INFORMED US THAN HE HAD RECOVERED THE NARCOTICS FROM DEFT#3.

MY PARTNER AND I EXITED OUR POSITION AND BEGAN WALKING N.B ON THE EAST SIDEWALK OF LAKE ST TOWARD DEFT#1. DEFT#1, SUB#1 OBS'D US APPROACHING AND YELLED, "POLICE!". SUB#1 RAN N'B ON THE EAST SIDEWALK OF LAKE ST TOWARD 11TH ST. DEFT#1 DROPPED THE WHT NAPKIN FROM HIS LT HAND. DEFT#1 OPENED THE FRONT GATE TO 1110 S LAKE ST AND ENTERED WITH DEFT#1 RUNNING CLOSE BEHIND HIM. MY PARTNER AND I RAN INSIDE THE FRONT GATE OF 1110 S LAKE ST AFTER DEFT#1 AND DEFT#2. MY PARTNER DETAINED DEFT#1 JUST INSIDE THE DOORWAY. I CONTINUED AFTER DEFT#2. DEFT#2 CONTINUED RUNNING UP THE STAIRS INSIDE THE DOORWAY OF 1110 S LAKE ST. AFTER RUNNING UP APPROX (3) OF THE STAIRS INSIDE THE ENTRYWAY, DEFT#2 SLIPPED AND FELL ONTO THE STAIRS. I THEN GRABBED DEFT#2 AND HANDCUFFED DEFT#2 WITHOUT FURTHER INCIDENT. WE RETURNED TO S LAKE ST. MY PARTNER OBS'D SUB#1 STANDING ON THE N.W CORNER OF 11TH ST AND LAKE ST. MY PARTNER INSTRUCTED SUB#1 TO WALK TOWARD US. SUB#1 COMPLIED AND WAS TAKEN INTO CUSTODY WITHOUT INCIDENT. MY PARTNER RECOVERED THE WHT NAPKIN DEFT#1 HAD BEEN HOLDING AND OBS'D (9) OFF-WHT WAFERS RESEMBLING COCAINE BASE INSIDE THE NAPKIN.

## ARREST:

DEFT#1, DEFT#2 AND SUB#1 WERE PLACED UNDER ARREST FOR 11351HS—SALES OF COCAINE. DEFT#3 WAS PLACED UNDER ARREST FOR 11350HS—POSS OF COCAINE.

## BOOKING:

DEFT#1 AND DEFT#2 WERE BOOKED AT PAB/JAIL DIV FOR 11351HS—SALES OF COCAINE. DEFT#3 WAS BOOKED AT 77TH ST JAIL DIV FOR 11350HS—POSS OF COCAINE. SUB#1 WAS BOOKED FOR 11351HS AND RELEASED TO HER MOTHER(LOPEZ, YOLANDA).

## EVIDENCE:

MY PARTNER RECOVERED APPROX (9) OFF-WHT WAFER RESEMBLING COCAINE BASE INSIDE A WHT NAPKIN FROM THE SIDEWALK IN FRONT OF 1110 S LAKE ST ITEM#1. OFCR VINTON RECOVERED (2) OFF-WHT ROCK-LIKE OBJECTS RESEMBLING ROCK COCAINE FROM THE SIDEWALK IN FRONT OF DEFT#3 WHERE HE OBS'D DEFT#3 SPIT THE

Query    Reports    Utilities    Help    Log Out

(AJWx),CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:02-cv-05355-GAF-AJWX

Helen Moore v. Los Angeles City of, et al
Assigned to: Judge Gary A. Feess
Referred to: Discovery Andrew J. Wistrich
Demand: $0
Cause: 42:1983 Civil Rights Act

Date Filed: 07/05/2002
Date Terminated: 03/04/2004
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Helen Moore, -**

represented by **Gregory A Yates**
Gregory A Yates Law Offices
16830 Ventura Blvd Suite 250
Encino, CA 91436
310-858-6944
Fax: 818-905-7038
Email: gregyates@gregoryayates.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**

represented by **Karen D Brown-Carr**
Los Angeles City Attorney's Office
Police Discovery Div
200 N Main St, 1700 City Hall E
Los Angeles, CA 90012-4129
213-847-5690
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun Dabby Jacobs**
Los Angeles City Attorney's Office
City Hall E
200 N Main St, 7th Fl
Los Angeles, CA 90012-4130
213-978-8235
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Vinton**

represented by **Karen D Brown-Carr**
(See above for address)
*TERMINATED: 10/28/2002*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun Dabby Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Voeltz**

**Defendant**

**Martin Perello**                    represented by    **Karen D Brown-Carr**
(See above for address)
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun Dabby Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeremy Stanford**

**Defendant**

**Bernard Parks**                    represented by    **Karen D Brown-Carr**
(See above for address)
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun Dabby Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10, inclusive*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/05/2002 | 1 | COMPLAINT filed Summons(es) Issued referred to Discovery Carla M. Woehrle; Jury Demand (pc) (Entered: 07/09/2002) |
| 07/05/2002 | 2 | NOTICE OF INTERESTED PARTIES filed by plaintiff Helen Moore - (pc) (Entered: 07/09/2002) |
| 07/05/2002 | 3 | NOTICE by plaintiff Helen Moore - of related case(s) CV 99-11629 GAF (AJWx) & Other related groups. (kc) (Entered: 07/17/2002) |
| 07/25/2002 | 4 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Los |

| | | Angeles City of; Service by State Statute on 7/19/02 via personal delivery by serving S/C to Maria Rico, person auth to accept service of process (el) (Entered: 07/26/2002) |
|---|---|---|
| 07/29/2002 | 5 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 (Related Case) filed. [ Related Case no.: CV 99-11629 GAF (AJWx)] Case transferred from Judge Consuelo B. Marshall to Judge Gary A. Feess for all further proceedings. , Case referred from Discovery Carla M. Woehrle to Discovery Andrew J. Wistrich The case number will now reflect the initials of the transferee Judge [ CV 02-5355 GAF (AJWx)] (cc: all counsel) (rn) (Entered: 07/29/2002) |
| 07/30/2002 | 7 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Bernard Parks; Service by CCCP on 7/19/02 served S/C to Nicole Wall, person authorized to receive service of process. (bp) (Entered: 08/05/2002) |
| 07/30/2002 | 8 | NON SERVICE report re: defendant Jeremy Stanford; declaration of diligence. (bp) (Entered: 08/05/2002) |
| 07/31/2002 | 6 | MINUTES: The above-entitled action has been assigned to Judge Gary Allen Feess as a related case to Javier F. Ovando v. City of Los Angeles CV99-11629-GAF, commonly referred to as the "Rampart Division Cases." by Judge Gary A. Feess CR: N/A (bp) (Entered: 08/01/2002) |
| 08/06/2002 | 9 | CERTIFICATION OF INTERESTED PARTIES filed by dfts Los Angeles City of, Bernard Parks, Martin Perello (el) (Entered: 08/07/2002) |
| 08/06/2002 | 10 | ANSWER filed by dfts Los Angeles City of, Bernard Parks, Martin Perello to complaint [1-1]; jury demand (el) (Entered: 08/07/2002) |
| 09/03/2002 | 11 | ANSWER filed by defendant David Vinton to complaint [1-1]; jury demand (bp) (Entered: 09/04/2002) |
| 09/03/2002 | 12 | CERTIFICATION OF INTERESTED PARTIES filed by defendants' Los Angeles City, David Vinton, Martin Perello, and Bernard Parks (bp) (Entered: 09/04/2002) |
| 09/13/2002 | 13 | NOTICE OF CHANGE Of Address filed by atty Karen D Carr for defendant Bernard Parks. Address change as follows: 200 North Main Street City Hall East, 8th Floor Los Angeles, CA 90012 (bp) (Entered: 09/16/2002) |
| 10/28/2002 | 14 | NOTICE of intra-office change of attorney by defendants' Los Angeles City of, David Vinton, Martin Perello, and Bernard Parks. The attorney assigned to handle this matter is Jeffrey W. Korn, in place and instead of Karen W. Carr. (bp) (Entered: 10/28/2002) |
| 10/29/2002 | 15 | MINUTES: The stay on the filing of motions previously ordered by this court is partially lifted in this case. In compliance with Local Rule 7-3, defense counsel are ordered to provide plaintiffs with copies of any previous orders issued by this court in other Rampart cases which counsl believe address the issues they intend to move on. Because the stay may have prevented defendants from answering and filing motions under Rule 12 within the time prescribed by that rule, all defendants who have not rpeviously done so, shall anaswer or otherwise respond to the compaint no later than 12/2/02 by Judge Gary A. Feess CR: N/P (bg) (Entered: 10/30/2002) |
| 02/21/2003 | 16 | MINUTES: The parties are ordered to inform the court if any of the parties are erroneously grouped. Plaintiff is required, within 30 days, to show why the court should not dismiss the unserved defendants. Defendants are required, within 30 days, to show why the court should not find the served, unresponsive defendant in default by Judge Gary A. Feess CR: N/A (bp) (Entered: 02/25/2003) |
| 03/26/2003 | 17 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Martin Perello; Service by California Code of Civil Procedure on 7/23/02 by serving summons |

| | | and complaint to Cindy Wapp, person in charge; declaration of diligence; by mail 7/24/02. (bp) (Entered: 03/27/2003) |
|---|---|---|
| 03/26/2003 | 18 | RESPONSE by plaintiff Helen Moore to court's February 21, 2003 order concerning the current status of this action [16-1] (bp) (Entered: 03/27/2003) |
| 04/01/2003 | 19 | MINUTES: The parties are instructed to review this schedule and submit to the court their proposed schedule of dates. All parties are to respond by providing the court with either a joint or individual list of dates not later than Friday, April 18, 2003. Upon receipt of the parties' proposed dates, the court will set the matter for a rule 26(f) scheduling conferenece at which time it will issue a definitive schedule along with its scheduling and case managment order by Judge Gary A. Feess CR: N/A (bp) (Entered: 04/02/2003) |
| 04/30/2003 | 20 | NOTICE OF NON AVAILABILITY by plaintiff Helen Moore that attorney Gregory A. Yates will be unavailable from 06/20/03 through 06/30/03 (jp) (Entered: 05/01/2003) |
| 04/30/2003 | 21 | NOTICE OF INTRA-OFFICE CHANGE OF ATTORNEY filed by attorney Jeffrey W Korn for defendant City of Los Angeles, Bernard Parks, Martin Perello and David Vinton; The new attorney assigned to handle this matter is Shaun Dabby Jacobs, in place and instead of Jeffrey W Korn; Jacobs' telephone number is 213-978-2708; Fax 213-978-2211 (nhac) (Entered: 05/01/2003) |
| 07/08/2003 | 22 | MINUTES: On April 1, 2003, the court issued an order instructing the parties in this case to review the court's schedule of trial and pretrial dates and submit to the court a proposed schedule of dates. The parties were instructed to respond by Friday, April 18, 2003, but the court has received no responses. Accordingly, the parties are again instructed to confer and submit to the court a proposed schedule of dates, no later than Friday, July 25, 2003. Upon receipt of the parties' response, the court will set the matter for rule 26(f) scheduling conference, at which time it will issue a definitive schedule along with its scheduling and case management order by Judge Gary A. Feess CR: None Present (bp) (Entered: 07/09/2003) |
| 07/24/2003 | 23 | Proposed schedule of trial and pretrial dates by defendants City of Los Angles, Bernard Parks, Martin Perello and David Vinton (bp) (Entered: 07/25/2003) |
| 08/12/2003 | 24 | CASE MANAGEMENT AND SCHEDULING ORDER by Judge Gary A. Feess discovery ddl set on 11/16/04; last day for hearing motions 11/23/04; last date to conduct settlement conference 11/30/04; lodge pretrial conference order 12/14/04; hearing on motions in limine 1/18/05; Final Pretrial Conference set for 3:00 12/28/04 jury trial set on 8:30 1/25/05 (bp) (Entered: 08/13/2003) |
| 12/05/2003 | 25 | NOTICE of non availability of counsel for plaintiffs by plaintiff Helen Moore - (bp) (Entered: 12/08/2003) |
| 01/09/2004 | 26 | REQUEST FOR ENTRY OF A PROTECTIVE ORDER. Protective Order regarding The City's Confidential Material by Judge Andrew J. Wistrich (bp, ) (Entered: 01/12/2004) |
| 03/03/2004 | 27 | STIPULATION AND ORDER that the above-captioned action be and hereby is dismissed with prejudice, against the defendants City of Los Angeles, David Vinton, Scott Voeltz, Martin Perello, Jeremy Stanford, Bernard Parks and all of the City's departments, commissions, boards, bureaus, officials, officers, agents and employees, whether named or unnamed, served or unserved, pursuant to Federal Rule 41(A) of the Federal Rules of Civil Procedure, with each side to bear its own costs by Judge Gary A. Feess :, (Made JS-6. Case Terminated.)(bp, ). (Entered: 03/04/2004) |

---

**PACER Service Center**

| **Transaction Receipt** | | | |
|---|---|---|---|
| 06/10/2022 14:13:52 | | | |
| **PACER Login:** | fpdcac0087 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:02-cv-05355-GAF-AJWX End date: 6/10/2022 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

1  GREGORY W. MORENO, ESQ.
   ARNOLD CASILLAS, ESQ.
2  MORENO, BECERRA, GUERRERO & CASILLAS
   A Professional Law Corporation
3  3500 West Beverly Boulevard
   Montebello, CA 90640-1541
4  Telephone: (323) 725-0917
   Facsimile: (323) 725-0350
5
   Attorneys for Plaintiff
6  RAMIRO PADILLA
7
8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10 RAMIRO PADILLA,                  )  CASE NO. 2-05631  PA (Ex)
                                    )
11                Plaintiff,        )  COMPLAINT FOR DAMAGES:
                                    )
12     v.                           )  CIVIL RIGHTS VIOLATIONS
                                    )  PURSUANT TO 42 U.S.C. §§
13 CITY OF LOS ANGELES, DAVID VINTON,)  1983; NEGLIGENCE,
   NATHAN BUTCHER, BERNARD PARKS,   )  MALICIOUS PROSECUTION,
14 AND DOE DEFENDANTS 1 THROUGH 10, )  FALSE IMPRISONMENT
   INCLUSIVE,                       )
                   Defendants.      )
15                                  )
                                    )
16                                  )  [REQUEST FOR JURY TRIAL]
17                        __COMPLAINT__
18     **COMES NOW PLAINTIFF RAMIRO PADILLA,** and alleges as follows:
19                             **I.**
20                  **VENUE AND JURISDICTION**
21 1.  This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and Fourteenth
22     Amendments of the United States Constitution. Jurisdiction is founded on 29
23     U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and
24     Constitutional provisions.
25 2.  Venue is proper in the Central District of California. The injury occurred in the
26     City of Los Angeles, California.
27 ////
28

                                    1

ENTERED ON ICMS

JUL 19 2002

07/17/2002 3:05:59 PM  Receipt #: 18960
        Cashier : ABELLAMY [LA 1-1]
Paid by: MORENO, BECERRA GUERRERO AND CA
SILLAS
2:CV02-05631
2002-086900      5 - Filing Fee Civil(1)
Amount :                    $60.00
2:CV02-05631
2002-510000     11 - Special Fund F/F(1)
Amount :                    $90.00
Check Payment : 0061 /         150.00
Total Payment :                150.00

## II.

## PARTIES

3.   At all times relevant hereto, Plaintiff RAMIRO PADILLA was a resident of the County of Los Angeles, California.  PLAINTIFF is Mexican-American.

4.   At all times mentioned herein, defendant CITY OF LOS ANGELES was a public entity duly organized and existing under and by virtue of the laws of the state of California.

5.   At all times relevant herein, defendants DAVID VINTON, NATHAN BUTCHER, and DOES 1 through 5, (hereafter "POLICE OFFICER DEFENDANTS") were residents of the County of Los Angeles, and  were police officers, sergeants, detectives, and/or civilian employees, agents and representatives of the City of Los Angeles Police Department and employees, agents and representatives of the City of Los Angeles.  At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the Los Angeles Police Department, a department and subdivision of defendant City of Los Angeles.  At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF LOS ANGELES, its police department and/or the State of California.

6.   At all times relevant herein, defendants BERNARD PARKS, and DOES 6 through 10, (hereafter "SUPERVISING OFFICER DEFENDANTS") were residents of the County of Los Angeles, and were police officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents and representatives of the City of Los Angeles Police Department and employees, agents and representatives of the City of Los Angeles.  At all times relevant hereto, said defendants were acting within the course and scope of their employment as

2

1  officers, sergeants, captains and chiefs of police, policy makers, and/or civilian

2  employees of the Los Angeles Police Department, a department and subdivision of

3  defendant City of Los Angeles. At all times relevant herein, said defendants were

4  acting under color of law, to wit, under the color of the statutes, ordinances,

5  regulations, policies, customs, practices and usages of defendant CITY OF LOS

6  ANGELES, its police department and/or the State of California.

7  7.   PLAINTIFF is ignorant of the true names and capacities of defendants sued

8  herein as DOE defendants 1 through 10, inclusive, and therefore sues these

9  defendants by such fictitious names. PLAINTIFF will amend this complaint to

10  allege their true names and capacities when ascertained. PLAINTIFF is informed

11  and believes and thereon alleges that each of the fictitiously named defendants is

12  responsible in some manner for the occurrences herein alleged, and that

13  PLAINTIFF's injuries as herein alleged were proximately caused by the acts

14  and/or omissions of said fictitiously named defendants.

15  8.   At all times relevant herein, defendants BERNARD PARKS and DOE defendants

16  6 through 10, inclusive, were supervisors and/or policy makers for the City of Los

17  Angeles Police Department which employed organized unlawful and illegal

18  customs and practices of excessive force and illegal searches and seizures, false

19  arrests which lacked probable cause, falsification of evidence, filing of false police

20  reports in violation of P.C. §118.1, committing perjury in carrying out their

21  mandate. Said misconduct was encouraged, tolerated and condoned by defendants

22  BERNARD PARKS, and DOE defendants 6 through 10, inclusive.

23  9.   At all times relevant herein, defendants DAVID VINTON, NATHAN BUTCHER,

24  and DOE defendants 1 - 10, and each of them, were acting within the course and

25  scope of their employment as police officers and employees of the CITY OF LOS

26  ANGELES, which is liable in respondeat superior for said employees state-law

27  torts pursuant to section 815.2 of the California Government Code.

28

3

## III.

## FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION

10. On October 26, 2001, the Superior Court for the State of California allowed Plaintiff to withdraw a guilty plea earlier entered into by Plaintiff and entered a dismissal of all charges against Plaintiff in criminal case number BA 170 763. This invalidated Plaintiff's earlier conviction of sales of narcotics.

11. PLAINTIFF was originally arrested by defendants DAVID VINTON, NATHAN BUTCHER, and DOES 1 through 5, inclusive, on June 30, 1988, and said defendants were at all times relevant hereto Los Angeles police officers assigned to the LAPD's Central Division.

12. PLAINTIFF was acting lawfully POLICE OFFICER DEFENDANTS, arrested him without a warrant, probable cause, consent, or any other legal justification, and proceeded to plant narcotics on PLAINTIFF for the purpose of framing him to cause him to illegally and without justification, spend time in jail.

13. POLICE OFFICER DEFENDANTS claim to have caught Mr. Padilla with narcotics on his person, all the time knowing that nothing of the sort happened.

14. POLICE OFFICER DEFENDANTS planted the narcotics and articles in an effort to secure PLAINTIFF's conviction and imprisonment.

15. PLAINTIFF was arrested, and pled guilty based solely on his fear that the word of POLICE OFFICER DEFENDANTS would be believed over his own.

16. PLAINTIFF moved to set aside the guilty plea due to new information released by the District Attorney's Office indicating these officers were involved in the Rampart Corruption scandal, his own innocence, and the fact that the drugs allegedly confiscated from him at the time of arrest were missing.

17. Due to the above described actions of POLICE OFFICER DEFENDANTS, PLAINTIFF served a total of 200 days in the Los Angeles County Jail.

18. PLAINTIFF continues to suffer from the injuries proximately caused by his

4

1      wrongful, false and malicious arrest, detention, prosecution, conviction, and

2      imprisonment by way of continuous pain, shock, fear, apprehension, nervousness,

3      anxiety, and depression.

4  19.    As provided in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487, 117 S. Ct. 2354 (1994)

5      and <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374 (9th Cir, 1998),

6      PLAINTIFF's claims for false arrest, malicious prosecution and false

7      imprisonment did not accrue until his conviction was invalidated through dismissal

8      on the above indicated date.

9  20.    With respect to the state law claims that are presented herein, the present plaintiffs

10      have timely filed tort claim with the City of Los Angeles and PLAINTIFF will

11      amend the pleadings to reflect their anticipated rejection upon that occurrence.

12  21.    Defendant City of Los Angeles is liable in respondeat superior for the state

13      law claims presented herein pursuant to section 815.2 of the California

14      Government Code for the acts of its employees named herein who at all times

15      alleged herein was acting in the course and scope of their employment with said

16      public entity.

17                            **IV.**

18              **FIRST COUNT/CAUSE OF ACTION**

19         **VIOLATION OF PLAINTIFF'S PROCEDURAL AND**

20         **SUBSTANTIVE DUE PROCESS RIGHTS THROUGH**

21         **MALICIOUS PROSECUTION/FALSE**

22         **IMPRISONMENT**

23           **[As to POLICE OFFICER DEFENDANTS]**

24  22.    PLAINTIFF repeats, realleges and incorporates each and every allegation of each

25      and every paragraph above as though fully set forth herein.

26  23.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth

27      Amendment of the United States Constitution for violation of PLAINTIFF's

28

<div align="center">5</div>

1      procedural and substantive due process rights and the violation thereof resulting

2      from the malicious prosecution by the defendants named herein and resulting false

3      imprisonment.

4   24.   As delineated in above, PLAINTIFF was wrongfully arrested without probable

5      cause, and was charged and convicted based upon the false charges, statements,

6      police reports, evidence and testimony presented by POLICE OFFICER

7      DEFENDANTS.

8   25.   Said defendants, in violation of Penal Code section 118.1 filed materially false

9      police reports, made materially false statements to investigators and prosecutors

10      that PLAINTIFF had possessed and attempted to sell said controlled substances,

11      and presented falsified evidence, all for the purpose of having PLAINTIFF

12      wrongfully, unjustly and falsely charged with crimes, and to ensure that

13      PLAINTIFF would be falsely and wrongfully prosecuted.

14   26.   At no time did said defendants have probable cause to arrest and charge

15      PLAINTIFF for any crime or to recommend that he be prosecuted.

16      Notwithstanding this, with malice and conscious disregard for his rights to due

17      process, said defendants presented the above false evidence and recommended that

18      PLAINTIFF be charged and prosecuted and thereafter meaningfully participated in

19      his prosecution to ensure his wrongful conviction and wrongful imprisonment.

