FILED

1 | MICHAEL N. FEUER,
City Attorney (SBN 111529)
2 | CARLOS DE LA GUERRA,
Sr. Assistant City Attorney (SBN 164046)
3 | ANNETTE LEE,
Assistant City Attorney (SBN 146783)
4 | **CHUNG H. CHO,**
**Deputy City Attorney (SBN 224709)**
5 | 200 N. Spring Street, 14th Floor, Room 1400B
Los Angeles, California 90012
6 | Tel: (213) 978-2118; Fax: (213) 978-2082
E-mail: angie.cho@lacity.org
7 |

2022 SEP -2  PM 2: 48

8 |
**Attorneys for Non-Party**
9 | LOS ANGELES POLICE DEPARTMENT
CUSTODIAN OF RECORDS
10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 |

14 | **UNITED STATES OF AMERICA**        ) **Case No.  2:22-CR-00200-PA**

15 |                       Plaintiff,        ) **NON-PARTY LOS ANGELES**
                                          ) **POLICE DEPARTMENT'S NOTICE**
16 |        V.                              ) **OF MOTION AND MOTION TO**
                                          ) **QUASH DEFENDANT'S**
17 |                                        ) **SUBPOENAS; DECLARATIONS;**
**BRIESHANAY QUENISE FORD,**              ) **EXHIBITS**
18 |                                        )
                                          ) **[PROPOSED] ORDER**
19 |                       Defendant.       ) **FILED CONCURRENTLY**
                                          )
20 |                                        )
                                          ) DATE:      October 3, 2022
21 |                                        )
                                          ) TIME:      3:00 p.m.
22 | **LOS ANGELES POLICE**                 )
**DEPARTMENT CUSTODIAN OF**              ) PLACE:     Courtroom 9A
23 | **RECORDS**                            )            First St. Courthouse
                                          )            350 W. 1st Street
24 |                                        )            Los Angeles, CA 90012
                       Non-party.         )
25 |

26 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

27 |        PLEASE TAKE NOTICE THAT on October 3, 2022, at 3:00 p.m., or as soon

28 | thereafter as the matter may be heard, in the courtroom of the Honorable Percy

i

1 | Anderson, located at 350 W. First Street, Los Angeles, CA, 90012, Courtroom 9A, the
2 | Los Angeles Police Department will and hereby does move under Fed. R. Crim. P. 17(c)
3 | to quash defendant's subpoenas, issued on various dates (attached as Exhibits 1-3).
4 | LAPD's motion is based on this notice of motion and motion, the accompanying
5 | declarations of Chung H. Cho, James Sumbi, Detective David Vinton, exhibits, all other
6 | pleadings and papers on file in this case and such further evidence and argument as may
7 | be presented at or before the hearing on this matter.

9 | Dated:  September 2, 2022          Respectfully submitted,

11 | MICHAEL N. FEUER, City Attorney
   | CARLOS DE LA GUERRA, Sr. Assistant City Attorney
12 | ANNETTE Y. LEE, Asst. City Attorney

14 | By: _____
15 | **CHUNG H. CHO,** Deputy City Attorney
16 | Attorneys for Non-party
   | LOS ANGELES POLICE DEPARTMENT
17 | CUSTODIAN OF RECORDS

ii

1

## TABLE OF CONTENTS

2  I.    INTRODUCTION...................................................................................... 1

3  II.   RELEVANT FACTS ................................................................................. 1

4  III.  SUBPOENAS .......................................................................................... 1

5  IV.   ARGUMENT ........................................................................................... 4

6       A.   The First Subpoena should be quashed because it does not satisfy the
7            requirements of *Nixon*...…....................................................................5

8            1.    Some of the records are easily procurable by the defendant from another
                   source. ........................................................................................7
9
10           2.    Many of the personnel records are confidential and must be reviewed in
                   camera before any disclosure can be ordered. ...............................8

11           3.    The subpoena is overbroad and burdensome...................................9

12           4.    The First Subpoena is nothing more than a fishing expedition to conduct
13                 discovery. ..................................................................................10

14      B.   The Second Subpoena should also be quashed because compliance will be
             unreasonable and oppressive...................................................................10
15
16           1.    The records sought are not relevant and admissible for defendant's
                   motion to dismiss for vindictive prosecution...................................10

17           2.    The Second Subpoena is overbroad and burdensome.......................11

18           3.    The Second Subpoena should be quashed because it is a fishing
19                 expedition to discover unknown evidence......................................12

20      C.   The Third Subpoena should be quashed because the subpoena does not
             overcome the requirements of *Nixon*......................................................12

21      D.   LAPD asserts the official information privilege for any records that contain
22           information about LAPD's open homicide investigation.........................13

23  V.    CONCLUSION ...................................................................................... 15

24

25

26

27

28

**TABLE OF AUTHORITIES**

**CASES**

*Bowman Dairy Co. v. United States,*

   341 U.S. 214 (1951). .......................................................................... 4, 12

*Davis v. City of Sacramento,*

   24 Cal.App.4th 393 (Cal. Ct. App. 1994).............................................9

*Hampton v. City of San Diego,*

   147 F.R.D. 227..............................................................................13

*Kelly v. City of San Jose,*

   147 F.R.D. 653 (N.D. Cal. 1987) ................................................... 13

*Kerr v. U.S. Dist. Ct. for the Northern Dist.,*

   511 F.2d 192 (N.D. Cal. 1975).......................................................... 13

*Miller v. Pancucci,*

   141 F.R.D. 292 (C.D. Cal. 1992) ..................................................... 13

*Pennsylvania v. Ritchie* 480 U.S. 39 (1987) ....................................... 8

*San Francisco Police Officers' Ass'n v. Superior Court,*

   202 Cal.App.3d 183 (Cal. Ct. App. 1988).............................................9

*Sanchez v. City of Santa Ana,*

   936 F.2d 1027 (9th Cir. 1990).......................................................... 13

*Soto v. City of Concord,*

   162 F.R.D. (N.D. Cal. 1995) ........................................................... 13

*United States Pac. Gas & Elec. Co.*

   No. 14-CR-00175 (THE) 2016 U.S. Dist. LEXIS 78798 (N.D. Cal. June 16, 2016)...... 5