20   27.   As a result of the above-described acts and misconduct, PLAINTIFF was

21      wrongfully and unjustly convicted of the violations indicated above, and thereafter

22      was wrongfully sentenced to state prison.

23   28.   As indicated above, PLAINTIFF's conviction was expunged, overturned and/or

24      otherwise unconditionally invalidated by court order. As a result of the

25      misconduct described herein, PLAINTIFF was detained, incarcerated and

26      imprisoned for the period stated above.

27   ////

28                                6

29.  As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries. As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

30.  The aforementioned acts of said defendants was willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these defendants.

## V.

### SECOND COUNT/CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM

### UNREASONABLE SEARCHES AND SEIZURES

### [As to POLICE OFFICER DEFENDANTS]

31.  PLAINTIFF repeats, reallege and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

32.  This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

33.  At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of

7

1     law.

2  34.   As described above, POLICE OFFICER DEFENDANTS violated PLAINTIFF's

3        Fourth Amendment rights by unlawfully and unreasonably detaining, handcuffing,

4        arresting, and imprisoning him without reasonable suspicion or probable cause.

5  35.   In doing these things, said defendants acted specifically with the intent to deprive

6        PLAINTIFF of his constitutional rights under the Fourth Amendment to be free

7        from unreasonable seizures.

8  36.   Said defendants subjected PLAINTIFF to the aforementioned deprivations by

9        either actual malice, deliberate indifference or a reckless disregard of his rights

10       under the U.S. Constitution.

11 37.   Said defendants, acted at all times herein knowing full well that the established

12       practices, customs, procedures and policies of the City of Los Angeles Police

13       Department would allow a cover-up and allow the continued violation of the

14       Fourth Amendment of the Constitution of the United States.

15 38.   As a direct and proximate result of the aforementioned acts of said defendants,

16       PLAINTIFF suffered the violation of his constitutional rights as described above.

17       As the further actual and proximate result of the acts and omissions of said

18       defendants, as described herein, PLAINTIFF was made to lose his freedom and

19       liberty for the period of time indicated above, this in violation of the Fourteenth

20       Amendment's due process guarantees.  During said incarceration PLAINTIFF

21       suffered personal and bodily injuries, and during said time he suffered, and

22       continues to suffer, severe emotional and psychological pain, suffering, anxiety,

23       depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

24       medical specialists for treatment and therapy for his injuries.  As further

25       proximately resulting from said defendants' misconduct, PLAINTIFF has

26       experienced a significant loss of wages and a significant loss of his ability to

27       obtain and maintain gainful employment.

28

8

39.   The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VI.

## THIRD COUNT/CAUSE OF ACTION
## CONSPIRACY TO VIOLATE PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### [As to POLICE OFFICER DEFENDANTS]

40.   PLAINTIFF repeats, reallege and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

41.   This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution.

42.   Beginning on the date of PLAINTIFF's arrest and continuing through the date of PLAINTIFF's conviction, POLICE OFFICER DEFENDANTS planned and acted in concert to violate the Fourth and Fourteenth Amendment Rights of PLAINTIFF and to carry out a malicious and evil plan to falsely and wrongfully arrest PLAINTIFF and have him wrongfully and illegally prosecuted, convicted and imprisoned.

43.   At said time and place, said defendants expressly and impliedly agreed that they would unlawfully seize, handcuff, detain, falsify evidence against, arrest, convict and imprison PLAINTIFF, all for the malicious and unlawful purpose of violating PLAINTIFF's civil rights and of unlawfully inflicting punishment on PLAINTIFF.

44.   Said defendants along with other co-conspirators purposefully, under color of law, planned and intended to deny PLAINTIFF the equal protection of the laws and injure PLAINTIFF in the following respects:

a.   to deny the right to be free from unreasonable arrests not based on probable cause,

9

b.    to deny the right not to be deprived of life and liberty without due process

of law,

c.    to deny the right against cruel and unusual punishment.

45.    By virtue of the foregoing, said defendants and two or more of them, conspired for the purpose of:

a.    depriving PLAINTIFF of equal protection of the laws and of equal protection and immunities under the law; and,

b.    preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation from giving and securing PLAINTIFF's equal protection of the law and preventing deprivation of liberty and property without due process of law.

46.    Said defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby PLAINTIFF was deprived of the rights and privileges as set forth above.  These acts included the said defendants fraudulently and unlawfully placing evidence upon the person of PLAINTIFF and falsely and/or falsely claiming that he had possessed said evidence, authoring and filing false police reports in violation of P.C. §118.1 to conceal and justify police misconduct, knowingly approving such false reports, giving false and deliberately misleading and perjurious statements to investigators, giving false and perjurious testimony in the investigation of the incident and as part of the related criminal proceedings, and failing to discipline and recommend for prosecution officers committing such misconduct.

47.    By virtue of the foregoing, said defendants, and each of them,  PLAINTIFF's procedural and substantive due process rights under the Fourteenth Amendment.

48.    Notwithstanding the duties owed to PLAINTIFF, and notwithstanding the laws of the state of California and the rights granted to PLAINTIFF under the U.S.

10

1   Constitution, these defendants, and each of them, with deliberate indifference to

2   the constitutional rights of PLAINTIFF, failed and refused to prevent the wrongs

3   conspired to be committed against PLAINTIFF, despite their ability and duty to do

4   so.

5   49.   As the actual and proximate result of the acts and omissions of said defendants, as

6   described herein, PLAINTIFF was made to lose his freedom and liberty for the

7   period stated above, in violation of the Fourteenth Amendment's procedural and

8   substantive due process guarantees.  During said incarceration PLAINTIFF

9   suffered personal and bodily injuries, and during said time he suffered, and

10   continues to suffer, severe emotional and psychological pain, suffering, anxiety,

11   depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

12   medical specialists for treatment and therapy for his injuries.  As further

13   proximately resulting from said defendants' misconduct, PLAINTIFF has

14   experienced a significant loss of wages and a significant loss of his ability to

15   obtain and maintain gainful employment.

16   50.   The aforementioned acts of said defendants were willful, wanton, malicious and

17   oppressive thereby justifying the awarding of exemplary and punitive damages as

18   to said defendants.

19

20   **VII.**

21   **FOURTH COUNT/CAUSE OF ACTION**

22   **FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**

23   **[As to POLICE OFFICER DEFENDANTS]**

24   51.   PLAINTIFF repeats, realleges and incorporates each and every allegation of each

25   and every paragraph above as though fully set forth herein.

26   52.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth

27   Amendment of the United States Constitution, for violation of PLAINTIFF's

28

11

1    procedural and substantive due process rights.

2    53.    At the time and place alleged herein, POLICE OFFICER DEFENDANTS were

3           present at the immediate scene of the arrest and booking of PLAINTIFF.

4    54.    At said date and location, said defendants were in the position and authority to

5           lawfully intervene in and prevent the unjustified and unwarranted detention, search

6           and arrest of PLAINTIFF.

7    55.    At said date and location, said defendants had ample and reasonably sufficient

8           time and opportunity to so intervene and prevent the unlawful detention, search

9           and arrest of PLAINTIFF, and were compelled to do so as peace officers under the

10          laws of the State of California and under the Constitution of the United States of

11          America.

12   56.    At said date and location, in deliberate indifference to PLAINTIFF's life, health

13          and Constitutional rights, said defendants intentionally and with deliberate

14          indifference to the civil rights of PLAINTIFF, refrained from intervening in said

15          detention and arrest.

16   57.    As a result thereof, said defendants unlawfully seized, detained, searched and

17          arrested PLAINTIFF and unlawfully and unjustifiably caused him to be prosecuted

18          and imprisoned in violation of his rights under the Fourth and Fourteenth

19          Amendments of the Constitution of the United States of America.

20   58.    Thereafter, said defendants were in the position and authority to lawfully intervene

21          in and prevent the unjustified and unwarranted prosecution of PLAINTIFF and

22          further failed to intervene to prevent the unlawful and malicious prosecution,

23          conviction and imprisonment of PLAINTIFF.  After said conviction, said

24          defendants were in the position and authority to stop the imprisonment of

25          PLAINTIFF by revealing the invalidity of the search which lead to PLAINTIFF's

26          arrest and failed to do so and allowed PLAINTIFF to be wrongfully sentenced and

27          thereafter imprisoned for the period indicated above.

28

59. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF suffered personal injuries to his body as a result of the excessive force used upon him, and was made to lose his freedom and liberty for the period stated above, this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries. As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

60. The aforementioned acts of POLICE OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VIII.

## FIFTH COUNT/CAUSE OF ACTION

## SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S

## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

### [As to BERNARD PARKS, and Does 6 Through 10, Inclusive]

61. PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

62. This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

63. On the date of PLAINTIFF's arrest, defendants BERNARD PARKS and DOES 6 through 10, inclusive, learned and became aware of the arrest of PLAINTIFF by

13

1    POLICE OFFICER DEFENDANTS.

2    64.   Thereafter, defendants BERNARD PARKS and DOES 6 through 10, inclusive,

3          conducted an investigation of the arrest by personally evaluating the evidence of

4          the incident, by taking statements from the individuals involved.

5    65.   Said defendants were aware of the customs, practices, and propensities of their

6          subordinates - POLICE OFFICER DEFENDANTS - to conduct illegal and

7          wrongful searches, to make false arrests, to employ excessive and unnecessary

8          force, to file false police reports in violation of P.C. §118.1, to falsify evidence and

9          to commit perjury to conceal this misconduct, and to unlawfully and without

10         probable cause or suspicion detain, arrest and imprison persons; including the

11         misconduct alleged in the present complaint. Said defendants tolerated,

12         encouraged and expressly and impliedly condoned this misconduct by consciously

13         ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

14   66.   Since 1990, said defendants were aware of repeated acts of unlawful searches and

15         seizures, the illegal use of excessive force, the preparation and submission of false

16         and misleading police reports, the falsification of evidence and the commission of

17         perjury by POLICE OFFICER DEFENDANTS and of conspiracies amongst said

18         police officers to conceal said misconduct.

19   67.   Notwithstanding this knowledge, said defendants encouraged and facilitated such

20         conduct and deliberately and leniently overlooked and ratified the misconduct of

21         POLICE OFFICER DEFENDANTS by failing to discipline said officers,

22         approving false and misleading police reports authored by said officers, and failing

23         to recommend the investigation and criminal prosecution of said officers for their

24         misconduct, and in the present instance failing to supervise and control POLICE

25         OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by

26         failing to train said subordinate officers in the procedures, laws and practices that

27         would eliminate the risk of the constitutional violations alleged herein.

28

14

68.  By consciously and deliberately overlooking the repeated acts of misconduct and
criminal acts by their subordinate officers, including their subordinates POLICE
OFFICER DEFENDANTS said defendants established a custom and practice of
condoning and ratifying such misconduct and criminal activity, and established a
tolerated pattern of constitutional violations amongst their subordinate officers.
The condoning of misconduct by said defendants was so comprehensive and well-
known that their subordinate officers were emboldened to blatantly violate the
constitutional rights of any persons the subordinate officers came into contact with
while on duty and while off duty to commit crimes such as the theft and sales of
narcotics, the theft of property, false arrests, perjury, assaults and batteries with
impunity.

69.  Through their conscious disregard for the rights of the persons their subordinates
would come in contact with and through their custom and practice of encouraging,
condoning, tolerating and ratifying constitutional violations and criminal activity
by their subordinates, said defendants were deliberately indifferent to the
constitutional violations being committed by their subordinates, including POLICE
OFFICER DEFENDANTS.

70.  Based on the evaluation of the arrest and the evidence from the incident which
underlies this lawsuit, said defendants, as described above, and based on their
knowledge of the prior misconduct of the officers involved in the incident, said
defendants concluded that the arrest of PLAINTIFF was unjustified, that a
conspiracy was in place and continuing between the police officers involved in the
incident to conceal the wrongfulness of their conduct, and that discipline and
criminal prosecution of the officers was called for.  Notwithstanding this
information and their conclusions, said defendants ratified, condoned, approved
and turned a blind eye to the misconduct of POLICE OFFICER DEFENDANTS
failing to discipline said officers and failing to recommend the investigation and

15

1     criminal prosecution of said officers.

2   71.   Because of their failure to act to prevent the continuing constitutional violations by

3         their subordinates, and because of the establishment of the policies and practices

4         described above as well as their failure to adequately train their subordinates, said

5         defendants are liable for the constitutional violations committed by POLICE

6         OFFICER DEFENDANTS and for the damages suffered by PLAINTIFF as

7         described herein.  As the actual and proximate result of the acts and omissions of

8         said defendants, PLAINTIFF was wrongfully and illegally imprisoned and made to

9         lose his freedom and liberty for the duration of the period indicated above, this in

10        violation of the Fourteenth Amendment's due process guarantees.

11  72.   As the actual and proximate result of the acts and omissions of said defendants as

12        described herein, PLAINTIFF suffered personal injuries as a result of an illegal

13        and excessive use of force against his person and was made to lose his freedom

14        and liberty for the period stated above in violation of the Fourteenth Amendment's

15        procedural and substantive due process guarantees.  During said incarceration

16        PLAINTIFF suffered personal and bodily injuries, and during said time he

17        suffered, and continues to suffer, severe emotional and psychological pain,

18        suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

19        been made to hire medical specialists for treatment and therapy for his injuries.  As

20        further proximately resulting from said defendants' misconduct, PLAINTIFF has

21        experienced a significant loss of wages and a significant loss of his ability to

22        obtain and maintain gainful employment.

23  73.   The aforementioned acts of BERNARD PARKS and DOES 6 through 10,

24        inclusive were willful, wanton, malicious and oppressive thereby justifying the

25        awarding of exemplary and punitive damages as to these defendants.

26  ////

27  ////

28                                   **16**

**Complaint For Damages and Demand For Jury Trial**

## IX.
## SIXTH COUNT/CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

**[As to CITY OF LOS ANGELES and SUPERVISING OFFICER**

**DEFENDANTS]**

74.  PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

75.  This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments.

76.  On the date of PLAINTIFF's arrest indicated above POLICE OFFICER DEFENDANTS, acting within the course and scope of their duties as peace officers of the City of Los Angeles, deprived PLAINTIFF of his rights to be free from unreasonable seizures and unlawful arrests as delineated herein above, and thereafter in violation of PLAINTIFF's due process rights proceeded to falsify evidence, submit false police reports and offer perjurious testimony so as to ensure that PLAINTIFF would be wrongfully convicted and sentenced.

77.  At the time of these constitutional violations by Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause, and specifically Mexican-Americans as well as members of other minority groups.

78.  Said policies, procedures, customs and practices also called for the City of Los Angeles and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of false arrests, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false

17

1   testimony in trial to cover-up and conceal such wrongful conduct by officers of the

2   Los Angeles Police Department and its Rampart and Central Divisions, and for the

3   City of Los Angeles to fail to objectively and/or independently investigate or in

4   any way deal with or respond to  or the related claims and lawsuits made as a result

5   of such false arrests and related misconduct.

6   79.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

7   DEFENDANTS were aware of and were deliberately indifferent to a pervasive and

8   widespread pattern and practice with the LAPD of concealing known instances of

9   evidence planting, evidence tampering, perjury, falsified police reports, witness

10  coercion, excessive force, on-duty criminal acts and on-duty acts of moral

11  turpitude.  This pattern and practice was identified and documented by the

12  commission appointed by the City of Los Angeles known as the "Christopher

13  Commission."  Said commission issued a report to the City of Los Angeles

14  describing this pattern and practice as a "Code of Silence" and identified it as a

15  cause of continued civil rights violations, and put said Defendants on notice of the

16  existence of such pattern and practice.  Said Defendants failed to take any

17  reasonable measures to correct this pattern and practice and as a result said city

18  and persons have been deliberately indifferent to the civil rights violations which

19  resulted, including those which are described in the present claim.

20  80.   Said policies, procedures, customs and practices called for and led to the refusal of

21  said Defendants to investigate complaints of previous incidents of false and

22  unlawful arrests, the filing of false police reports to conceal such misconduct, the

23  falsification evidence and perjury and, instead, officially claim that such incidents

24  were justified and proper.

25  81.   Said policies, procedures, customs and practices called for said Defendants, by

26  means of inaction and coverup, to encourage an atmosphere of lawlessness within

27  the police department and to encourage their police officers to believe that

28

18

1    improper arrest of residents of the Los Angeles County or persons present therein,

2    including members of minority groups, the planting of evidence, the submission of

3    false police reports, and the commission of perjury was permissible and to believe

4    that unlawful acts of falsification of evidence and perjury would be overlooked

5    without discipline or other official ramifications.

6    82.   Said policies, procedures, customs and practices of said Defendants and each of

7    them evidenced a deliberate indifference to the violations of the constitutional

8    rights of PLAINTIFF.  This indifference was manifested by the failure to change,

9    correct, revoke, or rescind said policies, procedures, customs and practices in light

10   of prior knowledge by said Defendants and their subordinate policymakers of

11   indistinguishably similar incidents of unjustified and unreasonable and unlawful

12   arrests, falsification of evidence, evidence tampering, submission of false police

13   reports and perjury.

14   83.   Deliberate indifference to the civil rights of minority groups and other victims of

15   the LAPD's unlawful arrests, falsified evidence, false and misleading police

16   reports and false and perjurious testimony was also evidenced by said Defendants

17   by their ignoring of the history and pattern of prior civil lawsuits alleging civil

18   rights violations, similar to those alleged herein, arising from such misconduct and

19   the related payment of judgments to such individuals.

20   84.   Deliberate indifference to the civil rights of minority groups and other victims of

21   the LAPD's unlawful arrests, falsified evidence, false and misleading police

22   reports and false and perjurious testimony was also evidenced by said Defendants

23   by their ignoring findings of the report by the Christopher Commission which

24   found said policies, procedures, customs and practices to be in place, and found

25   that there existed in the Los Angeles Police Department an environment and

26   atmosphere which condoned unjustified and unreasonable police shootings, arrests,

27   falsification of evidence, evidence tampering, submission of false police reports

28

19

1    and perjury.

2  85.  Deliberate indifference is also evidenced by an absence of or by maintenance of an

3    inadequate system of tort claims tracking, firearms discharges tracking, use-of-

4    force tracking, and by maintaining an inadequate system of officer discipline and

5    independent and objective investigation by the City of Los Angeles and its police

6    department which failed to identify and investigate instances of false and unlawful

7    arrests, falsification of evidence, submission of false police reports and perjury.

8  86.  Deliberate indifference to the civil rights of minority groups and other victims of

9    the LAPD's unlawful arrests and falsified evidence was also evidenced by the

10    failure of by said Defendants to adequately train and more closely supervise or

11    retrain officers and/or discipline or recommend prosecution of those officers who

12    in fact improperly used such weapons, falsified evidence, tampered with evidence,

13    submitted false and misleading police reports, and/or committed perjury.

14  87.  Deliberate indifference to the civil rights of minority groups and other victims of

15    the LAPD's unlawful arrests and falsified evidence was also evidenced by said

16    Defendants support of and participation in the proceedings to implement an

17    injunction against a defined group of Hispanic/Latino men and women living in

18    and around the west central/ Pico-Union area of Los Angeles by falsely alleging

19    that said individuals had participated in an organized and deliberate course of

20    criminal conduct.  Based upon the assistance, support and testimony of said

21    Defendants, said injunction was granted and said Defendants then organized a

22    deliberate and malicious plan, scheme and/or program to target said persons for

23    harassment, arrest, detention, prosecution and imprisonment.  Said plan, scheme

24    and/or program was carried out by the officers of the Los Angeles Police

25    Department, and POLICE OFFICER DEFENDANTS, and convictions under this

26    injunction were obtained through falsified evidence, through acts of evidence

27    tampering, the authoring and presentation of false and misleading police reports,

28             20

1    and the presentation of false testimony at trial.

2  88.    Other systemic deficiencies of said Defendants which indicated, and continue to

3         indicate, a deliberate indifference to the violations of the civil rights by the officers

4         of the Los Angeles Police Department include:

5         a.    preparation of investigative reports designed to vindicate and/or justify false

6               and unlawful arrests;

7         b.    preparation of investigative reports which uncritically rely solely on the

8               word of LAPD officers involved in unlawful arrests or in the planting of

9               evidence and which systematically fail to credit testimony by non-officer

10              witnesses;

11        c.    preparation of investigative reports which omit factual information and

12              physical evidence which contradicts the accounts of the officers involved;

13        d.    issuance of public statements exonerating officers involved in such

14              incidents prior to the completion of investigations of wrongful arrests.

15        e.    failure to maintain centralized department-wide system for the

16              tracking and monitoring tort claims and lawsuits alleging false

17              arrests, planting of evidence, perjury, abuse of authority, and race-

18              based misconduct by individual officers so as to identify those

19              officers who engage in a pattern of abuse of police authority and

20              police misconduct.

21  89.   Said Defendants also maintained a system of grossly inadequate training pertaining

22        to the lawful making of arrests, police ethics, the law pertaining to searches and

23        seizures, testifying in trial and perjury, the collection of evidence, and the

24        preparation of police reports.

25  90.   Deliberate indifference to the civil rights of minority groups and other victims of

26        the LAPD's false arrests, planting of evidence, and perjury was also evidenced by

27        said Defendants' failure to implement an officer discipline system which would

28

**Complaint For Damages and Demand For Jury Trial**

1    conduct meaningful and independent investigations of citizen complaints of false

2    arrests, falsified evidence, evidence tampering, authoring and filing of false and

3    misleading police reports, and the presentation of false testimony at trial.

4  91.   Deliberate indifference to the civil rights of minority groups and other victims of

5    the LAPD's unlawful arrests, falsified evidence, false and misleading police

6    reports and false and perjurious testimony was also evidenced by said Defendants

7    implementing a practice and custom within the Los Angeles Police department of

8    permitting officers of the Los Angeles Police department to engage in unlawful

9    activities while on duty, such as the theft and sale of narcotics and drugs, theft,

10    assaults, batteries, and other crimes of moral turpitude.

11  92.   The foregoing acts, omissions, and systemic deficiencies are policies and customs

12    of said Defendants and such caused, permitted and/or allowed under official

13    sanction POLICE OFFICER DEFENDANTS to be unaware of, or intentionally

14    overlook and ignore, the rules and laws governing the probable cause requirements

15    for arrests, the falsification of evidence or the tampering with evidence, the

16    submission of false police reports and the commission of perjury in criminal trials.