*United States v. Aguilar,*

   No. 07-CR-00030 (SBA) 2008 U.S. Dist. LEXIS 63114 (N.D. Cal. August 4, 2008)...4

*United States v. Cuthbertson,*

   651 F.2d 189, 195 (3d Cir. 1981) .................................................... 4

## TABLE OF AUTHORITIES (CONTINUED)

*United States v. Dominguez-Villa,*
   954 F.2d 562, 566 (9th Cir. 1992)...................................................................9
*United States v. Fields,*
   663 F2d 880 (9th Cir. 1981).................................................................... 4, 5
*United States v. Lee,*
   No. 5:06-CR-0424 (JW), 2009 U.S. Dist. LEXIS 24972 (N.D. Cal. March 18, 2009)...4
*United States v. Libby,*
   432 F. Supp. 2d 26, 31 (D.D.C. 2006) ...........................................................5
*United States v. MacKey,*
   647 F.2d. 898 (9th Cir. 1981)........................................................................4
*United States v. Nixon,*
   418 U.S. 683 (1974) ..........................................................................passim
*United States v. Reed,*
   726 F.2d 570, 577 (9th Cir. 1984)........................................................ 4, 10, 12
*Warrick v. Superior Court,*
   35 Cal.4th 1011 (2005)...............................................................................9


**STATUTES**
18 U.S.C. § 922(g)(1) .................................................................................1
Cal. Penal Code § 832.7(a) .........................................................................9
Cal. Penal Code § 832.7(b)......................................................................7, 9
Cal. Penal Code § 832.7 (b)(1) ....................................................................8
Cal. Penal Code § 832.7(b)(1)(B)(i) .............................................................7


**FEDERAL RULES**
Fed. R. Evid. 401 .....................................................................................5
Fed. R. Crim. P. 17 ................................................................................ 1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The defendant issued three subpoenas to the Los Angeles Police Department ("LAPD"), which, combined, seek discovery of 40 different categories of records by September 6, 2022.  Exhibits 1-3.  Under Rule 17 of the Federal Rules of Criminal Procedure, on a motion promptly made, the court may quash a subpoena if compliance will be unreasonable and oppressive.  Fed. R. Crim. P. 17(c).  In this case, compliance with all three subpoenas will be unreasonable and oppressive.  The subpoenas do not satisfy all of the requirements of *United States v. Nixon*, 418 U.S. 683 (1974).  The subpoenas are overbroad and burdensome, and they are nothing more than a fishing expedition to conduct discovery.  Accordingly, the court should quash all three subpoenas.

### II.   RELEVANT FACTS

The defendant has been charged with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  Docket Item 1.  The charge is based on the defendant's arrest by LAPD Officers Sanchez and Flores on November 23, 2021.  *Id*.  These LAPD officers conducted a traffic stop, and during the stop, Officer Sanchez found that there was a warrant for defendant's arrest.  *Id*.  Defendant also admitted that a hard object inside her jeans was her "…strap".  *Id*.  Officer Flores subsequently recovered a Phoenix Arms, Model H22A, .22 caliber handgun from inside defendant's jeans, and defendant was arrested.  *Id*.  The criminal complaint in this case was supported by the affidavit of special agent Sarah J. Corcoran, and the defendant was arrested for this case on April 21, 2022.  Docket Items 1, 36.

### III.   SUBPOENAS

The Los Angeles Police Department ("LAPD") received three subpoenas in this case beginning on August 15, 2022.  Exhibits 1-3.  The subpoena issued on August 15, 2022 ("First Subpoena") commands LAPD to produce 27 separate categories of record.  Exhibit 1.  The subpoena issued on August 17, 2022 ("Second Subpoena"), directs

LAPD to produce 12 different categories of records. Exhibit 2. The defendant issued a third and final subpoena on August 25, 2022 ("Third Subpoena"), which seeks discovery of all forms of communications that LAPD Detective David Vinton may have had with the defendant and another individual at any time without limitation. Exhibit 3. All three subpoenas require compliance on September 6, 2022. Exhibits 1-3.

The First Subpoena includes an addendum that is four pages long. Exhibit 1. The addendum lists 27 separate requests, which are only marked by bullet points. Declaration of Chung H. Cho; Exhibit 1. There are several requests that seek records concerning an open homicide investigation. *Id*. LAPD asserts the official information privilege for these requests because the records contain confidential information from the open homicide investigation. Declaration of David Vinton.

Requests 19-26 explicitly seek discovery of Detective Vinton's publicly available personnel records. Exhibit 1; Declaration of Chung H. Cho. In addition, there appear to be two catch-all requests (18 and 27) that seek discovery of basically any and all of Detective Vinton's personnel records. Request 18 seeks:

> "any and all records of disciplinary proceedings, internal
> investigations, use of force reports, complaints, sustained
> complaints, sustained findings of unreasonable force or
> other misconduct, informal write-ups, or any other adverse
> administrative actions pertaining to Detective David Vinton."
> **Exhibit 1, p. 2**.

The last request, which also appears to be an instruction, recaps all the personnel records that LAPD is expected to produce. The last request states:

> "Records produced shall include all investigative reports,
> photographic, audio, and video evidence; transcripts or
> recordings of interviews; autopsy reports; all materials
> compiled and presented for review to the district attorney
> or to any person or body charged with determining whether
> to file criminal charges against Detective David Vinton in
> connection with an incident, or whether Detective David
> Vinton's action was consistent with law and agency policy
> for purposes of discipline or administrative action, or what
> discipline to impose or corrective action to take; documents
> setting forth findings or recommended findings; and copies
> of disciplinary records relating to the incident, including

1
2
3
4

> any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action." **Exhibit 1, p. 3-4**.

5   The Second Subpoena seeks discovery of 12 separate categories of records. *Exhibit* 2.
6   Most of the requests seek records that document Ms. Ford's arrest on April 21, 2022.
7   Exhibit 2.  One request, however, only seeks discovery of Detective Vinton's timesheet
8   for that day.  *Id*.  The Second Subpoena further commands LAPD to produce any
9   personal recordings captured on any officer's personal electronic device during the
10  defendant's arrest, preliminary interview and interrogation on April 21, 2022.  *Id*.