17    The foregoing acts, omissions, and systemic deficiencies are policies and customs

18    of said Defendants and such caused, permitted and/or allowed under official

19    sanction said police officer Defendants to believe that arrests are entirely within

20    the discretion of the officer and that improper and unlawful arrests, evidence

21    falsification, filing of false and misleading police reports, and the commission of

22    perjury would not be objectively, thoroughly and/or properly investigated, all with

23    the foreseeable result that Defendants' officers would make false and unlawful

24    arrests, and falsify evidence, submit false and misleading police reports, and

25    commit perjury, and thereby violate the civil rights of the citizens of this state with

26    whom said officers would come into contact with.

27  93.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies,

28

1  procedures, customs and practices, POLICE OFFICER DEFENDANTS

2  unlawfully arrested PLAINTIFF, and developed and implemented a plan to falsely

3  accuse him of possessing drugs, and to secure his prosecution, conviction and

4  imprisonment through the offering of false and misleading police reports and the

5  presentation of falsified evidence and perjurious testimony.

6  94.  As the actual and proximate result of the acts and omissions of said Defendants as

7  described wherein, PLAINTIFF was made to lose his freedom and liberty for the

8  period stated above in violation of the Fourteenth Amendment's procedural and

9  substantive due process guarantees.  During said incarceration PLAINTIFF

10  suffered personal and bodily injuries, and during said time he suffered, and

11  continues to suffer, severe emotional and psychological pain, suffering, anxiety,

12  depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

13  medical specialists for treatment and therapy for his injuries.  As further

14  proximately resulting from said Defendants' misconduct, PLAINTIFF has

15  experienced a significant loss of wages and a significant loss of his ability to

16  obtain and maintain gainful employment.

17  95.  The aforementioned acts of DEFENDANTS CITY OF LOS ANGELES and

18  SUPERVISING OFFICER DEFENDANTS were willful, wanton, malicious and

19  oppressive thereby justifying the awarding of exemplary and punitive damages as

20  to these Defendants.

21  **X.**

22  **SEVENTH COUNT/CAUSE OF ACTION**

23  **DELIBERATE INDIFFERENCE TO CIVIL RIGHTS VIOLATIONS**

24  **[AS TO BERNARD PARKS and DOES 1-6]**

25  96.  PLAINTIFF repeats, realleges and incorporates each and every allegation of each

26  and every paragraph above as though fully set forth herein.

27  97.  This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's

28  23

1      rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

2   98.   As chief of police of the Los Angeles Police Department, and as authorized

3      by the Charter of the City of Los Angeles and Section 201.01 of the City of Los

4      Angeles Police Department Policies and Procedures Manual (Chief of Police),

5      defendant Bernard Parks exercised direct supervision over the personnel of the Los

6      Angeles Police Department and was directly responsible for the training and

7      discipline of officers of said department.

8   99.   Said defendant was aware of the practices and customs summarized above, and

9      was aware of the repeated occurrence of the civil rights violations which resulted

10      from said customs and practices as enumerated above.   Said defendant was also

11      aware of the lack of training which is identified above, was aware of the repeated

12      occurrence of the civil rights violations which resulted from said lack of training.

13  100.   Since January of 1990, said defendant was aware that as a result of said customs,

14      practices, and lack of training, that persons, such as the present plaintiff, would

15      suffer the violation of their rights to be free from unreasonable seizures under the

16      Fourth Amendment and their right to procedural and substantive due process under

17      the Fourteenth Amendment.

18  101.   Notwithstanding this knowledge of the regular occurring constitutional violations,

19      said defendant knowingly and deliberately failed to act to prevent them. As a

20      supervisor and manager of the Los Angeles Police Department and as the person

21      directly responsible for the control and regulation of said police department, the

22      failure of said defendant to take reasonable measures to prevent the constitutional

23      violations amounted to reckless and callous indifference to the rights of those

24      persons who would be the victims of such police misconduct, including the present

25      plaintiff.

26  102.   Notwithstanding this knowledge, said defendant was callous and deliberately

27      indifferent to the LAPD's unreasonable and unlawful searches and arrests,

28                           24

1    falsified evidence, false and misleading police reports and false and perjurious
2    testimony as well as the resulting constitutional violations, and said defendants
3    manifested their deliberate indifference as follows:

4    A.    By ignoring of the history and pattern of prior civil lawsuits alleging civil
5          rights violations, similar to those alleged herein, arising from such
6          misconduct and the related payment of judgments to such individuals;

7    B.    By its ignoring findings of the report by the Christopher Commission which
8          found said customs and practices to be in place, and found that there existed
9          in the Los Angeles Police Department an environment and atmosphere
10         which condoned unjustified and unreasonable arrests, falsification of
11         evidence, evidence tampering, submission of false police reports and
12         perjury;

13   C.    by an absence of or by maintenance of an inadequate system of tort claims
14         tracking and by maintaining an inadequate system of officer discipline and
15         independent and objective investigation by the City of Los Angeles and its
16         police department which failed to identify and investigate instances of false
17         and unlawful searches and arrests, falsification of evidence, submission of
18         false police reports, uses of excessive force, and perjury,

19   D.    by the failure of  by said defendant to adequately train and more closely
20         supervise or retrain officers and/or discipline or recommend prosecution of
21         those officers who in fact conducted illegal and unreasonable searches,
22         conducted false and illegal arrests, falsified evidence, tampered with
23         evidence, submitted false and misleading police reports, used excessive
24         force, and/or committed perjury;

25   E. .  by the failure to implement an officer discipline system which would
26         conduct meaningful and independent investigations of citizen complaints of
27         illegal searches, false arrests, falsified evidence, evidence tampering,

28                                    25

1             authoring and filing of false and misleading police reports, using excessive

2             force, and the presentation of false testimony at trial;

3     F.     by the acquiescing in the practice and custom within the Los Angeles Police

4             department of permitting officers of the Los Angeles Police department to

5             engage in unlawful activities while on duty, such as the theft and sale of

6             narcotics and drugs, theft, assaults, batteries, and other crimes of moral

7             turpitude.

8     G.     Other systemic deficiencies which said defendants acquiesced in, tolerated

9             and ratified, which indicated, and continue to indicate, a deliberate

10            indifference to the violations of the civil rights by the officers of the Los

11            Angeles Police Department include those listed above in paragraph 92.

12 103.   Through his conscious inaction, said defendant ratified, acquiesced in and

13       accepted the pattern of constitutional violations identified above, and said

14       defendant set in motion, ratified, and accepted this series of constitutional

15       violations, including those of POLICE OFFICER DEFENDANTS as alleged

16       herein.

17 104.   Further, said defendant knowingly refused to terminate the customs and practices

18       identified above, which he knew would cause the officers of the Los Angeles

19       Police Department to inflict constitutional injury upon persons such as plaintiff.

20 105.   As supervisor and manager of the Los Angeles Police Department, said defendant

21       is liable in their individual capacity for his own culpable action and inaction in the

22       training, supervision, or control of his subordinates as set forth in this cause of

23       action for their acquiescence in the constitutional deprivation which resulted and

24       for their inaction and deliberate, reckless and callous indifference to the rights of

25       others.

26 106.   The foregoing acts and omissions are customs and practices of said defendant

27       caused, permitted and/or allowed under official sanction POLICE OFFICER

28

1    DEFENDANTS to be unaware of, or intentionally overlook and ignore, the rules

2    and laws governing the laws and requirements for conducting searches and the

3    probable cause requirements for arrests as well as the constitutional standards for

4    the use of force. The foregoing acts, omissions, and systemic deficiencies are

5    customs and practices of said defendant and such caused, permitted and/or allowed

6    under official sanction said police officer defendants to believe that searches,

7    arrests, and uses of force are entirely within the discretion of the officer and that

8    improper and unlawful searches and arrests, evidence falsification, filing of false

9    and misleading police reports, the excessive use of force, and the commission of

10   perjury would not be objectively, thoroughly and/or properly investigated, all with

11   the foreseeable result that defendant's officers would make false and unlawful

12   searches and arrests, and falsify evidence, submit false and misleading police

13   reports, and commit perjury, and use excessive force, and thereby violate the civil

14   rights of the citizens of this state with whom said officers would come into contact

15   with.

16   107.   As a result of the aforementioned acts and omissions, POLICE OFFICER

17   DEFENDANTS unlawfully arrested PLAINTIFF, and developed and implemented

18   a plan to unlawfully frame PLAINTIFF of possessing controlled substances for

19   sale  to secure his prosecution, conviction and imprisonment through the offering

20   of false and misleading police reports and the presentation of falsified evidence

21   and perjurious testimony.

22   108.   As the actual and proximate result of the acts and omissions of said defendant as

23   described wherein, PLAINTIFF was made to lose his freedom and liberty for the

24   period stated above in violation of the Fourteenth Amendment's procedural and

25   substantive due process guarantees.  During said incarceration PLAINTIFF

26   suffered personal and bodily injuries, and during said time he suffered, and

27   continues to suffer, severe emotional and psychological pain, suffering, anxiety,

28

1   depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

2   medical specialists for treatment and therapy for his injuries.  As further

3   proximately resulting from said defendant's acts, omissions, practices, and

4   customs, PLAINTIFF has experienced a significant loss of wages and a significant

5   loss of his ability to obtain and maintain gainful employment.

6

7                                         XI.

8                        **EIGHTH COUNT/CAUSE OF ACTION**

9                                   **NEGLIGENCE**

10              **[AS TO DEFENDANTS CITY OF LOS ANGELES AND**

11                    **SUPERVISING OFFICER DEFENDANTS]**

12   109.   PLAINTIFF repeats, realleges and incorporates each and every allegation of each

13          and every paragraph in above as though fully set forth herein.

14   110.   Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine

15          this claim.

16   111.   On the date of PLAINTIFF's arrest, and thereafter, POLICE OFFICER

17          DEFENDANTS were duty-bound by Penal Code Section 118.1 not to author,

18          accept or otherwise present, or ratify false or misleading police reports and are

19          duty-bound by the Fourteenth Amendment of the U.S. Constitution to ensure Due

20          Process.

21   112.   PLAINTIFF  is informed and believes and thereon alleges that on, about or after

22          the date of PLAINTIFF's arrest as indicated above, and thereafter, defendants

23          DOES 6 through 10, inclusive, did negligently, and in the absence of due care, did

24          approve the police reports of POLICE OFFICER DEFENDANTS and thereby did

25          negligently and carelessly ratify the wrongful and unlawful arrest of PLAINTIFF

26          by said defendants and thereby also authorized the bringing of charges against

27          PLAINTIFF as well as his prosecution, conviction and imprisonment.

28

                                         **28**

113.   Defendants PARKS, and DOES 6 through 10, inclusive, were aware of the custom and practice of POLICE OFFICER DEFENDANTS of making arrests without probable cause, the planting and falsification of evidence, the authoring of false and misleading police reports, the use of excessive force by POLICE OFFICER DEFENDANTS and the giving of false and perjurious testimony.

114.   Notwithstanding this knowledge, and in the absence of due care, SUPERVISING OFFICER DEFENDANTS authorized the false police reports without questioning POLICE OFFICER DEFENDANTS as to the contents of the report and without further investigating the veracity of the statements contained therein. Defendants PARKS and DOES 6 through 10, inclusive, knew or should have known that said report was false and misleading and that the supporting evidence was false, but failed to take any reasonable measures to reject the reports and to ensure that said reports were not forwarded to the District Attorney's office for prosecution.

115.   Defendants CITY OF LOS ANGELES, and SUPERVISING OFFICER DEFENDANTS are directly liable and responsible for the acts of POLICE OFFICER DEFENDANTS because SUPERVISING OFFICER DEFENDANTS failed to adequately supervise, discipline or in any other way control said defendants' exercise of their authority as described herein.

116.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS are directly liable and responsible for the acts of POLICE OFFICER DEFENDANTS because said defendant city and supervising officers repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of said defendant City and its police department regarding the making of arrests in compliance with the Fourth Amendment, the authoring of police reports which accurately and truthfully represent the facts of an incident, and the planting of evidence, and the giving of perjurious testimony, thereby creating within the said police department an atmosphere of lawlessness in

29

1   which LAPD officers would make false arrests, plant and manufacture evidence,

2   author false reports, use excessive force, and give perjurious testimony, in the

3   belief that such acts will be condoned and justified by their supervisors, and said

4   defendant city and supervisors therefore were or should have been aware of such

5   unlawful acts and practices prior to and at the time of the events alleged herein.

6   117.   As the actual and proximate result of the acts and omissions of said defendants as

7   described herein, PLAINTIFF was made to lose his freedom and liberty for the

8   period stated above in violation of the Fourteenth Amendment's procedural and

9   substantive due process guarantees.  During said incarceration PLAINTIFF

10   suffered personal and bodily injuries, and during said time he suffered, and

11   continues to suffer, severe emotional and psychological pain, suffering, anxiety,

12   depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

13   medical specialists for treatment and therapy for his injuries.  As further

14   proximately resulting from said defendants' misconduct, PLAINTIFF has

15   experienced a significant loss of wages and a significant loss of his ability to

16   obtain and maintain gainful employment.

17   118.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

18   DEFENDANTS inclusive, also were negligent in failing to provide POLICE

19   OFFICER DEFENDANTS the proper and special training necessary for the duties

20   they could foreseeably be expected to perform in the course of their employment in

21   that POLICE OFFICER DEFENDANTS received inadequate training in the

22   correct and proper police tactics, arrest procedures, Fourth Amendment search and

23   seizure requirements and report writing.  As a direct and proximate result of this

24   failure to provide adequate training to, the false arrest, charges and imprisonment

25   of PLAINTIFF occurred, causing said plaintiff the losses and injuries herein

26   complained of.

27   119.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

28   

30

1   DEFENDANTS also negligently hired and retained POLICE OFFICER

2   DEFENDANTS when it was known or should have been known by defendants

3   CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS that

4   these officers had on prior occasions falsely accused suspects of committing

5   crimes, planted evidence on said suspects, authored and submitted false reports

6   regarding said suspects, used excessive force on members of the community,

7   and/or had participated in the concealment and cover-up of such police

8   misconduct.

9   120.   Further, said defendants failed to conduct adequate, thorough and meaningful

10   background investigations of POLICE OFFICER DEFENDANTS which would

11   have disclosed prior acts of misconduct and criminal activity and which would

12   have revealed that said defendants were not suitable candidates for service as

13   police officers.

14   121.   As the actual and proximate result of the acts and omissions of said defendants as

15   described herein, PLAINTIFF was made to lose his freedom and liberty for the

16   period stated above in violation of the Fourteenth Amendment's procedural and

17   substantive due process guarantees.  During said incarceration PLAINTIFF

18   suffered personal and bodily injuries, and during said time he suffered, and

19   continues to suffer, severe emotional and psychological pain, suffering, anxiety,

20   depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire

21   medical specialists for treatment and therapy for his injuries.  As further

22   proximately resulting from said defendants' misconduct, PLAINTIFF has

23   experienced a significant loss of wages and a significant loss of his ability to

24   obtain and maintain gainful employment.

25   122.   Defendant CITY OF LOS ANGELES is liable in respondeat superior pursuant to

26   section 815.2 of the California Government Code for the acts of its employees,

27   agents and representatives as alleged in this cause of action.

28

31

## XII.

## NINTH COUNT/CAUSE OF ACTION

## FALSE IMPRISONMENT

## [AS TO DEFENDANT CITY OF LOS ANGELES AND

## POLICE OFFICER DEFENDANTS, Individually and as

## Employees of defendant City of Los Angeles]

123. PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

124. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

125. The tortious and intentional acts of POLICE OFFICER DEFENDANTS above caused plaintiff to be wrongfully and unjustly imprisoned for the period indicated above.

126. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees.  During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries.  As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

127. The aforementioned acts of said defendants was willful, wanton, malicious and oppressive, and knowingly done for the purpose of wrongfully imprisoning plaintiff, thereby justifying the awarding of exemplary and punitive damages as to

32

1    these defendants.

2    128.    Defendant CITY OF LOS ANGELES is liable in respondeat superior pursuant to

3             section 815.2 of the California Government Code for the acts of its employees,

4             agents and representatives as alleged in this cause of action.

5

6                                        **XIII.**

7                                       **PRAYER**

8    **WHEREFORE, PLAINTIFF RAMIRO PADILLA** demands the following

9    relief, jointly and severally, against the defendants named in each cause of action as

10   follows:

11        a)    Compensatory general and special damages in an amount in accordance

12              with proof;

13        b)    Exemplary damages, against each of the police officer, supervisory and

14              policy maker defendants - as spelled out in each cause of action, in an

15              amount sufficient to deter and to make an example of those defendants,

16        c)    Reasonable attorneys' fees and expenses of litigation as provided for in 42

17              U.S.C. §1988;

18        d)    Costs of suit necessarily incurred herein;

19        e)    Prejudgment interest, and

20        f)    Such further relief as the Court deems just or proper.

21   Dated: July 10, 2002              MORENO, BECERRA, GUERRERO & CASILLAS

22                                     By: _____

23                                     GREGORY W. MORENO
                                       ARNOLDO CASILLAS
24                                     Attorneys for PLAINTIFF
                                       RAMIRO PADILLA
25

26

27

28                                        33

1

**DEMAND FOR JURY TRIAL**

2        **COMES NOW PLAINTIFF RAMIRO PADILLA** and respectfully demands

3   that the present matter be set for a jury trail.

4   Dated: July 10, 2002          MORENO, BECERRA, GUERRERO & CASILLAS

5

6                                 By:

7                                      GREGORY W. MORENO
                                       ARNOLDO CASILLAS
8                                      Attorneys for PLAINTIFF
                                       RAMIRO PADILLA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      **34**

Query    Reports    Utilities    Help    Log Out

(Ex),CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:02-cv-05631-PA-EX

| | |
|---|---|
| Ramiro Padilla v. Los Angeles City of, et al | Date Filed: 07/17/2002 |
| Assigned to: Judge Percy Anderson | Date Terminated: 02/27/2003 |
| Referred to: Discovery Charles F. Eick | Jury Demand: Both |
| Demand: $5,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Ramiro Padilla**                          represented by  **Arnoldo Casillas**
Casillas and Associates
2801 East Spring Street Suite 200
Long Beach, CA 90806
562-203-3030
Fax: 323-725-0350
Email: acasillas@casillaslegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory W Moreno**
Gregory W Moreno and Associates APC
3500 West Beverly Boulevard
Montebello, CA 90640
323-725-0917
Fax: 323-725-0350
Email: gwmoreno@mbc4law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**                      represented by  **Jeffrey W Korn**
Manning & Kass, Ellrod, Ramirez, Trester
LLP
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017-3012
213-486-2211
Fax: 213-624-6999
Email: jwk@manningllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen D Brown-Carr**
Los Angeles City Attorney's Office

Police Discovery Div
200 N Main St, 1700 City Hall E
Los Angeles, CA 90012-4129
213-847-5690
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Vinton**                                                    represented by **Jeffrey W Korn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen D Brown-Carr**
(See above for address)
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nathan Butcher**                                                 represented by **Jeffrey W Korn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen D Brown-Carr**
(See above for address)
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul N Paquette**
Office of the City Attorney/DWP
111 N. Hope Street, Suite 340
Los Angeles, CA 90012
213-367-4591
Fax: 213-367-4588
Email: paul.paquette@ladwp.com
*TERMINATED: 10/28/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bernard Parks**