11         Lastly, the Third Subpoena seeks discovery of "all text messages, call logs,
12  emails, voicemails, and all other written or verbal communications between Detective
13  David Vinton" and the defendant or Lakieta Phillips.  Exhibit 3.  The subpoena does not
14  identify any specific time period, nor does it limit discovery to a specific subject matter.
15  *Id*.

16         All three subpoenas are overbroad and burdensome, and given the sheer number
17  of requests in the subpoenas, it is evident that defendant is fishing for discovery.  *Id*.
18  The subpoenas are also unduly burdensome because altogether, they require LAPD to
19  search for and produce all responsive records for 40 different categories in about 3
20  weeks or less.  Exhibits 1-3.

21         In addition, some of the records sought contain confidential information from an
22  open homicide investigation.  Exhibit 1.  LAPD asserts the official information privilege
23  as disclosure of any of these records will put witnesses in serious risk of harm and will
24  destroy LAPD's ability to not only close the investigation but to arrest and charge the
25  potential suspect(s).  Declaration of David Vinton.  Thus, all three subpoenas should be
26  quashed.

27  ///
28  ///

## IV.   ARGUMENT

All three subpoenas should be quashed because none satisfy the required showing under *Nixon*, 418 U.S. 683, 699-700 (1974).  The party seeking records through a subpoena must demonstrate that the records sought are both relevant and admissible and must identify the records sought with specificity.  *Nixon*, 418 U.S. at 700; *United States v. Fields*, 663 F2d 880 (9th Cir. 1981) (subpoenaed records must be admissible) (*citing United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (party must demonstrate admissibility of subpoenaed records)).

To overcome the specificity requirement, the requests for records in the subpoena must be particularized and must identify the records sought specifically.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).  "The requirement of specificity is not satisfied if the defendants do not know what the evidence consists of or what it will show." *United States v. Lee*, No. 5:06-CR-0424 JW, 2009 U.S. Dist. LEXIS 24972, *6 (N.D. Cal. March 18, 2009) (citing *United States v. Aguilar,* No. CR 07-0030 SBA, 2008 U.S. Dist. LEXIS 63114, *17 (N.D. Cal. August 4, 2008).

A subpoena issued under Rule 17 of the Federal Rules of Criminal Procedure cannot be used to obtain discovery.  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-221 (1951).  "Rule 17 (c) was not intended to provide an additional means of discovery.  Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials."  *Bowman Dairy C*o., 314 U.S. at 220.   Thus, a Rule 17 subpoena that appears to be a fishing expedition is not valid.  *Bowman Dairy Co.*, 314 U.S. at 221; *Nixon*, 418 U.S at 699-700.  "Rule 17(c) was not intended to…'allow a blind fishing expedition seeking unknown evidence'." *Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (quoting *United States v. MacKey*, 647 F.2d. 898, 901 (9th Cir. 1981)).

The defendant must further show that the records are not otherwise procurable reasonably in advance of trial by exercise of due diligence.  *Nixon*, 418 U.S. at 699.  The defendant must demonstrate that she cannot "properly prepare for trial without such

1  production and inspection in advance of trial" and that the failure to obtain the records
2  may unreasonably delay trial. *Id.*

3      It is also accepted that a subpoena may be issued "for the determination of an
4  issue of fact raised by a pre-trial motion". 2 Charles A. Wright, et al., Federal Practice
5  and Procedure § 272 (4th ed. 2022). If a subpoena is issued to obtain evidence for a pre-
6  trial motion, then it should follow that defendant has a duty to show that the records are
7  not procurable reasonably in advance of the hearing for the pre-trial motion.

8      In addition, compliance with all three subpoenas will be unreasonable and
9  oppressive on other grounds. All three subpoenas are overbroad and burdensome. They
10 all attempt to require LAPD to search for, identify and produce responsive records for a
11 combined 40 different categories of records in about 3 weeks. Exhibits 1-3. The Third
12 Subpoena specifically requires LAPD to search for, identify and produce the responsive
13 records in less than 2 weeks. Exhibit 3. Some of the records sought contain confidential
14 information regarding LAPD's open homicide investigation. LAPD asserts the official
15 information privilege for these records as disclosure at this time will irreparably damage
16 LAPD's ability to resolve the investigation and will put the lives of witnesses in grave
17 danger. Declaration of Detective Vinton.

18 **A.    The First Subpoena should be quashed because it does not satisfy**
19 **the requirements of *Nixon*.**

20     Defendant has the burden to demonstrate that the subpoenaed records are both
21 relevant and admissible. *Nixon,* 418 U.S. at 699. The *Nixon* standard for admissibility
22 and relevance applies to subpoenas issued to non-parties. *Fields,* 663 F.2d at 881.
23 Evidence is relevant if "it has any tendency to make any fact more probable or less
24 probable than it would be without the evidence and the fact is of consequence in
25 determining an action." Fed. R. Evid. 401. The Federal Rules of Evidence dictate
26 whether evidence is admissible. *United States Pac. Gas & Elec. Co.* 2016 U.S. Dist.
27 LEXIS 78798 (N.D. Cal. 2016) (citing *United States v. Libby,* 432 F. Supp. 2d 26, 31
28 (D.D.C. 2006)). In this case, it does not appear that defendant can demonstrate that all

1 │ of the requested records are both relevant and admissible.

2 │ None of the records sought appear to be both relevant and admissible for the
3 │ determination of any issues of fact raised by her motion to dismiss for vindictive
4 │ prosecution.  For example, some requests seek records related to LAPD's open
5 │ homicide investigation.  Exhibit 1.  The details of this open homicide investigation have
6 │ bearing on whether the government is prosecuting her impermissibly.  The subpoena
7 │ also seeks discovery of a surveillance video of the defendant providing buccal swabs
8 │ after her arrest on December 14, 2021.  Exhibit 1.  Surveillance videos of defendant
9 │ providing buccal swabs relevant to any factual issues that will be relevant to the
10 │ defendant's motion to dismiss for vindictive prosecution.  Moreover, Detective
11 │ Vinton's personnel records are not relevant and admissible to any issues raised in
12 │ defendant's motion to dismiss.  For example, records related to any sustained finding
13 │ that Detective Vinton may have sexually assaulted a member of the public are simply
14 │ not relevant to the determination of any factual issues raised in defendant's motion to
15 │ dismiss.