**Defendant**

**Doe Defendants**
*1 through 10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2002 | 1 | COMPLAINT filed Summons(es) Issued referred to Discovery Charles F. Eick; Jury |

| | | Demand (pc) (Entered: 07/19/2002) |
|---|---|---|
| 07/17/2002 | 2 | CERTIFICATE OF INTERESTED PARTIES filed by plaintiff Ramiro Padilla (pc) (Entered: 07/19/2002) |
| 07/17/2002 | 4 | NOTICE by plaintiff Ramiro Padilla of related case(s) CV 99-11629 GAF (AJWx) & Other related groups. (kc) (Entered: 07/24/2002) |
| 07/19/2002 | 3 | STANDING ORDER by Judge Percy Anderson (lc) (Entered: 07/22/2002) |
| 07/29/2002 | 5 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 224 (Related Case) filed. [ Related Case no.: CV 99-11629 GAF (AJWx)] Transfer of case declined for the reasons set forth on order by Judge Gary A. Feess (cc: all counsel) (rn) (Entered: 07/29/2002) |
| 09/09/2002 | 6 | ANSWER filed by defendant City of Los Angeles to complaint [1-1]; jury demand (ir) (Entered: 09/10/2002) |
| 09/09/2002 | 7 | CERTIFICATION OF INTERESTED PARTIES filed by defendant City of Los Angeles (ir) (Entered: 09/10/2002) |
| 09/18/2002 | 8 | STIPULATION filed to extend time to answer complaint [1-1] to 9/19/02 as to defendant Nathan Butcher (lc) (Entered: 09/19/2002) |
| 09/19/2002 | 9 | ANSWER filed by defendant Nathan Butcher, defendant Los Angeles City of to complaint [1-1]; jury demand (jag) (Entered: 09/20/2002) |
| 09/19/2002 | 10 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Los Angeles City of, defendant Nathan Butcher (jag) (Entered: 09/20/2002) |
| 09/20/2002 | 11 | ORDER by Judge Percy Anderson re sched mtg of cnsl FRCP 16,26(f); cnsl shal meet at least 21 days in adv of sched conf, prep jointly signed rpt to be sum NLT 14 days bef conf; mandatory status/scheduling conf set for 10:30 11/25/02 (lc) (Entered: 09/23/2002) |
| 10/02/2002 | 12 | PROOF OF SERVICE executed upon defendant Nathan Butcher ; Service by CCP on 8/20/02 via personal svc by serving S/C to Officer Andy Buesa, auth to ac (lc) (Entered: 10/03/2002) |
| 10/02/2002 | 13 | PROOF OF SERVICE executed upon defendant Los Angeles City of ; Service by FRCP on 8/20/02 via personal svc by serving S/C to Maria Rico, deputy city clerk on behalf of city ofLA (lc) (Entered: 10/03/2002) |
| 10/04/2002 | 14 | CERTIFICATION OF INTERESTED PARTIES filed by dft City of Los Angeles, Nathan Butcher, David Vinton (nhac) (Entered: 10/07/2002) |
| 10/04/2002 | 15 | ANSWER filed by defendant David Vinton to complaint [1-1]; jury demand (nhac) (Entered: 10/07/2002) |
| 10/28/2002 | 16 | NOTICE OF INTRA-OFFICE Change of Attorney by dfts City of Los Angeles, David Vinton, Nathan Butcher; Jeffrey W. Korn, Deputy City Attorney is the new attorney assigned to this case instead of attorney Karen D Carr. (nhac) Modified on 10/29/2002 (Entered: 10/29/2002) |
| 10/30/2002 | 17 | PROOF OF SERVICE executed upon defendant Bernard Parks ; Service by CCP on 9/24/02 via subst svc by serving S/C to Sarah Yao, auth to accept (lc) (Entered: 10/31/2002) |
| 10/30/2002 | 18 | PROOF OF SERVICE executed upon defendant David Vinton ; Service by CCP on 9/24/02 via personal svc by serving S/C (lc) (Entered: 10/31/2002) |
| 11/21/2002 | 19 | MINUTES: IN CHAMBERS-COURT ORDER; Scheduling conf set for 11/25/02 is continued to 10:30 12/16/02 ; Plf is ordered to show cause in writing no later than 12/9/02 |

| | | why this action should not be dismissed for lack of prosecution ; Response to OSC due no later than 12/9/02 ; No oral argument will be heard unless ordered by this Court; Filing of a Joint Scheduling Report conforming to the Local Rules on or before 12/9/02 will be deemed an adequate response to the Order to show cause; In addition parties are also ordered to show cause at the scheduling conference why sanctions should not be imposed pursuant to Local Rule 83-7 IT IS SO ORDERED by Judge Percy Anderson CR: None Present (ir) (Entered: 11/25/2002) |
|---|---|---|
| 12/05/2002 | 20 | JOINT RULE 26 DISCOVERY PLAN filed; est length of trial 8 days/4 weeks (lc) (Entered: 12/05/2002) |
| 12/16/2002 | 23 | MINUTES: mandatory status/scheduling conference held ; discovery ddl set on 6/2/03; Final Pretrial Conference set for 7/18/03; jury trial set on 8/12/03 ; file final trial exhibit stipulation 8/7/03; hearing on motions in limine, on disputed jury instructions 8/4/03; motions in limine and proposed voir dire questions and agreed to statement of case be filed 7/18/03; lodge pretrial conference order and pretrial exhibit stipulation, file contentions of fact & law, exhibit & witness lists; status report re settlement, agreed set of instructions and verdict forms, joint statement re disputed instructions, verdicts 7/3/03; last date to conduct settlement conference 6/16/03; last day for hearing motions 6/9/03; last date to amend pleadings or add parties 3/16/03; Court accepts parties settlement selection #1 to apr before Discovery Charles F. Eick for sttlmnt procdgs ; counse to notify Magistrate Judge Eick of Courts referral and presumptive schedule by Judge Percy Anderson CR: Hope Goldsmith (lc) (Entered: 12/18/2002) |
| 12/16/2002 | 26 | ORDER by Discovery Charles F. Eick settlement conference 3:00 2/7/03 ; settlement conference statement of each party be submitted directly to chambers no later than 1/31/03, not exceeding 5 pages and not to be made part of case file (lc) (Entered: 12/19/2002) |
| 12/17/2002 | 21 | STANDING ORDER by Judge Percy Anderson (lc) (Entered: 12/18/2002) |
| 12/17/2002 | 22 | STANDING ORDER by Judge Percy Anderson (lc) (Entered: 12/18/2002) |
| 12/17/2002 | 24 | SCHEDULING ORDER by Judge Percy Anderson: discovery cuotff 6/2/03; motion filing ddl set on 6/9/03; Final Pretrial Conference set for 1:30 7/18/03; jury trial set on 9:00 8/12/03 (lc) (Entered: 12/18/2002) |
| 12/17/2002 | 25 | NOTICE AND REQUEST Of Settlement Procedure Selection #1 fld Parties request to apr before Discovery Charles F. Eick for sttlmnt procdgs Order by Judge Percy Anderson granting settlement procedure selection request [25-1] (lc) (Entered: 12/18/2002) |
| 02/06/2003 | 27 | STIPULATION and ORDER by Discovery Charles F. Eick Settlement conference rescheduled to 3:00 2/25/03 (ir) (Entered: 02/10/2003) |
| 02/06/2003 | 28 | NOTICE OF MOTION AND MOTION by plaintiff Ramiro Padilla for reconsideration re Notice of Related Actions re "Rampart Cases" ; motion hearing set for 1:30 3/10/03; memorandum of Points & Authorities; Declaration of Frank J Perez; Exhibits in support thereof; Lodged Proposed Order (ir) (Entered: 02/10/2003) |
| 02/07/2003 | 29 | REQUEST filed by plaintiff Ramiro Padilla for entry of default by Clerk as to Bernard Parks (ir) (Entered: 02/11/2003) |
| 02/11/2003 | 30 | DEFAULT BY CLERK ENTERED as to defendant Bernard Parks (ir) (Entered: 02/11/2003) |
| 02/25/2003 | 31 | STIPULATION and ORDER by Judge Percy Anderson allowing Plf to file & serve his 1st Amended complaint 7 days after the Court's order allowing same ; Dfts shall have 20 days after service to answer or otherwise respond to said 1st Amended complaint (ir) (Entered: 02/26/2003) |

| 02/25/2003 | 32 | STIPULATION and ORDER by Judge Percy Anderson Request for entry of default as to Bernard Parks [30-1] shall be set aside immediately; Dft Bernard Parks & all other named dfts will file an Answer to Plf's 1st Amended complaint within 10 days of the Court's Order allowing Plf's 1st Amended complaint; This stipulation may be executed in counterparts & that a signature transmited via facsimile will be deemed to be the same as an original (ir) (Entered: 02/26/2003) |
| 02/26/2003 | 34 | MINUTES: SETTLEMENT CONFERENCE ; Case called; Counsel make their appearances; Courts hears discussion; Settlement is reached by Discovery Charles F. Eick CR: Tape #03-7 (ir) (Entered: 02/28/2003) |
| 02/27/2003 | 33 | ORDER of Dismissal by Judge Percy Anderson; Court having been advised by counsel that action has been settled; Action is hereby dismissed without costs & without prejudice to the right, upon good cause within forty-five (45) ays to reopen the action if settlement is not consummated; This Court retains full jurisdiction over this action for the forty-five day period & this Order shall not prejudice any patrty to this action terminating case (MD JS-6) (ir) (Entered: 02/28/2003) |
| 07/18/2003 | 35 | STIPULATION and ORDER by Judge Percy Anderson action be and hereby is dismissed with prejudice against defendants City of Los Angeles and all of its departments, commissioner, boards, bureaus, officials, officers, agents and employees whether named or unnamed, served or unserved ; Each side to bear their own costs; This stipulation may be executed in counterparts and that a signature transmitted via facsimile will be deemed to be the same as an original (ir) (Entered: 07/18/2003) |

**PACER Service Center**

**Transaction Receipt**

06/10/2022 14:23:06

| PACER Login: | fpdcac0087 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:02-cv-05631-PA-EX End date: 6/10/2022 |
| Billable Pages: | 4 | Cost: | 0.40 |
| Exempt flag: | Exempt | Exempt reason: | Always |

Reproduced from the holdings of the National Archives at Riverside

1   GREGORY W. MORENO, ESQ.
    FRANK J. PEREZ, ESQ.
2   MORENO, BECERRA, GUERRERO & CASILLAS
    A Professional Law Corporation
3   3500 West Beverly Boulevard
    Montebello, CA 90640-1541
4   Telephone: (323) 725-0917
    Facsimile:  (323) 725-0350
5

6   Attorneys for Plaintiff
    KELLY CARRINGTON

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10   KELLY CARRINGTON,        )  **CASE NO:**   **01 - 07432**

11          Plaintiff,    )  **COMPLAINT FOR DAMAGES:**
         v.           )
12                   )  **CIVIL RIGHTS VIOLATIONS**
    CITY OF LOS ANGELES, LOS ANGELES  )  **PURSUANT TO 42 U.S.C. §§**
13   POLICE OFFICER JEFFERY ROBB (#33804); )  **1983; NEGLIGENCE,**
    LOS ANGELES POLICE OFFICER DAVE  )  **MALICIOUS PROSECUTION,**
14   VINTON (#31805); SGT. JULIAN      )  **FALSE IMPRISONMENT**
    MELENDEZ (#26488); NAME UNKNOWN  )
15   SUPERVISING OFFICER (#24082);     )
    RAMPART DIVISION CAPTAIN ROBERT B. )  **[REQUEST FOR JURY TRIAL]**
16   HANSOHN; BERNARD PARKS, WILLIAM  )
    WILLIAMS,  GERALD L. CHALEFF, DEAN )
17   HANSELL, EDITH R. PEREZ, T. WARREN )
    JACKSON, ART MADDOX, ROBERT    )
18   TALCOTT, STEVEN GAVIN, MAXWELL  )
    GREENBERG, BARBARA LINDEMANN  )
19   SCHLEI, ROBERT WEIL, REVA B.     )
    TOOLEY, STEVEN YSLAS, HERBERT F.  )
20   BOECKMANN, JAMES HAHN, RICHARD  )
    ALARCON, RICHARD ALATORRE, HAL   )
21   BERNSON, MARVIN BRAUDE, LAURA  )
    CHICK, MICHAEL FEUER, RUTH     )
22   GALANTER, MICHAEL HERNANDEZ,   )
    NATE HOLDEN, CINDY MISCIKOWSKI,  )
23   MARK RIDLEY-TOMAS, RUDY      )
    SVORENICH, JOEL WACHS, JACKIE   )
24   GOLDBERG, RITA WALTERS, AND DOE  )
    DEFENDANTS 1 THROUGH 10,     )
25   INCLUSIVE,             )
            Defendants.    )
26   _____)

27

28                                1

FILED
CLERK, U.S. DISTRICT COURT
AUG 27 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED ON ICMS
AUG 29 2001
CV

Reproduced from the holdings of the *National Archives at Riverside*

## COMPLAINT

**COME NOW PLAINTIFF KELLY CARRINGTON,** and allege as follows:

### I.

### VENUE AND JURISDICTION

1. This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2. Venue is proper in the Central District of California. The injury occurred in the City of Los Angeles, California.

### II.

### PARTIES

3. At all times relevant hereto, Plaintiff KELLY CARRINGTON was a resident of the County of Los Angeles, California. Said plaintiffs are African-American.

4. At all times mentioned herein, defendant CITY OF LOS ANGELES was a public entity duly organized and existing under and by virtue of the laws of the state of California.

5. At all times relevant herein, defendants ROBB, VINTON, and DOES 1 through 5, (hereafter "POLICE OFFICER DEFENDANTS") were residents of the County of Los Angeles, and were police officers, sergeants, detectives, and/or civilian employees, agents and representatives of the City of Los Angeles Police Department and employees, agents and representatives of the City of Los Angeles. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the Los Angeles Police Department, a department and subdivision of defendant City of Los Angeles. At all times relevant herein, said defendants were acting under color of law, to wit, under the

2

Reproduced from the holdings of the *National Archives at Riverside*

1    color of the statutes, ordinances, regulations, policies, customs, practices and

2    usages of defendant CITY OF LOS ANGELES, its police department and/or the

3    State of California.

4    6.    At all times relevant herein, defendants SGT. JULIAN MELENDEZ (#26488);

5          NAME UNKNOWN SUPERVISING OFFICER (#24082); RAMPART

6          DIVISION CAPTAIN ROBERT B. HANSOHN, BERNARD PARKS, WILLIAM

7          WILLIAMS, and DOES 6 through 10, (hereafter "SUPERVISING OFFICER

8          DEFENDANTS") were residents of the County of Los Angeles, and were police

9          officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or

10         civilian employees, agents and representatives of the City of Los Angeles Police

11         Department and employees, agents and representatives of the City of Los Angeles.

12         At all times relevant hereto, said defendants were acting within the course and

13         scope of their employment as officers, sergeants, captains and chiefs of police,

14         policy makers, and/or civilian employees of the Los Angeles Police Department, a

15         department and subdivision of defendant City of Los Angeles.  At all times

16         relevant herein, said defendants were acting under color of law, to wit, under the

17         color of the statutes, ordinances, regulations, policies, customs, practices and

18         usages of defendant CITY OF LOS ANGELES, its police department and/or the

19         State of California.

20   7.    At all times relevant herein, defendant JAMES HAHN,  was a resident of the

21         County of Los Angeles, and is and/or was the duly elected and sworn City

22         Attorney of the City of Los Angeles.  At all times relevant hereto, said defendant

23         was acting within the course and scope of his capacity as City Attorney of the City

24         of Los Angeles.  Said defendant is sued individually and in his capacity City

25         Attorney of the City of Los Angeles.

26   8.    At all times relevant herein defendants GERALD L. CHALEFF, DEAN HANSELL,

27         EDITH R. PEREZ, T. WARREN JACKSON, ART MADDOX, ROBERT

28

3

**Complaint For Damages and Demand For Jury Trial**

Reproduced from the holdings of the *National Archives at Riverside*

1  TALCOTT, STEVEN GAVIN, MAXWELL GREENBERG, BARBARA
2  LINDEMANN SCHLEI, ROBERT WEIL, REVA B. TOOLEY, STEVEN YSLAS,
3  HERBERT F. BOECKMANN, (hereafter "POLICE COMMISSION
4  DEFENDANTS") are current members or were members of the City of Los Angeles
5  Board of Police Commissioners, all of whom are presently in officer are sued both
6  in their individual and personal capacity and all of whom are presently in office are
7  sued both in their individual capacity and official capacities, and all of whom are
8  presently not in office are sued only in their personal capacity. Under the charter of
9  the City of Los Angeles, the Board of Police Commissioners is the head of the Los
10  Angeles Police Department, setting overall policy while the chief of police manages
11  the daily operations of the department and implements the Board's policies or policy
12  direction and goals.

13  9.  At all times relevant herein, defendants RICHARD ALARCON, RICHARD
14  ALATORRE, HAL BERNSON, MARVIN BRAUDE, LAURA CHICK, MICHAEL
15  FEUER, RUTH GALANTER, MICHAEL HERNANDEZ, NATE HOLDEN, CINDY
16  MISCIKOWSKI, MARK RIDLEY-TOMAS, RUDY SVORENICH, JOEL WACHS,
17  JACKIE GOLDBERG, RITA WALTERS (hereafter "CITY COUNCIL
18  DEFENDANTS") were residents of the County of Los Angeles, and are and/or were
19  duly elected and sworn members of the Los Angeles City Council, and/or Mayor of
20  the City of Los Angeles, and supervisors, policy makers, agents and representatives
21  of the City of Los Angeles empowered with the actual, informal and formal authority
22  to make, change, adopt, and implement policies, practices, rules and procedures for
23  the City of Los Angeles and the City of Los Angeles Police Department, or to appoint
24  such persons who have the authority to make, change, adopt, and implement policies,
25  practices, rules and procedures for the City of Los Angeles and the City of Los
26  Angeles Police Department. At all times relevant hereto, said defendants were acting
27  within the course and scope of their capacity as members of the City Council and/or

28

4

Reproduced from the holdings of the National Archives at Riverside

1   Mayor of the City of Los Angeles.  Said defendants who are presently serving on the
2   City Council and/or are presently serving as Mayor, are sued individually and in their
3   capacity as members of the City Council and/or Mayor of the City of Los Angeles,
4   and those of the above named defendants who are no longer serving on the City
5   Council are sued in their individual capacity only.

6   10.   PLAINTIFF is ignorant of the true names and capacities of defendants sued
7   herein as DOE defendants 1 through 10, inclusive, and therefore sues these
8   defendants by such fictitious names. PLAINTIFF will amend this complaint to allege
9   their true names and capacities when ascertained.  PLAINTIFF is informed and
10   believes and thereon alleges that each of the fictitiously named defendants is
11   responsible in some manner for the occurrences herein alleged, and that
12   PLAINTIFF's injuries as herein alleged were proximately caused by the acts and/or
13   omissions of said fictitiously named defendants.

14   11.   At all times relevant herein, defendants SGT. JULIAN MELENDEZ (#26488);
15   NAME UNKNOWN SUPERVISING OFFICER (#24082); RAMPART DIVISION
16   CAPTAIN ROBERT B. HANSOHN, BERNARD PARKS, WILLIAM
17   WILLIAMS, and DOE defendants 5 through 10, inclusive, were supervisors and/or
18   policy makers for the City of Los Angeles Police Department which employed
19   organized unlawful and illegal customs and practices of excessive force and illegal
20   searches and seizures, false arrests which lacked probable cause, falsification of
21   evidence, filing of false police reports in violation of P.C. §118.1, committing perjury
22   in carrying out their mandate.  Said misconduct was encouraged, tolerated and
23   condoned by defendants BERNARD PARKS, WILLIAM WILLIAMS, and DOE
24   defendants 5 through 10,inclusive.

25   12.   At all times relevant herein, defendants VINTON, ROBB, and DOE defendants 1
26   through 10, and each of them, were acting within the course and scope of their
27   employment as police officers and employees of the CITY OF LOS ANGELES,

28

5

Reproduced from the holdings of the *National Archives at Riverside*

1    which is liable in respondeat superior for said employees state-law torts pursuant to

2    section 815.2 of the California Government Code.

3

4                                            **III.**

5                   **FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION**

6    13.   On August 3, 2001, a writ of habeas corpus was granted by the Honorable Paul

7          Fidler, judge of the Superior Court of the State of California for the County of Los

8          Angeles which unconditionally overturned, expunged and otherwise invalidated

9          PLAINTIFF KELLY CARRINGTON'S felony conviction of possession of narcotics.

10   14.   PLAINTIFF was originally arrested by defendants ROBB, VINTON, and DOES 1

11         through 5, inclusive, on August 28, 1998; said defendants were at all times relevant

12         hereto Los Angeles police officers assigned to the LAPD's Rampart Division.

13   15.   PLAINTIFF was lawfully residing in his dwelling when POLICE OFFICER

14         DEFENDANTS, entered the premises without a warrant, probable cause, consent, or

15         any other legal justification, and proceeded to plant narcotics on PLAINTIFF for the

16         purpose of framing him to cause him to illegally and without justification, spend time

17         in prison.

18   16.   POLICE OFFICER DEFENDANTS claim to have engaged Mr. Carrington in a

19         conversation and that during that conversation they noticed a piece of crack cocaine

20         stuck on PLAINTIFF'S chest, and proceeded to search the room which POLICE

21         OFFICER DEFENDANTS claim contained narcotic use articles.

22   17.   POLICE OFFICER DEFENDANTS planted the narcotics and articles in an effort to

23         secure PLAINTIFF's conviction and imprisonment.

24   18.   POLICE OFFICER DEFENDANTS then proceeded to, without cause, and in the

25         absence of any fear for their safety or the safety of others, punch, kick, use blunt-

26         object force, and otherwise physically brutalize PLAINTIFF as he sat or lay in a

27         prone and surrendered position;

28                                            6

Reproduced from the holdings of the *National Archives at Riverside*

19.  PLAINTIFF was arrested, and was subsequently pleaded guilty in a court before the honorable Theresa Sanchez-Gordon, Judge.

20.  After the conviction, PLAINTIFF was sentenced and remanded to the custody of the State Department of Corrections to serve the sentence for 16 months. Petitioner served a total of 460 days on this wrongful conviction;

21.  On July 10, 2001, a writ of habeas corpus was filed in the California Superior Court for the County of Los Angeles challenging the conviction on grounds that the evidence in Mr. Carrington's case was fabricated and that the officers in the case were corrupt officers involved in what has commonly become known as the "Rampart Corruption Scandal;"

22.  By the time PLAINTIFF's conviction had been overturned by writ, he had been wrongfully imprisoned for a period of approximately 460 days.

23.  PLAINTIFF continues to suffer from the injuries proximately caused by his wrongful, false and malicious arrest, detention, prosecution, conviction, excessive use of force, and imprisonment by way of continuous pain, shock, fear, apprehension, nervousness, anxiety, and depression. Further, while in prison, PLAINTIFF recieved personal injuries from which he continues to suffer from.

24.  As provided in Heck v. Humphrey, 512 U.S. 477, 486-487, 117 S. Ct. 2354 (1994) and Cabrera v. City of Huntington Park, 159 F.3d 374 (9th Cir, 1998), PLAINTIFF's claims for false arrest, malicious prosecution and false imprisonment did not accrue until his conviction was overturned on the above indicated date.

25.  With respect to the state law claims that are presented herein, the present plaintiffs have timely filed tort claim with the City of Los Angeles and PLAINTIFF will amend the pleadings to reflect their anticipated rejection upon that occurrence.

26.  Defendant City of Los Angeles is liable in respondeat superior for the state law claims presented herein pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein was

7

Reproduced from the holdings of the *National Archives at Riverside*

1      acting in the course and scope of their employment with said public entity.

2

3                           **IV.**

4           **FIRST COUNT/CAUSE OF ACTION**

5     **VIOLATION OF PLAINTIFF'S PROCEDURAL AND**

6     **SUBSTANTIVE DUE PROCESS RIGHTS THROUGH**

7     **MALICIOUS PROSECUTION/FALSE IMPRISONMENT**

8         **[As to POLICE OFFICER DEFENDANTS]**

9   27.    PLAINTIFF repeats, reallege and incorporates each and every allegation of each

10        and every paragraph in Sections II and III above as though fully set forth herein.

11   28.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth

12        Amendment of the United States Constitution for violation of PLAINTIFF's

13        procedural and substantive due process rights and the violation thereof resulting from

14        the malicious prosecution by the defendants named herein and resulting false

15        imprisonment.

16   29.    As delineated in the above, PLAINTIFF was wrongfully arrested without probable

17        cause, and was charged and convicted of a felony based upon the false charges,

18        statements, police reports, evidence and testimony presented by POLICE OFFICER

19        DEFENDANTS.

20   30.    Said defendants, in violation of Penal Code section 118.1 filed materially false

21        police reports, made materially false statements to investigators and prosecutors that

22        PLAINTIFF had possessed said controlled substances, and presented falsified

23        evidence, all for the purpose of having PLAINTIFF wrongfully, unjustly and falsely

24        charged with crimes, and to ensure that PLAINTIFF would be falsely and wrongfully

25        prosecuted.

26   31.    At no time did said defendants have probable cause to arrest and charge

27        PLAINTIFF for any crime or to recommend that he be prosecuted. Notwithstanding

28

Reproduced from the holdings of the *National Archives at Riverside*

1    this, with malice and conscious disregard for his rights to due process, said defendants

2    presented the above false evidence and recommended that PLAINTIFF be charged

3    and prosecuted and thereafter meaningfully participated in his prosecution to ensure

4    his wrongful conviction and wrongful imprisonment.

5    32.   As a result of the above-described acts and misconduct, PLAINTIFF was

6    wrongfully and unjustly convicted of the violations indicated in Section III above, and

7    thereafter was wrongfully sentenced to state prison.