16 │ In addition, the First Subpoena fails to meet the specificity requirement of *Nixon*.
17 │ The defendant requests 27 different categories of records that basically seek all
18 │ potential records that may exist.  Many of the requests seek "all" records for expansive
19 │ categories of records.  All the requests that seek discovery of Detective Vinton's
20 │ personnel records request "any and all" types of records, which, according to the last
21 │ request, includes a broad range of records.  Exhibit 1, p. 3.

22 │ The subpoena further requests that LAPD create a variety of lists:
23 │ 1. list of persons Detective Vinton referred for federal prosecution,
24 │ 2. list of persons interrogated by Detective Vinton,
25 │ 3. list of persons Detective Vinton interrogated for the open homicide
26 │ investigation,
27 │ 4. list of all persons LAPD arrested and interrogated who would have
28 │ qualified for federal prosecution under 18 USC § 922(g) but who were

6

1        not referred, and

2        5.     list of all persons with the same parameters above but who were

3             referred for federal prosecution. Exhibit 1, p. 2.

4  First, LAPD does not maintain a database of every arrestee who qualified for federal

5  prosecution and who was or was not referred for federal prosecution. Affidavit of

6  James Sumbi. LAPD also does not maintain a database of every interrogation that a

7  specific officer may have conducted. *Id*. Second, assuming LAPD even had these

8  types of databases, this type of information is not relevant or admissible for a

9  motion for dismissal based on a theory of vindictive prosecution.

10          **1.**    **Some of the records are easily procurable by the defendant**

11               **from another source.**

12       Defendant cannot show that the records are not procurable reasonably in

13  advance of the hearing for her motion to dismiss when sought with due diligence.

14  Defendant dedicates 10 requests to Detective Vinton's personnel records, 8 of which

15  are available to the public under the California Public Records Act ("CPRA"). Cal.

16  Penal Code § 832.7(b) (Deering 2022). It appears that defendant simply copied the

17  language found in California Penal Code Section 832.7(b), which identifies all the

18  different types of personnel complaints that are now public records and available

19  through a simple CPRA request. For example, one request seeks discovery of "any

20  and all records relating to any incident in which a sustained finding was made by

21  any law enforcement agency or oversight agency that Detective David Vinton

22  engaged in sexual assault involving a member of the public". Exhibit 1. Cal. Penal

23  Code Section 832.7(b)(1)(B)(i) (Deering 2022) states: "Any record relating to an

24  incident in which a sustained finding was made by any law enforcement agency or

25  oversight agency that a peace officer or custodial officer engaged in sexual assault

26  involving a member of the public." Other than a couple of replacements, the

27  description in the subpoena is directly copied from the language found in Cal. Penal

28  Code Section 832.7(b)(1)(B)(i); these records are public records which are available

1    through CPRA.  Cal. Penal Code § 832.7 (b)(1).

2        Moreover, defendant's investigator confirms that he has already received records

3    in response to his CPRA request, but he is concerned about the completeness of the

4    disclosure.  Docket Item 36, Declaration of Ryan Jewetz, p. 1, ¶ 8.  A lack of confidence

5    with the completeness of the records already received from another source does not

6    constitute an inability to procure the records reasonably in advance of trial.  Since

7    defendant has already received publicly available personnel records through her

8    investigator's request, defendant cannot demonstrate that the records sought are not

9    procurable reasonably in advance of the hearing on her motion to dismiss under *Nixon*.

10    In addition, LAPD's policy manual is available on LAPD's website, and

11    defendant can search for "LAPD's policies and recommended procedures following an

12    interrogated person's invocation of their Fifth Amendment rights" and "Documentation

13    regarding all LAPD policies on when to make referrals to the United States Attorney's

14    Office or federal law enforcement agencies for federal prosecution".  Exhibit 1.  Thus,

15    the subpoena should be quashed for those records defendant was able to procure

16    reasonably in advance of the hearing for her motion to dismiss.

17        **2.**     **Many of the personnel records are confidential and must be**

18                **reviewed in camera before disclosure can be ordered.**

19        When subpoenaed records are privileged under state law, the court must review the

20    records in camera and determine whether disclosure is warranted.  *Pennsylvania v.*

21    *Ritchie*, 480 U.S. 39 (1987).  In *Pennsylvania v. Ritchie*, 480 U.S. 39, the defendant

22    issued a subpoena for state child abuse records, privileged under Pennsylvania law, to

23    obtain *Brady* material.  *Id*. at 43.  The Pennsylvania Supreme Court held that defendant's

24    attorney was entitled to access the entire file.  *Id*. at 46.  The United States Supreme

25    Court, however, reversed, in part, and held that defendant's right to discover *Brady*

26    material did not also give him the right to review, without restriction, a confidential file

27    to search for *Brady* material.  *Id*. at 59.  The Supreme Court further held that when

28    records are privileged under state law, the trial court must review the records in camera

1  and determine what records, if any, should be disclosed. *Id*. at 60-61. In the Ninth

2  Circuit, a prosecutor's duty to examine law enforcement personnel records does not

3  extend to state law enforcement records, and a district court does not have the authority to

4  order a prosecutor to inspect state law enforcement personnel records for *Brady* material.

5  *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992).

6         Under California law, some police personnel records are confidential and are not

7  subject to discovery until parties seeking disclosure satisfy all requirements of California

8  Evidence Code Section 1043. Cal. Penal Code § 832.7(a); *Warrick v. Superior Court*,

9  112 P.3d 2 (2005). The qualified privilege is held both by the officer and the law

10 enforcement agency. *Davis v. City of Sacramento*, 24 Cal.App.4th 393, 401 (Cal. Ct.

11 App. 1994) citing *San Francisco Police Officers' Ass'n v. Superior Court*, 202

12 Cal.App.3d 183, 189 (Cal. Ct. App. 1988). In the First Subpoena, there are two requests

13 that appear to seek discovery of Detective Vinton's confidential personnel records.

14 Exhibit 1. The court must review Detective Vinton's confidential personnel records in

15 camera and determine what records if any are subject to disclosure. If after in camera

16 review, the court orders any disclosure, LAPD requests that a protective order be issued.

17 LAPD will submit a [proposed] protective order if the court orders an in camera review.

18             **3.     The subpoena is overbroad and burdensome.**

19        The First Subpoena is unequivocally overbroad and burdensome. For

20 example, the subpoena attempts to compel LAPD to search for and produce any and

21 all of Detective Vinton's personnel records for any and all internal investigations

22 regarding any alleged misconduct from the beginning of Detective Vinton's career.