8    33.   As indicated in Section III above, PLAINTIFF's conviction was expunged,

9    overturned and/or otherwise unconditionally invalidated by court order. As a result

10    of the misconduct described herein, PLAINTIFF was detained, incarcerated and

11    imprisoned for the period stated in Section III above.

12    34.   As the actual and proximate result of the acts and omissions of said defendants as

13    described herein, PLAINTIFF was made to lose his freedom and liberty for the period

14    stated above in Section III, this in violation of the Fourteenth Amendment's

15    procedural and substantive due process guarantees. During said incarceration

16    PLAINTIFF suffered personal and bodily injuries, and during said time he suffered,

17    and continues to suffer, severe emotional and psychological pain, suffering, anxiety,

18    depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire

19    medical specialists for treatment and therapy for his injuries. As further proximately

20    resulting from said defendants' misconduct, PLAINTIFF has experienced a significant

21    loss of wages and a significant loss of his ability to obtain and maintain gainful

22    employment.

23    35.   The aforementioned acts of said defendants was willful, wanton, malicious and

24    oppressive and said misconduct shocks the conscience thereby justifying the awarding

25    of exemplary and punitive damages as to these defendants.

26    ////

27    ////

28

Reproduced from the holdings of the *National Archives at Riverside*

## V.

## SECOND COUNT/CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM
## UNREASONABLE SEARCHES AND SEIZURES

### [As to POLICE OFFICER DEFENDANTS]

36.   PLAINTIFF repeats, reallege and incorporates each and every allegation of each and every paragraph in Sections II through IV above as though fully set forth herein.

37.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

38.   At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of law.

39.   As described in Section III above, POLICE OFFICER DEFENDANTS violated PLAINTIFF's Fourth Amendment rights by unlawfully and unreasonably detaining, handcuffing, arresting, beating, and imprisoning him without reasonable suspicion or probable cause.

40.   In doing these things, said defendants acted specifically with the intent to deprive PLAINTIFF of his constitutional rights under the Fourth Amendment to be free from unreasonable seizures.

41.   Said defendants subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

42.   Said defendants, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the City of Los Angeles Police Department would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

////

Reproduced from the holdings of the *National Archives at Riverside*

43. As a direct and proximate result of the aforementioned acts of said defendants, PLAINTIFF suffered the violation of his constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said defendants, as described herein, PLAINTIFF was made to lose his freedom and liberty for the period of time indicated in Section III above, this in violation of the Fourteenth Amendment's due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries. As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

44. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VI.

## **THIRD COUNT/CAUSE OF ACTION**

## **CONSPIRACY TO VIOLATE PLAINTIFF'S**

## **FOURTH AND FOURTEENTH AMENDMENT RIGHTS**

## **[As to POLICE OFFICER DEFENDANTS]**

45. PLAINTIFF repeats, reallege and incorporates each and every allegation of each and every paragraph in Sections II through V above as though fully set forth herein.

46. This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution.

47. Beginning on the date of PLAINTIFF's arrest and beating and continuing through the date of PLAINTIFF's conviction, POLICE OFFICER DEFENDANTS planned and acted in concert to violate the Fourth and Fourteenth Amendment Rights of

11

Reproduced from the holdings of the *National Archives at Riverside*

PLAINTIFF and to carry out a malicious and evil plan to falsely and wrongfully arrest PLAINTIFF and have him wrongfully and illegally prosecuted, convicted and imprisoned.

48.  At said time and place, said defendants expressly and impliedly agreed that they would unlawfully seize, handcuff, detain, falsify evidence against, arrest, convict and imprison PLAINTIFF, all for the malicious and unlawful purpose of violating PLAINTIFF's civil rights and of unlawfully inflicting punishment on PLAINTIFF.

49.  Said defendants along with other co-conspirators purposefully, under color of law, planned and intended to deny PLAINTIFF the equal protection of the laws and injure PLAINTIFF in the following respects:

   a.  to deny the right to be free from unreasonable arrests not based on probable cause,

   b.  to deny the right not to be deprived of life and liberty without due process of law,

   c.  to deny the right against cruel and unusual punishment.

50.  By virtue of the foregoing, said defendants and two or more of them, conspired for the purpose of:

   a.  depriving PLAINTIFF of equal protection of the laws and of equal protection and immunities under the law; and,

   b.  preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation from giving and securing PLAINTIFF's equal protection of the law and preventing deprivation of liberty and property without due process of law.

51.  Said defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby PLAINTIFF was deprived of the rights and privileges as set forth above. These acts

12

Reproduced from the holdings of the *National Archives at Riverside*

1   included the said defendants fraudulently and unlawfully placing evidence upon the
2   person of PLAINTIFF and falsely and/or falsely claiming that he had possessed said
3   evidence, authoring and filing false police reports in violation of P.C. §118.1 to
4   conceal and justify police misconduct, knowingly approving such false reports, giving
5   false and deliberately misleading and perjurious statements to investigators, giving
6   false and perjurious testimony in the investigation of the incident and as part of the
7   related criminal proceedings, and failing to discipline and recommend for prosecution
8   officers committing such misconduct.

9   52.   By virtue of the foregoing, said defendants, and each of them,  PLAINTIFF's
10      procedural and substantive due process rights under the Fourteenth Amendment.

11   53.   Notwithstanding the duties owed to PLAINTIFF, and notwithstanding the laws of
12      the state of California and the rights granted to PLAINTIFF under the U.S.
13      Constitution, these defendants, and each of them, with deliberate indifference to the
14      constitutional rights of PLAINTIFF, failed and refused to prevent the wrongs
15      conspired to be committed against PLAINTIFF, despite their ability and duty to do
16      so.

17   54.   As the actual and proximate result of the acts and omissions of said defendants, as
18      described herein, PLAINTIFF was made to lose his freedom and liberty for the period
19      stated above in Section III, this in violation of the Fourteenth Amendment's
20      procedural and substantive due process guarantees.   During said incarceration
21      PLAINTIFF suffered personal and bodily injuries, and during said time he suffered,
22      and continues to suffer, severe emotional and psychological pain, suffering, anxiety,
23      depression, anguish, shock, and fear.   Further, PLAINTIFF has been made to hire
24      medical specialists for treatment and therapy for his injuries.   As further proximately
25      resulting from said defendants' misconduct, PLAINTIFF has experienced a significant
26      loss of wages and a significant loss of his ability to obtain and maintain gainful
27      employment.

28

**Complaint For Damages and Demand For Jury Trial**

Reproduced from the holdings of the *National Archives at Riverside*

55.   The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VII.

## FOURTH COUNT/CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

## [As to POLICE OFFICER DEFENDANTS]

56.   PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph in II through VI above as though fully set forth herein.

57.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF's procedural and substantive due process rights.

58.   At the time and place alleged herein, POLICE OFFICER DEFENDANTS were present at the immediate scene of the arrest, beating, and booking of PLAINTIFF.

59.   At said date and location, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted detention, beating, search and arrest of PLAINTIFF.

60.   At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful detention, beating, search and arrest of PLAINTIFF, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

61.   At said date and location, in deliberate indifference to PLAINTIFF's life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said detention, beating, and arrest.

14

Reproduced from the holdings of the *National Archives at Riverside*

62. As a result thereof, said defendants unlawfully seized, detained, beat, searched and arrested PLAINTIFF and unlawfully and unjustifiably caused him to be prosecuted and imprisoned in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

63. Thereafter, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted prosecution of PLAINTIFF and further failed to intervene to prevent the unlawful and malicious prosecution, conviction and imprisonment of PLAINTIFF. After said conviction, said defendants were in the position and authority to stop the imprisonment of PLAINTIFF by revealing the invalidity of the search which lead to PLAINTIFF's arrest and failed to do so and allowed PLAINTIFF to be wrongfully sentenced and thereafter imprisoned for the period indicated above in Section III.

64. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF suffered personal injuries to his body as a result of the excessive force used upon him, and was made to lose his freedom and liberty for the period stated above in Section III, this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries. As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

65. The aforementioned acts of POLICE OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

15

Reproduced from the holdings of the *National Archives at Riverside*

# VIII.

## FIFTH COUNT/CAUSE OF ACTION

### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S

### FOURTH AND FOURTEENTH AMENDMENT RIGHTS

### [As to Does 6 Through 10, Inclusive]

66. PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph in II through VII above as though fully set forth herein.

67. This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

68. On the date of PLAINTIFF's arrest, defendants DOES 6 through 10, inclusive, learned and became aware of the arrest and unjustified and illegal beating of PLAINTIFF by POLICE OFFICER DEFENDANTS.

69. Thereafter, defendants DOES 6 through 10, inclusive, conducted an investigation of the arrest and illegal beating by personally evaluating the evidence of the incident, by taking statements from the individuals involved.

70. Said defendants were aware of the customs, practices, and propensities of their subordinates - POLICE OFFICER DEFENDANTS - to conduct illegal and wrongful searches, to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. §118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. Said defendants tolerated, encouraged and expressly and impliedly condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

71. Since 1990, said defendants were aware of repeated acts of unlawful searches and seizures, the illegal use of excessive force, the preparation and submission of false and misleading police reports, the falsification of evidence and the commission of

16

Reproduced from the holdings of the National Archives at Riverside

1    perjury by POLICE OFFICER DEFENDANTS and of conspiracies amongst said

2    police officers to conceal said misconduct.

3  72.  Notwithstanding this knowledge, said defendants encouraged and facilitated such

4    conduct and deliberately and leniently overlooked and ratified the misconduct of

5    POLICE OFFICER DEFENDANTS by failing to discipline said officers,

6    approving false and misleading police reports authored by said officers, and failing

7    to recommend the investigation and criminal prosecution of said officers for their

8    misconduct, and in the present instance failing to supervise and control POLICE

9    OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by

10   failing to train said subordinate officers in the procedures, laws and practices that

11   would eliminate the risk of the constitutional violations alleged herein.

12  73.  By consciously and deliberately overlooking the repeated acts of misconduct and

13   criminal acts by their subordinate officers, including their subordinates POLICE

14   OFFICER DEFENDANTS said defendants established a custom and practice of

15   condoning and ratifying such misconduct and criminal activity, and established a

16   tolerated pattern of constitutional violations amongst their subordinate officers.

17   The condoning of misconduct by said defendants was so comprehensive and well-

18   known that their subordinate officers were emboldened to blatantly violate the

19   constitutional rights of any persons the subordinate officers came into contact with

20   while on duty and while off duty to commit crimes such as the theft and sales of

21   narcotics, the theft of property, false arrests, perjury, assaults and batteries with

22   impunity.

23  74.  Through their conscious disregard for the rights of the persons their subordinates

24   would come in contact with and through their custom and practice of encouraging,

25   condoning, tolerating and ratifying constitutional violations and criminal activity

26   by their subordinates, said defendants were deliberately indifferent to the

27   constitutional violations being committed by their subordinates, including POLICE

28

17

Reproduced from the holdings of the National Archives at Riverside

1    OFFICER DEFENDANTS.

2    75.  Based on the evaluation of the arrest and the evidence from the incident which

3         underlies this lawsuit, said defendants, as described above, and based on their

4         knowledge of the prior misconduct of the officers involved in the incident, said

5         defendants concluded that the arrest of PLAINTIFF was unjustified, that a

6         conspiracy was in place and continuing between the police officers involved in the

7         incident to conceal the wrongfulness of their conduct, and that discipline and

8         criminal prosecution of the officers was called for.  Notwithstanding this

9         information and their conclusions, said defendants ratified, condoned, approved

10        and turned a blind eye to the misconduct of POLICE OFFICER DEFENDANTS

11        failing to discipline said officers and failing to recommend the investigation and

12        criminal prosecution of said officers.

13   76.  Because of their failure to act to prevent the continuing constitutional violations by

14        their subordinates, and because of the establishment of the policies and practices

15        described above as well as their failure to adequately train their subordinates, said

16        defendants are liable for the constitutional violations committed by POLICE

17        OFFICER DEFENDANTS and for the damages suffered by PLAINTIFF as

18        described herein.  As the actual and proximate result of the acts and omissions of

19        said defendants, PLAINTIFF was wrongfully and illegally beat, imprisoned and

20        made to lose his freedom and liberty for the duration of the period indicated in

21        section III above, this in violation of the Fourteenth Amendment's due process

22        guarantees.

23   77.  As the actual and proximate result of the acts and omissions of said defendants as

24        described herein, PLAINTIFF suffered personal injuries as a result of an illegal

25        and excessive use of force against his person and was made to lose his freedom

26        and liberty for the period stated above in Section III, this in violation of the

27        Fourteenth Amendment's procedural and substantive due process guarantees.

28                                    18

Reproduced from the holdings of the *National Archives at Riverside*

1    During said incarceration PLAINTIFF suffered personal and bodily injuries, and

2    during said time he suffered, and continues to suffer, severe emotional and

3    psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

4    Further, PLAINTIFF has been made to hire medical specialists for treatment and

5    therapy for his injuries.  As further proximately resulting from said defendants'

6    misconduct, PLAINTIFF has experienced a significant loss of wages and a

7    significant loss of his ability to obtain and maintain gainful employment.

8    78.    The aforementioned acts of DOES 6 through 10, inclusive were willful, wanton,

9    malicious and oppressive thereby justifying the awarding of exemplary and

10    punitive damages as to these defendants.

11

### IX.

### SIXTH COUNT/CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

**[As to CITY OF LOS ANGELES]**

15    79.    PLAINTIFF repeats, realleges and incorporates each and every allegation of each

16    and every paragraph in II through VIII above as though fully set forth herein.

17    80.    This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's

18    rights under the Fourth and Fourteenth Amendments.

19    81.    On the date of PLAINTIFF's illegal beating and arrest indicated in Section III

20    above POLICE OFFICER DEFENDANTS, acting within the course and scope of

21    their duties as peace officers of the City of Los Angeles, deprived PLAINTIFF of

22    his rights to be free from unreasonable searches and seizures and unlawful arrests

23    as delineated herein above, and thereafter in violation of PLAINTIFF's due

24    process rights proceeded to illegally beat PLAINTIFF, falsify evidence, submit

25    false police reports and offer perjurious testimony so as to ensure that PLAINTIFF

26    would be wrongfully convicted and sentenced.

27    82.    At the time of these constitutional violations by POLICE OFFICER

28

Reproduced from the holdings of the National Archives at Riverside

1  DEFENDANTS defendant CITY OF LOS ANGELES had in place, and had

2  ratified customs and practices which permitted and encouraged their police

3  officers to unjustifiably, unreasonably and in violation of the Fourth and

4  Fourteenth Amendments, to unlawfully arrest persons without probable cause, to

5  commit random and wanton acts of violence against people with no legal

6  justificatin, plant evidence, falsify police reports and present perjured testimony to

7  ensure the wrongful conviction of persons of African American ancestry and

8  members of other minority groups.

9  83.  Said customs and practices also called for the City of Los Angeles and its Police

10  Department not to discipline, prosecute, or objectively and/or independently

11  investigate or in any way deal with or respond to known incidents and complaints

12  of unreasonable and illegal searches and beatings, false arrests, falsification of

13  evidence, the preparation of false police reports to justify such wrongful conduct,

14  and the giving of false testimony in trial to cover-up and conceal such wrongful

15  conduct by officers of the Los Angeles Police Department and its Rampart

16  Division, and for the City of Los Angeles to fail to objectively and/or

17  independently investigate or in any way deal with or respond to or the related

18  claims and lawsuits made as a result of such false arrests, illegal uses of force, and

19  related misconduct.

20  84.  Defendant CITY OF LOS ANGELES was aware of and was deliberately

21  indifferent to a pervasive and widespread pattern and practice with the LAPD of

22  concealing known instances of unreasonable searches, evidence planting, evidence

23  tampering, perjury, falsified police reports, witness coercion, excessive force, on-

24  duty criminal acts and on-duty acts of moral turpitude.  This pattern and practice

25  was identified and documented by the commission appointed by the City of Los

26  Angeles known as the "Christopher Commission."  Said commission issued a

27  report to the City of Los Angeles describing this pattern and practice as a "Code of

28

20

Reproduced from the holdings of the National Archives at Riverside

1    Silence" and identified it as a cause of continued civil rights violations, and put

2    said defendant on notice of the existence of such pattern and practice.  Said

3    defendant failed to take any reasonable measures to correct this pattern and

4    practice and as a result said city and persons have been deliberately indifferent to

5    the civil rights violations which resulted, including those which are described in

6    the present claim.

7    85.   Said customs and practices called for and led to the refusal of said defendant  to

8    investigate complaints of previous incidents of false and unlawful searches and

9    arrests, illegal uses of excessive force, the filing of false police reports to conceal

10   such misconduct, the falsification of evidence and perjury and, instead, officially

11   claim that such incidents were justified and proper.

12   86.   Said customs and practices called for said defendant, by means of inaction and

13   coverup, to encourage an atmosphere of lawlessness within the police department

14   and to encourage their police officers to believe that improper arrest and beatings

15   of residents of the Los Angeles County or persons present therein, including

16   members of minority groups, the planting of evidence, the submission of false

17   police reports, and the commission of perjury was permissible and to believe that

18   unlawful acts of falsification of evidence, excessive use of force, and perjury

19   would be overlooked without discipline or other official ramifications.

20   87.   Said customs and practices of said defendant evidenced a deliberate indifference to

21   the violations of the constitutional rights of PLAINTIFF.  This indifference was

22   manifested by the failure to change, correct, revoke, or rescind said customs and

23   practices in light of prior knowledge by said defendant and its subordinate

24   policymakers of indistinguishably similar incidents of unjustified and unreasonable

25   and unlawful arrests, illegal and excessive uses of force, falsification of evidence,

26   evidence tampering, submission of false police reports and perjury.

27   88.   Deliberate indifference to the civil rights of minority groups and other victims of

28

21

**Complaint For Damages and Demand For Jury Trial**

Reproduced from the holdings of the *National Archives at Riverside*

1  the LAPD's unreasonable and unlawful searches and arrests, illegal and unjustified

2  excessive uses of force, falsified evidence, false and misleading police reports and

3  false and perjurious testimony was also evidenced by said defendant by its

4  ignoring of the history and pattern of prior civil lawsuits alleging civil rights

5  violations, similar to those alleged herein, arising from such misconduct and the

6  related payment of judgments to such individuals.

7  89. Deliberate indifference to the civil rights of minority groups and other victims of

8  the LAPD's unlawful and unreasonable searches and arrests, illegal and unjustified

9  excessive uses of force, falsified evidence, false and misleading police reports and

10  false and perjurious testimony was also evidenced by said defendant by its

11  ignoring findings of the report by the Christopher Commission which found said

12  customs and practices to be in place, and found that there existed in the Los

13  Angeles Police Department an environment and atmosphere which condoned

14  unjustified and unreasonable police shootings, arrests, falsification of evidence,

15  evidence tampering, submission of false police reports and perjury.

16  90. Deliberate indifference is also evidenced by an absence of or by maintenance of an

17  inadequate system of tort claims tracking and by maintaining an inadequate system

18  of officer discipline and independent and objective investigation by the City of Los

19  Angeles and its police department which failed to identify and investigate

20  instances of false and unlawful searches and arrests, illegal and excessive use of

21  force, falsification of evidence submission of false police reports and perjury.

22  91. Deliberate indifference to the civil rights of minority groups and other victims of

23  the LAPD's unlawful arrests, illegal and unjustified uses of force, and falsified

24  evidence was also evidenced by the failure of  by said defendant to adequately

25  train and more closely supervise or retrain officers and/or discipline or recommend

26  prosecution of those officers who in fact conducted illegal and unreasonable

27  searches, conducted false and illegal arrests, illegal and unjustified uses of force,

28

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the National Archives at Riverside

1    falsified evidence, tampered with evidence, submitted false and misleading police

2    reports, and/or committed perjury.

3    92.    Other systemic deficiencies of said defendant which indicated, and continue to

4           indicate, a deliberate indifference to the violations of the civil rights by the officers

5           of the Los Angeles Police Department include:

6           a.    preparation of investigative reports designed to vindicate and/or justify false

7                 and unlawful searches and arrests;

8           b.    preparation of investigative reports which uncritically rely solely on the

9                 word of LAPD officers involved in unlawful arrests or in the planting of

10                evidence and which systematically fail to credit testimony by non-officer

11                witnesses;

12          c.    preparation of investigative reports which omit factual information and

13                physical evidence which contradicts the accounts of the officers involved;

14          d.    issuance of public statements exonerating officers involved in such

15                incidents prior to the completion of investigations of wrongful arrests.

16          e.    failure to maintain centralized department-wide system for the

17                tracking and monitoring tort claims and lawsuits alleging illegal

18                searches, false arrests, planting of evidence, perjury, abuse of

19                authority, illegal and unjustified uses of excessive force, and race-

20                based misconduct by individual officers so as to identify those

21                officers who engage in a pattern of abuse of police authority and

22                police misconduct.

23   93.    Said defendant also maintained a system of grossly inadequate training pertaining

24          to the lawful making of arrests, police ethics, the law pertaining to searches and

25          seizures, testifying in trial and perjury, the use of force, the collection of evidence,

26          and the preparation of police reports.

27   94.    Deliberate indifference to the civil rights of minority groups and other victims of

28

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the National Archives at Riverside

1    the LAPD's false arrests, planting of evidence, illegal and unjustified uses of

2    excessive force, and perjury was also evidenced by said defendant's failure to

3    implement an officer discipline system which would conduct meaningful and

4    independent investigations of citizen complaints of illegal searches, illegal uses of

5    force, false arrests, falsified evidence, evidence tampering, authoring and filing of

6    false and misleading police reports, and the presentation of false testimony at trial.

7  95.  Deliberate indifference to the civil rights of minority groups and other victims of

8    the LAPD's illegal searches, unlawful arrests, falsified evidence, false and

9    misleading police reports and false and perjurious testimony was also evidenced

10    by said defendant's implementing a practice and custom within the Los Angeles

11    Police department of permitting officers of the Los Angeles Police department to

12    engage in unlawful activities while on duty, such as the theft and sale of narcotics

13    and drugs, theft, assaults, batteries, and other crimes of moral turpitude.