23 Detective Vinton has been a detective for 28 years, so the scope of production will

24 be, at minimum, 28 years. Exhibit 1; Declaration of David Vinton. The subpoena

25 does not delineate any specific time periods. In addition, none of the lists of persons

26 sought are limited to any identifiable period of time. Exhibit 1.

27 ///

28 ///

1         **4.    The First Subpoena is nothing more than a fishing expedition**
2                **to conduct discovery.**

3         The First Subpoena unquestionably evidences defendant's attempt to obtain

4    discovery in a prohibited fishing expedition.  This subpoena, alone, has 27 separate

5    requests that each seek a broad category of records, rather than specific documents.

6    Exhibit 1.  Moreover, none of the requests limit the scope of records sought to any

7    identifiable and reasonable period of time.  The last request even broadly instructs

8    LAPD that it is expected to produce a long list of various types of records for all the

9    requests for personnel records.  *Id*.  Plus, many of the requests are for "all" records

10   or "any and all" records, which are classic examples of fishing expedition that is not

11   prohibited under *Nixon*.  *Reed*, 726 F.2d at 577.  The First Subpoena should, thus, be

12   quashed as it appears to be a prohibited fishing expedition for unknown evidence.

13       **B.    The Second Subpoena should also be quashed because compliance will**
14            **be unreasonable and oppressive.**

15        Compliance with the Second Subpoena will be unreasonable and oppressive

16   because the defendant cannot show that the records sought are relevant, admissible and

17   specifically particularized.  *Nixon*, 418 U.S. at 700; *Reed*, 726 F.2d at 577.   In addition,

18   the subpoena is overbroad in scope.  The Second Subpoena is nothing more than a "blind

19   fishing expedition seeking unknown evidence." *Reed*, 726 F.2d at 577.

20       **1.    The records sought are not relevant and admissible for**
21              **defendant's motion to dismiss for vindictive prosecution.**

22        None of the records sought qualify as relevant and admissible evidence for

23   defendant's motion to dismiss.  Docket Item 36.  Defendant seeks discovery for 12

24   different categories of records.  Exhibit 2.  The first request seeks "[a]ny records

25   regarding the hours worked on April 21, 2022, by LAPD Detective David Vinton (i.e.

26   the time his shift began and ended)".  *Id*.  The start and end times of Detective Vinton's

27   shift for this particular day does not constitute relevant or admissible evidence for any

28   issues for defendant's motion to dismiss or for trial.  In another request, defendant seeks

discovery of "[a]ll LAPD Digital In-Car Video (DICV) recordings in their native file format…for all officers or employees, including LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022…" Exhibit 2, p. 2. DICV recordings of any police vehicle are not relevant and admissible evidence for the determination of any factual issues for defendant's motion to dismiss or for trial.

### 2.     The Second Subpoena is overbroad and burdensome.

Defendant is attempting to conduct discovery for unknown evidence through the Second Subpoena, which is prohibited as a fishing expedition.  The request for DICV records, as discussed above, does not limit disclosure to records that mention the defendant only.  Exhibit 2.  Other requests do not limit the scope of discovery to records that mention or involve the defendant. *Id.*  Moreover, only the request seeking Detective Vinton's timesheet limits the scope to a specific time period.

In addition, as written, the request for DICV recordings does not make sense; if an LAPD officer was present for the defendant's arrest, interview or interrogation, his car would not have any DICV recording for that specific period.  In addition, according to defendant's motion to dismiss, she was arrested at the Van Nuys courthouse when she appeared for her state criminal case.  Docket Item 36.  There are two court buildings in Van Nuys; one for criminal cases exclusively (Van Nuys West) and one dedicated to civil cases (Van Nuys East).  Declaration of Chung H. Cho.  It is not clear where precisely the defendant was arrested, but if she was arrested inside Van Nuys West, there would have been many LAPD police officers in this court building as it is dedicated to criminal cases exclusively.  According to the Second Subpoena, LAPD will have to identify all of the officers who may have had an appearance at Van Nuys West on April 21, 2022, and confirm with each and every officer whether he was present at the time defendant was arrested.  Then, LAPD will have to search for and produce the DICV, body worn video, Daily Field Activity Reports, and other records for every one of these officers for an unclear period of time.  Exhibit 2.  It does not appear that all of these

records for any and all officers who may have been present in a criminal court building at the time defendant as arrested will be relevant and admissible. Thus, the Second Subpoena should be quashed because it is overbroad and burdensome, and defendant is conducting a fishing expedition for unknown evidence.

### 3. The Second Subpoena should be quashed because it is a fishing expedition to discover unknown evidence.

The Second Subpoena should be quashed because it appears to be a fishing expedition. *Bowman Dairy Co.*, 314 U.S. at 221; *Nixon*, 418 U.S at 699-700. Most of the requests seek "all" records of various types, including dispatch records, body worn video recordings, Digital In-Car Video for Detective Vinton and any officer who may have been present for the defendant's arrest, preliminary interview or interrogation on April 21, 2022. Exhibit 2. None of these records appear to be relevant and admissible for the determination of any issues of fact for defendant's motion to dismiss for vindictive prosecution. In addition, none of the requests clearly identify the period of time for which the records are sought. This subpoena should be quashed because it appears to be a fishing expedition.

### C. The Third Subpoena should be quashed because the subpoena does not overcome the requirements of *Nixon*.

Under *Nixon*, defendant must explain the relevancy and admissibility of the records sought in the Third Subpoena. *Nixon*, 483 U.S. at 700. Defendant must also describe the specific documents sought. *Reed*, 726 F.2d at 577. In this case, all communications between the defendant and Detective Vinton and Detective Vinton and Lakieta Phillips for an undefined period of time are not relevant and admissible for the determination for issues of fact for defendant's motion to dismiss for vindictive prosecution.

In addition, the defendant can procure documentation of her communications with Detective Vinton by searching through her own text messages, call logs, emails, voicemails and all other communications that she may have had with

Detective Vinton.  It is incongruous that defendant attempts to compel LAPD to produce records she can access herself.  The request is even more outrageous given that the defendant included a copy of an alleged text communication from Detective Vinton as an exhibit to her motion to dismiss for vindictive prosecution.  Docket Item 36-7.  Thus, the Third Subpoena should be quashed as the records sought are directly procurable by the defendant.