14  96.  The foregoing acts, omissions, and systemic deficiencies are customs and practices

15    of said defendant and such caused, permitted and/or allowed under official

16    sanction POLICE OFFICER DEFENDANTS to be unaware of, or intentionally

17    overlook and ignore, the rules and laws governing the laws and requirements for

18    conducting searches and the probable cause requirements for arrests as well as the

19    use of force. The foregoing acts, omissions, and systemic deficiencies are customs

20    and practices of said defendant and such caused, permitted and/or allowed under

21    official sanction said police officer defendants to believe that searches and arrests

22    are entirely within the discretion of the officer and that improper and unlawful

23    searches and arrests, evidence falsification, filing of false and misleading police

24    reports, and the commission of perjury, as well as the use of excessive force,

25    would not be objectively, thoroughly and/or properly investigated, all with the

26    foreseeable result that defendant's officers would make false and unlawful

27    searches and arrests, and falsify evidence, submit false and misleading police

28

Reproduced from the holdings of the National Archives at Riverside

1  reports, and commit perjury, employ excessive force, and thereby violate the civil
2  rights of the citizens of this state with whom said officers would come into contact
3  with.

4  97.  As a result of the aforementioned acts, omissions, systematic deficiencies, customs
5  and practices, POLICE OFFICER DEFENDANTS unlawfully arrested
6  PLAINTIFF, and developed and implemented a plan to unlawfully search and beat
7  PLAINTIFF and to falsely accuse him of possessing a controlled substance, and to
8  secure his prosecution, conviction and imprisonment through the offering of false
9  and misleading police reports and the presentation of falsified evidence and
10  perjurious testimony.

11  98.  As the actual and proximate result of the acts and omissions of said defendant as
12  described wherein, PLAINTIFF was made to lose his freedom and liberty for the
13  period stated above in Section III and was made the victim of POLICE OFFICER
14  DEFENDANTS' use of excessive force,  this in violation of the Fourteenth
15  Amendment's procedural and substantive due process guarantees.  During said
16  incarceration PLAINTIFF suffered personal and bodily injuries, and during said
17  time he suffered, and continues to suffer, severe emotional and psychological pain,
18  suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has
19  been made to hire medical specialists for treatment and therapy for his injuries.  As
20  further proximately resulting from said defendant's acts, omissions, practices, and
21  customs, PLAINTIFF has experienced a significant loss of wages and a significant
22  loss of his ability to obtain and maintain gainful employment.

23  ////

24

25  ////

26

27  ////

28
25

Reproduced from the holdings of the *National Archives at Riverside*

# X.

## SEVENTH COUNT/CAUSE OF ACTION

## DELIBERATE INDIFFERENCE TO CIVIL RIGHTS VIOLATIONS

## [AS TO BERNARD PARKS, WILLIAM WILLIAMS, and

## POLICE COMMISSION DEFENDANTS,

## INDIVIDUALLY]

99.  PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph in Sections II through IX above as though fully set forth herein.

100. This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

101. Pursuant to Section 1/001 of the City of Los Angeles Police Department Policies and Procedures Manual (Police Commission Executive Power), POLICE COMMISSION DEFENDANTS as members of the board of police commissioners of the City of Los Angeles Police Department are empowered, authorized and given the duty to "supervise, control, regulate and manage the police department and to make all necessary and desirable rules and regulations therefore."

102. As chiefs of police of the Los Angeles Police Department, and as authorized by the Charter of the City of Los Angeles and Section 201.01 of the City of Los Angeles Police Department Policies and Procedures Manual (Chief of Police), defendants William Williams and Bernard Parks exercised direct supervision over the personnel of the Los Angeles Police Department and were directly responsible for the training and discipline of officers of said department.

103. Said defendants were aware of the practices and customs summarized above, and were aware of the repeated occurrence of the civil rights violations which resulted from said customs and practices as enumerated above.   Said defendants were also aware of the lack of training which is identified above,  were aware of the repeated

26

Reproduced from the holdings of the *National Archives at Riverside*

1    occurrence of the civil rights violations which resulted from said lack of training.

2    104.    Since January of 1990, said defendants were aware that as a result of said customs,

3    practices, and lack of training, that persons, such as the present plaintiff, would

4    suffer the violation of their rights to be free from unreasonable seizures under the

5    Fourth Amendment and their right to procedural and substantive due process under

6    the Fourteenth Amendment.

7    105.    Notwithstanding this knowledge of the regular occurring constitutional violations,

8    said defendants knowingly and deliberately failed to act to prevent them. As

9    supervisors and managers of the Los Angeles Police Department and as the

10    persons directly responsible for the control and regulation of said police

11    department, the failure of said defendants to take reasonable measures to prevent

12    the constitutional violations amounted to reckless and callous indifference to the

13    rights of those persons who would be the victims of such police misconduct,

14    including the present plaintiff.

15    106.    Notwithstanding this knowledge, said defendants were callous and deliberately

16    indifferent to the the LAPD's unreasonable and unlawful searches and arrests,

17    falsified evidence, false and misleading police reports and false and perjurious

18    testimony as well as the resulting constitutional violations, and said defendants

19    manifested their deliberate indifference as follows:

20    A.    By ignoring of the history and pattern of prior civil lawsuits alleging civil

21    rights violations, similar to those alleged herein, arising from such

22    misconduct and the related payment of judgments to such individuals;

23    B.    By its ignoring findings of the report by the Christopher Commission which

24    found said customs and practices to be in place, and found that there existed

25    in the Los Angeles Police Department an environment and atmosphere

26    which condoned unjustified and unreasonable arrests, falsification of

27    ////

28    27

Reproduced from the holdings of the *National Archives at Riverside*

1    evidence, evidence tampering, submission of false police reports and
2    perjury;
3        C.    by an absence of or by maintenance of an inadequate system of tort
4               claims tracking and by maintaining an inadequate system of officer
5               discipline and independent and objective investigation by the City of
6               Los Angeles and its police department which failed to identify and
7               investigate instances of false and unlawful searches and arrests,
8               falsification of evidence, submission of false police reports, uses of
9               excessive force, and perjury,
10       D.    by the failure of  by said defendant to adequately train and more
11              closely supervise or retrain officers and/or discipline or recommend
12              prosecution of those officers who in fact conducted illegal and
13              unreasonable searches, conducted false and illegal arrests, falsified
14              evidence, tampered with evidence, submitted false and misleading
15              police reports, used excessive force, and/or committed perjury;
16       E. .    by the failure to implement an officer discipline system which would
17              conduct meaningful and independent investigations of citizen
18              complaints of illegal searches, false arrests, falsified evidence,
19              evidence tampering, authoring and filing of false and misleading
20              police reports, using excessive force, and the presentation of false
21              testimony at trial;
22       F.    by the acquiescing in the practice and custom within the Los Angeles
23              Police department of permitting officers of the Los Angeles Police
24              department to engage in unlawful activities while on duty, such as
25              the theft and sale of narcotics and drugs, theft, assaults, batteries,
26              and other crimes of moral turpitude.
27   ////
28

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the *National Archives at Riverside*

G.    Other systemic deficiencies which said defendants acquiesced in,
tolerated and ratified, which indicated, and continue to indicate, a
deliberate indifference to the violations of the civil rights by the
officers of the Los Angeles Police Department include those listed
above in paragraph 92.

107.   Through their conscious inaction, said defendants ratified, acquiesced in and
accepted the pattern of constitutional violations identified in section IX, above,
and said defendants set in motion, ratified, and accepted this series of
constitutional violations, including those of POLICE OFFICER DEFENDANTS as
alleged herein.

108.   Further, said defendants knowingly refused to terminate the customs and practices
identified above, which he knew would cause the officers of the Los Angeles
Police Department to inflict constitutional injury upon persons such as plaintiff.

109.   As supervisor and managers of the Los Angeles Police Department, said
defendants are liable in their individual capacity for their own culpable action and
inaction in the training, supervision, or control of their subordinates as set forth in
this cause of action for their acquiescence in the constitutional deprivation which
resulted and for their inaction and deliberate, reckless and callous indifference to
the rights of others.

110.   The foregoing acts and omissions are customs and practices of said defendant and
such caused, permitted and/or allowed under official sanction POLICE OFFICER
DEFENDANTS to be unaware of, or intentionally overlook and ignore, the rules
and laws governing the laws and requirements for conducting searches and the
probable cause requirements for arrests as well as the constitutional standards for
the use of force. The foregoing acts, omissions, and systemic deficiencies are
customs and practices of said defendant and such caused, permitted and/or allowed
under official sanction said police officer defendants to believe that searches,

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the National Archives at Riverside

1      arrests, and uses of force are entirely within the discretion of the officer and that

2      improper and unlawful searches and arrests, evidence falsification, filing of false

3      and misleading police reports, the excessive use of force, and the commission of

4      perjury would not be objectively, thoroughly and/or properly investigated, all with

5      the foreseeable result that defendant's officers would make false and unlawful

6      searches and arrests, and falsify evidence, submit false and misleading police

7      reports, and commit perjury, and use excessive force, and thereby violate the civil

8      rights of the citizens of this state with whom said officers would come into contact

9      with.

10 111.    As a result of the aforementioned acts and omissions, POLICE OFFICER

11      DEFENDANTS unlawfully arrested PLAINTIFF, and developed and implemented

12      a plan to unlawfully beat PLAINTIFF and to falsely accuse him of possessing

13      controlled substances to secure his prosecution, conviction and imprisonment

14      through the offering of false and misleading police reports and the presentation of

15      falsified evidence and perjurious testimony.

16 112.    As the actual and proximate result of the acts and omissions of said defendant as

17      described wherein, PLAINTIFF was made to suffer an unjustified and illegal

18      beating and to lose his freedom and liberty for the period stated above in Section

19      III, this in violation of the Fourteenth Amendment's procedural and substantive

20      due process guarantees.  During said incarceration PLAINTIFF suffered personal

21      and bodily injuries, and during said time he suffered, and continues to suffer,

22      severe emotional and psychological pain, suffering, anxiety, depression, anguish,

23      shock, and fear.  Further, PLAINTIFF has been made to hire medical specialists

24      for treatment and therapy for his injuries.  As further proximately resulting from

25      said defendant's acts, omissions, practices, and customs, PLAINTIFF has

26      experienced a significant loss of wages and a significant loss of his ability to

27      obtain and maintain gainful employment.

28

Reproduced from the holdings of the *National Archives at Riverside*

## XI.

## EIGHTH COUNT/CAUSE OF ACTION

## RATIFICATION OF CONSTITUTIONAL VIOLATIONS
## AND CONSPIRACY TO VIOLATE CIVIL RIGHTS

## [AS TO CITY COUNCIL DEFENDANTS AND JAMES HAHN AND
## DOES 6 THROUGH 10, INCLUSIVE]

113. PLAINTIFF repeats and realleges each and every allegation of Sections II through X as though fully set forth herein.

114. This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's Fourth and Fourteenth Amendment rights.

115. As alleged herein, POLICE OFFICER DEFENDANTS, acting within the course and scope of their duties as peace officers of the City of Los Angeles, deprived PLAINTIFF of his rights to be free from unreasonable seizures and unlawful arrests.

116. At the time of these constitutional violations by said defendants, the LAPD had in place policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause, and specifically African Americans, as well as members of other minority groups. Said policies, practices, procedures and customs were the moving force that caused the violation of PLAINTIFF's rights as alleged herein.

117. At the time of the violations of PLAINTIFF's civil rights, CITY COUNCIL DEFENDANTS, and JAMES HAHN had in place, an established and well-settled custom and practice of improperly indemnifying, and of conspiring to indemnify police officers, for punitive damages assessed against those officers by juries in civil rights cases. Said custom and practice was the moving force that caused the violations of PLAINTIFF's civil rights as alleged herein.

31

Reproduced from the holdings of the National Archives in Riverside

118.  Defendant JAMES HAHN, and CITY COUNCIL DEFENDANTS understood and
agreed among themselves to subvert the requirements of section 825(b) of the
California Government Code by always seeing to it that punitive damages awarded
by juries against LAPD officers for civil rights violations would be paid by the
City of Los Angeles, and not by the police officers, and that the way in which that
would be accomplished would be defendant JAMES HAHN, individually and
through his subordinates, who represented officers of the Los Angeles Police
Department against whom punitive damages had been awarded would recommend
for said officer clients to their other clients, the mayor and council members of the
City of Los Angeles, that the City pay those punitive damages.  The council
members would rely on the information and advice, not necessarily legal advice,
of defendant JAMES HAHN, and pay the punitive damages, notwithstanding the
readily apparent and real conflict of interests of the City Attorney's office; said
conflict consisting of the city attorney and his subordinates having an ethical duty
to his or her police officer clients to recommend payment by the City to the City
Council, and at the same time having a duty to the City client to make a
recommendation in the City's best interest (which might not necessarily be to pay
said punitive damages); and then if challenged, the City Council members and the
City would claim reliance on advice of legal counsel - including that of defendant
JAMES HAHN, and his subordinates, and legal counsel would claim that they
were immune for having given legal advice to the City Council and the City
because their advice did not need to be followed.  The result of the conspiracy,
with respect to which the overt acts consisted of actual doing what is alleged
herein was understood, is a custom of use of Fourth and Fourteenth Amendment
violations of the kind specifically alleged herein to have been suffered by
PLAINTIFF at the hands of the identified LAPD officers in the present action.
Said officers acted as alleged herein knowing that no matter how badly and how

32

Reproduced from the holdings of the National Archives at Riverside

1    frequently they violated and violate the Fourth and Fourteenth Amendments, they

2    will be immunized from any civil penalty. The giving of advice as alleged herein

3    by defendant JAMES HAHN, and his subordinates, does not constitute legal

4    advice.

5    119.    Defendant JAMES HAHN, and his office and subordinates, insist that the Los

6    Angeles Police Department officers whom they represent cooperate in the mutual

7    defense of civil rights actions, and the City and the City Council members insist

8    that LAPD officers whom JAMES HAHN, and his office and subordinates, do not

9    represent and for whom outside council employed cooperate in the defense of civil

10    rights actions, in inappropriate ways, such as, but not limited to: when there is

11    more than one police defendant, that all police officers tell the same story and back

12    up one anothers' stories, thus fostering and causing, among other things,

13    subornation of perjury and perjury, advising police officer defendants that, if they

14    do not "cooperate" in making a defense, or joint defense, that they will be

15    ineligible for indemnification of punitive damages and/or if punitive damages are

16    awarded against the police officer, then the City will not indemnify those police

17    officers for those damages under section 285(b) of the California Government

18    Code, in an attempt to cause them to make improper defenses including, but not

19    limited to, committing perjury, providing false information in litigation, and

20    joining in the "group story" when there is more than one officer defendant;

21    improperly controlling the defense of actions     In which either the City Attorney

22    or outside counsel represent Los Angeles police officers, by insisting that the City

23    and the City Attorney's office retain control of the defense of lawsuits without

24    regard to the truth or falsity of the allegations in the lawsuits; advising police

25    officers that, if they retain outside counsel to represent them on the issue of

26    punitive damages, then the City will not pay for the cost of such counsel, and

27    intimating, threatening and asserting that if such outside counsel is retained, and

28

33

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the *National Archives at Riverside*

1   punitive damages are awarded, then in no event will the City pay any such

2   damages; and, by making inappropriate "reservations of rights" with respect to

3   payment of punitive damages when officers do retain outside counsel.

4   120.   JAMES HAHN, and his office and subordinates, don not give legal advice with

5   respect to indemnifications of punitive damages for Los Angeles police officers,

6   and profess to present "facts" to the City council, and appear before the Council

7   not as lawyers, but rather as persons who present summaries of facts for

8   consideration by the council, and as advocates for the officers against whom

9   punitive damages were awarded.

10  121.   CITY COUNCIL DEFENDANTS are fully knowledgeable of and acquainted with

11  the requirements of section 825(b), and do not need any legal advice in order to

12  decide, in any specific case, whether or not to indemnify police for punitive

13  damages.

14  122.   The function performed by defendant JAMES HAHN, and his office and

15  subordinates, when they make their presentations to the City Council that punitive

16  damages be paid for Los Angeles police officers is a conspiratorial one in which

17  the attorneys provide cover for the council members, and in which they all

18  perpetrate a sham, fraud and ruse by which they make impossible for officers to be

19  held liable for either punitive damages or unconstitutional conduct, thus fostering a

20  custom and practice of constitutional violations by the police officers.  CITY

21  COUNCIL DEFENDANTS, when ordering or authorizing the payment of punitive

22  damages, use the defendant JAMES HAHN, his office and subordinates, to

23  effectuate said sham, fraud and ruse, knowing that the presentations of the "facts"

24  by the city attorney's office are distortions slanted in favor of the officers against

25  whom punitive damages were assessed, to permit the council to pay said damages

26  under the cover of "advice of council".

27  ////

28

34

Reproduced from the holdings of the *National Archives at Riverside*

123.    As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of defendants CITY OF LOS ANGELES, JAMES HAHN,  and CITY COUNCIL DEFENDANTS, the present police officers inclusive unlawfully arrested and beat PLAINTIFF, and developed and implemented a plan to falsely accuse him of possessing controlled substances and to secure his prosecution, conviction and imprisonment through the offering of false and misleading police reports and the presentation of falsified evidence and perjurious testimony.

124.    As a direct and proximate result of the aforementioned acts alleged in, PLAINTIFF has been physically, psychologically, and emotionally injured and impaired as described above and PLAINTIFF also was caused to suffer loss of wages and a permanent loss of working capacity.  As a result of the acts and omissions, policies, practices, and customs alleged in this cause of action, PLAINTIFF was also wrongfully and maliciously prosecuted, convicted and imprisoned for a period the period indicated above.

125.    The aforementioned acts of defendants JAMES HAHN and CITY COUNCIL DEFENDANTS was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

## XII.

## NINTH COUNT/CAUSE OF ACTION

## NEGLIGENCE

## [AS TO DEFENDANTS CITY OF LOS ANGELES AND
## SUPERVISING OFFICER DEFENDANTS]

126.    PLAINTIFF repeats, realleges and incorporates each and every allegation of each and every paragraph in Sections II through XI above as though fully set forth herein.

////

Reproduced from the holdings of the *National Archives at Riverside*

1   127.   Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine

2         this claim.

3   128.   On the date of PLAINTIFF's arrest, and thereafter, POLICE OFFICER

4         DEFENDANTS were duty-bound by Penal Code Section 118.1 not to author,

5         accept or otherwise present, or ratify false or misleading police reports and are

6         duty-bound by the Fourteenth Amendment of the U.S. Constitution to ensure Due

7         Process.

8   129.   PLAINTIFF is informed and believes and thereon alleges that on, about or after

9         the date of PLAINTIFF's arrest as indicated in Section III above, and thereafter,

10       defendants DOES 6 through 10, inclusive, did negligently, and in the absence of

11       due care, did approve the police reports of POLICE OFFICER DEFENDANTS

12       and thereby did negligently and carelessly ratify the wrongful and unlawful arrest

13       and beating of PLAINTIFF by said defendants and thereby also authorized the

14       bringing of charges against PLAINTIFF as well as his prosecution, conviction and

15       imprisonment.

16   130.  Defendants PARKS and DOES 6 through 10, inclusive, were aware of the custom

17       and practice of POLICE OFFICER DEFENDANTS of making arrest without

18       probable cause, the planting and falsification of evidence, the authoring of false

19       and misleading police reports, the use of excessive force by POLICE OFFICER

20       DEFENDANTS and the giving of false and perjurious testimony.

21   131.  Notwithstanding this knowledge, and in the absence of due care, SUPERVISING

22       OFFICER DEFENDANTS authorized the false police reports without questioning

23       POLICE OFFICER DEFENDANTS as to the contents of the report and without

24       further investigating the veracity of the statements contained therein. Defendants

25       PARKS and DOES 6 through 10, inclusive, knew or should have known that said

26       report was false and misleading and that the supporting evidence was false, but

27       failed to take any reasonable measures to reject the reports and to ensure that said

28

Reproduced from the holdings of the National Archives at Riverside

1    reports were not forwarded to the District Attorney's office for prosecution.

2    132.   Defendants CITY OF LOS ANGELES, and SUPERVISING OFFICER

3    DEFENDANTS are directly liable and responsible for the acts of POLICE

4    OFFICER DEFENDANTS because SUPERVISING OFFICER DEFENDANTS

5    failed to adequately supervise, discipline or in any other way control said

6    defendants' exercise of their authority as described herein.

7    133.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

8    DEFENDANTS are directly liable and responsible for the acts of POLICE

9    OFFICER DEFENDANTS because said defendant city and supervising officers

10   repeatedly and knowingly and negligently failed to enforce the laws of the State of

11   California and the regulations of said defendant City and its police department

12   regarding the making of arrests in compliance with the Fourth Amendment, the

13   authoring of police reports which accurately and truthfully represent the facts of an

14   incident, and the planting of evidence, and the giving of perjurious testimony,

15   thereby creating within the said police department an atmosphere of lawlessness in

16   which LAPD officers would make false arrests, plant and manufacture evidence,

17   author false reports, use excessive force, and give perjurious testimony, in the

18   belief that such acts will be condoned and justified by their supervisors, and said

19   defendant city and supervisors therefore were or should have been aware of such

20   unlawful acts and practices prior to and at the time of the events alleged herein.

21   134.   As the actual and proximate result of the acts and omissions of said defendants as

22   described herein, PLAINTIFF was made to lose his freedom and liberty for the

23   period stated above in Section III, this in violation of the Fourteenth Amendment's

24   procedural and substantive due process guarantees.  During said incarceration

25   PLAINTIFF suffered personal and bodily injuries, and during said time he

26   suffered, and continues to suffer, severe emotional and psychological pain,

27   suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

28

37

Reproduced from the holdings of the National Archives at Riverside

1    been made to hire medical specialists for treatment and therapy for his injuries.  As

2    further proximately resulting from said defendants' misconduct, PLAINTIFF has

3    experienced a significant loss of wages and a significant loss of his ability to

4    obtain and maintain gainful employment.

5    135.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

6    DEFENDANTS inclusive, also were negligent in failing to provide POLICE

7    OFFICER DEFENDANTS the proper and special training necessary for the duties

8    they could foreseeably be expected to perform in the course of their employment

9    in that POLICE OFFICER DEFENDANTS received inadequate training in the

10   correct and proper police tactics, arrest procedures, Fourth Amendment search and

11   seizure requirements and report writing.  As a direct and proximate result of this

12   failure to provide adequate training to, the false arrest, charges and imprisonment

13   of PLAINTIFF occurred, causing said plaintiff the losses and injuries herein

14   complained of.

15   136.   Defendants CITY OF LOS ANGELES and SUPERVISING OFFICER

16   DEFENDANTS also negligently hired and retained POLICE OFFICER

17   DEFENDANTS when it was known or should have been known by defendants

18   CITY OF LOS ANGELES and SUPERVISING OFFICER DEFENDANTS that

19   these officers had on prior occasions falsely accused suspects of committing

20   crimes, planted evidence on said suspects, authored and submitted false reports

21   regarding said suspects, used excessive force on members of the community,

22   and/or had participated in the concealment and cover-up of such police

23   misconduct.