**D.      LAPD asserts the official information privilege for any records that contain information about LAPD's open homicide investigation.**

"Federal common law recognizes a qualified privilege for official information." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (N.D. Cal. 1975)).  The government entity invoking the privilege must make a "substantial threshold showing" by submitting a declaration or affidavit from a designated official "with personal knowledge of the matters to be attested to…"  *Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Kelly v. City of San Jose*, 147 F.R.D. 653, 669 (N.D. Cal. 1987)).  The courts will then balance the interests of the party seeking discovery against the interests of the governmental entity asserting the privilege on a case by case basis. *Id.* (citing *Kelly v. City of San Jose*, 114 F.R.D. at 660; *Miller v. Pancucci*, 141 F.R.D. at 300; *Hampton v. City of San Diego*, 147 F.R.D. at 230-31; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990)).

The affidavit from the agency official must include:  "(1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, and (5) a projection of how much harm would be done to the threatened interests if the disclosure

1  was made." (*Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Kelly v. City of San*
2  *Jose*, 114 F.R.D. at 670)).

3       In this case, the First Subpoena seeks production of "[p]olice reports, and all
4  written documents, pertaining to an alleged homicide forming the basis of arrest of
5  Brieshanay Ford (female, DOB...) on December 14, 2021... Exhibit 1. In addition, the
6  subpoena requests "[c]opies of all communications between Detective Vinton (or any
7  other law enforcement officer) and any local district attorney who was involved in Ms.
8  Ford's Dec. 14 arrest". Exhibit 1. Detectives David Vinton is one of the investigating
9  officers assigned to the open homicide investigation the records for which are sought in
10 the First Subpoena. Declaration of David Vinton; Exhibit 1. Detective Vinton has the
11 authority to assert the privilege on behalf of the LAPD as one of the assigned
12 investigators. Declaration of David Vinton.

13      Disclosure of any records from the open homicide investigation will damage
14 LAPD's ability to conclude its investigation and to arrest the potential suspect(s).
15 Declaration of David Vinton. Disclosure of any information from the investigation will
16 endanger the lives of all the witnesses who have spoken to LAPD. *Id*. Their safety is at
17 substantial risk if the defendant learns who spoke with LAPD and what they spoke
18 about. Id. The substantial danger these witnesses will face once the defendant in this
19 case finds out who they are and what they've said cannot be overstated. *Id*. Moreover,
20 there is a substantial risk of gang retaliation if the witnesses' identities are exposed. *Id*.
21 The witnesses' lives will be in peril if the records from the open homicide investigation
22 are disclosed. *Id*.

23      In contrast, these records will not provide defendant with any evidence that is both
24 relevant and admissible to any issues that may be litigated for defendant's motion to
25 dismiss for vindictive prosecution. *Nixon*, 418 U.S. at 700-702. On balance, the risk of
26 irreversible damage to LAPD's investigation together with the serious danger that the
27 witnesses will experience significantly outweigh the defendant's need for disclosure in
28 this case. Thus, LAPD requests that the Court find that the official information privilege

protects the confidentiality of these records and quash the First Subpoena.

## V.    CONCLUSION

LAPD respectfully requests that all three subpoenas be quashed.  None of the records sought will be relevant and admissible to any issues related to defendant's motions to dismiss for vindictive prosecution.  The subpoenas also do not describe any of the evidence sought with the requisite specificity.  The subpoenas are overbroad and burdensome as there are a combined 40 different requests for records.  The subpoenas are so overbroad, defendant is undoubtedly conducting a fishing expedition to attempt to gain discovery of unknown evidence that she hopes will be helpful to her motion. Moreover, defendant can easily obtain some of the requested records through the internet and through other sources, including her own phone and email.  Lastly, some records contain confidential information from an open homicide investigation, and disclosure of these records will irreparably damage LAPD's ability to solve the investigation, and more significantly, witness lives will be in danger.  For all the foregoing reasons, all three subpoenas should be quashed because compliance will be oppressive and unreasonable.

Dated:  September 2, 2022          Respectfully submitted,

MICHAEL N. FEUER, City Attorney
CARLOS DE LA GUERRA, Sr. Assistant City Attorney
ANNETTE Y. LEE, Asst. City Attorney

By:   _____
      **CHUNG H. CHO,** Deputy City Attorney
      Attorneys for Non-party
      LOS ANGELES POLICE DEPARTMENT
      CUSTODIAN OF RECORDS

Attorney's Name, Address & Phone:
Waseem Salahi
Deputy Federal Public Defender
321 East 2nd St.
Los Angeles, CA 90012
(213) 894-2922

CLEAR FORM

RECEIVED
LAPD

AUG 15 2022

LEGAL AFFAIRS DIVISION
DISCOVERY SECTION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 2:22-cr-00200-PA |
| v. | | |
| Brieshanay Quenise Ford | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S) | |

TO: Los Angeles Police Department Custodian of Records

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012 , Courtroom: 9A

Date: September 6, 2022 , Time: 3:00pm

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):
See addendum



_Kiry K. Gray_

Kiry K. Gray, Clerk of Court

8/15/22

Date

CR-21 (10/15)                    SUBPOENA IN A CRIMINAL CASE                    Page 1 of 2

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

# Addendum

Please produce the following items:

- Police reports, and all written documents, pertaining to an alleged homicide forming the basis of arrest of Brieshanay Ford (female, DOB ███████) on December 14, 2021 (the "Dec. 14 arrest");

- All written or verbal communications between any law enforcement officer and federal agent or prosecutor regarding this alleged homicide and Ms. Ford's alleged involvement;

- All text messages, call logs, emails, voicemails, and all other written or verbal communications between FBI Special Agent Sarah Corcoran (or any other federal law enforcement officer) and LAPD Detective David Vinton (or any other state law enforcement officer), regarding Ms. Ford and the decision to refer her for federal criminal prosecution, or confirm that no such communications exist;

- Copies of all communications between any federal prosecutor and any federal or state law enforcement officer regarding Ms. Ford, including communications related to the LAPD's homicide investigation, or confirm that no such communications exist;

- Audio or video recordings of Ms. Ford's interrogations after her Dec. 14 arrest;