24   137.   Further, said defendants failed to conduct adequate, thorough and meaningful

25   background investigations of POLICE OFFICER DEFENDANTS which would

26   have disclosed prior acts of misconduct and criminal activity and which would

27   ////

28

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the National Archives at Riverside

1    have revealed that said defendants were not suitable candidates for service as

2    police officers.

3    138.   As the actual and proximate result of the acts and omissions of said defendants as

4    described herein, PLAINTIFF was made to lose his freedom and liberty for the

5    period stated above in Section III, and suffer personal injuries due to the use of

6    excessive force upon his person, this in violation of the Fourteenth Amendment's

7    procedural and substantive due process guarantees.  During said incarceration

8    PLAINTIFF suffered personal and bodily injuries, and during said time he

9    suffered, and continues to suffer, severe emotional and psychological pain,

10   suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has

11   been made to hire medical specialists for treatment and therapy for his injuries.  As

12   further proximately resulting from said defendants'

13   misconduct, PLAINTIFF has experienced a significant loss of wages and a

14   significant loss of his ability to obtain and maintain gainful employment.

15   140.   Defendant CITY OF LOS ANGELES is liable in respondeat superior pursuant to

16   section 815.2 of the California Government Code for the acts of its employees,

17   agents and representatives as alleged in this cause of action.

18                                            **XIII.**

19                        **TENTH COUNT/CAUSE OF ACTION**

20                              **FALSE IMPRISONMENT**

21                  **[AS TO DEFENDANT CITY OF LOS ANGELES AND**

22                  **POLICE OFFICER DEFENDANTS, Individually and as**

23                  **Employees of defendant City of Los Angeles]**

24   141.   PLAINTIFF repeats, realleges and incorporates each and every allegation of each

25   and every paragraph in Sections II through XII above as though fully set forth

26   herein.

27   ////

28

Reproduced from the holdings of the National Archives at Riverside

142.   Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

143.   The tortious and intentional acts of POLICE OFFICER DEFENDANTS above caused plaintiff to be wrongfully and unjustly imprisoned for the period indicated in Section III above.

144.   As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above in Section III, this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees.  During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.  Further, PLAINTIFF has been made to hire medical specialists for treatment and therapy for his injuries.  As further proximately resulting from said defendants' misconduct, PLAINTIFF has experienced a significant loss of wages and a significant loss of his ability to obtain and maintain gainful employment.

145.   The aforementioned acts of said defendants was willful, wanton, malicious and oppressive, and knowingly done for the purpose of wrongfully imprisoning plaintiff, thereby justifying the awarding of exemplary and punitive damages as to these defendants.

146.   Defendant CITY OF LOS ANGELES is liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of its employees, agents and representatives as alleged in this cause of action.

////

////

////

////

40

Reproduced from the holdings of the National Archives at Riverside

## XIV.

## PRAYER

**WHEREFORE, PLAINTIFF KELLY CARRINGTON** demands the following relief, jointly and severally, against the defendants named in each cause of action as follows:

a)   Compensatory general and special damages in an amount in accordance with proof;

b)   Exemplary damages, against each of the police officer, supervisory and policy maker defendants - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of those defendants,

c)   Reasonable attorneys' fees and expenses of litigation as provided for in 42 U.S.C. §1988;

d)   Costs of suit necessarily incurred herein;

e)   Prejudgment interest, and

f)   Such further relief as the Court deems just or proper.

Dated: August 27, 2001                    MORENO, BECERRA, GUERRERO & CASILLAS

By: _____
GREGORY W. MORENO
FRANK PEREZ
Attorneys for PLAINTIFF
KELLY CARRINTON

41

Complaint For Damages and Demand For Jury Trial

Reproduced from the holdings of the *National Archives at Riverside*

1

## DEMAND FOR JURY TRIAL

2  **COME NOW PLAINTIFF KELLY CARRINGTON** and respectfully demands

3  that the present matter be set for a jury trail.

4

Dated: August 27, 2001          MORENO, BECERRA, GUERRERO & CASILLAS

5

6                                        By: _____

7                                              GREGORY W. MORENO
                                              FRANK PEREZ
8                                              Attorneys for PLAINTIFF
                                              KELLY CARRINGTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              **42**

Query    Reports    Utilities    Help    Log Out

(AJWx),CLOSED,PROTORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:01-cv-07432-GAF-AJWX

| | |
|---|---|
| Kelly Carrington v. Los Angeles City of, et al | Date Filed: 08/27/2001 |
| Assigned to: Judge Gary A. Feess | Date Terminated: 05/04/2005 |
| Referred to: Discovery Andrew J. Wistrich | Jury Demand: Both |
| Demand: $5,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Kelly Carrington**                    represented by    **Arnoldo Casillas**
Casillas and Associates
2801 East Spring Street Suite 200
Long Beach, CA 90806
562-203-3030
Fax: 323-725-0350
Email: acasillas@casillaslegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Perez**
Perez and Caballero APLC
714 West Olympic Boulevard Suite 450
Los Angeles, CA 90015
213-745-6300
Fax: 213-745-6060
Email: fperez@mpforlaw.com
*TERMINATED: 06/03/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory W Moreno**
Gregory W Moreno and Associates APC
3500 West Beverly Boulevard
Montebello, CA 90640
323-725-0917
Fax: 323-725-0350
Email: gwmoreno@mbc4law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Los Angeles City of**                    represented by    **Paul N Paquette**
Office of the City Attorney/DWP

111 N. Hope Street, Suite 340
Los Angeles, CA 90012
213-367-4591
Fax: 213-367-4588
Email: paul.paquette@ladwp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Stanford Brown**
Robert Stanford Brown APC
714 West Olympic Boulevard Suite 450
Los Angeles, CA 90015
213-745-6300
Fax: 213-261-3906
Email: rstanfordbrown@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Jeffery Robb**
*Los Angeles Police Officer (#33804)*

**Defendant**
**Dave Vinton**                          represented by **Paul N Paquette**
*Los Angeles Police Officer (#31805)*                  (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Stanford Brown**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Wendy C Shapero**
                                         Los Angeles City Attorneys Office
                                         6262 Van Nuys Blvd., 1st Floor
                                         Van Nuys, CA 91401
                                         8183743356
                                         Email: wendy.shapero@lacity.org
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Julian Melendez**                      represented by **Robert Stanford Brown**
*Sgt (#26488)*                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Name Unknown**
*Supervising Officer (#24082)*

**Defendant**
**Robert B Hansohn**                     represented by **Paul N Paquette**

*Rampart Division Captain*
*TERMINATED: 03/26/2003*

(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Stanford Brown**
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy C Shapero**
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bernard Parks**                           represented by   **Paul N Paquette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Stanford Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy C Shapero**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Williams**                        represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                     (See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Stanford Brown**
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy C Shapero**
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gerald L Chaleff**

<u>**Defendant**</u>

**Dean Hansell**                                    represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                          (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Robert Stanford Brown**
                                                                   (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Wendy C Shapero**
                                                                   (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Edith R Perez**                                   represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                          (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Robert Stanford Brown**
                                                                   (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Wendy C Shapero**
                                                                   (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**T Warren Jackson**                                represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                          (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Robert Stanford Brown**
                                                                   (See above for address)
                                                                   *TERMINATED: 03/26/2003*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Wendy C Shapero**
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Art Maddox**

**Defendant**

**Robert Talcott**                  represented by **Paul N Paquette**
*TERMINATED: 09/05/2002*                 (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Stanford Brown**
                                         (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Wendy C Shapero**
                                         (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Gavin**

**Defendant**

**Maxwell Greenberg**                represented by **Paul N Paquette**
*TERMINATED: 09/05/2002*                 (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Stanford Brown**
                                         (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Lindemann Schlei**         represented by **Paul N Paquette**
*TERMINATED: 09/05/2002*                 (See above for address)
                                         *TERMINATED: 09/05/2002*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert Stanford Brown**
                                         (See above for address)

*TERMINATED: 09/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy C Shapero**
(See above for address)
*TERMINATED: 09/05/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Weil**                                        represented by    **Paul N Paquette**
*TERMINATED: 09/05/2002*                                                (See above for address)
                                                                        *TERMINATED: 09/05/2002*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Robert Stanford Brown**
                                                                        (See above for address)
                                                                        *TERMINATED: 09/05/2002*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Wendy C Shapero**
                                                                        (See above for address)
                                                                        *TERMINATED: 09/05/2002*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Reva B Tooley**

**Defendant**

**Steven Yslas**

**Defendant**

**Herbert F Boeckmann**                                represented by    **Paul N Paquette**
*TERMINATED: 03/26/2003*                                                (See above for address)
                                                                        *TERMINATED: 03/26/2003*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Robert Stanford Brown**
                                                                        (See above for address)
                                                                        *TERMINATED: 03/26/2003*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Wendy C Shapero**
                                                                        (See above for address)
                                                                        *TERMINATED: 03/26/2003*
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**James Hahn**
*TERMINATED: 03/11/2002*

**Defendant**

**Richard Alarcon**

**Defendant**

**Richard Alatorre**

**Defendant**

**Hal Bernson**                    represented by    **Paul N Paquette**
*TERMINATED: 03/26/2003*                          (See above for address)
                                                   *TERMINATED: 03/26/2003*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Robert Stanford Brown**
                                                   (See above for address)
                                                   *TERMINATED: 03/26/2003*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Wendy C Shapero**
                                                   (See above for address)
                                                   *TERMINATED: 03/26/2003*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Marvin Braude**

**Defendant**

**Laura Chick**

**Defendant**

**Michael Feuer**

**Defendant**

**Ruth Galanter**

**Defendant**

**Michael Hernandez**

**Defendant**

**Nate Holden**                    represented by    **Paul N Paquette**
*TERMINATED: 03/26/2003*                          (See above for address)
                                                   *TERMINATED: 03/26/2003*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Robert Stanford Brown**

(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cindy Miscikowski**                                   represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                                 (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Robert Stanford Brown**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Ridley-Thomas**                                  represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                                 (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Robert Stanford Brown**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Wendy C Shapero**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Rudy Svorenich**

**Defendant**

**Joel Wachs**                                          represented by   **Paul N Paquette**
*TERMINATED: 03/26/2003*                                                 (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Robert Stanford Brown**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/26/2003*
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

Wendy C Shapero
(See above for address)
*TERMINATED: 03/26/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jackie Goldberg**

**Defendant**

**Rita Walters**

**Defendant**

**Does**
*1 through 10, inclusive*

**Defendant**

**Rita Russell**                                 represented by **Robert Stanford Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2001 | 1 | COMPLAINT filed Summons(es) issued referred to Discovery Victor B. Kenton (jag) (Entered: 08/29/2001) |
| 08/27/2001 | 2 | CERTIFICATE OF INTERESTED PARTIES filed by plaintiff Kelly Carrington (jag) (Entered: 08/29/2001) |
| 08/27/2001 | 3 | NOTICE by plaintiff Kelly Carrington of related case(s) CV 99-11629 GAF (AJWx) & Other related groups. (kc) (Entered: 09/04/2001) |
| 09/13/2001 | 4 | ORDER TO REASSIGN CASE PURSUANT To Section 5.6 of General Order 224 by Chief US District Judge Terry J. Hatter, Jr. & Judge Lourdes G. Baird , Chair of the Related Case Assignment Committee. Reassigning all related cases commonly referred to as the "Rampart Division Case" to Judge Gary A. Feess to hear all proceedings through pretrial or for as long as the Judge deems appropriate. Any disc matters will be referred to Discovery Andrew J. Wistrich . The case number will now reflect the initials of the transferee Judge [ CV 01-7432 GAF (AJWx)] [ Related Group Ctrl No.: CV 99-11629 GAF (AJWx)] (cc: all counsel) (rn) (Entered: 09/13/2001) |
| 10/03/2001 | 5 | MINUTES: The above-entitled action has been assigned to Judge Gary Allen Feess as a related case to Javier F. Ovando v. City of Los Angeles, et al., CV99-11629-GAF(AJWx), commonly referred to as the "Rampart Division Cases." by Judge Gary A. Feess CR: N/A (bp) (Entered: 10/05/2001) |
| 10/26/2001 | 6 | MINUTES before Judge Gary A. Feess: NOTICE OF CHANGE OF TIME OF STATUS CONFERENCE that the Crt hereby RESCHEDULES the status conference on discovery to 9:30 11/5/01 CR: N/P (Psend) (jp) (Entered: 10/29/2001) |
| 12/06/2001 | 7 | MINUTES: The court convened a status conference in the Rampart-related cases on 12/6/01. Counsel for the City is ordered to review the CD-ROM's containing Rafael Perez' testimony to determine if they have a search capability. The City shall submit a brief report to the Mag Judge nlt 12/21/01. The City shall circulate the proposal to all defense counsel nlt 12/28/01 by Judge Gary A. Feess CR: John Turman (bg) (Entered: 12/12/2001) |

| | | |
|---|---|---|
| 12/13/2001 | 8 | NOTICE OF FILING OF ORIG PROOF OF SERVICE executed upon defendant William Williams; Service on 10/10/01 via personal svc by serving S/C to dft (rrey) (Entered: 12/17/2001) |
| 01/15/2002 | 9 | NOTICE OF FILING OF ORIG WAIVER OF SERVICE of SUMMONS by defendants Hal Bernson, Joel Wachs, Herbert F Boeckmann, Maxwell Greenberg, James Hahn, Dean Hansell, Nate Holden, T Warren Jackson, Barbara Lindemann Schlei, Cindy Miscikowski, Bernard Parks, Edith R Perez, Mark Ridley-Thomas, Robert Talcott, Robert Weil, William Williams sent by plf; svc date not specified (rrey) (Entered: 01/18/2002) |
| 02/15/2002 | 10 | MINUTES: The stay on the filing of motions previously ordered by this Crt is PARTIALLY LIFTED in cases on the attached list. In order to allow all ptys now appearing in these cases to fully brief all mtrs, all pending motions in these cases, are hereby DENIED W/OUT PREJ. Defense cnsl are ORDERED to provide plfs w/copies of any previous orders issued by this Crt in other Rampart cases which cnsl believe address the issues they intend to move on. All dfts who have not previously done so, shall answer or otherwise respond to the cmp in this action NLT 3/15/02 by Judge Gary A. Feess; CR: (n/a) (nhac) (Entered: 02/19/2002) |
| 03/04/2002 | 11 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Robert B Hansohn; Service by statute not cited on 11/20/01 by serving S/C to Lydia Lana, person authorized to accept service; declaration of diligence; by mail 11/20/01. (bp) (Entered: 03/05/2002) |
| 03/04/2002 | 11 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Julian Melendez; Service by statute not cited on 11/29/01 by serving S/C to Cece Paris, person authorized to accept service; declaration of diligence; by mail 11/29/01. (bp) (Entered: 03/05/2002) |
| 03/04/2002 | 11 | RETURN OF SUMMONS AND PROOF OF SERVICE executed upon defendant Dave Vinton; Service by statute not cited on 11/20/01 by serving S/C to Mina Betco, person authorized to accept service; declaration of diligence; by mail 11/20/01. (bp) (Entered: 03/05/2002) |
| 03/11/2002 | 12 | STIPULATION and ORDER that the above-captioned action be and hereby is dismissed without prejudice as to defendant, James Hahn by Judge Gary A. Feess terminating party James Hahn (bp) (Entered: 03/12/2002) |
| 03/15/2002 | 13 | NOTICE OF MOTION AND MOTION by defendants' Los Angeles City Dave Vinton, Robert B Hansohn, Bernard Parks, William Williams, Dean Hansell, Edith R Perez, Warren Jackson, Robert Talcott, Maxwell Greenberg, Barbara Lindemann Schlei, Herbert F Boeckmann, Hal Bernson, Nate Holden, Cindy Miscikowski, Mark Ridley-Thomas, Joel Wachs to dismiss complaint motion hearing set for 9:30 4/5/02 (bp) (Entered: 03/20/2002) |
| 03/15/2002 | 14 | REQUEST by defendants' Los Angeles City, et al., for Judicial Notice re motion to dismiss complaint [13-1] (bp) (Entered: 03/20/2002) |
| 03/15/2002 | 15 | CERTIFICATION OF INTERESTED PARTIES filed by defendants' Los Angeles City, Robert B Hansohn, Bernard Parks, William Williams, Dean Hansell, Edith R Perez, T Warren Jackson, Robert Talcott, Maxwell Greenberg, Barbara Lindemann Schlei, Robert Weil, Herbert F Boeckmann, Hal Bernson, Nate Holden, Cindy Mark Ridley-Thomas, and Joel Wachs (bp) (Entered: 03/21/2002) |
| 04/01/2002 | 16 | OPPOSITION by plaintiff Kelly Carrington to motion to dismiss complaint [13-1] (jp) (Entered: 04/03/2002) |
| 04/08/2002 | 17 | REPLY by defendant Los Angeles City et al, to opposition to motion to dismiss complaint [13-1] (bp) (Entered: 04/09/2002) |

| 04/15/2002 | 18 | MINUTES before Judge Gary A. Feess: Dft City of LA & Employees motion to dismiss [13-1]. Mtr called. Cnsl state their appearances for the record. Cnsl argue the motion to the Crt. The mtr is taken under SUBMISSION & the Crt will issued a written Ord. CR: Lisa Gonzalez (jp) (Entered: 04/15/2002) |
|---|---|---|
| 04/19/2002 | 19 | ORDER by Judge Gary A. Feess GRANT in part DENY in part motion to dismiss complaint [13-1]. Plaintiffs malicious prosecution claim is dismissed with prejudice and plaintiff's 42 U.S.C. 1983 excessive force claim is dismissed without prejudice. Plaintiff may file amended complaint restating his excessive force claim not later than Friday, May 10, 2002 (bp) (Entered: 04/23/2002) |
| 05/03/2002 | 20 | ANSWER filed by dfts City of Los Angeles, Hal Bernson, Herbert F Boeckmann, Dean Hansell, Robert B Hansohn, Nate Holden, T Warren Jackson, Cindy Miscikowski, Bernard Parks, Edith R Perez, Mark Ridley-Thomas, David Vinton, Joel Wachs, Willie Williams, Maxwell Greenberg, Barbara Lindemann Schlei, Robert Talcott, Robert Weil to complaint [1-1]; jury demand (nhac) (Entered: 05/06/2002) |
| 05/07/2002 | 21 | MINUTES: Magistrate Judge Wistrich is authorized to enter any orders necessary to coordinate and streamline all remaining aspects of discovery and to lift the remaining restrictions on discovery as soon as practicable. Judge Wistrich will review the current status of discovery to determine whether any additional orders are desirable and will advise the parties' steering committees if he wants them to submit proposals regarding the coordination of deposition practice. He will notidy all parties as soon as any additional discovery is authorized by Judge Gary A. Feess CR: N/A (bp) (Entered: 05/08/2002) |
| 05/17/2002 | 22 | MINUTES: Plaintiff is Ordered to show cause in writing no later than Wednesday, June 5, 2002, why this action should not be dismissed as to defendants, Jeffrey Robb, Gerald Chaleff, Art Maddox, Steven Gavin, Reva Tooley, Steven Yslas, Richard Alarcon, Richard Alatorre, Marvin Braude, Laura Chick, Michael Feuer, Ruth Galanter, Michael Hernandez, Rudy Svornich, Jackie Goldberg and Rita Walters for failure to effect timely service by Judge Gary A. Feess CR: N/A (bp) (Entered: 05/22/2002) |
| 06/05/2002 | 23 | RESPONSE by plaintiff Kelly Carrington to to show cause in writing no later than Wednesday, June 5, 2002, why this action should not be dismissed as to defendants, Jeffrey Robb, Gerald Chaleff, Art Maddox, Steven Gavin, Reva Tooley, Steven Yslas, Richard Alarcon, Richard Alatorre, Marvin Braude, Laura Chick, Michael Feuer, Ruth Galanter, Michael Hernandez, Rudy Svornich, Jackie Goldberg and Rita Walters for failure to effect timely service [22-1], [22-2] (rrey) (Entered: 06/06/2002) |
| 06/14/2002 | 24 | MINUTES: The court concludes that a brief extension of time in which to complete service is warranted. Accordingly, plaintiff's request is granted and plaintiff is ordered to complete service on all remaining defendants, including Robb, by Friday, July 12, 2002 by Judge Gary A. Feess CR: N/A (bp) (Entered: 06/18/2002) |
| 07/11/2002 | 25 | RESPONSE by plaintiff Kelly Carrington to OSC re svc [22-1] (rrey) (Entered: 07/12/2002) |
| 07/19/2002 | 26 | MINUTES: The court concludes that a second brief extension of time in which to complete service is warranted. Accordingly, the court grants plaintiff's request, and orders plaintiff to complete service on defendant Robb no later than Monday, September 9, 2002 by Judge Gary A. Feess CR: N/A (bp) (Entered: 07/25/2002) |
| 09/05/2002 | 27 | STIPULATION and ORDER that the above-captioned action be and hereby is dismissed without prejudice against the defendants Maxwell Greenberg, Barbara Lindemann, Robert Talcott and Robert Weil by Judge Gary A. Feess terminating party Robert Weil, party Barbara Lindemann Schlei, party Maxwell Greenberg, party Robert Talcott (bp) (Entered: 09/09/2002) |