- A copy of the affidavit supporting probable cause for Ms. Ford's Dec. 14 arrest and the search of her residence and/or personal property;

- Copies of all transportation logs showing where Ms. Ford was placed between Dec. 14 and Dec. 16, 2021;

- Copies of surveillance footage depicting Ms. Ford providing buccal swabs after the Dec. 14 arrest;

- Copies of all communications between Detective Vinton (or any other law enforcement officer) and any local district attorney who was involved in Ms. Ford's Dec. 14 arrest;

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

- Body camera footage of all interactions with Ms. Ford during and after her Dec. 14 arrest;

- Documentation regarding all LAPD policies on when to make referrals to the United States Attorney's Office or federal law enforcement agencies for federal prosecution;

- A list of all persons referred by Detective Vinton for federal prosecution;

- A list of all persons interrogated by Detective Vinton;

- A list of all persons interrogated by Detective Vinton in connection with the homicide at issue here;

- A list of all persons the LAPD arrested and interrogated who would have qualified for federal prosecution under 18 USC § 922(g) but were not referred for federal prosecution;

- A list of all persons the LAPD arrested and interrogated who would have qualified for federal prosecution under 18 USC § 922(g) and were in fact referred for federal prosecution;

- LAPD policies and recommended procedures following an interrogated person's invocation of their Fifth Amendment rights;

- Any and all records of disciplinary proceedings, internal investigations, use of force reports, complaints, sustained findings of unreasonable force or other misconduct, informal write-ups, or any other adverse administrative actions pertaining to Detective David Vinton;

- Any and all records relating to the report, investigation, or findings of any incident involving the discharge of a firearm at a person by Detective David Vinton;

- Any and all records relating to the report, investigation, or findings of any incident in which the use of force by Detective David Vinton against a person resulted in death, or in great bodily injury;

- Any and all records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency involving a complaint that alleges unreasonable or excessive force by Detective David Vinton;

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

- Any and all records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency that Detective David Vinton failed to intervene against another officer using force that is clearly unreasonable or excessive force;

- Any and all records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency that Detective David Vinton engaged in sexual assault involving a member of the public;

- Any and all records relating to any incident in which a sustained finding was made by any law enforcement agency or oversight agency of dishonesty by Detective David Vinton directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing false reports, destruction, falsifying, or concealing of evidence;

- Any and all records relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that Detective David Vinton engaged in conduct including, but not limited to, verbal statements, writings, online posts, recordings, and gestures, involving prejudice or discrimination against a person on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status;

- Any and all records relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that Detective David Vinton made an unlawful arrest or conducted an unlawful search;

- Records produced shall include all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against Detective David Vinton in connection with an incident, or whether Detective David Vinton's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

forth findings or recommended findings; and copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action.

**END**

Attorney's Name, Address & Phone:
Waseem Salahi
Deputy Federal Public Defender
321 East 2nd St.
Los Angeles, CA 90012
(213) 894-2922

RECEIVED
LAPD

AUG 17 2022

CLEAR FOR

LEGAL AFFAIRS DIVISION
DISCOVERY SECTION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | 2:22-cr-00200-PA |
| v. | |
| Brieshanay Quenise Ford | **SUBPOENA IN A CRIMINAL CASE** |
| DEFENDANT(S) | |

TO: Los Angeles Police Department Custodian of Records

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012 , Courtroom: 9A

Date: September 6, 2022 , Time: 3:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See addendum

Kiry K. Gray

Kiry K. Gray, Clerk of Court

8/17/22

Date

CR-21 (10/15)                    SUBPOENA IN A CRIMINAL CASE                    Page 1 of 2

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

# Addendum

Please produce the following items:

- Any records regarding the hours worked on April 21, 2022 by LAPD Detective David Vinton (i.e., the time his shift began and ended);

- Any police reports or handwritten written notes drafted by LAPD Detective David Vinton on April 21, 2022 relating to Brieshanay Ford;

- All LAPD Car to Car Mobile Data Computer (MDC) GPS Location Coordinates history, for all vehicles including any belonging to LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All LAPD Daily Field Activity Reports (DFAR) and the assigned vehicle radio identifier with shop number for all officers, including LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All audio or video recordings of any interviews, interrogations, or conversations with Ms. Ford on April 21, 2022.

- Any LAPD Dispatch and/or Tactical radio channel recordings in their native file format with metadata from April 21, 2022 at 6am to 12pm, regarding calls for service or investigative activity involved in the investigation and/or arrest of Brieshanay Ford on April 21, 2022;

- All LAPD Body Worn Camera (BWC) recordings in their native file format with original file names and metadata for all officers or employees, including LAPD Detective David Vinton, the Van Nuys Station watch commander, and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

*United States v. Brieshanay Ford*, 2:22-cr-00200-PA

- All LAPD Chain of Custody Records and Reports for all Body Worn Camera (BWC) recordings in their native file format with original file names and metadata for all officers or employees, including LAPD Detective David Vinton, the Van Nuys Station watch commander, and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All LAPD Personal Non-Departmental Body Worn Audio or Video Recording Device recordings in their native file format with original file names and metadata for all officers or employees, including LAPD Detective David Vinton, the Van Nuys Station watch commander, and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All LAPD Digital In-Car Video (DICV) recordings in their native file format with original file names and metadata for all officers or employees, including LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All LAPD Digital In-Car Video (DICV) Chain of Custody Records and Reports for all DICV recordings in their native file format with original file names and metadata, for all officers or employees, including LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

- All LAPD Car-to-Car and/or Station- to-Car Mobile Data Computer (MDC) Messages, for all officers or employees, including LAPD Detective David Vinton and any other officers not previously identified, who were present for the arrest, preliminary interview, or interrogation of Brieshanay Ford on April 21, 2022 at the Van Nuys Courthouse or Van Nuys Community Police Station;

**END**

**Page 2 of 4**

Attorney's Name, Address & Phone:
Waseem Salahi
Deputy Federal Public Defender
321 East 2nd St.
Los Angeles, CA 90012
(213) 894-2922

CLEAR FORM

RECEIVED
LAPD

AUG 25 2022

LEGAL AFFAIRS DIVISION
DISCOVERY SECTION

*Ryan J. Win CL* (handwritten)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | |
|---|---|
| | PLAINTIFF |
| v. | |
| Brieshanay Quenise Ford | |
| | DEFENDANT(S) |

CASE NUMBER

2:22-cr-00200-PA

**SUBPOENA IN A CRIMINAL CASE**

TO: Los Angeles Police Department Custodian of Records

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012 , Courtroom: 9A

Date: September 6, 2022 , Time: 3:00pm .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

All text messages, call logs, emails, voicemails, and all other written or
verbal communications between Detective David Vinton and Brieshanay Ford; and

All text messages, call logs, emails, voicemails, and all other written or
verbal communications between Detective David Vinton and Lakieta Phillips.