| | | |
|---|---|---|
| 09/09/2002 | 28 | RESPONSE by plaintiff Kelly Carrington to order to show cause in writing no later than Wednesday, June 5, 2002, why this action should not be dismissed as to defendants, Jeffrey Robb, Gerald Chaleff, Art Maddox, Steven Gavin, Reva Tooley, Steven Yslas, Richard Alarcon, Richard Alatorre, Marvin Braude, Laura Chick, Michael Feuer, Ruth Galanter, Michael Hernandez, Rudy Svornich, Jackie Goldberg and Rita Walters for failure to effect timely service [22-1] (rrey) (Entered: 09/10/2002) |
| 10/02/2002 | 29 | MINUTES: The court Orders plaintiff to complete service on defendant Robb no later than Friday, October 18, 2002. Further, with respect to the possibility that defendant Robb is on active duty in the Marine Corps, plaintiff must submit a declaration setting forth all information plaintiff has obtained regarding defendant Robb's military status, and a short memorandum, not to exceed 10 pages, regarding the impact of his military status on the case and whether a stay as to defendant Robb would be appropriate. This written response must be filed no later than Friday, October 18, 2002 by Judge Gary A. Feess CR: N/A (bp) (Entered: 10/03/2002) |
| 10/18/2002 | 30 | RESPONSE by plaintiff Kelly Carrington to order to show cause re service and request for stay of proceedings against defendant [22-1] (jp) (Entered: 10/22/2002) |
| 10/18/2002 | 30 | ***********AND REQUEST filed by plaintiff Kelly Carrington for stay proceedings against defendant (jp) (Entered: 10/22/2002) |
| 10/18/2002 | 31 | MEMORANDUM OF POINTS AND AUTHORITIES by plaintiff Kelly Carrington in support of request for stay proceedings against defendant Jeffrey Robb [30-1] (jp) (Entered: 10/22/2002) |
| 10/18/2002 | 32 | NOTICE OF FILING OF ORIGINAL PROOF OF SERVICE executed upon defendant Jeffery Robb; Service by Under CCP 416.90 on 10/1/02 via Mail by serving Summons and Complaint to Jeffrey Robb (jp) (Entered: 10/22/2002) |
| 10/22/2002 | 33 | MINUTES: On October 18, 2002, plaintiff sumitted additional documentation confirming that defendant Robb is in fact on active duty in the United States military. Accordingly, pursuant to 50 U.S.C. 510, the action is stayed as to defendant Robb only by Judge Gary A. Feess CR: N/A (bp) (Entered: 10/24/2002) |
| 02/18/2003 | 34 | MINUTES: The parties are ordered to inform the court if any of these parties are erroneously grouped. Plaintiff is required, within 30 days, to show why the court should not dismiss the unserved defendants. Defendants are required, wihtin 30 days, to show why the court should not find the served, unresponsive defendants in default by Judge Gary A. Feess (bp) (Entered: 02/21/2003) |
| 03/11/2003 | 35 | MINUTES: The parties are instructed to review this schedule and submit to the court their proposed schedule of dates. The court would prefer an agreed upon schedule, but is agreement cannot be reached, each party is to submit its proposed schedule. All parties are to respond by providing the court with either a joint or individual list of dates not later than Friday, April 4, 2003 by Judge Gary A. Feess CR: N/A (bp) (Entered: 03/12/2003) |
| 03/21/2003 | 36 | NOTICE by defendant City of Los Angeles of corrected case status in response to OSC dated 2/18/03 (nhac) (Entered: 03/24/2003) |
| 03/26/2003 | 37 | STIPULATION and ORDER by Judge Gary A. Feess, that the above-captioned actin be and hereby is dismissed, without prejudice, against the following defendants' party Joel Wachs, party Mark Ridley-Thomas, party Cindy Miscikowski, party Nate Holden, party Hal Bernson, party Herbert F Boeckmann, party T Warren Jackson, party Edith R Perez, party Dean Hansell, party William Williams, party Robert B Hansohn (bp) (Entered: 03/28/2003) |
| 04/03/2003 | 38 | JOINT REPORT OF COUNSEL Pursuant to FRCP 26(f) filed; Schedule of dates related |

| | | to trial pursuant to court order; Plaintiff estimates a one-week trial re liability and damages; Plaintiff represents that if the Monell issues are reached, this may extend this time schedule significantly; Defendants estimate a four to five day incident specific liability trial and an additional 10 days of trial should the Monell issues be reached (nhac) (Entered: 04/04/2003) |
|---|---|---|
| 04/15/2003 | 39 | SUPPLEMENT by defendants City of Los Angeles, Bernard Parks, Dave Vinton to defendants' notice of corrected case status in response to OSC dated 2/18/03 [36-1] (nhac) (Entered: 04/16/2003) |
| 07/03/2003 | 40 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge Gary A. Feess discovery ddl set on 4/5/04; last date to amend pleadings or add parties 12/15/02; last day for hearing motions 4/12/04; last date to conduct settlement conference 4/19/04; lodge pretrial conference order 5/3/04; Final Pretrial Conference set for 3:00 5/17/04; jury trial set on 8:30 6/15/04 (bp) (Entered: 07/07/2003) |
| 08/20/2003 | 41 | REQUEST FOR ENTRY OF PROTECTIVE ORDER; PROTECTIVE ORDER; EXHIBIT "1" by Discovery Andrew J. Wistrich (see document for further details). (jp) (Entered: 08/21/2003) |
| 10/21/2003 | 42 | JOINT RULE 26 DISCOVERY PLAN filed; est length of trial 15-days (bp) (Entered: 10/22/2003) |
| 03/24/2004 | 44 | EX PARTE APPLICATION for Leave to take plaintiff Kelly Carrington's deposition filed by defendants' Los Angeles City of, Bernard Parks, Dave Vinton. Lodged proposed order. (bp, ) (Entered: 03/31/2004) |
| 03/25/2004 | 43 | ORDER PERMITTING THE DEPOSITION of Kelly Carrington by Judge Gary A. Feess: Defendant's Ex Parte Application to take the deposition of Kelly Carrington is hereby GRANTED. Said deposition shall take place on April 5, 2004 for seven (7) hours or until each defendant has fairly examined him, at his present location. The deposition shall be recorded by visual, sound and stenographic means and shall take place at Terminal Island Federal Correctional Institute in San Pedro, CA. or wherever he is incarcerated at the time of the deposition.(yl, ) (Entered: 03/29/2004) |
| 04/06/2004 | 45 | ANSWER to Complaint - (Discovery) 1 with Jury Demand filed by defendants Rita Russell, Julian Melendez.(bp, ) (Entered: 04/07/2004) |
| 04/06/2004 | 46 | CERTIFICATION of Interested Parties filed by Defendants Julian Melendez, Rita Russell. (bp, ) (Entered: 04/07/2004) |
| 04/30/2004 | | PLACED IN FILE - NOT USED re Stipulation to continue trial date submitted by Plaintiff, Kelly Carrington. (shb, ) (Entered: 05/11/2004) |
| 05/05/2004 | 47 | STIPULATION TO CONTINUE TRIAL DATE AND ORDER by Judge Gary A. Feess,Good cause appearing, It is hereby ordered that the trial date and other dates currently are continued as follows: Hearing on Motions in Limine to be filed by 10/26/2004. Lodged Pretrial Order due by 9/20/2004. Last date to conduct mandatory settlement conference is 8/1/2004. Final Pretrial Conference set for 10/4/2004 03:00 PM before Honorable Gary A. Feess. Jury Trial set for 11/2/2004 08:30 AM before Honorable Gary A. Feess.(shb, ) (Entered: 05/17/2004) |
| 06/03/2004 | 48 | NOTICE: Please be advised that attorney Frank Perez has left his employment with the law firm of Moreno, Becerra, Guerrero and Casillas, attorneys of record for plaintiff Kelly Carrington and is no longer involved in the prosecution of this matter filed by plaintiff Kelly Carrington. (bp, ) (Entered: 06/07/2004) |
| 09/21/2004 | 49 | STIPULATION AND ORDER by Judge Gary A. Feess :Hearing on Motions in Limine 4/26/2005. Proposed Pretrial Order due by 3/31/2005. Last date to conduct settlement |

| | | conference is 2/28/2005. Jury Trial set for 5/3/2005 08:30 AM before Honorable Gary A. Feess. Pretrial Conference set for 4/4/2005 03:00 PM before Honorable Gary A. Feess.(bp, ) (Entered: 09/23/2004) |
| 01/26/2005 | 50 | NOTICE of pending Settlement filed by plaintiff Kelly Carrington. (yc, ) (Entered: 01/31/2005) |
| 05/04/2005 | 51 | STIPULATION AND ORDER by Judge Gary A. Feess : The actio be and hereby is dismissed with prejudice. against the defendants., (Made JS-6. Case Terminated.)(yc, ) (Entered: 05/06/2005) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">06/10/2022 14:13:23</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>fpdcac0087</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>2:01-cv-07432-GAF-AJWX End date: 6/10/2022</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>12</td><td><strong>Cost:</strong></td><td>1.20</td></tr>
<tr><td><strong>Exempt flag:</strong></td><td>Exempt</td><td><strong>Exempt reason:</strong></td><td>Always</td></tr>
</table>

Reproduced from the holdings of the *National Archives at Riverside*

1  LAWRENCE E. GREENBAUM, ESQ. SBNO: 097588
2  10866 Wilshire Blvd., 15th Floor
   Los Angeles, CA  90024
3  (310) 234-9575

4  Attorney for Plaintiff,
   ALBERT RODRIGUEZ

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10
   ALBERT RODRIGUEZ                    )     CASE NO.: CV  00-09218 ABC (CWx)
11                                      )
        Plaintiff,                      )     CASE NO.: CV
12                                      )
        vs.                             )     CIVIL RIGHTS COMPLAINT PURSUANT
13                                      )     TO
   CITY OF LOS ANGELES, a              )
14 Municipal Corporation; DAVID        )        1. 42 U.S.C., Section 1983
   VINTON; SCOTT VOELTZ,               )
15                                      )        2. Bivens v. Six Unknown
        Defendants                      )
16                                      )           Agents, 403 U.S. 388 (1971)
                                        )
17                                      )
                                        )
18 _____   )

19                      **PRELIMINARY ALLEGATIONS**

20      Plaintiff alleges:

21

22 1. At the time of the accident described herein, Plaintiff,

23    ALBERT RODRIGUEZ, was an individual residing in the State of

24    California, County of Los Angeles.  Plaintiff, ALBERT

25    RODRIGUEZ, will hereinafter be referred to as ``RODRIGUEZ''.

26

27                              ENTERED ON ICMS

28                              AUG 3 0 2000

                          1   CV

                    CIVIL RIGTHS COMPLAINT

Reproduced from the holdings of the *National Archives at Riverside*

2. Defendant, CITY OF LOS ANGELES, a Municipal Corporation, is a municipal corporation authorized to do business in the County of Los Angeles, State of California.

3. At all times herein mentioned, Defendant, DAVID VINTON, was an officer with the Los Angeles Police Department, serial number 31085, and will hereinafter be referred to as ``VINTON''.

4. At all times mentioned herein, Defendant, SCOTT VOELTZ, was an officer with the Los Angeles police Department, serial number 33292, and will hereinafter be referred to as ``VOELTZ''.

5. At all times herein mentioned, Defendants VINTON and VOELTZ and DOES 1 through 10, were police officers employed with the Los Angeles Police Department, Rampart Division and arrested Plaintiff on August 26, 1998 near Third Street and Bonnie Brae in the City of Los Angeles, County of Los Angeles, and while doing so, violated Plaintiff's civil rights.  Both Defendants VINTON AND VOLETZ are being sued as individuals and in their individual capacities.

6. At all times herein mentioned, each defendant acted as agents, servants and employees of every other defendant herein and was at all times acting within the course and scope of said employment and agency, and each defendant has ratified and approved the acts of his or her co-defendants.

### FIRST CAUSE OF ACTION
#### UNDER 42 U.S.C., SECTION 1983

2

CIVIL RIGTHS COMPLAINT

Reproduced from the holdings of the *National Archives at Riverside*

7. Plaintiff refers to paragraphs 1 through 6 above and by this reference incorporates them herein as though set forth in full.

8. On or about August 26, 1998, defendants VINTON and VOELTZ violated Plaintiff's civil rights by arresting Plaintiff without probable cause, violently assaulted and battered Plaintiff during said arrest, `planted' contraband in the vicinity of Plaintiff so that it would appear that Plaintiff was in possession of said contraband when in fact he was not, wrote false police reports and submitted them to the Los Angeles District Attorney's Office, and committed other and further acts in furtherance of their objective to have Plaintiff wrongfully convicted and punished for a crime that Plaintiff did not commit. Plaintiff also alleges that one of the motivating factors for the wrongful conduct of Defendants VINTON and VOELTZ is that Plaintiff is an Hispanic-American and that Defendants VINTON and VOELTZ discriminated against Plaintiff because of his race.

9. At no time did Plaintiff consent to any of the acts of Defendants alleged in this complaint.

10. As a direct and proximate result of the aforesaid wrongful acts, omissions and conduct of defendants, and each of them, plaintiff has sustained and in the future will sustain the following injuries and damages, in the sums to be specified according to law.

CIVIL RIGTHS COMPLAINT

Reproduced from the holdings of the National Archives at Riverside

a) General damages for both physical and psychological injuries, including wrongful imprisonment;

b) Special damages for medical, x-ray, sundry and miscellaneous expenses in the examination, care and treatment of plaintiff's injuries, the exact nature and extent of which are unknown at this time.

c) Loss of income and earnings and income and earning capacity.

d) Attorney fees incurred for the defense of Plaintiff's criminal case and attorney fees for the prosecution of this action.

11. The aforementioned conduct of Defendants was willful, despicable, intentional and malicious and was intended to cause injury to Plaintiff.  Plaintiff is therefore entitled to an award of exemplary and punitive damages.

12. Plaintiff hereby demands a trial by jury.

## SECOND CAUSE OF ACTION

**UNDER BIVENS v. SIX UNKNOWN AGENTS, 403 U.S. 388 (1971)**

13.  Plaintiff refers to paragraphs 1 through 12 above and by this reference incorporate them herein as though set forth in full.

WHEREFORE, Plaintiff prays judgment on both causes of action against Defendants as follows:

4

CIVIL RIGTHS COMPLAINT

Reproduced from the holdings of the *National Archives at Riverside*

1    For all Causes of Action:

2    a) For general and special damages in the amount of

3       $200,000.00;

4    b) For Attorney fees in the amount of $50,000.00;

5    c) For exemplary and punitive damages in the amount of

6       $500,000.00;

7    d) For interest as allowed by law;

8    e) For costs of suit incurred herein, and;

9    f) For such other and further relief as the court may deem

10      proper.

11

12

13   DATED: August 26, 2000

14

15

16   LAWRENCE E. GREENBAUM
     Attorney for Plaintiff,
17   ALBERT RODRIGUEZ

18

19

20

21

22

23

24

25

26

27

28

                              5

                  CIVIL RIGTHS COMPLAINT

(AJWx),CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:00-cv-09218-GAF-AJWX

| | |
|---|---|
| Albert Rodriguez v. Los Angeles City of, et al | Date Filed: 08/28/2000 |
| Assigned to: Judge Gary A. Feess | Date Terminated: 12/19/2000 |
| Referred to: Discovery Andrew J. Wistrich | Jury Demand: Plaintiff |
| Demand: $750,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Albert Rodriguez**                    represented by **Lawrence Edmond Greenbaum**
Lawrence E Greenbaum Law Offices
16501 Ventura Boulevard Suite 400
Encino, CA 91436
747-233-3707
Fax: 747-233-3708
Email: greenbaumlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Los Angeles**
*a Municipal Corporation*

**Defendant**

**David Vinton**

**Defendant**

**Scott Voeltz**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2000 | 1 | COMPLAINT filed Summons(es) issued referred to Discovery Carla M. Woehrle (jag) (Entered: 08/30/2000) |
| 08/28/2000 | 2 | NOTICE OF INTERESTED PARTIES filed by plaintiff Albert Rodriguez (jag) (Entered: 08/30/2000) |
| 09/07/2000 | 3 | ORDER TO REASSIGN CASE PURSUANT To Section 5.1/5.6 of General Order 224 by Chief US District Judge Terry J. Hatter, Jr. & Judge Lourdes G. Baird , Chair of the Related Case Assignment Committee. Reassigning all related cases commonly referred to as the "Rampart Division Cases" to Judge Gary A. Feess to hear all proceedings through pretrial or for as long as the Judge deems appropriate. Any disc matters will be referred to Discovery Andrew J. Wistrich . The case number will now reflect the initials of the |

|  | | transferee Judge [ CV 00-9218 GAF (AJWx) ] [ Related Group Ctrl No.: CV 99-11629 GAF (AJWx) ] (cc: all counsel) (rn) (Entered: 09/08/2000) |
|---|---|---|
| 09/11/2000 | 4 | MINUTES: (IN CHAMBERS): Cnsl having previously rcvd the Crts Ord to reassign case purs to Section 5.6 of Gen Ord 224, all pending "Rampart Division Cases" not previously stayed heretofore are stayed until advised to the contrary by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 09/12/2000) |
| 09/12/2000 | 5 | MINUTES: In chambers: attach hereto is list of cases reassigned to this crt; ORD LA City atty to provide crt w/info re req identification re Rampart cases (see doc for specifics); City atty resp to be fld & srv on all ptys in ea of listed case nlt 9/29/00 by Judge Gary A. Feess CR: none (lc) (Entered: 09/13/2000) |
| 09/24/2000 | 6 | MINUTES: (IN CHAMBERS) From this point forward, in each case in which dft City of Los Angeles arranges for the retention of sep cnsl for individual police officers, the City Attys Ofc is to notify the Crt forthwith; the info is to be provided to the Crt in pleading format NLT 10/6/00 IT IS SO ORD by Judge Gary A. Feess CR: Not Present (rrey) (Entered: 09/25/2000) |
| 09/27/2000 | 8 | MINUTES: (In Chambers) re plf Raul Rodriguez Jrs req to the Crt to lift its stay for the purpose of permitting him to move for P/I; The Crt believes that such actn would be ill-advised; Acc, the Crt declines, at this time, to lift its stay (see doc for fur details) IT IS SO ORD by Judge Gary A. Feess CR: None (rrey) (Entered: 10/04/2000) |
| 09/29/2000 | 7 | RESPONSE by defendants to Crts 9/12/00 MO [5-1] ; attachment 1 (rrey) (Entered: 10/02/2000) |
| 10/04/2000 | 9 | NOTICE TO COUNSEL re dispute resolution procedure by Judge Gary A. Feess (see doc for fur details) (rrey) (Entered: 10/05/2000) |
| 10/06/2000 | 10 | MINUTES: (IN CHAMBERS) Attch is the list of retired judges inadvertently omitted from the prev fld Ntc to Cnsl Re Disputed Resolution Proc which was disseminated by the Crt on 10/4/00 by Judge Gary A. Feess CR: NOT PRESENT (PSEND) (ir) (Entered: 10/10/2000) |
| 10/19/2000 | 11 | ORDER by Judge Gary A. Feess re ntc of cnsl. It has come to the crt's attention that there may be some attys who are involved in the Rampart related litigation who may be unware that Judge Feess is married to a Deputy Dist atty working in the LA Cnty Dist atty offices. The crt does not believe that this requires self-recusal and the crt declines to take such actn. Any party who disagrees and believes that this is grounds for recusal shld make an appropriate mot at the earliest possible date. (SEE DOC FOR FURTHER ORDER) (ENTER 10/20/00) (yc) (Entered: 10/20/2000) |
| 10/23/2000 | 12 | ORDER by Judge Gary A. Feess partially lifting stay of proceedings to permit plf to complete the svc of S/C on all dfts (rrey) (Entered: 10/24/2000) |
| 10/26/2000 | 14 | GENERAL NOTICE OF STATUS CONFERENCE by Judge Dickran Tevrizian status conf set on 9:00 12/11/00 (rrey) (Entered: 10/30/2000) |
| 10/27/2000 | 13 | ORDER RE: EX PARTE APPLICATION TO LIFT STAY by Judge Gary A. Feess. ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS: The ex parte appl to lift the stay to permit a mot for class certification is DENIED; The ex parte appl to lift the stay to permit the issuance of such subpoenas as are necessary to obtain the testimony & stmts of Rafael Perez is GRANTED w/ respect to all ptys in all "Rampart" cases; The clerk of crt is to serve a copy of this ord on all ptys in all cases presently assigned to Judge Feess as a "Rampart" related case. (mch) (Entered: 10/27/2000) |
| 11/01/2000 | 15 | ORDER re: Class Action Allegations-Non Monell Claims by Judge Gary A. Feess. If any pla is seeking to pursue the claims against the individual dft officers by way of class actn, |

| | | each and every such pla is to give notice to the crt of such intent on or bef 11/20/00, and to submit with such ntc a memo of points & authorities, not to exceed 10 pages, setting forth their class actn theory and the authority supporting their right to proceed under such theory (see doc for details) (bp) (Entered: 11/02/2000) |
| 12/08/2000 | [16](#) | MINUTES before Judge Gary A. Feess: That the current status of this actn is as fols: Operative Cmp: Complaint; Answers Fld by: None; Dfts Srvd, Mot to dism pending: None; Other Srvd Dfts: None; Other pending mots: None. This Ord not affect the stay that is currently in plac & no resps/mots will be accepted at this time. However, if any of the aboe information is incorrect, cnsl are to subm a Notice of Corrected Case Status immediately. CR: N/P (Psend) (jp) (Entered: 12/11/2000) |
| 12/11/2000 | 17 | MINUTES: status conference re: altnerate dispute resolution Crt and cnsl agree to assignment of mediators as noted on the recorder's notes by Judge Dickran Tevrizian CR: Cynthia Mizell (bp) (Entered: 12/13/2000) |
| 12/19/2000 | [18](#) | NOTICE OF DISMISSAL OF ACTION w/out prej by plaintiff Albert Rodriguez pursuant to FRCP 41a(1) (MD JS-6) (ENT 12/21/00) (rrey) (Entered: 12/21/2000) |
| 02/05/2001 | [19](#) | ORDER permitting dfts to fi mots for s/adjudication of section 1983 claims by Judge Gary A. Feess. All mots must be fi by 2/16/01. opps to such mots must be fi nlt 3/2/01. dfts may fi reply briefs on or befr 3/12/01. the crt will conduct a hrg on such mots on 3/19/01 @ 9:30 am (bg) (Entered: 02/06/2001) |
| 02/06/2001 | [20](#) | MINUTES before Judge Gary A. Feess: The Crt now partially lifts that stay to permit any dft claiming ABSOLUTE IMMUNITY from liability for damages and/or injunctive relief to move to dism on that groun according to the fol sched: All mots directed to this issue must be fld by 2/26/01; Opps to mots shall be fld NLT 3/12/01; Dfts may fiel Reply briefs on/before 3/19/01. Any mots will hear arg on 3/26/01 @ 9:30; The Crt FUR ORDS that any dft-other police officer dfts of any rank - who clms QUALIFIED IMMUNITY FORM SUIT must present that issue to the Crt by way of a mot to dism on the fol sched: any such mot shall be fld NLT 3/5/01; Opp to such mots shall be NLT 3/19/01; Reply brief are to be fld NLT 3/26/01. Any mots will hear arg on 4/2/01 @ 9:30 CR: N/P (Send) (jp) (Entered: 02/06/2001) |
| 06/14/2001 | 21 | RECEIPT OF TRANSCRIPT of proceedings for the following date(s): 12/11/00 CR: Cynthia Mizell (CV 00-11775) (dlu) (Entered: 06/15/2001) |

**PACER Service Center**

**Transaction Receipt**

06/10/2022 14:12:16

| PACER Login: | fpdcac0087 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:00-cv-09218-GAF-AJWX End date: 6/10/2022 |
| Billable Pages: | 3 | Cost: | 0.30 |
| Exempt flag: | Exempt | Exempt reason: | Always |