Kiry K. Gray
_____
Kiry K. Gray, Clerk of Court

8/25/22
_____
Date

## <u>DECLARATION OF CHUNG H. CHO</u>

I, CHUNG H. CHO, declare as follows:

1.      I am an attorney at law, duly licensed to practice law in all the courts of the State of California.  I am employed as a Deputy City Attorney for the City of Los Angeles in the Police Discovery Section, and I am the attorney for non-party Los Angeles Police Department ("LAPD") Custodian of Records.  I have personal knowledge of the information set forth below, except those items set forth on information and belief, and as to those items, I believe them to be true;

2.      Attached as **Exhibit 1** is a true and correct copy of the subpoena that was issued on August 15, 2022.  I counted 27 requests in the addendum;

3.      Attached as **Exhibit 2** is a true and correct copy of the subpoena that was issued on August 17, 2022.  I counted 12 requests in the addendum;

4.      Attached as **Exhibit 3** is a true and correct copy of the subpoena that was issued on August 25, 2022.   This subpoena does not have an addendum, and it has two requests.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed September 2, 2022 at Los Angeles, California

CHUNG H. CHO, Declarant

# AFFIDAVIT OF JAMES SUMBI

I, JAMES SUMBI, attest as follows:

1. I am employed as a Management Analyst by the Los Angeles Police Department and assigned to the Risk Management and Legal Affairs Division. I am a duly authorized representative of the Custodian of Records and have authority to certify records disclosed in compliance with a subpoena.

2. The statements made in this Affidavit are based on the knowledge acquired by me in the performance of my official duties.

3. I have reviewed the subpoenas that were issued on August 15, 2022, August 17, 2022 and August 25, 2022, respectively, by defendant's counsel in this case.

4. The policy records sought in the subpoena issued on August 15, 2022, are available to the public on the Los Angeles Police Department's website.

5. The Los Angeles Police Department does not maintain a database that tracks all the persons who are referred for federal prosecution or all persons who are interrogated by any Los Angeles Police Department officer. Detective Vinton will have to recall all the individuals he has interrogated or referred for federal prosecution from his own memory and create a list for all individuals he has interrogated and all individuals he has referred for federal prosecution.

6. I am not able to search for and produce all responsive records for all three subpoenas in 3 weeks. I need, at minimum, 2 months to not only locate and copy all non-personnel records but to also review and redact all private information from the records.

7. A custodian of records from the *Pitchess* unit is responsible for retrieving and producing officer personnel records.

///
///
///
///

1

I declare under penalty of perjury pursuant to the laws of the State of California and the United States, that the foregoing is true and correct.

Signed at Los Angeles, California on the 2nd day of September 2022.

DocuSigned by:

*James Sumbi*

9B0564A759CD4B0...

James Sumbi, Affiant

# AFFIDAVIT OF DAVID VINTON

I, DAVID VINTON, attest as follows:

1. I am a detective, Serial Number 31085, with the Los Angeles Police Department West Bureau. I have been a detective with the Los Angeles Police Department for 28 years. I have personal knowledge of the principal matters covered by this affidavit. The following facts are true and correct:

2. I am one of the assigned Homicide Detectives for the open homicide investigation the records for which are the subject of the subpoena that was issued on August 15, 2022. The homicide occurred at a gang party on October 30, 2021.

3. The defendant was arrested on December 14, 2021 for the homicide that occurred on October 30, 2021, but she was subsequently released. She is no longer a suspect in the homicide investigation.

4. I have generated, collected and maintained the confidentiality of the investigative records for the homicide that occurred on October 30, 2021. This homicide investigation is still open and pending.

5. I have personally reviewed all the material in question, which are sought in the defendant's subpoena duces tecum.

6. The records contain information from the open homicide investigation wherein no charges have been filed.

7. Disclosure will endanger the successful completion of the investigation.

8. Disclosure will endanger the lives of persons involved in the investigation and expose witnesses to harm of retaliation. Disclosure presents the real possibility of gang retaliation.

9. Disclosure presents the chance of destruction of evidence and flight of possible suspect(s) and person(s) of interest. There is a substantial risk that potential suspect(s) will be alerted about the details of LAPD's open homicide investigation, which will allow them to prepare alibis before LAPD has the opportunity to conduct interviews.

9. These records are exempt from disclose under the California Public Records

Act. Government Code Section 6254 (f) because they contain confidential criminal

Intelligence information collected for investigatory purposes.

I declare under penalty of perjury pursuant to the laws of the State of California

and the United States, that the foregoing is true and correct.

Signed at Los Angeles, California on the 31st day of August 2022.

David Vinton, Affiant

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business is 200 N. Spring Street, 14th Floor, Suite 1400B, Los Angeles, CA 90012.

On September 2, 2022, I served the foregoing document described as:

**NON-PARTY LOS ANGELES POLICE DEPARTMENT'S NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS; DECLARATIONS; EXHIBITS; [PROPOSED] ORDER FILED CONCURRENTLY**

on the interested party(ies) in this action by placing the true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

**Waseem Salahi, FPD**
**Federal Public Defenders Office**
**321 East 2nd Street**
**Los Angeles, CA 90012-4206**
**Tel: 213-894-2922**

[]   **BY ELECTRONIC MAIL -** I caused such documents to be transmitted to the offices of the addressee via e-mail prior to 5:00 p.m. on the date specified above.

[X]   **BY MESSENGER SERVICE -** I served the documents by placing them in a sealed envelope or package addressed to the persons listed above and providing them to the L.A. City Attorney's Office (in-house) messengers for service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 2, 2022, at Los Angeles, California.

FERNANDO DIAZ-VELIZ